175. As delineated above, the Defendants breached the contract by either refusal to perform and/or performance that does not conform to the contract's requirements.

176. As a result of the breach of the contract/collective bargaining agreement, the Plaintiffs suffered damages.

177. As a direct and proximate result of the violation of Plaintiffs' rights as alleged, they have suffered loss of seniority, loss of earnings and earning capacity, past and future lost earnings, the value of fringe and pension benefits; they have sustained mental and emotional distress, embarrassment, humiliation, anxiety about the future, damage to their good name and reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful occupation of their choice all of which damages continue into the future.

## COUNT IV
### VIOLATION BY ALL DEFENDANTS OF JUST CAUSE EMPLOYMENT AGREEMENT

178. Plaintiffs hereby incorporate by reference each allegation in each of the previous paragraphs as if fully restated herein.

179. Plaintiffs were disciplined without just without cause.

180. Pursuant to the City of Detroit Corrective Disciplinary Action Guidelines, all disciplinary actions shall be for just cause.

181. Pursuant to the CBA had between the Union and the City all disciplinary actions shall be for just cause.

182. There was a contractual promise for just cause discipline only; and/or the employer's policies, words, or actions instilled a legitimate expectation of just-cause employment within the Plaintiffs.

183. Yet, as delineated above, the Plaintiffs were disciplined without just cause.

184. As a direct and proximate result of the violation of Plaintiffs' rights as alleged, they have suffered loss of seniority, loss of earnings and earning capacity, past and future lost earnings, the value of fringe and pension benefits; they have sustained mental and emotional distress, embarrassment, humiliation, anxiety about the future, damage to their good name and reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful occupation of their choice all of which damages continue into the future.

## COUNT V
## PROMISSORY ESTOPPEL
## VIOLATION BY ALL DEFENDANTS

185. Plaintiffs hereby incorporate by reference each allegation in each of the previous paragraphs as if fully restated herein.

186. Defendants promised the Plaintiffs who all retired as a result of a duty disability, that they would maintain their accumulated seniority if they returned to the employ of the City of Detroit as a fire fighter.

187. Additionally, Defendants promised the Plaintiffs that upon return to work after a duty disability retirement that they would assume the rank of their hiring date class on an accelerated basis in accordance with the CBA under which they assumed a disability retirement.

188. Defendants' promises were clear, definite, and unequivocal and were specifically made to induce Plaintiffs to render the contemplated services and actions for the stated period for Defendants' benefit.

22

189. In reliance on the promise, and to their substantial detriment, Plaintiffs performed all that was expected of them in their various capacities.

190. Plaintiffs faithfully rendered these services to Defendants in reliance upon the promises made within their contract/collective bargaining agreement.

191. To avoid injustice, this court must specifically enforce Defendants' promises to Plaintiffs.

192. At the time of making the promise and inducing the action on Plaintiffs' part, Defendants could reasonably foresee that their failure to perform pursuant to the promises made to the Plaintiffs would cause the damages Plaintiffs have suffered.

193. Plaintiffs are entitled to a judgment of this court compelling specific performance by Defendants to grant Plaintiff's their loss seniority, positions, and financial damages.

194. As a direct and proximate result of the violation of Plaintiffs' rights as alleged, they have suffered loss of seniority, loss of earnings and earning capacity, past and future lost earnings, the value of fringe and pension benefits; they have sustained mental and emotional distress, embarrassment, humiliation, anxiety about the future, damage to their good name and reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful occupation of their choice, all of which damages continue into the future.

## COUNT VI
## VIOLATION BY ALL DEFENDANTS OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## Act 220 of 1976

195. Plaintiffs hereby incorporate by reference each allegation in each of the previous paragraphs as if fully restated herein.

196. At all relevant times, Plaintiffs were individuals with a *disability (or former disability)* within the meaning of *MCL 37.1101 et. seq., Michigan's Persons with Disabilities Civil Rights Act.*

197. Under said statute, Defendants had a duty not to fail or refuse to hire, recruit, or promote an individual because of a disability they have or had that is unrelated to the individual's ability to perform the duties of a particular job or position; not to discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability that is unrelated to the individual's ability to perform the duties of a particular job or position; not to limit, segregate, or classify an employee or applicant for employment in a way which deprives or tends to deprive an individual of employment opportunities or otherwise adversely affects the status of an employee because of a disability that is unrelated to the individual's ability to perform the duties of a particular job or position; not to fail or refuse to hire, recruit, or promote an individual on the basis of a disability, former disability, physical or mental examinations that are not directly related to the requirements of the specific job; not to discharge or take other discriminatory action against an individual on the basis of a disability, former disability, physical or mental examinations that are not directly related to the requirements of the specific job; not to fail or refuse to hire, recruit, or promote an individual when adaptive devices or aids may be utilized thereby enabling that individual to perform the specific requirements of the job; not to discharge or take other discriminatory action against an individual when

adaptive devices or aids may be utilized thereby enabling that individual to perform the specific requirements of the job.

198. Defendants breached each and every duty owed to the Plaintiffs as delineated above.

199. Notwithstanding said duties and in willful violation thereof, Defendants discriminated against Plaintiffs and harassed them, by subjecting them to humiliation, and discrimination to which other workers were not subject, all because of their disabilities, or former disabilities as delineated above.

200. Plaintiffs had a physical impairment that substantially limited one or more major life activities, had a record of the impairment, and were regarded by Defendants as having the impairment.

201. Upon return to duty or seeking to return to duty after their disability retirement, the Plaintiffs could perform the essential functions of their jobs with or without accommodation.

202. Defendants harassed Plaintiffs because of their disability.

203. Defendants disciplined the Plaintiffs because of their disability.

204. Defendants breached each and every duty owed to the Plaintiffs as delineated herein, by denying Plaintiffs the benefits of the services, programs, or activities of the City of Detroit, and/or by subjecting them to discrimination.

205. As a direct and proximate result of the violation of Plaintiffs' rights as alleged, they have suffered loss of seniority, loss of earnings and earning capacity, past and future lost earnings, the value of fringe and pension benefits; they have sustained mental and emotional distress, embarrassment, humiliation, anxiety about the

future, damage to their good name and reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful occupation of their choice, all of which damages continue into the future.

## COUNT VII
## AGE DISCRIMINATION
## AS TO THE CITY OF DETROIT
## AND THE NAMED CITY OF DETROIT DEFENDANT EMPLOYEES
## IN VIOLATION OF THE MICHIGAN CIVIL RIGHTS ACT

206. Plaintiffs hereby incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

207. At all times relevant hereto, Plaintiffs were employees and Defendants were an employer within the meaning of *MSA 3.548 (101) et. seq., MCLA 37.2101 et. seq., the Michigan Civil Rights Act.*

208. Under said statute, Defendants had a duty to Plaintiffs not to discriminate against them or to harass them with respect to their employment, compensation, terms, conditions or privileges of employment because of their age, or to limit, segregate or classify Plaintiffs in a way which deprived or tended to deprive them of employment opportunities, or otherwise to adversely affect the employment status of Plaintiffs because of their age.

209. Notwithstanding said duties and in willful violation thereof, Defendants discriminated against the Plaintiffs and harassed them, by subjecting them to humiliation, and discrimination to which other workers were not subject, all because of their age, as delineated above.

210. As a direct and proximate result of the Defendants' violations as described above,

Plaintiffs have suffered loss of earnings, and other benefits of employment; loss of earning capacity; embarrassment and humiliation, mental and emotional distress with physical manifestations; expenses for medical care and treatment; loss of fringe and pension benefits; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice; all of which damages continue into the future.

### COUNT VIII
### AGE DISCRIMINATION
### AS TO THE DFFA
### AND THE NAMED DFFA DEFENDANT EMPLOYEES
### IN VIOLATION OF THE MICHIGAN CIVIL RIGHTS ACT

211. Plaintiffs hereby incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

212. At all times relevant hereto, Plaintiffs were employee labor union members and Defendants, were a labor union within the meaning of *MCLA 37.2204 et. seq., the Michigan Civil Rights Act.*

213. Under said statute, Defendants had a duty to Plaintiffs not to exclude or expel from membership, or otherwise discriminate against, a member or applicant for membership because of their age, or to limit, segregate, or classify membership or applicants for membership, or classify or fail or refuse to refer for employment an individual in a way which would deprive or tend to deprive that individual of an employment opportunity, or which would limit an employment opportunity, or which would adversely affect wages, hours, or employment conditions, or otherwise adversely affect the status of an employee or an applicant for employment,

13-53846-tjt    Doc 13495-6    Filed 01/18/22    Entered 01/18/22 17:58:43    Page 7 of 10

because of their age, or cause or attempt to cause an employer to violate the Michigan Civil Rights Act, or fail to fairly and adequately represent a member in a grievance process because of their age.

214. Notwithstanding said duties and in willful violation thereof, Defendants discriminated against the Plaintiffs and harassed them, by subjecting them to humiliation, and discrimination to which other workers were not subject, all because of their age, as delineated above.

215. As a direct and proximate result of the Defendants' violations as described above, Plaintiffs have suffered loss of earnings, and other benefits of employment; loss of earning capacity; embarrassment and humiliation, mental and emotional distress with physical manifestations; expenses for medical care and treatment; loss of fringe and pension benefits; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice; all of which damages continue into the future.

## COUNT IX
## TORTIOUS INTERFERENCE
## AS TO THE DFFA
## AND THE NAMED DFFA DEFENDANT EMPLOYEES
## WITH A BUSINESS RELATIONSHIP OR EXPECTANCY

216. Plaintiffs hereby incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

217. The Plaintiffs had a business relationship and expectancy with the City of Detroit.

218. The Union Defendants had knowledge of the business relationship or expectancy that the Plaintiffs had with the City of Detroit.

28

219. The Defendants intentional and improperly interfered with the business relationship and expectancy the Plaintiffs had with the City of Detroit.

220. The Defendants committed per se wrongful acts and/or lawful acts with malice and without justification for the purpose of invading the business relationship of the Plaintiffs, inducing or causing a breach, disruption, or termination of the business relationship or expectancy.

221. As a direct and proximate result of the Defendants' violations as described above, Plaintiffs have suffered loss of seniority, loss of earnings, and other benefits of employment; loss of earning capacity; embarrassment and humiliation, mental and emotional distress with physical manifestations; expenses for medical care and treatment; loss of fringe and pension benefits; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice; all of which damages continue into the future.

**COUNT X**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**TO THE U.S. CONSTITUTION BY DISCRIMINATION AND RETALIATION**
**AS TO ALL DEFENDANTS**
**ACTIONABLE PURSUANT TO 42 USC §1983**

222. Plaintiffs hereby incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

223. Pursuant to the Fourteenth Amendment:

> *All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or*

> property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

224. Pursuant to 42 USC § 1983:

    > Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress…

225. Defendants, through their own actions and/or policies, practices, procedures and supervision, or lack thereof, violated clearly established law and no reasonable official would believe the actions described herein were lawful.

226. At all times relevant to this Complaint, Defendants, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct as delineated above.

227. Defendants violated Plaintiffs' federal constitutional rights secured by the 14th amendment to be free from discrimination and retaliation as a result of their illness/disability.

228. Defendants are liable for the violation of Plaintiff's federal constitutional rights pursuant to 42 U.S.C. § 1983 in failing to provide proper supervision and training to prevent this type of unlawful, discriminatory abuse.

229. As a direct and proximate result of the violation of Plaintiff's rights as alleged, Plaintiffs have suffered loss of seniority, loss of earnings and earning capacity, past and future lost earnings, the value of fringe and pension benefits, mental and emotional distress, embarrassment, humiliation, anxiety about the future, damage

30

13-53846-tjt    Doc 13495-6    Filed 01/18/22    Entered 01/18/22 17:58:43    Page 10 of 10