to their good name and reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful occupation of their choice, all of which damages continue into the future.

230. As a result of the willful violation of the Plaintiffs' constitutional rights, they are entitled to punitive damages.

## COUNT XI
## VIOLATION OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION BY DEPRIVATION OF A PROPERTY INTEREST WITHOUT DUE PROCESS OF LAW AS TO ALL DEFENDANTS ACTIONABLE PURSUANT TO 42 USC §1983

231. Plaintiffs hereby incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

232. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that certain substantive rights — life, liberty, and property — cannot be deprived except pursuant to constitutionally adequate procedures.

233. As public employees, Plaintiffs had a property interest in their employment, which was entitled to due process protection.

234. As public employees, prior to being disciplined and denied and/or deprived of seniority and/or promotional opportunities, the Plaintiffs should have received notice of the charges against them, an explanation of the employer's evidence, and an opportunity to present their side of the story.

235. The Plaintiffs were required to be given the opportunity for a hearing by the decision makers before being deprived of any significant property interest.

236. Further, the Plaintiffs were entitled to a full post denial/deprivation hearing.

237. At a minimum, the Plaintiffs should have been permitted to attend a hearing, to have the assistance of counsel, to call witnesses and produce evidence on their own behalf, and to know and have an opportunity to challenge the evidence against them.

238. The Plaintiffs were denied each and every right which should have been afforded to them, as delineated above.

239. As a direct and proximate result of the violation of Plaintiffs' rights as alleged, they have suffered loss of seniority, loss of earnings and earning capacity, past and future lost earnings, the value of fringe and pension benefits; they have sustained mental and emotional distress, embarrassment, humiliation, anxiety about the future, damage to their good name and reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful occupation of their choice, all of which damages continue into the future.

240. As a result of the willful violation of the Plaintiffs' constitutional rights, they are entitled to punitive damages.

## COUNT XII
## MUNICIPAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS

241. Plaintiffs hereby incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

242. Defendant City of Detroit established, promulgated, and implemented the customs, usages, practices, policies and procedures which resulted in the deprivation of Plaintiffs' Constitutional rights.

243. At all times relevant to this Complaint, Defendant City of Detroit, acting through its Fire Department, Human Resources Department and the named City of Detroit

Defendants had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of all the individual Defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

244. Those practices, polices, and/or procedures were inclusive of, but not limited to denying and/or depriving fire fighters who had been disabled of previously guaranteed seniority and promotional opportunities without due process of law.

245. As a direct and proximate result of the violation of Plaintiffs' rights as alleged, they have suffered loss of seniority, loss of earnings and earning capacity, past and future lost earnings, the value of fringe and pension benefits; they have sustained mental and emotional distress, embarrassment, humiliation, anxiety about the future, damage to their good name and reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful occupation of their choice, all of which damages continue into the future.

246. As a result of the willful violation of the Plaintiffs' constitutional rights, they are entitled to punitive damages.

## COUNT XIII
## CIVIL CONSPIRACY

247. Plaintiffs hereby incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

248. The Defendants engaged in a civil conspiracy.

249. The facts as delineated above reveal that there was a concerted action by the Defendants to accomplish a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means.

33

250. As a result of the civil conspiracy engaged in by the Defendants, the Plaintiffs suffered damages.

251. As a direct and proximate result of the violation of Plaintiffs' rights as alleged, they have suffered loss of seniority, loss of earnings and earning capacity, past and future lost earnings, the value of fringe and pension benefits; they have sustained mental and emotional distress, embarrassment, humiliation, anxiety about the future, damage to their good name and reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful occupation of their choice, all of which damages continue into the future.

PLAINTIFFS REQUEST that this Court enter judgment against Defendants as follows:

1. Legal Relief

   a. A judgment for lost wages and benefits, past and future, in whatever amount they are found to be entitled;

   b. Compensatory damages in whatever amount they are found to be entitled;

   c. Damages for emotional distress and mental anguish;

   d. Punitive and exemplary damages commensurate with the wrong and Defendants' ability to pay, and award of interest, and costs;

   e. An award of interest, costs, and reasonable attorney fees.

2. Equitable Relief

   a. An injunction prohibiting any further acts of discrimination or retaliation;

   b. An order directed to the Union for it to cease and desist its breach of the duty of fair representation;

c.  An order compelling the Union to proceed on grievances which it had wrongfully refused to handle;

d.  An order reestablishing the seniority level that the Plaintiffs are rightly entitled to;

e.  An order placing each of the Plaintiffs in their rightful and lawful position at their appropriate rank;

d.  Back pay and or lost earnings to which the Plaintiffs are entitled;

e.  An order compelling the Union to post a notice on its breach of the duty of fair representation in conspicuous places;

f.  An award of interest, costs, and reasonable attorney fees;

g.  Whatever other equitable relief appears appropriate at the time of trial.

WHEREFORE, Plaintiffs requests the Court to enter a judgment against Defendants in an amount exceeding $10,000,000.00, exclusive of costs and interest, and also award to Plaintiffs such other relief as may be applicable under statutory and common law, including interest, costs and attorney fees associated with this action.

### JURY DEMAND

Plaintiffs, through their Attorney, Herbert A. Sanders of The Sanders Law Firm, P.C., hereby requests a trial by jury.

Respectfully submitted,

Dated: May 12, 2020

/s/ Herbert A. Sanders
Herbert A. Sanders (P43031)
The Sanders Law Firm, P.C.
615 Griswold, Suite 913
Detroit, MI 48226
Phone: 313-962-0099
Fax: 313-962-0044
haslawpc@gmail.com