UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**SUPPLEMENTAL ORDER (A) AUTHORIZING THE ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND, (B) APPOINTING FIDUCIARY AND APPROVING DISTRIBUTION PROCEDURES FOR CLAIM 1862 AND (C) FOR RELATED RELIEF**

This case is before the Court on the stipulation filed January 26, 2022 (Docket # 13500).[1] The Court finds good cause to enter this Order.

IT IS ORDERED THAT:

1. The Court previously having found good cause for the establishment of a Qualified Settlement Fund for the purpose of receiving and distributing the proceeds of Allowed Claim 1862, the DPOA and/or its duly appointed trustee are authorized to establish the Fund for the benefit of the DPOA Wage Claimants.

2. Homer W. McClarty ("McClarty") is appointed as trustee for the Fund for the benefit of the DPOA Wage Claimants. In his capacity as trustee, McClarty is authorized to direct the Fund to receive the B Notes and Related Income, to oversee and direct Loop Capital in the marketing and sale of the B Notes, to direct

---

[1] Capitalized terms not otherwise defined in this Order have the meanings given to them in the Order Approving Settlement, filed March 10, 2021 (and entered on March 11, 2021) (Docket # 13346).

the payment of any administrative fees associated with the sale and marketing of the B Notes, and to direct the transfer of the Net Proceeds of the B Notes to the Huntington Bank account for the purpose of allowing the Claims Administrator to distribute those proceeds to the DPOA Wage Claimants. McClarty is further authorized to take any action approved by the DPOA to assist the Claims Administrator in the distribution of the proceeds of the Allowed Claim 1862 to the DPOA Wage Claimants, including the directing of the opening of any necessary bank or brokerage accounts. McClarty is authorized to complete and sign any documentation necessary to the completion of his duties as trustee.

3. McClarty, as trustee for the Fund, is to complete the Brokerage Account Form and Tax Form so that it is received by the City at the address set forth in the Distribution Order within 14 days after the entry of this Order as required by the Order Approving Settlement.

4. McClarty's obligations as trustee do not diminish, reduce or eliminate the contractual obligations of any of the other Professionals to the DPOA or the Fund, including but not limited to the obligations of Huntington, Loop Capital and Epic.

5. This Court retains jurisdiction to enforce the terms of this Order.

**Signed on January 26, 2022**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge