# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## NOTICE OF CALCULATION AND ELIMINATION OF CURRENT DISPUTED UNSECURED CLAIMS RESERVE

## PLEASE TAKE NOTICE OF THE FOLLOWING

1. On March 3, 2015, the City of Detroit ("City") filed its *Motion of the City of Detroit, Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code and Bankruptcy Rule 3021, for an Order Approving Reserve Amounts for Certain Disputed or Unliquidated Unsecured Claims in Connection with Distributions to be Made Under the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* ("Reserve Motion," Doc. No. 9351). The Reserve Motion sought to establish a "Disputed Unsecured Claims Reserve" in accord with the terms of the City's plan ("Plan").[1] *See* Plan, Art. VI.B.[2] The Reserve Motion also sought approval of the City's proposed "Reserve Administration Rules" for revising the Disputed Unsecured Claims Reserve. Reserve Motion, ¶ 26.

---

[1] *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)*, filed on October 22, 2014 [Doc. No. 8045], and confirmed as modified on November 12, 2014 ("Plan"). [Doc. No. 8272]. Undefined capitalized terms have the meanings ascribed to them in the Plan or Reserve Motion, as appropriate.

[2] Doc. No. 8045, pp. 75-76 of 82; Doc. No. 8272, pp. 208-09 of 225.

2. On April 10, 2015, the City filed its *Consolidated Reply in Support of Motion of the City of Detroit, Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code and Bankruptcy Rule 3021, for an Order Approving Reserve Amounts for Certain Disputed or Unliquidated Unsecured Claims in Connection with Distributions to be Made Under the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* ("Reserve Reply," Doc. No. 9652). The Reserve Reply modified certain schedules slightly but did not alter the amount sought for the Disputed Unsecured Claim Reserve.

3. The Court granted the Reserve Motion, approving the Reserve Administration Rules and setting the initial Disputed Unsecured Claims Reserve as $1.035 billion. (Doc. No. 9701, ¶¶ 2-3.)

4. On September 17, 2019, the City filed its *Notice of Calculation of Current Disputed Unsecured Claims Reserve* ("2019 Reserve Notice," Doc. No. 13127). In the 2019 Reserve Notice, the City updated the Court as to its progress with respect to claim liquidation and resolution and revised the Disputed Unsecured Claims Reserve to $98 million in accord with the Reserve Administration Rules.

5. As the City prepares to make its first and final distribution to the Holders of Allowed Class 14 Claims, the City must revise the Disputed Unsecured Claims Reserve. Because all remaining Class 14 unsecured claims have been

- 2 -
37823306.11/022765.00213

13-53846-tjt    Doc 13520    Filed 03/16/22    Entered 03/16/22 15:22:12    Page 2 of 10

resolved, the City will eliminate the Disputed Unsecured Claims Reserve by setting it to $0.

6. **PLEASE TAKE NOTICE that this is the City's notice of the calculation of the current Disputed Unsecured Claims Reserve.**

7. This notice is being filed contemporaneously with the *City of Detroit's Motion for an Order (A) Approving Distribution of New B Notes to Holders of Allowed Class 14 Claims and (B) Granting Other Related Relief* ("Distribution Motion") and anticipates approval of the Distribution Motion. Should the Court not approve the Distribution Motion, the City reserves the right to withdraw and refile this notice at a later date after any issues identified in connection with the proposed distribution are addressed.

## RELEVANT RULES AND PLAN TERMS

8. Reserve Administration Rule (a) requires the City to revise the amount of the Disputed Unsecured Claims Reserve to reflect the allowance, disallowance, or other resolution of claims. Reserve Administration Rule (a).

9. At least ten business days prior to making a distribution on Class 14 claims, the City must file "a notice of the calculation of the then-current Disputed Unsecured Claims Reserve." Reserve Administration Rule (f).

10. The Disputed Unsecured Claims Reserve is to be calculated to contain the amount necessary to satisfy each reserved-for claim in case it should become

allowed. Plan, Art. VI.B (requiring a reserve "equal to (1) the Distributions to which Holders of Disputed Claims would be entitled under the Plan if such Disputed Claims were Allowed Claims in the Face Amount of such Disputed Claims [. . . .]").

11. This is because, after distributions are made to other Class 14 claimants, only the property reserved by the Disputed Unsecured Claims Reserve is available to satisfy remaining claims. Plan, Art. VI.B ("Each Holder of a Disputed Claim that ultimately becomes an Allowed Claim will have recourse only to the assets held in the disputed claims reserve and not to any other assets held by the City, its property or any property previously distributed on account of any Allowed Claim.").

## RELEVANT BACKGROUND FOR THIS NOTICE

12. All relevant unsecured claims[3] have been settled, having been either liquidated, expunged, withdrawn, or otherwise resolved.

## PREVIOUS AMOUNTS RESERVED

13. The Disputed Unsecured Claim Reserve initially consisted of six components grouped in three categories: (1) disputed claims asserting a fully liquidated claim amount ("Liquidated Reserve"); (2) disputed claims asserting an

---

[3] As noted in the recently filed *City of Detroit's Status Report on Bankruptcy Case* ("Status Report," Doc. No. 13478) filed on December 2, there is one claim remaining to be reconciled, claim number 799 held by Daryl Cain. Status Report, ¶ 7. That claim is a Class 15 Claim, however, and thus is limited to a maximum recovery of $6,250 in cash. *Id.*, ¶¶ 8, 15-16. Further, that payment will be sourced from the City's general treasury rather than the property reserved for Class 14 Claims. Thus, there is no need to reserve any amount for claim 799 in the City's bankruptcy case.

unliquidated (a) litigation claim ("Unliquidated Litigation Reserve"), (b) employee benefit claim ("Employee Reserve"), or (c) other type of claim ("Other Unliquidated Reserve"); and (3) claims yet to be asserted as a result of (a) preference actions ("502(h) Reserve") or (b) reasons not known at the time the Reserve Motion was filed ("Unknown Claim Reserve"). Reserve Motion, ¶¶ 13-14, 20-23.

14. The Disputed Unsecured Claims Reserve started out at $1.035 billion but was revised to $98,000,000 by the 2019 Reserve Notice. The subcategories of the Disputed Unsecured Claims Reserve are shown in the below table.

| Category | Amount as of 2019 |
|---|---|
| Liquidated Reserve | $82,000,000 |
| Unliquidated Litigation Reserve | $10,000,000 |
| Unliquidated Employee Reserve | $0 |
| Other Unliquidated Reserve | $1,000,000 |
| 502(h) Reserve | $0 |
| Unknown Claim Reserve | $5,000,000 |
| **Total** | **$98,000,000** |

2019 Reserve Notice, ¶ 35.

15. In accord with the Reserve Administration Rules, the City has reviewed the Disputed Unsecured Claim Reserve and now reduces it to **$0**.

## REVISED RESERVE CALCULATION

*Liquidated Reserve*

16. The City originally set the Liquidated Reserve at $968,000,000 to reserve for disputed claims asserting a fully liquidated claim. Reserve Motion, ¶¶ 14-18. These claims were listed in Exhibit 6-1 to the Reserve Motion. *Id.*

17. The Reserve Reply revised the list of liquidated claims slightly, attaching a revised claim list ("Liquidated Claim List") as Exhibit B.

18. When the 2019 Reserve Notice was filed, only nine such claims (seven from the Liquidated Claim List, plus two more) remained to be resolved through negotiation, litigation, appeal, or otherwise. 2019 Reserve Notice, ¶¶ 13-18.

19. Since then, the City has resolved all of these claims.

20. The City thus sets the Liquidated Reserve at **$0**.

*Unliquidated Litigation Reserve*

21. The Unliquidated Litigation Reserve was set at $10.0 million by the 2019 Reserve Notice. 2019 Reserve Notice, ¶¶ 19-25.

22. No disputed unliquidated litigation Class 14 Claims remain. All have been either liquidated, expunged, withdrawn, or otherwise resolved.

23. The City thus sets the Unliquidated Litigation Reserve at **$0**.

*Unliquidated Employee Reserve*

24. In 2019 Reserve Notice, the City set the Unliquidated Employee Reserve to **$0**. 2019 Reserve Notice, ¶ 27. This amount remains unchanged.

*Other Unliquidated Reserve*

25. In the 2019 Reserve Notice, the City reserved $1.0 million for other unliquidated class 14 claims, such as trade claims. 2019 Reserve Notice, ¶ 29.

37823306.11/022765.00213

26. All known claims in this group have been resolved; thus, the City sets the Other Unliquidated Reserve at **$0**.

*502(h) Reserve*

27. In the 2019 Reserve Notice, the City noted that all preference claims were resolved and thus the City no longer needed a 502(h) Reserve. 2019 Reserve Notice, ¶ 31. This remains true today.

*Unknown Claim Reserve*

28. In the Reserve Motion, the City reserved $10 million for claims that might be asserted against the City, which amount was later reduced to $5,000,000.

29. The City believes that any claims that could have been asserted already have been. Any further claims would be extremely untimely.

30. The City thus sets the Unknown Claim Reserve to **$0**.

*Summary*

31. For these reasons, the City has set the Disputed Unsecured Claim Reserve to **$0** as shown in the below table.

| Category | Prior Amount | New Amount |
|---|---|---|
| Liquidated Reserve | $82,000,000 | $0 |
| Unliquidated Litigation Reserve | $10,000,000 | $0 |
| Unliquidated Employee Reserve | $0 | $0 |
| Other Unliquidated Reserve | $1,000,000 | $0 |
| 502(h) Reserve | $0 | $0 |
| Unknown Claim Reserve | $5,000,000 | $0 |
| **Total** | **$98,000,000** | **$0** |

37823306.11/022765.00213

32. The assumptions and calculations in this Notice also provide the basis for the Distribution Motion. If the Distribution Motion is not approved, some of the assumptions and calculations in this Notice may be called into question. Accordingly, if the Distribution Motion is not approved, the City reserves the right to withdraw this Notice and to refile it at a later date after any concerns raised in connection with the Distribution Motion have been addressed.

Dated: March 16, 2022

        Respectfully submitted,

        By: /s/ Marc N. Swanson
            Marc N. Swanson (P71149)
            Ronald A. Spinner (P73198)
            MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
            150 West Jefferson, Suite 2500
            Detroit, Michigan 48226
            Telephone: (313) 496-7591
            Facsimile: (313) 496-8451
            swansonm@millercanfield.com

        - and -

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
Telephone: (313) 237-5037
Facsimile: (313) 224-5505
raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 16, 2022, he filed the *Notice of Calculation of Current Disputed Unsecured Claims Reserve* using the court's CM/ECF system which provided notice of the filing to all registered participants in this matter.

> By: /s/ Marc N. Swanson
> Marc N. Swanson
> 150 West Jefferson, Suite 2500
> Detroit, Michigan 48226
> Telephone: (313) 496-7591
> Facsimile: (313) 496-8451
> swansonm@millercanfield.com

March 16, 2022