# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION FOR AN ORDER (A) APPROVING FIRST AND FINAL DISTRIBUTION OF NEW B NOTES TO HOLDERS OF ALLOWED CLASS 14 CLAIMS UNDER THE CITY'S PLAN OF ADJUSTMENT AND (B) GRANTING OTHER RELATED RELIEF

The City of Detroit ("City") moves this Court for entry of an order approving its first and final Distribution of New B Notes to Holders of Allowed Class 14 Claims and granting other related relief ("Motion"). In support, the City respectfully states as follows.

## I. INTRODUCTION

The City's Plan[1] states that each Holder of an Allowed Class 14 Claim will receive a Pro Rata Distribution of New B Notes. Previously, the City moved for,[2]

---

[1] *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)*, filed on October 22, 2014 [Doc. No. 8045], and confirmed as modified on November 12, 2014 [Doc. No. 8272] ("Plan"). Undefined capitalized terms in this Motion have the meanings assigned to them in the Plan.

[2] *City of Detroit's Motion to Implement Distributions of B Notes to Holders of Allowed Class 14 Claims Under the City's Confirmed Plan of Adjustment* ("Brokerage Motion," Doc. No. 13126).

38655869.10/022765.00213

and this Court established by order,[3] procedures for gathering the tax and account information necessary for the City to Distribute New B Notes to Holders of Allowed Class 14 Claims under the Plan.  The City also moved for,[4] and this Court approved,[5] procedures for handling Distributions that are unsuccessful on the first attempt. With these procedures in place, the City is now prepared to make its first and final Distribution of New B Notes to Holders of Allowed Class 14 Claims.

When a date is selected for making Distributions on Claims, the Plan requires the City to file with the Court a notice informing interested parties of that date and of the planned Distribution ("Distribution Notice").  *See* Plan, Art. VI.F, p. 65.  This Motion accompanies the Distribution Notice, which is attached as **Exhibit 6-A**.  The Distribution Notice provides that on or about May 9, 2022, the City plans to begin Distributing New B Notes to Holders of Allowed Class 14 Claims.  Attached to this Motion as **Exhibit 6-B** is a list of the Holders of Allowed Class 14 Claims that will receive a Distribution, including the amount of each Claim and the amount of Series

---

[3] *Order Granting the City of Detroit's Motion to Implement Distributions of B Notes to Holders of Allowed Class 14 Claims Under the City's Confirmed Plan of Adjustment* ("Brokerage Order," Doc. No. 13173).

[4] *City of Detroit's Motion to Establish Procedures for Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment* ("Procedures Motion," Doc. No. 13476).

[5] *Order Granting City of Detroit's Motion to Establish Procedures for Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment* ("Procedures Order," Doc. No. 13488).

38655869.10/022765.00213

2014B-1 and Series 2014B-2 notes to be Distributed to the Claim Holder in respect of each Claim. Also attached to this Motion, as **Exhibit 6-C**, is a list of formerly Allowed Class 14 Claims that have subsequently been disallowed and expunged under the Brokerage Order because the Holders failed to timely provide the necessary tax and brokerage account information required by the Brokerage Order.

The City files this Motion to give interested parties the opportunity to review the planned Distribution and to timely raise any concerns they may have or be permanently and forever barred, estopped, and enjoined from raising any objection to the proposed first and final Distribution or asserting any Class 14 Claim against the City or any of its property. The City selected May 9, 2022, as the planned Distribution Date to allow time for notice of this Motion and entry of the proposed order granting this Motion, should the Court determine that it can be entered without a hearing. Should a hearing be scheduled, the City may ask the Court to revise the planned Distribution Date to provide time for the hearing and ruling to occur.

The City respectfully asks the Court to enter an Order substantially in the form attached as **Exhibit 1**. The proposed Order expressly finds that the Distribution Notice provided in connection with this Motion is sufficient and satisfies the City's obligation to File a notice of the upcoming Distribution Date under the Plan. The Order also finds that Exhibit 6-B properly identifies all of Holders of Allowed Class 14 Claims to whom Distributions are to be made, the correct Pro Rata Distribution

of B Notes to each, and that, unless expressly identified on Exhibit 6-B, no Holder of a Class 14 Claim will be entitled to any Distribution, whether from the New B Notes, the City, or any property of the City.[6]  The proposed Order also finds that by making this planned Distribution of New B Notes, the City is properly complying with its obligations under the Plan to Distribute New B Notes to Holders of Allowed Class 14 Claims.  Finally, after making this planned Distribution, there will be $124 in principal amount of New B Notes remaining, which is an amount too small to be Distributed under the Plan.  The Order approves this small or stub amount of New B Notes reverting to the City and becoming property of the City.

## II.    **JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and the Plan.  This Court retained jurisdiction in this case to "[e]nsure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan."  Plan, Art. VII.D, p. 70.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).  Venue is proper before this Court under 28 U.S.C. § 1409.

---

[6] Granting this Motion will also have the effect of approving the City's notice reducing its Disputed Unsecured Claims Reserve to $0, which is being filed contemporaneously with this Motion.  The determination of the reserve is dependent upon approval of the planned Distribution.

38655869.10/022765.00213

## III.  BACKGROUND

2.     On October 22, 2014, the City filed its Plan.  This Court entered an order confirming it on November 12, 2014 ("Confirmation Order," Doc. No. 8272).  The Plan became effective December 10, 2014 ("Effective Date").

3.     Class 14 of the Plan classifies and describes the treatment of "Other Unsecured Claims."

4.     The Plan states that "each Holder of an Allowed Other Unsecured Claim [. . .] shall receive (A) [. . .] a Pro Rata share of approximately $16.48 million in New B Notes and (B) distributions in accordance with Section II.B.3.p.i.A."  Plan, Art. II.B.3.u.i, p. 44.

5.     Article II.B.3.p.i.A adds approximately $4.12 million in additional New B Notes to the $16.48 million to be Distributed to Holders of Allowed Other Unsecured Claims, for a total of approximately $20.6 million in New B Notes.  Plan, Art. II.B.3.p.i.A, 2nd para., part (3), p. 37.

6.     On the Effective Date, the City issued New B Notes.  It allocated an aggregate principal amount of $20,596,747 of New B Notes to Holders of Allowed Other Unsecured Claims in Class 14.  These New B Notes consist of Series 2014B-1 notes in the principal amount of $20,376,922 ("2014B-1 Notes") and Series 2014B-2 notes in the principal amount of $219,825 ("2014B-2 Notes" and, with the

38655869.10/022765.00213

2014B-1 Notes, "B Notes").[7]  Since that time, interest has accrued and will continue to accrue on the B Notes.

### A.    The Disbursing Agent

7.    Also, on the Effective Date, and in accordance with Article V.A. of the Plan, the City and the City's Disbursing Agent, U.S. Bank National Association ("Disbursing Agent"), entered into the Class 14 Disbursing Agent Agreement ("Disbursing Agreement").  Plan, Article V.A, p. 64.  All Distributions of B Notes and accrued interest thereon are held by the Disbursing Agent under the Disbursing Agreement and the Plan.

8.    The Disbursing Agent holds the B Notes to be Distributed under this proposed first and final Distribution.  Interest that has accrued on the B Notes will be paid to the Holders of the B Notes at a future date or dates by the Disbursing Agent.

9.    The Plan requires the Disbursing Agent to Distribute B Notes to creditors in whole dollar amounts; fractional amounts must be rounded down.  Plan, Art. V.I.3, p. 66 ("No fractional New Securities shall be distributed.  Where a fractional portion of a New Security otherwise would be called for under the Plan, the actual issuance shall reflect a rounding down to the nearest whole New

---

[7] The B Notes were issued in two series to provide for interest payment timing and transfer restrictions that were effective until October 1, 2015.  The 2014B-1 Notes and the 2014B-2 Notes accrue the same interest and have the same terms.

38655869.10/022765.00213

Security."); Plan, Art. I.A.256, p. 21 (defining "New Securities" to include "New B Notes"); *see also* Disbursing Agreement, ¶ 2(e), p. 5 (requiring Disbursing Agent to Distribute B Notes to creditors in "multiples of $1.00"). Because of this rounding, a very small amount of undistributable B Notes will remain after the Distribution.

**B.     The Brokerage Order**

10.     The Disbursing Agent required tax and brokerage account information to make Distributions of B Notes to Holders of Allowed Class 14 Claims.

11.     The Brokerage Order sets forth procedures for the City to request and receive the tax and brokerage account information necessary to Distribute B Notes. Holders of eighty (80)[8] Allowed Class 14 Claims who timely returned this information will receive B Notes in the first and final Distribution of B Notes. This will be the only Distribution of B Notes and no B Notes will be reserved or otherwise held back by the Disbursing Agent for future or additional Distributions under the Plan or otherwise.

12.     Holders of Allowed Class 14 Claims who did not comply with the Brokerage Order have waived their Class 14 Claims and will not receive a

---

[8] As of the filing date of the Procedures Motion, Holders of only 75 claims (inclusive of the Detroit Police Officers Association) had or were expected to timely return brokerage and tax information. Procedures Motion, ¶ 23. Since that time, the City was able to qualify five additional claims under the authority granted to it by the Brokerage Order. *See* Brokerage Order, ¶ 7 (allowing the City to modify deadlines as needed to assist Holders of Allowed Claims who are working with the City in good faith to provide tax and brokerage information).

- 7 -

Distribution. Brokerage Order, ¶ 6. Instead, the Distributions that would have been made on these Claims are abandoned and will become property of the City. *Id.*

13. For additional context, Holders representing 96% of Allowed Class 14 Claims have returned proper information. Claims representing approximately 4% of B Notes and interest have been disallowed and expunged due to failure to comply with the Brokerage Order. Exhibit 6-C, p. 3.

## C. The Distribution Procedures Order

14. The Disbursing Agent informed the City that it is possible that some Distributions may not be successful for various reasons.

15. To prepare for this possibility, on November 24, 2021, the City filed the Procedures Motion, which the Court granted by entering the Procedures Order.

16. The Procedures Order established procedures for resolving issues that may arise during Distribution. If a Distribution of B Notes to a Holder of an Allowed Class 14 Claim fails or is otherwise unsuccessful, then the Procedures Order governs how that Distribution may be reattempted. The Procedures Order will remain in full force and effect.

## D. The Disputed Unsecured Claims Reserve

17. In preparation for the Distribution discussed in this Motion, the City filed its *Notice of Calculation and Elimination of Current Disputed Unsecured Claims Reserve* ("Reserve Notice") contemporaneously with this Motion.

38655869.10/022765.00213

18. The Reserve Notice assumes that the City's proposed Distribution has been correctly calculated and thus that it no longer needs a Disputed Unsecured Claims Reserve. Accordingly, the Reserve Notice reduces the Disputed Unsecured Claims Reserve to $0. The Motion also seeks this Court's approval of a Disputed Unsecured Claims Reserve of $0. Of course, should the Court not approve the City's proposed Distribution, the City may withdraw the Reserve Notice until it can address any concerns the Court may have with respect to the proposed Distribution.

**E. Notice provided to Class 14 Claimants.**

19. The Plan requires that the City provide notice of the upcoming planned Distribution to Holders of Allowed Class 14 Claims. Plan, Art. VI.F, p. 65. This Motion, with its exhibits and with a copy of the Reserve Notice, will be served on all parties who potentially still held a Class 14 Claim when the Brokerage Motion was filed on September 17, 2019, or who have subsequently filed papers in this bankruptcy case alleging a Class 14 Claim. This includes Holders of all Class 14 Claims listed on Exhibits 6-B and 6-C attached to this Motion, along with additional parties whose Class 14 Claims were resolved but who will be served nonetheless out of an abundance of caution.

20. The Motion will also be served on all parties requesting notices listed on the Master Service List.

38655869.10/022765.00213

21.     The Motion thus will be served broadly on all parties who potentially could be affected by the planned Distribution or who have requested notices in this bankruptcy case, even though the Plan only requires that the City "File" the notice of Distribution Date with the Court and does not require it to be served on any particular parties.  Plan, Art. VI.F, p. 65; Plan, Art. I.A.200, p. 16 (defining "File" to mean filing with the Court but without requiring service of the document filed.)

## IV.     DISTRIBUTION SUMMARY

22.     On or about **May 9, 2022**, the Disbursing Agent will begin to Distribute[9] $20,376,922 of 2014B-1 Notes and $219,825 of 2014B-2 Notes to Holders of Allowed Class 14 Claims and will continue until completed.

23.     To "provide[] information regarding the Distribution to be made," as required by Article V.F of the Plan, a schedule of Claims on which Distributions will be made and the calculation of the B Notes to be Distributed to each is attached as **Exhibit 6-B** to this Motion.  No other alleged creditor or party in interest will receive a Distribution of B Notes then or at any later time.

24.     Additionally, a list of former Holders of Class 14 Claims who did not comply with the Brokerage Order and thus have forfeited their Claims and their rights to Distributions in the City's bankruptcy case is attached as **Exhibit 6-C**.  The

---

[9] As the City noted in the Procedures Motion, it may take the Disbursing Agent more than a single day to complete the B Notes transfers.  Procedures Motion, p. 2.

38655869.10/022765.00213

amount of B Notes that would have been provided to these Holders is shown on page 3 of Exhibit 6-B; it represents approximately 4% of the total B Notes otherwise available for Distribution. These Distributions are abandoned and will become City property.

25.    Finally, due to the rounding required by the Plan and the Disbursing Agreement, B Notes in the principal amount of $124.00 will not be Distributed. These cannot be Distributed and will revert to the City, becoming City property. Exhibit 6-B, p. 3; *see also* Plan, Art. V.I.3, p. 66; Plan, Art. I.A.256, p. 21; Disbursing Agreement, ¶ 2(e), p. 5.

## V.    RELIEF REQUESTED AND BASIS FOR RELIEF

26.    The City seeks an order confirming that its planned Distribution of B Notes complies with Plan requirements in all respects and that, by the filing of this Motion, it has provided the "notice of Distribution Date" required by Article V.F of the Plan in the form of the Distribution Notice. Plan, p. 65.

27.    The Plan provides that each Holder of an Allowed Class 14 Claim is to receive a Pro Rata share of approximately $16.48 million in New B Notes plus a Pro Rata share of $4.12 million in New B Notes, or a Pro Rata share of $20.6 million in New B Notes in total. Plan, Art. II.B.3.u.i, p. 44; Plan, Art. II.B.3.p.i.A, 2nd para, part (3), p. 37. The City plans to Distribute B Notes in the total principal amount of $20,596,747 on account of all Allowed Class 14 Claims, inclusive of Claims listed

- 11 -

on Exhibit 6-C that have been abandoned. The City asserts that this is the amount of B Notes required under the Plan and that there will be no more B Notes to Distribute.

28. The City has listed all of the Allowed Class 14 Claims on Exhibit 6-B and provided its calculation as to each such Claim's share of the total B Notes allotted. It has also provided its calculation as to the exact dollar amount of the principal of B Notes to which the City calculates each Claim is entitled, both of 2014B-1 Notes and 2014B-2 Notes.

29. No other alleged creditors or parties in interest will receive a Distribution of B Notes now or at any later time and they should be forever estopped, barred, and enjoined from seeking a Distribution of any Claim against the City or any of its property.

30. The Disputed Unsecured Claims Reserve will be permanently reduced to $0, which should be approved by the Court.

31. The City has listed on Exhibit 6-C all Holders whose Claims are disallowed and expunged due to their failure to comply with the Brokerage Order.

32. The City's calculations, shown on Exhibit 6-B, explain why B Notes in the principal amount of $124 will not be Distributed after the $20.6 million in principal is Distributed. As there is no practical way to Distribute this $124 in B

Notes to creditors, the City asks that it revert to the City and become property of the City.

33.     The City has provided notice to all Holders of Allowed Class 14 Claims (and others) of the upcoming Distribution by the filing and service of this Motion as described in paragraphs 19-21 above and in the "Notice" section below.  The Motion will be served on all Holders listed on Exhibits 6-B and 6-C, along with additional parties who at one point held or still allege to hold a Class 14 Claim and parties who filed for notice in the case.

34.     In light of the notice previously provided to Holders of Allowed Class 14 Claims with respect to the Brokerage Motion, the Brokerage Order, and the Procedures Motion, the City asks that the Court find the notice provided in connection with this Motion sufficient with respect to this Motion and the first and final Distribution generally.

35.     Because notice of this Motion has been provided both to Holders of Allowed Class 14 Claims and to those former Holders who failed to return tax or brokerage information in accordance with the directives of the Brokerage Order, the City asks that the Court find that Exhibit 6-B properly identifies the only Holders to

whom Distributions are to be made and the correct Pro Rata Distribution of B Notes to each.[10]

## VI.  NOTICE

36.  The City filed this Motion using the Court's electronic filing system, which sends notice of the filing to all ECF participants registered to receive notice in this bankruptcy case.  The City's claims agent, KCC, will serve the Motion by first-class mail on all creditors and other parties in interest who originally received service of the Brokerage Motion (*i.e.*, all creditors and parties in interest who were or, at the time, might have become Holders of Allowed Class 14 Claims), as well as those requesting notices listed on the Master Service List and those with unresolved papers on file concerning alleged Class 14 Claims.  KCC will file a proof of service soon afterward.

## VII.  CONCLUSION

WHEREFORE, the City respectfully requests that this Court enter an Order, substantially in the form attached as **Exhibit 1**, granting the relief requested and such other and further relief as this Court may deem just and proper.

---

[10] This request is limited solely to Distributions of B Notes to Holders of Allowed Class 14 Claims.  It does not include the accrued interest income on the B Notes, as this interest will be paid in a future disbursement.  The proposed Order also requests that the City and its Disbursing Agent be authorized to pay accrued and accruing interest to the Holders of the B Notes at any time and from time to time without further notice or order of this Court.

38655869.10/022765.00213

Dated: March 16, 2022

CITY OF DETROIT LAW DEPARTMENT

By: */s/ Charles N. Raimi*
    Charles N. Raimi (P29746)
    Mary Beth Cobb (P40080)
    James Noseda (P52563)
    Attorneys for the City of Detroit
    2 Woodward Avenue, Suite 500
    Detroit, Michigan 48226
    Phone - (313) 224-4550
    Email - raimic@detroitmi.gov

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: */s/ Marc N. Swanson*
    Marc N. Swanson (P71149)
    Ronald A. Spinner (P73198)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Phone - (313) 496-6420
    Facsimile - (313) 496-8451
    Email - swansonm@millercanfield.com

*Counsel for the City of Detroit, Michigan*

- 15 -

# EXHIBIT LIST

| | |
|---|---|
| Exhibit 1 | Proposed Order |
| Exhibit 2 | Notice of Motion and Opportunity to Object |
| Exhibit 3 | N/A |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | N/A |
| Exhibit 6-A | Notice of First and Final Distribution and Distribution Date |
| Exhibit 6-B | List of Planned Distributions to Holders of Allowed Class 14 Claims |
| Exhibit 6-C | List of Holders of Allowed Class 14 Claims That Did Not Comply with the Brokerage Order and Whose Claims Have Been Disallowed and Expunged |

## EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER (A) APPROVING FIRST AND FINAL DISTRIBUTION OF NEW B NOTES TO HOLDERS OF ALLOWED CLASS 14 CLAIMS UNDER THE CITY'S PLAN OF ADJUSTMENT AND (B) GRANTING OTHER RELATED RELIEF

This matter having come before the Court on the *City of Detroit's Motion for an Order (A) Approving First and Final Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting Other Related Relief* (the "Motion," Doc. No. [_____])[1]; notice having been given by first-class mail to all known Holders of Class 14 Claims under the Plan and all creditors and other parties in interest who requested notice or alleged Class 14 Claims, and by ECF to all participants registered to receive notice in this bankruptcy case, and no further notice being necessary or required; no objections having been timely filed to the Motion; the Court being fully advised in the premises; and there being good and sufficient cause to grant the relief requested,

---

[1] Capitalized terms used but not otherwise defined in this Order have the meanings given to them in the Motion.

38655869.10/022765.00213

**THE COURT FINDS THAT:**

1.      The filing and service of the Motion satisfies the City's obligation under the Plan to file a notice of the planned Distribution Date in all respects. No other or additional notice need be given.

2.      Exhibit 6-B to the Motion contains a complete and exhaustive list of Allowed Class 14 Claims entitled to a Distribution under the Plan. These are the only Allowed Class 14 Claims that will receive a Distribution under the Plan.

3.      The Pro Rata Distribution that the City proposes on Exhibit 6-B to Holders of Allowed Class 14 Claims has been computed in accordance with the requirements of the Plan.

4.      After making the Distributions listed on Exhibit 6-B of the Motion, the City will have fully satisfied its obligation under the Plan to Distribute B Notes to Holders of Allowed Class 14 Claims.

**THE COURT ORDERS THAT:**

5.      The Motion is granted in its entirety.

6.      The Distribution proposed on Exhibit 6-B to the Motion is authorized and approved.

7.      Except as provided in paragraph 6 above, no other Distribution of B Notes shall be made to the Holders of Allowed Class 14 Claims, no other alleged Holder of a Class 14 Claim shall be entitled to a Distribution under the Plan, and

38655869.10/022765.00213

each such other alleged Holder of a Class 14 Claim shall be permanently estopped, barred, and enjoined from seeking a Distribution or any other relief from the City or any of its property.

8. The City and Disbursing Agent are authorized to make payments of accrued interest to the Holders of B Notes at any time and from time to time without further notice or order of the Court. Nothing in this Order shall affect the right of a Holder of an Allowed Class 14 Claim to receive accrued interest under its B Notes.

9. The reduction of the Disputed Unsecured Claims Reserve to $0 is authorized and approved.

10. The $124 in B Notes that will remain after the Distribution proposed on Exhibit 6-B of the Motion is completed will revert to the City and become City property.

11. This Order is entered in furtherance of this Court's reserved jurisdiction to enter any orders that may be necessary or appropriate to implement or consummate the provisions of the Plan, and to ensure that Distributions to Holders of Claims are accomplished in accordance with the provisions of the Plan.

12. In implementing and enforcing the terms of this Order and the Plan, the City and its Related Entities are entitled to all privileges and protections of the Plan, including the exculpation set forth in Article III.D.6.

13.     This Order does not modify the Plan or the Confirmation Order.  Each and every term and condition in the Plan and Confirmation Order, including, without limitation, those with respect to the Allowed Claims and Distributions, remains in full force and effect.

14.     This Court retains jurisdiction over the interpretation and enforcement of this Order.

- 4 -

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF OPPORTUNITY TO OBJECT TO**
**CITY OF DETROIT'S MOTION FOR AN ORDER (A) APPROVING**
**FIRST AND FINAL DISTRIBUTION OF NEW B NOTES TO HOLDERS**
**OF ALLOWED CLASS 14 CLAIMS UNDER THE CITY'S PLAN OF**
**ADJUSTMENT AND (B) GRANTING OTHER RELATED RELIEF**

The City of Detroit has filed the foregoing *City of Detroit's Motion for an Order (A) Approving First and Final Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting Other Related Relief* (the "Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the Motion, within 14 days, you or your attorney must

- 1 -

1. File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 West Fort Street
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

---

[1] Response or answer must comply with Fed. R. Civ. Proc. 8(b), (c) and (e).

38655869.10/022765.00213

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
     Marc N. Swanson (P71149)
     150 West Jefferson, Suite 2500
     Detroit, Michigan 48226
     Telephone: (313) 496-7591
     Facsimile: (313) 496-8451
     swansonm@millercanfield.com

Dated: March 16, 2022

38655869.10/022765.00213

## **EXHIBIT 3**

None

## EXHIBIT 4

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 16, 2022, he filed the foregoing *City of Detroit's Motion for an Order (A) Approving First and Final Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting Other Related Relief* (the "Motion"), using the Court's electronic filing system, which sends notice of the filing to all ECF participants registered to receive notice in this case. The City has engaged a noticing agent, which will serve the Motion by first-class mail on all known Holders of Allowed Other Unsecured Claims, on all parties who received service of the *City of Detroit's Motion to Implement Distributions of B Notes to Holders of Allowed Class 14 Claims Under the City's Confirmed Plan of Adjustment* (Doc. No. 13126), on all parties who have subsequently filed papers in this case alleging a Class 14 Claim, and on all parties requesting notices listed on the Master Service List and will file a proof of service to that effect.

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

March 16, 2022

# **EXHIBIT 5**

None

**EXHIBIT 6-A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF**
**FIRST AND FINAL DISTRIBUTION AND DISTRIBUTION DATE**

**PLEASE READ THIS NOTICE CAREFULLY!**

**The Motion distributed with this Notice is the City of Detroit's request to the Bankruptcy Court for the Eastern District of Michigan to approve its first and final distribution of B Notes with respect to Allowed Class 14 "Other Unsecured Claims"[1] in its bankruptcy case. If you hold a Class 14 Unsecured Claim in the City's bankruptcy case, you should read this Notice carefully, as it contains information related to the treatment of these claims. (Please note that this Notice only discusses the distribution of B Notes with respect to Allowed Class 14 Claims; accrued interest on the B Notes will be paid on a future date or dates to the Holders of B Notes.)**

Attached to the Motion are **Exhibit 6-B** and **Exhibit 6-C**. **Exhibit 6-B** contains a list of all Allowed Class 14 Claims that will receive a Distribution of B Notes as required under the City's confirmed bankruptcy Plan. **Exhibit 6-B** specifies the

---

[1] Capitalized terms that are not defined in this Notice have the meanings given to them in the *City of Detroit's Motion for an Order (A) Approving First and Final Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting Other Related Relief*, to which this Notice is attached. Many of the terms referenced in that motion may be found in the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)*, filed on October 22, 2014 (Docket Number 8045), as modified and confirmed on November 12, 2014 (Docket Number 8272) (collectively, the "Plan"). The documents referenced here by Docket Number are available free of charge at the City of Detroit's bankruptcy website as maintained by Kurtzman Carson Consultants, LLC. That website may be accessed at http://www.kccllc.net/Detroit.

amount of B Notes to be Distributed to each of the Holders of these claims. Because these B Notes were issued in two series with identical terms, **Exhibit 6-B** lists the amount of each to be Distributed. If the Bankruptcy Court approves the City's planned Distribution, the Distribution of B Notes to Class 14 Claimants is expected to begin on or about <u>**May 9, 2022**</u>. Distributions will be made to the accounts previously identified by the Holders of these Class 14 Claims and may take a few days to complete. As required by an order of the Bankruptcy Court,[2] if an attempt to Distribute B Notes to an account fails or is otherwise unsuccessful, the City will notify the Holder of the Claim so that the Claim Holder can take corrective action if needed or desired.

**Exhibit 6-C** contains a list of Claims that have been abandoned and that will not receive a Distribution of B Notes. Holders of the Claims on **Exhibit 6-C** were contacted by mail several times but did not return the information necessary for the City to Distribute B Notes to them. As specified in an order of the Bankruptcy Court,[3] all rights to Distributions on these Claims have been forfeited.

**<u>This is the final notice the City will send with respect to Distribution of B Notes</u>. If you hold a Class 14 Claim in the City's bankruptcy case and expect a Distribution of B Notes, you should review Exhibits 6-B and 6-C carefully!** If your Claim is either listed on **Exhibit 6-C** (the list of forfeited Claims) or simply not included in the list on **Exhibit 6-B** (the list of Claims to receive B Notes), and you believe this to be in error, you should object or otherwise respond to the Motion as directed in the *Notice of Opportunity to Object to City of Detroit's Motion for an Order (A) Approving First and Final Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting Other Related Relief*, attached as **Exhibit 2** to the Motion.

**Please be further advised that if you object, you will need to explain why you believe you are entitled to a Distribution. Objections, for example, by claimants who simply failed to return the forms required to receive a Distribution or who otherwise failed to comply with requirements of the City's Plan or the orders of the Bankruptcy Court are unlikely to be successful.** If you have reason to

---

[2] *Order Granting City of Detroit's Motion to Establish Procedures for Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment* (Docket Number 13488).

[3] *Order Granting the City of Detroit's Motion to Implement Distributions of B Notes to Holders of Allowed Class 14 Claims Under the City's Confirmed Plan of Adjustment* (Docket Number 13173).

38655869.10/022765.00213

believe, however, that your Claim was omitted from **Exhibit 6-B** in error, you should take this last and only opportunity to object before the B Notes are Distributed. No further Distributions of B Notes will be made at any time other than the Distributions identified in **Exhibit 6-B**.

38655869.10/022765.00213

**EXHIBIT 6-B**

**LIST OF PLANNED DISTRIBUTIONS TO**
**HOLDERS OF ALLOWED CLASS 14 CLAIMS**

38655869.10/022765.00213

| Claim Number | Creditor Name | Claim Amount | % of Total Claims | B Notes to Be Distributed Series 2014B-1 | B Notes to Be Distributed Series 2014B-2 | Total | % of B Note Distribution |
|---|---|---|---|---|---|---|---|
| 12 | Jessie Payne | $ 2,980,000.00 | 1.39% | $ 282,663.00 | $ 3,049.00 | $ 285,712.00 | 1.39% |
| 13 | Shawn Gargalino | $ 75,000.00 | 0.03% | $ 7,114.00 | $ 76.00 | $ 7,190.00 | 0.03% |
| 108 | Hassan Hassan | $ 4,980,000.00 | 2.32% | $ 472,369.00 | $ 5,095.00 | $ 477,464.00 | 2.32% |
| 120 | Zenda Jarrett via her attorneys Gursten, Koltonow, Gursten, Christensen & Raitt PC | $ 55,000.00 | 0.03% | $ 5,216.00 | $ 56.00 | $ 5,272.00 | 0.03% |
| 128 | Anna Wright c/o Leonard M. Koltonow | $ 430,000.00 | 0.20% | $ 40,786.00 | $ 440.00 | $ 41,226.00 | 0.20% |
| 142 | Norfolk Southern Railway Company | $ 32,027.35 | 0.01% | $ 3,037.00 | $ 32.00 | $ 3,069.00 | 0.01% |
| 145 | Loneiann Sisco | $ 75,000.00 | 0.03% | $ 7,114.00 | $ 76.00 | $ 7,190.00 | 0.03% |
| 164 | Anthony Collier | $ 200,000.00 | 0.09% | $ 18,970.00 | $ 204.00 | $ 19,174.00 | 0.09% |
| 201 | Michael Beydoun & his attorney- Raymond Guzall III | $ 2,266,021.12 | 1.05% | $ 214,939.00 | $ 2,318.00 | $ 217,257.00 | 1.05% |
| 440 | Christopher Moore | $ 40,000.00 | 0.02% | $ 3,794.00 | $ 40.00 | $ 3,834.00 | 0.02% |
| 479 | Genes Towing | $ 33,960.00 | 0.02% | $ 3,221.00 | $ 34.00 | $ 3,255.00 | 0.02% |
| 530 | Todd, Jr., Ira Lee | $ 500,000.00 | 0.23% | $ 47,426.00 | $ 511.00 | $ 47,937.00 | 0.23% |
| 567 | Mansfield Patterson JR. as p.r. | $ 100,000.00 | 0.05% | $ 9,485.00 | $ 102.00 | $ 9,587.00 | 0.05% |
| 570 | Mansfield Patterson V as P.R. | $ 100,000.00 | 0.05% | $ 9,485.00 | $ 102.00 | $ 9,587.00 | 0.05% |
| 572 | Williamson, Tracy (p.r. Of Williamson, Decarlos) | $ 80,000.00 | 0.04% | $ 7,588.00 | $ 81.00 | $ 7,669.00 | 0.04% |
| 621 | Bell, Edward | $ 30,000.00 | 0.01% | $ 2,845.00 | $ 30.00 | $ 2,875.00 | 0.01% |
| 787 | Stanley, Sherell S. | $ 100,000.00 | 0.05% | $ 9,485.00 | $ 102.00 | $ 9,587.00 | 0.05% |
| 792 | Llanes, James | $ 60,000.00 | 0.03% | $ 5,691.00 | $ 61.00 | $ 5,752.00 | 0.03% |
| 806 | Michigan Economic Dev Corp | $ 402,438.92 | 0.19% | $ 38,172.00 | $ 411.00 | $ 38,583.00 | 0.19% |
| 807 | Michigan Economic Dev Corp | $ 5,081,780.82 | 2.37% | $ 482,024.00 | $ 5,200.00 | $ 487,224.00 | 2.37% |
| 808 | Michigan Economic Dev Corp | $ 2,000,000.00 | 0.93% | $ 189,706.00 | $ 2,046.00 | $ 191,752.00 | 0.93% |
| 836 | Ohakpo, Simeon | $ 475,000.00 | 0.22% | $ 45,055.00 | $ 486.00 | $ 45,541.00 | 0.22% |
| 844 | Street-gilbert, Joera | $ 45,000.00 | 0.02% | $ 4,268.00 | $ 46.00 | $ 4,314.00 | 0.02% |
| 928 | Guest, Shuntina | $ 40,000.00 | 0.02% | $ 3,794.00 | $ 40.00 | $ 3,834.00 | 0.02% |
| 960 | Carter, Steven C. | $ 105,521.33 | 0.05% | $ 10,009.00 | $ 107.00 | $ 10,116.00 | 0.05% |
| 966 | Daviston, Frank | $ 60,000.00 | 0.03% | $ 5,691.00 | $ 61.00 | $ 5,752.00 | 0.03% |
| 979 | Bartell, Dana | $ 75,000.00 | 0.03% | $ 7,114.00 | $ 76.00 | $ 7,190.00 | 0.03% |
| 999 | Shannon Bratcher | $ 27,500.00 | 0.01% | $ 2,608.00 | $ 28.00 | $ 2,636.00 | 0.01% |
| 1001 | Jennifer Burton | $ 55,000.00 | 0.03% | $ 5,216.00 | $ 56.00 | $ 5,272.00 | 0.03% |
| 1002 | Charnita Legette | $ 65,000.00 | 0.03% | $ 6,165.00 | $ 66.00 | $ 6,231.00 | 0.03% |
| 1003 | Lolita Vann | $ 55,000.00 | 0.03% | $ 5,216.00 | $ 56.00 | $ 5,272.00 | 0.03% |
| 1008 | Moses Luckett | $ 55,000.00 | 0.03% | $ 5,216.00 | $ 56.00 | $ 5,272.00 | 0.03% |
| 1064 | Abraham Greer and Sandra Greer | $ 2,000,000.00 | 0.93% | $ 189,706.00 | $ 2,046.00 | $ 191,752.00 | 0.93% |
| 1138 | Wilmington Trust, National Association, as successor Contract Administrator | $ 644,277.66 | 0.30% | $ 61,111.00 | $ 659.00 | $ 61,770.00 | 0.30% |
| 1221 | Brown, Jessica Et Al | $ 15,000.00 | 0.01% | $ 1,422.00 | $ 15.00 | $ 1,437.00 | 0.01% |
| 1375 | Harvey, Gregory | $ 75,000.00 | 0.03% | $ 7,114.00 | $ 76.00 | $ 7,190.00 | 0.03% |
| 1390 | The Realty Company | $ 237,838.12 | 0.11% | $ 22,559.00 | $ 243.00 | $ 22,802.00 | 0.11% |
| 1438 | Calloway, Lorraine | $ 32,500.00 | 0.02% | $ 3,082.00 | $ 33.00 | $ 3,115.00 | 0.02% |

| Claim Number | Creditor Name | Claim Amount | % of Total Claims | B Notes to Be Distributed Series 2014B-1 | B Notes to Be Distributed Series 2014B-2 | Total | % of B Note Distribution |
|---|---|---|---|---|---|---|---|
| 1440 | Smith, Reno | $ 75,000.00 | 0.03% | $ 7,114.00 | $ 76.00 | $ 7,190.00 | 0.03% |
| 1454 | Suell, Geraldine | $ 45,000.00 | 0.02% | $ 4,268.00 | $ 46.00 | $ 4,314.00 | 0.02% |
| 1489 | Darshay Cunningham | $ 75,000.00 | 0.03% | $ 7,114.00 | $ 76.00 | $ 7,190.00 | 0.03% |
| 1507 | Goudy, Larcentinna | $ 30,000.00 | 0.01% | $ 2,845.00 | $ 30.00 | $ 2,875.00 | 0.01% |
| 1518 | Rogers, Jason | $ 40,000.00 | 0.02% | $ 3,794.00 | $ 40.00 | $ 3,834.00 | 0.02% |
| 1544 | Brooks, I-chauntay | $ 75,000.00 | 0.03% | $ 7,114.00 | $ 76.00 | $ 7,190.00 | 0.03% |
| 1554 | Clayton, Julius | $ 120,000.00 | 0.06% | $ 11,382.00 | $ 122.00 | $ 11,504.00 | 0.06% |
| 1604 | Parnell, Taesean a minor by his next friend Corliss Thomas | $ 60,000.00 | 0.03% | $ 5,691.00 | $ 61.00 | $ 5,752.00 | 0.03% |
| 1646 | Thompson, Keith | $ 30,000.00 | 0.01% | $ 2,845.00 | $ 30.00 | $ 2,875.00 | 0.01% |
| 1649 | Faye Atkins | $ 48,000.00 | 0.02% | $ 4,552.00 | $ 49.00 | $ 4,601.00 | 0.02% |
| 1739 | Patricia Ramirez | $ 600,000.00 | 0.28% | $ 56,912.00 | $ 613.00 | $ 57,525.00 | 0.28% |
| 1857 | Shafer & Associates, P.C. | $ 905,718.65 | 0.42% | $ 85,910.00 | $ 926.00 | $ 86,836.00 | 0.42% |
| 1862 | Detroit Police Officers Association (DPOA) | $ 12,500,000.00 | 5.82% | $ 1,185,667.00 | $ 12,790.00 | $ 1,198,457.00 | 5.82% |
| 1910 | Green, Glenn | $ 55,000.00 | 0.03% | $ 5,216.00 | $ 56.00 | $ 5,272.00 | 0.03% |
| 2032 | Gjergji, Gjush | $ 55,000.00 | 0.03% | $ 5,216.00 | $ 56.00 | $ 5,272.00 | 0.03% |
| 2226 | Janet Johnson | $ 115,000.00 | 0.05% | $ 10,908.00 | $ 117.00 | $ 11,025.00 | 0.05% |
| 2274 | Mcpherson, Randall | $ 30,000.00 | 0.01% | $ 2,845.00 | $ 30.00 | $ 2,875.00 | 0.01% |
| 2277 | Brandt, Charlotte | $ 75,000.00 | 0.03% | $ 7,114.00 | $ 76.00 | $ 7,190.00 | 0.03% |
| 2279 | Tulik, Mark | $ 40,000.00 | 0.02% | $ 3,794.00 | $ 40.00 | $ 3,834.00 | 0.02% |
| 2312 | Melvin Lyle Larsen | $ 30,000.00 | 0.01% | $ 2,845.00 | $ 30.00 | $ 2,875.00 | 0.01% |
| 2328 | Parsons Brinckerhoff Michigan, Inc. | $ 829,567.58 | 0.39% | $ 78,687.00 | $ 848.00 | $ 79,535.00 | 0.39% |
| 2603 | Sherell Shawnee Stanley | $ 100,000.00 | 0.05% | $ 9,485.00 | $ 102.00 | $ 9,587.00 | 0.05% |
| 2717 | Loving, Courtney, Et Al | $ 35,000.00 | 0.02% | $ 3,319.00 | $ 35.00 | $ 3,354.00 | 0.02% |
| 2733 | Harris, Sammie Kevin | $ 100,000.00 | 0.05% | $ 9,485.00 | $ 102.00 | $ 9,587.00 | 0.05% |
| 2851 | Coalition Of Detroit Unions Et Al, | $ 14,771,270.00 | 6.88% | $ 1,401,105.00 | $ 15,115.00 | $ 1,416,220.00 | 6.88% |
| 2926 | Balfour, Delshone | $ 29,176.02 | 0.01% | $ 2,767.00 | $ 29.00 | $ 2,796.00 | 0.01% |
| 2958 | Michigan AFSCME Council 25 and its affiliated Detroit Locals | $ 95,380,410.00 | 44.40% | $ 9,047,157.00 | $ 97,600.00 | $ 9,144,757.00 | 44.40% |
| 3026 | Charter County of Wayne | $ 700,000.06 | 0.33% | $ 66,397.00 | $ 716.00 | $ 67,113.00 | 0.33% |
| 3031 | Charter County of Wayne | $ 364,551.23 | 0.17% | $ 34,578.00 | $ 373.00 | $ 34,951.00 | 0.17% |
| 3232 | Steven Wolak, as Personal Representative of the Estate of Christopher Wolak, Deceased | $ 355,000.00 | 0.17% | $ 33,672.00 | $ 363.00 | $ 34,035.00 | 0.17% |
| 3464 | Turner, Pamela | $ 350,000.00 | 0.16% | $ 33,198.00 | $ 358.00 | $ 33,556.00 | 0.16% |
| 3658 | U.S. Equal Employment Opportunity Commission | $ 90,000.00 | 0.04% | $ 8,536.00 | $ 92.00 | $ 8,628.00 | 0.04% |
| 3683 | Macomb Interceptor Drain Drainage District by and through the Macomb County Public Works Commissioner | $ 22,000,000.00 | 10.24% | $ 2,086,775.00 | $ 22,512.00 | $ 2,109,287.00 | 10.24% |
| 3731 | State of Michigan, Department of Transportation | $ 62,132.00 | 0.03% | $ 5,893.00 | $ 63.00 | $ 5,956.00 | 0.03% |
| 3750 | State of Michigan, Dept. of Environmental Quality | $ 3,421,995.25 | 1.59% | $ 324,587.00 | $ 3,501.00 | $ 328,088.00 | 1.59% |

New B Notes to Be Distributed to Claimants

| Claim Number | Creditor Name | Claim Amount | % of Total Claims | B Notes to Be Distributed | | Total | % of B Note Distribution |
|---|---|---|---|---|---|---|---|
| | | | | Series 2014B-1 | Series 2014B-2 | | |
| 3751 | State of Michigan, Dept. of Environmental Quality | $ 1,505,684.00 | 0.70% | $ 142,819.00 | $ 1,540.00 | $ 144,359.00 | 0.70% |
| 3816 | Sky Group Grand, LLC | $ 4,800,000.00 | 2.23% | $ 455,296.00 | $ 4,911.00 | $ 460,207.00 | 2.23% |
| 3832 | Charter County of Wayne | $ 20,800,000.00 | 9.68% | $ 1,972,950.00 | $ 21,284.00 | $ 1,994,234.00 | 9.68% |
| 3843 | American Home Assurance Company, Chartis Excess Limited, Chartis Specialty Insurance Company, et al. | $ 150,240.00 | 0.07% | $ 14,250.00 | $ 153.00 | $ 14,403.00 | 0.07% |
| 3846 | Loevy and Loevy | $ 1,269,203.13 | 0.59% | $ 120,388.00 | $ 1,298.00 | $ 121,686.00 | 0.59% |
| 3847 | David Haron | $ 263,312.50 | 0.12% | $ 24,976.00 | $ 269.00 | $ 25,245.00 | 0.12% |
| 3848 | Stephanie Brown | $ 15,000.00 | 0.01% | $ 1,422.00 | $ 15.00 | $ 1,437.00 | 0.01% |
| | **Subtotal** | $ 206,080,125.74 | 95.93% | $ 19,547,364.00 | $ 210,835.00 | $ 19,758,199.00 | 95.93% |
| | Claims forfeited for lack of brokerage or tax information | $ 8,745,272.12 | 4.07% | $ 829,498.00 | $8,926.00 | $838,424.00 | 4.07% |
| | **Total** | $ 214,825,397.86 | 100.00% | $ 20,376,862.00 | $ 20,596,623.00 | $ 20,596,623.00 | 100.00% |
| | **Total B Notes Available** | | | $ 20,376,922.00 | $ 219,825.00 | $ 20,596,747.00 | |
| | *Undistributable due to "rounding" requirements** | | | $ 60.00 | $ 64.00 | $ 124.00 | |

\* B Notes can only be distributed in whole dollar increments, and distributions must reflect that. This leaves a small amount of left over notes that cannot be distributed.

Page 3 of 3

## EXHIBIT 6-C

**LIST OF HOLDERS OF ALLOWED CLASS 14 CLAIMS
THAT DID NOT COMPLY WITH THE BROKERAGE ORDER AND
WHOSE CLAIMS HAVE BEEN DISALLOWED AND EXPUNGED**

# Claims Waived for Failure to Timely Return Brokerage to Tax Information

| Claim Number | Creditor Name | Claim Amount |
|---|---|---|
| 177 | Barbara Gustafson, as Next Friend for Shawn Gustafson, a minor | $ 35,000.00 |
| 411 | Cellco Partnership D/B/A Verizon Wireless | $ 26,495.54 |
| 573 | Williamson, Decarlos | $ 80,000.00 |
| 630 | Migliori, Sebastian | $ 35,000.00 |
| 670 | Albert Jenkins | $ 90,000.00 |
| 759 | Examworks Inc | $ 38,495.78 |
| 855 | Sufi, Nabil Pr Of Est. Of Ali Sufi, Dec. | $ 75,000.00 |
| 889 | Record Copy Services | $ 56,291.95 |
| 894 | The Detroit Medical Center, as agent for Harper-Hutzel Hospital | $ 69,247.40 |
| 910 | Advance Digital Systems, LLC | $ 103,104.53 |
| 914 | Conaway, Brenda | $ 55,000.00 |
| 965 | Williams, La-sheryl | $ 40,000.00 |
| 976 | Gilstrap, Jenniger | $ 60,000.00 |
| 1000 | Matthew Karcher | $ 35,000.00 |
| 1075 | General Shale Brick Company | $ 7,271.94 |
| 1189 | Financial Guaranty Insurance Company | $ 6,150,000.00 |
| 1307 | Jaylen Washington | $ 35,000.00 |
| 1325 | Rosalind Johnson | $ 40,000.00 |
| 1334 | Susan K. Davis | $ 65,000.00 |
| 1373 | Hampton, Crystal | $ 5,000.00 |
| 1389 | Clark Hill | $ 45,000.00 |
| 1436 | Barthel Contracting Co | $ 26,304.97 |
| 1437 | Wade Trim Associates Inc | $ 31,931.53 |
| 1537 | Cade, Alyse | $ 55,000.00 |
| 1573 | McKay, Michael | $ 42,500.00 |
| 1578 | Denson, Velma | $ 40,000.00 |
| 1609 | Curtis Morris | $ 30,000.00 |
| 1641 | Raymond Thompson | $ 150,000.00 |
| 1849 | Edward Schenburn | $ 30,000.00 |
| 2110 | Carlton Whitfield | $ 130,000.00 |
| 2190 | Troy Williams | $ 50,000.00 |
| 2260 | Bell, Shelton (estate Of) P/r, Tammy Howard | $ 75,000.00 |
| 2282 | Williams Acosta, PLLC | $ 127,312.76 |
| 2313 | Pitt McGehee Palmer & Rivers, PC | $ 29,375.00 |
| 2353 | Wojnarski, Joanne | $ 280,000.00 |
| 2403 | Smith & Wesson Corp | $ 112,000.00 |
| 2859 | SAAA Union - Members | $ 138,650.00 |
| 2912 | Plunkett Cooney | $ 42,902.74 |
| 2956 | Eddie Lee Brown | $ 50,000.00 |
| 3173 | Ramsey, Alexis | $ 29,500.00 |
| 3676 | Airgas USA LLC | $ 41,979.02 |
| 3825 | Iron Mountain Information Management, LLC | $ 86,908.96 |
| | **Total** | **$ 8,745,272.12** |