# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## STIPULATION BY AND BETWEEN THE CITY OF DETROIT, MICHIGAN AND FINANCIAL GUARANTY INSURANCE COMPANY REGARDING CLAIM NUMBER 1189

The City of Detroit, Michigan ("City") and Financial Guaranty Insurance Company ("FGIC" and, with the City, the "Parties") stipulate and agree as follows.

1. FGIC proof of claim number 1189 was allowed in the amount of $6,150,000 million as a Class 14 Other Unsecured Claim ("Claim 1189") pursuant to the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)*, filed on October 22, 2014 [Doc. No. 8045], and confirmed as modified on November 12, 2014 [Doc. No. 8272] ("Plan"). Capitalized terms not otherwise defined in this Stipulation have the meanings ascribed to them in the Plan.

2. The City moved for, and the Court established by order, procedures for gathering the tax and account information necessary for the City to distribute "New B Notes" under the Plan to Holders of Class 14 Claims. ("Brokerage Order," Doc. No. 13173.)

3. On March 16, 2022, the City filed its *City of Detroit's Motion For an Order (A) Approving First and Final Distribution of New B Notes To Holders of*

*Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting Other Related Relief* ("Distribution Motion," Doc. No. 13521).

4. The Distribution Motion lists Claim 1189 on Exhibit 6-C, which shows it as ineligible to receive a distribution, because FGIC failed to timely comply with paragraph 6 of the Brokerage Order.

5. FGIC has raised informal objections to the Distribution Motion.

6. Paragraph 7 of the Brokerage Order authorized the City to waive or modify any requirement under the Brokerage Order that the City in good faith believes is necessary or appropriate to effectuate the relief provided in the Brokerage Order or the Plan.

7. The Parties have conferred and have reached an agreement that resolves the informal objections without delaying the May 9, 2022, distribution the City proposed in the Distribution Motion.

NOW, THEREFORE, the Parties ask the Court to enter the Order attached as Exhibit 1 which embodies the Parties' agreement.

STIPULATED AND AGREED TO ON MARCH 30, 2022.

| | |
|---|---|
| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br><br>By: */s/ Marc N. Swanson*<br>　　Marc N. Swanson (P71149)<br>　　Ronald A. Spinner (P73198)<br>　　150 West Jefferson, Suite 2500<br>　　Detroit, Michigan 48226<br>　　Phone: (313) 496-6420<br>　　Facsimile: (313) 496-8451<br>　　swansonm@millercanfield.com<br><br>Counsel for the City of Detroit, Michigan | WEIL, GOTSHAL & MANGES LLP<br><br>By:　*/s/ Alfredo R. Pérez*<br>　　Alfredo R. Pérez<br>　　700 Louisiana Street, Suite 1700<br>　　Houston, TX 77002-2784<br>　　Phone: (713) 546-5000<br>　　Facsimile: (713) 224-9511<br>　　alfredo.perez@weil.com<br><br>- and –<br><br>WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.<br><br>　　Ernest J. Essad, Jr.<br>　　380 North Old Woodward Ave<br>　　Suite 300<br>　　Birmingham, MI 48009<br>　　Phone: (248) 642-0333 x 315<br>　　Facsimile: (248) 642-0856<br>　　EJEssad@wwrplaw.com<br><br>Counsel for Financial Guaranty Insurance Company |

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**ORDER APPROVING STIPULATION BY AND BETWEEN THE CITY OF DETROIT, MICHIGAN AND FINANCIAL GUARANTY INSURANCE COMPANY REGARDING CLAIM NUMBER 1189**

This matter having come before the Court on the *Stipulation by and Between the City of Detroit, Michigan and Financial Guaranty Insurance Company Regarding Claim Number 1189* ("Stipulation," Doc. No. [__]); the Court having reviewed the Stipulation and being otherwise apprised of the matter; and there being good cause; NOW THEREFORE IT IS HEREBY ORDERED THAT:

1. If, by April 15, 2022, FGIC provides the City with a properly completed Brokerage Account Form and a properly completed Tax Form, as those terms are defined in this Court's Brokerage Order,[1] then (a) Claim 1189 will be reduced to $5,150,000 and treated as if it were listed on Exhibit 6-B of the Distribution Motion, and (b) the balance of $1,000,000 of Claim 1189 will remain on Exhibit 6-C of the Distribution Motion.

---

[1] Capitalized but undefined terms have the meanings ascribed to them in the Stipulation or in the City's Plan, as appropriate.

38895425.1/022765.00213
13-53846-tjt    Doc 13528    Filed 03/30/22    Entered 03/30/22 15:53:25    Page 4 of 5

2. If, by April 15, 2022, FGIC does not provide the City with a properly completed Brokerage Account Form and a properly completed Tax Form, as those terms are defined in this Court's Brokerage Order, then Claim 1189 in the amount of $6,150,000 will remain on Exhibit 6-C and remain ineligible for any distributions under the Plan.

3. This Order is entered in furtherance of paragraph 7 of the Brokerage Order and this Court's reserved jurisdiction to enter any orders that may be necessary or appropriate to implement or consummate the provisions of the Plan, and to ensure that Distributions to Holders of Claims are accomplished in accordance with the provisions of the Plan.

4. In implementing and enforcing the terms of this Order and the Plan, the City and its Related Entities are entitled to all privileges and protections of the Plan, including the exculpation set forth in Article III.D.6.

5. This Order does not modify the Plan or the Confirmation Order. Each and every term and condition in the Plan and Confirmation Order remains in full force and effect.

6. This Court retains jurisdiction over the interpretation and enforcement of this Order.