EXHIBIT 3



STATE OF MICHIGAN

# IN THE 7TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF GENESEE

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff,

v

NICHOLAS LYON,

    Defendant.

Case No. 21-047378-FH

HON. ELIZABETH A. KELLY

RICHARD DALE SNYDER,

    Proposed Intervenor.

## ORDER DENYING PROPOSED INTERVENOR'S "MOTION TO INTERVENE"

At a session of said Court held in the Courthouse,
In the City of Flint, County of Genesee, Michigan
Friday, February 11, 2022:

PRESENT: THE HONORABLE ELIZABETH A. KELLY

### Introduction

Proposed Intervenor, RICHARD DALE SNYDER (hereinafter "Proposed Intervenor"), has filed with this Court a "Motion to Intervene." On September 7, 2021, several defendants joined in Nicholas Lyon's motion for protective order and discovery. On November 19, 2021, this Court ultimately ordered that the People establish a taint/filter team to review the discovery in the felony criminal cases. Furthermore, on January 7, 2022, this Court clarified that the current parties will need to provide a "detailed written protocol for the establishment and implementation of a taint

team." Now, on January 19, the Proposed Intervenor filed this motion to intervene. Pursuant to MCR 2.119(E)(3), no oral arguments were heard on this motion. This Court dispenses oral arguments and relies on the motion, answer, and supporting briefs.

### Standard of Review

This Court's decision whether to grant a motion to intervene is reviewed for an abuse of discretion. *Precision Pipe & Supply, Inc. v. Meram Constr., Inc.*, 195 Mich. App. 153, 156 (1992). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Radeljak v. DaimlerChrysler Corp.*, 475 Mich. 598, 603 (2006).

### Analysis

**A. MCR 2.209 may apply to criminal actions under certain circumstances. It does not apply in this criminal action.**

First, MCR 2.209, the rule on intervention, may apply to criminal actions, but Michigan Courts have not grappled with this issue directly. Through way of MCR 6.001(D), the provisions of the rules of civil procedure can also apply to criminal cases unless there is an exception under MCR 6.001(D)(1)-(4). If an exception applies, MCR 2.209 would not be applicable outside of civil actions. Here, although the court rule does not directly mention criminal matters, the court rule is meant to preserve a party's interest that may not otherwise be represented. Since there is not a clear exception, this Court cannot definitively deny that a third party may have an interest to preserve, even in a criminal action.

In relevant part, MCR 2.209(A)(3) states that "a person has a right to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately

represented by existing parties." Under MCR 2.209(A)(3), the Court acknowledges that a party may have standing to intervene in a criminal proceeding; however, in *People v. Sledge*, a case cited by the Proposed Intervenor, the right to intervene was granted in large part because of the "legally protected interest" with regard to a First Amendment constitutional violation. 312 Mich App 516, 528-29 (2015). The attorney-client privilege is not a constitutional right. *People v. Joly*, 2021 WL 935704 at *5. The Proposed Intervenor cites one Alabama federal district court case that references third parties are "occasionally" allowed to intervene in a criminal action. See *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (MD Ala 2004). Simply put, the Court does not find this non-binding opinion persuasive for a favorable ruling during criminal cases where prior orders of this Court establish boundaries for discovery, including attorney-client privilege matters. If considered under the *Carmichael* case, there appears to be a substantial threshold for these motions in *criminal actions*, and this Court does not find the Proposed Intervenor's arguments compelling enough to overcome that threshold either. *Id*.

As illustrated by this Court's previous order to implement a taint team, this Court is well-aware of the importance of attorney-client privilege and took action to preserve those interests. Moreover, the Proposed Intervenor has a more appropriate forum. The Court sees no reason for continuous involvement or briefings in these criminal actions under a motion to intervene, as the Proposed Intervenor has his own pending action and may address his concerns there. The taint team is to address **all** privileged communications and is not limited to communications of the defendants.

### B. Untimely Filing

As a prerequisite to filing a motion to intervene, the court rule demands a "timely application." MCR 2.209(A). The Proposed Intervenor's motion was received on January 19,

2022 on an issue that was before the Court and ruled on several months ago. This Court has briefed, ruled, and published orders on the matters that the Proposed Intervenor wishes to intervene. At this time, the Court's order that implemented a taint/filter team is the subject of a pending application for leave to appeal in the Michigan Court of Appeals. Therefore, as the court rule states, the Court must take into consideration the timeliness of this filing. MCR 2.209. Here, the Court does not find the filing of this motion timely for the foregoing reasons.

### C. Undue Delay

Additionally, the Court must account for the delay that granting a motion to intervene could have on these criminal proceedings. It is well established that "a [trial] court has inherent powers to manage its own affairs so as to achieve the orderly and expeditious disposition of cases." See *House of Representatives & Senate v. Governor*, 333 Mich. App. 325, 365, 960 N.W.2d 125, 147, rev'd in part sub nom. *House of Representatives v. Governor*, 506 Mich. 934, 949 N.W.2d 276 (2020). Furthermore, granting this motion could open the door to relitigation on issues that have been ruled on, or on issues that may be pending in another court. This Court further finds that a favorable outcome on this motion would cause an undue delay in these criminal proceedings.

### Conclusion

This Court reviewed the Proposed Intervenor's motion, which the Proposed Intervenor asks this Court to consider under MCR 2.209(A). After considering the Proposed Intervenor's motion, the Court has determined that the Proposed Intervenor is not entitled to relief because; (1) the motion fails to provide a proper basis for intervention in a criminal proceedings, (2) the motion is untimely, and (3) the motion could cause an undue delay in criminal proceedings. Therefore, for the foregoing reasons, the Proposed Intervenor's motion is denied.

**NOW, THEREFORE, IT IS ORDERED:** Proposed Intervenor's "Motion to Intervene" is DENIED for the reasons stated above.

Dated: 2/10/2022

_____
ELIZABETH A. KELLY (P71790)
Circuit Judge