EXHIBIT 6

# STATE OF MICHIGAN

# IN THE 7TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF GENESEE

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff,

v

JARROD AGEN
GERALD AMBROSE
RICHARD BAIRD
DARNELL EARLEY
NICOLAS LYON
NANCY PEELER
EDEN WELLS,

        Defendants.

Case No. 21-047372-FH (Agen)
21-047373-FH (Ambrose)
21-047374-FH (Ambrose)
21-047375-FH (Baird)
21-047376-FH (Earley)
21-047377-FH (Earley)
21-047378-FH (Lyon)
21-047379-FH (Peeler)
21-047380-FH (Wells)

HON. ELIZABETH A. KELLY

_____/

## ORDER DENYING PEOPLE'S "MOTION FOR AN AMENDED PROTECTIVE ORDER" AND PEOPLE'S "AMENDED MOTION FOR AN AMENDED PROTECTIVE ORDER"

At a session of said Court held in the Courthouse,
In the City of Flint, County of Genesee, Michigan
Thursday, August 26, 2021:

PRESENT: THE HONORABLE ELIZABETH A. KELLY

## INTRODUCTION

The People have filed with this Court a "Motion for an Amended Protective Order" and "Amended Motion for an Amended Protective Order" in the above captioned cases. Oral arguments were heard on August 10, 2021, and briefs were filed.

On April 7, 2021, this Court entered protective orders in *People v Agen*, *People v Ambrose*, *People v Baird*, *People v Earley*, *People v Lyon*, *People v Peeler*, and *People v Wells*. The current protective orders were stipulated to by Jarrod Agen, Gerald Ambrose, Richard Baird, Darnell Earley, Nicolas Lyon, Nancy Peeler, Eden Wells (hereinafter "Defendants") and the People. Now,

months after stipulating to the current protective orders, the People seek amendments to those same orders.

## ANALYSIS

Pursuant to MCR 6.201, a finding of "good cause" is required for this Court to amend the existing protective order. MCR 6.201(E) states, "On motion and a showing of good cause, the court may enter an appropriate protective order." MCR 6.201(E) provides guidance on what a court may consider when determining "good cause." MCR 6.201(E) states in relevant part:

> In considering whether good cause exists, the court shall consider the parties' interests in a fair trial; the risk to any person of harm, undue annoyance, intimidation, embarrassment, or threats; the risk that evidence will be fabricated; and the need for secrecy regarding the identity of informants or other law enforcement matters.

Notably, if this Court finds "good cause" and enters a protective order, "it must seal and preserve the record of the hearing for review in the event of an appeal." *Id.*

In *Dep't of Health & Hum Servs v Genesee Cir Judge*, 318 Mich App 395, 410 (2016), the Michigan Court of Appeals provided useful insight into MCR 6.201(E). In the case, the Genesee County Prosecutor's Office, McLaren Flint Hospital, and Special Assistant Attorney General Todd F. Flood sought protective orders from the Genesee County Circuit Court. *Id.* at 398. However, the proponents of the protective orders never filed petitions setting forth the legal basis for the protective orders. *Id.* at 398, 404. Ultimately, the protective orders were vacated by the Michigan Court of Appeals. *Id.* at 398. While deciding to vacate the protective orders, the Michigan Court of Appeals reaffirmed that MCR 6.201(E) governs protective orders in criminal cases. *Id.* at 408. Likewise, as set forth in the Michigan Court Rules, the court expressed that a showing of "good cause" is necessary for the issuance of a protective order. *Id.* at 409.

Here, the People seek to amend the current protective orders "out of an abundance of caution and to avoid further disputes going forward." Motion for Amended Protective Order at 2,

*People v Wells* (Mich Cir Ct Jun 10, 2021) (No 21-04738-FH). The People claim that the "good cause" requirement is satisfied because the amendments are necessary "to clarify the protection of privileged and confidential documents in this case both to ensure that privilege is preserved and to avoid any further delay in the prosecution of this case." *Id.* Additionally, the People provide conclusory statements regarding the need for the amendment, but provide little explanation or analysis regarding the necessity of the proposed amendments.

In response to the motions, Defendants filed multiple briefs and articulated numerous reasons for objecting to the People's requested relief. Although Defendants raise multiple arguments opposing the proposed amendments, this Court is primarily persuaded by the core requirement of the request: "good cause."

Pursuant to MCR 6.201(E), a finding of "good cause" is required for this Court to amend the existing protective orders. In determining whether "good cause" exists to amend the existing protective orders, this Court considers the reasoning and factual basis articulated in the People's and Defendants' briefs. Of paramount importance, the current protective orders were negotiated and stipulated to by all parties. If the People were not satisfied with the language of the protective orders as written, then they should not have stipulated to their entry.

Perhaps most compelling, is the fact that the People stipulated to the entry of the current protective orders. Persuasive legal reasoning and strong factual argument are necessary to overcome this cogent fact and support a finding of "good cause." Nonetheless, the People provided this Court with conclusory argument and minimal discussion regarding the requested amendments. As such, this Court is not persuaded that the People have established the "good cause" necessary for their requested relief. For the foregoing reasons, the People's motions must be DENIED and the current protective orders shall stand.

On August 17, 2021, this Court entered an "Order in Response to People's Motion for an Amended Protective Order", which prevented the People from disseminating discovery pending the Court's decision on this matter. As a result of this opinion and order, the Court's August 17, 2021, order is now lifted.

**NOW, THEREFORE, IT IS ORDERED:** People's "Motion for an Amended Protective Order" and "Amended Motion for an Amended Protective Order" are DENIED for the reasons stated above.

Dated: 8/26/2021

_____
ELIZABETH A. KELLY (P71790)
Circuit Judge