# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re*:

CITY OF DETROIT, MICHIGAN

*Debtor.*

Case No. 13-53846

Hon. THOMAS J. TUCKER

Chapter 9

| | |
|---|---|
| AYAD LAW, PLLC<br>Nabih H. Ayad (P59518)<br>William D. Savage (P82146)<br>Attorney for Plaintiff<br>645 Griswold St., Ste 2202<br>Detroit, MI 48226<br>P: 313.983.4600<br>F: 313.983.4665<br>ayadlaw@hotmail.com | MILLER, CANFIELD, PADDOCK<br>AND STONE, PLC<br>Marc N. Swanson (P71149)<br>*Attorney for City of Detroit*<br>150 West Jefferson, Suite 2500<br>Detroit, MI 48226<br>P: (313) 496-7591<br>F: (313) 496-8451<br>swansonm@millercanfield.com |

## **RICHARD WERSHE, JR'S MOTION FOR ENTRY OF NOTICE OF CLAIM AFTER BAR DATE**

Richard Wershe, Jr. (hereinafter "Wershe" or "Creditor") by and through his attorneys at Ayad Law, PLLC, hereby states the following in support of his motion for entry of notice of clam after bar date.

Wershe incorporates by reference the highly relevant brief, which he filed in case no. 2:21-cv-11686-LJM-EAS, in response to the motion and brief filed by the City of Detroit and attached to their motion pending before this Court as an exhibit.

1. Creditor was incarcerated from 1985 until 2020.

2. Until his release, Creditor was legitimately afraid to take legal action against the City of Detroit and others for fear of illegal retaliation against him.

3. As testified to by Creditor and his former attorney's widow, Creditor's former attorney had counseled him strongly to take no legal action while in prison, and assured him that he would have up to one year after his release.

4. Debtor the City of Detroit ("City" or "Detroit") filed for bankruptcy in 2013 and a claims bar date was entered in 2014.

5. Creditor Wershe began the process of pursuing his legal rights and achieving justice for the wrongs against him, after his 2019 release from prison, in 2020 by filing a lawsuit with the United States District Court for the Eastern District of Michigan.

6. After filing a response in district court to that complaint **that does not mention this bankruptcy or a claims bar date**, the City of Detroit filed a motion in this court for an order barring Claimant from continuing with his lawsuit.

7. Wershe has not yet filed his Notice/Proof of Claim (hereinafter "Notice of Claim"), and asks the Court to either accept its filing now, or stay this case pending the district court's decision on equitable tolling Wershe's case

before it, prior to ruling on whether or not to accept Creditor's Notice of Claim.

WHEREFORE, Wershe humbly requests that this honorable Court enter an order containing the following relief:

a) Fully GRANTING Wershe's motion and accepting his form b410, Proof of Claim; and/or

b) Entering a stay in this case pending the resolution of the district court case and any appeals; and

c) Any and all such other relief as this Court deems just and equitable.

Creditor Wershe relies on the attached brief in support.

Respectfully submitted;

AYAD LAW, PLLC

*/s/Nabih H. Ayad*
Nabih H. Ayad (P59518)
William D. Savage (P82146)
*Attorneys for Plaintiff*
645 Griswold St., Ste 2202
Detroit, MI 48226
P: 313.983.4600
F: 313.983.4665
filing@ayadlawpllc.com

Dated: May 9, 2022

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

*In re*:

CITY OF DETROIT, MICHIGAN

*Debtor.*

Case No. 13-53846

Hon. THOMAS J. TUCKER

Chapter 9

| | |
|---|---|
| AYAD LAW, PLLC<br>Nabih H. Ayad (P59518)<br>William D. Savage (P82146)<br>Attorney for Plaintiff<br>645 Griswold St., Ste 2202<br>Detroit, MI 48226<br>P: 313.983.4600<br>F: 313.983.4665<br>ayadlaw@hotmail.com | MILLER, CANFIELD, PADDOCK AND STONE, PLC<br>Marc N. Swanson (P71149)<br>*Attorney for City of Detroit*<br>150 West Jefferson, Suite 2500<br>Detroit, MI 48226<br>P: (313) 496-7591<br>F: (313) 496-8451<br>swansonm@millercanfield.com |

## **RICHARD WERSHE, JR'S MOTION FOR ENTRY OF NOTICE OF CLAIM AFTER BAR DATE**

Richard Wershe, Jr. (hereinafter "Wershe") by and through his attorneys at Ayad Law, PLLC, hereby states the following in support of his motion for entry of notice of clam after bar date.

Wershe incorporates by reference the highly relevant brief, which he filed in case no. 2:21-cv-11686-LJM-EAS, in response to the motion and brief filed by the City of Detroit and attached to their motion pending before this Court as an exhibit.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

## FACTS BACKGROUND

Creditor Richard Wershe, Jr has also been known as "White Boy Rick." Creditor understands that this Court is familiar with the facts of Creditors case, and has reviewed the DVD which was sent to the Court by Creditor.

As a brief recap for the reader, in the early 1980's, Plaintiff was the youngest police and Federal Bureau of Investigations ("FBI") informant in this nations history. Beginning at age 14, the Detroit Police Department and FBI would frequently pick Creditor up off the street and give him money or drugs to do drug buys or drug sells.

The Detroit Police officers and FBI agents encouraged Creditor to drop out of school, paid him well, and caused him to have a notorious reputation and infamous lifestyle. Creditor did, in fact, drop out of high school.

When the police and FBI ceased contacting Creditor, Creditor continued with his newly learned trade, that of drug-dealer. When 17 years old, Creditor was set up, caught, and arrested by the City of Detroit. Creditor was convicted of possession of more than 650 grams of cocaine with intent to distribute and received a life sentence, which was mandatory at that time.

Despite never committing a violent crime, either prior to or after his prison sentence, Creditor spent approximately 35 years in prison, his entire adult life. He holds the record for longest serving minor convicted of a nonviolent crime, and since the United States Supreme Court has now held it unconstitutional to sentence a minor to life without parole, he may always hold that record.

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

While in prison, the federal government also utilized Creditor as a young man to help them set up a sting operation against the Detroit Police Department and other high-profile Detroiters, from which approximately 13 high-profile arrests were made. This was called "Operation Backbone" and it occurred in the early 1990's and required Creditor being placed into the federal witness protection program. Creditor had a secret identity for 15 years.

Within one year after being finally released from prison, Creditor brought a lawsuit against the former Detroit Police officers, FBI agents, and federal attorneys, who used him as a child and young man, and the City of Detroit, for the violation of his constitutional rights. The City of Detroit then initiated these proceedings.

## LAW AND ARGUMENT

**I. For purposes of federal bankruptcy law and this case, not only should the doctrine of equitable tolling be applied to Creditor's case but also the Court should apply the much lower standard of the law of excusable neglect to allow Creditor's late filing of his Notice of Claim.**

**a. As to the doctrine of equitable tolling.**

The district court is deciding whether or not Creditor's claims will be allowed to go forward and Creditor hopes that this Court will stay this case pending that decision. However, if the district court does allow Creditor's claims against the City to proceed, then this Court will need to decide the issue of Creditor's late notice/proof of claim (form b410). See **Exhibit A, Notice of Claim**.

6 | P a g e

This Court should accept Creditor's late Notice of Claim, based on both or either of two legal theories. First, that of equitable tolling. "The equitable tolling of the statute of limitations to prevent unjust results in cases apply to cases arising under law as well as equity." *Matter of Salem Mortg Co*, 50 BR 34, 41 (1985).

> [T]he Sixth Circuit held that bankruptcy courts may utilize their inherent 11 U.S.C. § 105(a) power to equitably toll the [§523(c)] deadline when appropriate.

*In re Bajas*, 443 BR 768, 773 (2011).

The inherent powers being referred to are:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

> The Sixth Circuit set forth five factors the courts should consider in deciding whether to apply equitable tolling:
>
> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*In re Bajas*, 443 BR 768, 773 (2011).

In fact, the majority of circuits allow for equitable tolling of bankruptcy proceedings. The First Circuit: "[T]he United States maintains that equitable tolling of the bar date applies." *In re Spenlinhauer*, 572 BR 18, 30 (2017), granting the IRS's

7 | P a g e

13-53846-tjt    Doc 13560    Filed 05/09/22    Entered 05/09/22 15:40:20    Page 7 of 16

motion to equitably toll the same deadline at issue in this case, that of Bankruptcy Code Rule 3003(c). The Second Circuit: "The equitable tolling doctrine applies to every federal statute of limitation." *In re Smith*, 190 BR 753, 756 (1996) (internal quotations omitted), discussing Chapter 7 bankruptcy case, which utilizes the same deadline, Bankruptcy Code Rule 3003(c), as Chapter 9 cases. The Third Circuit: "Within the Third Circuit, it is settled law that equitable tolling of a statute of limitations is appropriate where one of three conditions is met…" *In re Rychalsky*, 318 BR 61, 64 (2004). [Applying equitable tolling at the government's request in a chapter 7 case.] The Fourth Circuit: "[E]quitable defenses such as equitable tolling "must be applied in a manner consistent with the Bankruptcy Code and the manifest goals of Congress…" *In re Eden*, 637 BR 446, 457 (2021). The Fifth Circuit: "Equitable tolling of bankruptcy limitations period is not right but potential remedy that can be granted after consideration of facts and relative positions of parties. Bankr. Code, 11 U.S.C.A. § 105(a)." *In re Gilmore*, 198 BR 686 (1996), on reconsideration in part No. 92-60884, 1996 WL 1056889 (Bankr ED Tex, May 9, 1996), and sub nom. *United States v Gilmore*, 226 BR 567 (ED Tex, 1998), at note 3. The Eight Circuit: "Equitable tolling applies to [Bankruptcy Code] § 549 because the doctrine is read into every federal statute of limitation." In re Bougie, 510 BR 606, 610 (2014) (internal quotations omitted). The Tenth Circuit: "In the Tenth Circuit, the doctrine of equitable tolling applies to the limitations period found in 11 U.S.C. § 546(a)." *In re Sasso*, 550 BR 550, 554 (2016). The Eleventh Circuit: "The

8 | Page

Bankruptcy Court, K. Rodney May, J., held that: [] doctrine of equitable tolling applied to permit trustee to bring otherwise untimely action to avoid assignment as fraudulent transfer[.]" *In re J & D Scis., Inc*, 335 BR 791 (2006).

For reasons already proffered to this Court in Creditor's response to the City's motion to enforce bar date (Docket No. 13511) and to some extent in Creditor's supplemental briefing and response supplemental briefing (Docket Nos. 13546 and 13558, respectively), this Court should apply the doctrine of equitable tolling to allow the Creditor's claims against the City to proceed.

### b. As to statutory tolling and "excusable neglect."

In addition, the bankruptcy rules of statutory tolling apply to Creditor's circumstances, and the Court should also find that Creditor's Notice of Claim is allowable for the reason of "excusable neglect."

> Rule 3003(c) of the Federal Rules of Bankruptcy Procedure sets out the requirements for filing proofs of claim in Chapter 9 Municipality and Chapter 11 Reorganization cases. Rule 3003(c)(3) provides that the "court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Rule 9006 is a general rule governing the computation, enlargement, and reduction of periods of time prescribed in other bankruptcy rules. Rule 9006(b)(1) empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline "was the result of excusable neglect."
>
> ∗∗∗
>
> First, the Rule [9006] grants a reprieve to out-of-time filings that were delayed by "neglect." The ordinary meaning of "neglect" is "to give little attention or respect" to a matter, or, closer to the point for our purposes, "to leave undone or unattended to *esp[ecially] through carelessness.*" Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis added). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by

carelessness. Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry "their ordinary, contemporary, common meaning." *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979). Hence, by empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

*Pioneer Inv Services Co v Brunswick Assoc Ltd Pship*, 507 US 380, 388; 113 S Ct 1489, 1494–95; 123 L Ed 2d 74 (1993).

Creditor easily meets the comparatively much lower standard of excusable neglect, which applies in this situation where a municipality has a claims bar date set in a Chapter 9 case.

### 1. Richard Wershe's well documented and legitimate fear of retaliation constitutes excusable neglect.

The United States government was so afraid that corrupt Detroit officials would have Creditor injured or killed while he was in prison, that they placed him in the federal prisoners witness protection program for 15 years. This, alone, is proof that Creditor held a legitimate fear of retaliation which more than meets the standards of excusable neglect. It must be noted that just because Creditor exited the witness protection program, that does not mean that his fears of retaliation ended or that he felt he could freely bring a lawsuit to go after those he feared could keep him imprisoned or worse.

Wershe was, in fact, retaliated against when he was placed in solitary confinement for 15 months, far longer than the legal limit, to coerce him into either killing himself or accepting a plea deal.

Already provided to this Court is

> **2. Richard Wershe's advice from his attorneys to take no legal action and that he would have time to bring his lawsuit after he was released constitutes excusable neglect.**

Additionally, this Court has already been given Dr Larry Friedberg, PhD's November 17, 2021 psychological report of Wershe detailing his real legitimate fears. Dr Friedberg is not only an expert, he is the City's expert, as they utilized him previously in evaluating their own police officers.

Further still, as Creditor and his former attorney's widow have testified to, Creditor was advised by his former counsel to wait until he was released from the clutches of those he feared, that is released from prison entirely, to take any legal action. His former counsel explained to him that he would have "one year" after he was released to bring his legal claims against the City of Detroit. If that does not constitute excusable neglect on Creditor's part, then nothing ever could, and that is not the case.

> **II. This Court should grant Wershe's request for a stay pending the findings of the district court, in the case which is pending before it.**

Another consideration is that Creditor technically does not have a claim against the City of Detroit until he receives a judgment from the district court. This can be seen by the Bankruptcy Code rules 3003(c)(3), which states:

> The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3), (c)(4), and (c)(6).

Fed. R. Bankr. P. 3003(c).

The relevant portions of the rules referenced above state the following:

> (2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent [(here, Creditor's fear made him incompetent)] person or the representative of either.
>
> (3) **An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment** may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.
>
> \*\*\*
>
> (6) On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

Fed. R. Bankr. P. 3002(c).

Accordingly, although Creditor Wershe now files this motion to allow for the filing of his Notice of Claim, his actual claim against the City of Detroit may not

have yet even accrued yet, according to the Bankruptcy Rules. And so, the district court is in a unique and well-suited position to parse through the complicated facts at issue both in the case before it, and in the motion pending now before this Court.

Accordingly, Wershe is requesting that the district court be allowed to proceed with its adjudication and fact-finding/development prior to any final decision on this matter by this Court, including any appeals of the district court case.

Further, if this Honorable court should find that there is any procedural deficiency with this matter, given the complicated and decades long nature of this case, this counsel humbly requests that he be afforded the opportunity to promptly correct it. Especially should any additional documents need to be filed with the Court.

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Wershe humbly requests that this honorable Court enter an order containing the following relief:

d) Fully GRANTING Wershe's motion and accepting his form b410, Proof of Claim; and/or

e) Entering a stay in this case pending the resolution of the district court case and any appeals; and

f) Any and all such other relief as this Court deems just and equitable.

Respectfully submitted;

AYAD LAW, PLLC

*/s/Nabih H. Ayad*
Nabih H. Ayad (P59518)
William D. Savage (P82146)
*Attorneys for Plaintiff*
645 Griswold St., Ste 2202
Detroit, MI 48226
P: 313.983.4600
F: 313.983.4665

Dated: May 9, 2022    filing@ayadlawpllc.com

**AYAD LAW, P.L.L.C.**
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665

14 | P a g e

13-53846-tjt    Doc 13560    Filed 05/09/22    Entered 05/09/22 15:40:20    Page 14 of 16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re*:

CITY OF DETROIT, MICHIGAN

*Debtor.*

Case No. 13-53846

Hon. THOMAS J. TUCKER

Chapter 9

| AYAD LAW, PLLC | MILLER, CANFIELD, PADDOCK |
| --- | --- |
| Nabih H. Ayad (P59518) | AND STONE, PLC |
| William D. Savage (P82146) | Marc N. Swanson (P71149) |
| Attorney for Plaintiff | *Attorney for City of Detroit* |
| 645 Griswold St., Ste 2202 | 150 West Jefferson, Suite 2500 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| P: 313.983.4600 | P: (313) 496-7591 |
| F: 313.983.4665 | F: (313) 496-8451 |
| ayadlaw@hotmail.com | swansonm@millercanfield.com |

## **CERTIFICATE OF SERVICE:**

## **RICHARD WERSHE, JR'S MOTION FOR ENTRY OF NOTICE OF CLAIM AFTER BAR DATE**

I hereby certify that on this date I filed the foregoing paper and any attachments with the Clerk of Courts using the ECF electronic filing system, which will constitute service on all parties of record.

**1 |** P a g e

Respectfully submitted;

*/s/Nabih H. Ayad*
Nabih H. Ayad (P59518)
William D. Savage (P82146)
*Attorneys for Plaintiff*
645 Griswold St., Ste 2202
Detroit, MI 48226
P: 313.983.4600
F: 313.983.4665
filing@ayadlawpllc.com

Dated: May 9, 2022

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (313) 983-4600 | F: (313) 983-4665