# **EXHIBIT Q**



To: Commanding Officer, Internal Controls Section (through channels)

Subject: **IAU CASE #00 213**
**SERGEANT JOSEPH TUCKER JR., BADGE S-95**
**ASSIGNED:** SIXTH PRECINCT
**APPOINTED:** SEPTEMBER 20, 1993
**ALLEGATION:** PERJURY

**IAU INVESTIGATOR:**
Sergeant Karen L. Fairley

## INVESTIGATION:

On December 4, 2000, the Internal Affairs Unit received an investigative report prepared on April 12, 2000, by Investigator Sandra K. Mercer, assigned to the Office of the Chief Investigator. The report pertained to a complaint, Citizen Complaint Report (CCR) #29405, BPC #99-772, filed on October 5, 1999, at the Twelfth Precinct, by Ms. Paulette Crowder, B/F/47, of 20400 Wyoming. Information contained in the report revealed misconduct on the part of then Police Officer Joseph Tucker Jr., Badge 2373, then assigned to the Narcotics Division. Specifically, Officer Tucker swore to and signed a Search Warrant and Affidavit that contained false information.



The investigative report indicated that on October 4, 1999, Officer Tucker caused a Search Warrant and Affidavit (#004438) to be issued for the search of 20400 Wyoming, for narcotics. The Search Warrant and Affidavit also stated that the "seller," Mr. Clifford Crowder, B/M/30, was to be searched. However, Investigator Mercer's investigation supported Ms. Crowder's contention that her son, Mr. Clifford Crowder, was incarcerated on October 4, 1999, one of the dates Officer Tucker swore to have seen him at 20400 Wyoming selling drugs.

Investigator Mercer's investigation disclosed that on October 4, 1999, Sergeant Terence Randolph, Badge S-872, of the Narcotics Division, and his crew, including Officer Tucker, raided Ms. Crowder's residence looking for narcotics and her son, Clifford Crowder. However, information gathered by Investigator Mercer revealed that Mr. Crowder was picked up on September 29, 1999, by Wayne County Corrections officials on warrant #95-009989, for probation violation, and subsequently sentenced to twenty years in prison. He was held in the Wayne County Jail until his transfer to the Jackson Correctional Facility on October 4, 1999. (Document 7-1)

On May 16, 2000, Chief Investigator Lori Bobbitt Waddles prepared a memo addressed to the Chief of Police. The memo indicated that the Office of the Chief Investigator's investigation of the aforementioned CCR resulted in a finding of "Improper Conduct," and was being forwarded for appropriate action. (Document 7-2)

On September 16, 2000, a Charge Sheet was prepared by Lieutenant Steven Dolunt, Badge L-43, then assigned to the Disciplinary Administration Unit, recommending that Officer Tucker be charged with "Neglect of Duty." (Document 7-3)

On November 1, 2000, Lieutenant Dolunt addressed a memo to the Commanding Officer of the Narcotics Enforcement Section. The memo indicated that the Chief of Police waived jurisdiction in Officer Tucker's disciplinary matter and that it was to be handled at the command level. (Document 7-4)

On November 30, 2000, Inspector Patrick McCarthy, assigned to the Narcotics North-West Section, prepared a memo addressed to Inspector Donald Williams, of the Internal Controls Section. The memo stated he was forwarding a copy of Investigator Mercer's report for review and disposition. (Document 7-5)

On December 5, 2000, this matter was assigned to Sergeant Karen L. Fairley, Badge S-382, of the Internal Affairs Unit for investigation.

On January 22, 2001, Sergeant Tucker (promoted October 27, 2000) was interviewed by Sergeant Fairley after she advised him of his constitutional rights (Miranda). Sergeant Tucker acknowledged having a Search Warrant and Affidavit sworn in on October 4, 1999. He listed on the Search Warrant and Affidavit September 29, 1999, October 1, 1999, and October 4, 1999, as the dates on which he allegedly observed Mr. Crowder selling drugs from the side entrance of 20400 Wyoming. According to Sergeant Tucker, he set up surveillance per a complaint of narcotics activity at the Wyoming address. He was positioned approximately one and a half blocks from the home and using binoculars when he observed who he thought was Mr. Crowder conducting narcotics transactions from the side door.

Sergeant Tucker further stated that he later found out that the person he observed at the door was not Mr. Crowder, who was incarcerated. He went on to say that it is not common to swear out a warrant and be mistaken about the target, but he was certain that it was Mr. Crowder because he has dealt with him in the past. He also stated that the reason he named Mr. Crowder in the search warrant was because he wanted to be thorough.

Sergeant Tucker went on to say that on October 4, 1999, at approximately 9:30 A.M., he conducted a surveillance at 20400 Wyoming prior to swearing out the warrant in order to make sure nothing had changed since his last surveillance. At that time he was alone and observed who he thought was Mr. Crowder at the location. Sergeant Tucker described the person he observed as being a black male, approximately twenty-five years old, 5'6", with a dark complexion and "kinky" hair. That person's physical attributes were close to Mr. Crowder's physical attributes. This person was later identified as Mr. Aronde Ware, B/M/20, who was investigated and released at the scene when the search warrant was executed. On the other days in question narcotics buys

(controlled purchases) were made, and surveillance was conducted, and he was certain that the person selling was Mr. Crowder.

Sergeant Tucker added that he had seen Mr. Crowder prior to obtaining the warrant a few times. Once when he arrested him, and two or three times when he was being investigated. Lastly, Sergeant Tucker stated that it was approximately a six hour time lapse from the time he obtained the search warrant until the warrant was executed. (Tape)

On February 13, 2001, Sergeant Fairley presented an Investigator's Report to Wayne County Assistant Prosecuting Attorney Maria Miller for review.

On March 2, 2001, Ms. Miller denied the issuance of a warrant against Sergeant Tucker due to insufficient evidence. (Document 10-1)

On March 19, 2001, Sergeant Candace Kailimai, Badge S-501, and Investigator Lisa Collins, Badge-I-176, both assigned to the Internal Affairs Unit, interviewed Sergeant Tucker under the provisions of Garrity. He stated that the statement he made under Miranda was the same that he would make under Garrity, and that he had nothing more to add. (Tape)

Commanding Officer, Internal Control Section (t.c.)  
IAU CASE #00 213

May 28, 2001  
Page 4

**CONCLUSION:**



APPROVED  
JUN 0 1 2001  
Frederick J. M?Elroy  
LIEUTENANT, INTERNAL AFFAIRS SECTION

KLF/JW:klf

APPROVED  
JUN 0 4 2001  
INTERNAL CONTROLS DIVISION

KAREN L. FAIRLEY  
Sergeant, S-382  
Internal Affairs Unit

JAMES WEISS  
Sergeant, S-1014  
Internal Affairs Unit

MISCONDUCT SUMMARY/IAU CASE #00 213
SERGEANT JOSEPH TUCKER JR., BADGE S-95
ASSIGNED: SIXTH PRECINCT

Charge: **NEGLECT OF DUTY**

**SPECIFICATION:** That he, Sergeant Joseph Tucker Jr., Badge S-95, assigned to the Sixth Precinct, did, on October 4, 1999, while holding the rank of police officer and assigned to the West-North Section, while on duty and in civilian attire at the 36th District Court, neglect his duty by swearing to and signing a Search Warrant and Affidavit that contained false information, specifically that he had observed an individual, namely Mr. Clifford Crowder, selling narcotics from 20400 Wyoming on September 29, 1999, October 1, 1999, and October 4, 1999, when in fact Mr. Crowder had been incarcerated since September 29, 1999; this being in violation of General Order 72-17, Section K, subsection 1.