# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

### STIPULATION BY AND BETWEEN THE CITY OF DETROIT, MICHIGAN AND SHELIA MOSLEY REGARDING CLAIM NUMBER 843

The City of Detroit, Michigan ("City") and Shelia Mosley (with the City, the "Parties") stipulate and agree as follows:

1. Shelia Mosley, by her attorney, Fred Rosen, filed a proof of claim on February 7, 2014, for damages alleged to have arisen under Michigan's "No Fault" Act as a result of a bus accident.

2. In December 2015 and early 2016,[1] the City and Ms. Mosley settled Ms. Mosley's claim for cash payments totaling $87,500.00 and for allowance of a Class 14 Other Unsecured Claim[2] for $280,000.00 ("Claim 843").

3. The City paid the $87,500.00 as agreed.

---

[1] Ms. Mosley's claim was comprised of both first- and third-party motor vehicle claims, which are treated differently under the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)*, filed on October 22, 2014 [Doc. No. 8045], and confirmed as modified on November 12, 2014 [Doc. No. 8272] ("Plan"). These two components were resolved separately but each is a part of Ms. Mosley's claim.

[2] Capitalized terms not defined in this Stipulation have the meanings ascribed to them in the Plan or in the Distribution Motion (defined below), as appropriate.

4. The City's claims register was updated to reflect the cash payment but inadvertently failed to list Claim 843 as an Allowed Class 14 Claim.

5. Ms. Mosley subsequently passed away. No probate estate has been opened for her and there is no representative for her estate according to Ms. Mosley's counsel. Ms. Mosley's interests in Claim 843 continue to be represented by Fred Rosen, who has signed this stipulation as counsel.

6. In 2019, the City moved for, and the Court established by order, procedures for gathering the tax and account information necessary for the City to distribute New B Notes under the Plan to Holders of Class 14 Claims. ("Brokerage Order," Doc. No. 13173.)

7. Because the claims register did not list Claim 843, the City did not serve Ms. Mosley or Fred Rosen with the Brokerage Order or attempt to gather tax and account information for Claim 843.

8. On March 16, 2022, the City filed the *City of Detroit's Motion for an Order (A) Approving First and Final Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting Other Related Relief* ("Distribution Motion," Doc. No. 13521).

9. A *Notice of First and Final Distribution and Distribution Date* ("Distribution Notice") was attached to the Distribution Motion as Exhibit 6-A. A list of planned Distributions of New B Notes ("Distribution List") was attached to

the Distribution Motion as Exhibit 6-B. A list of Holders of Allowed Class 14 Claims who did not respond to the City's requests for tax and account information pursuant to the Brokerage Order ("Waived Claims List") was attached to the Distribution Motion as Exhibit 6-C.

10. Claim 843 was not listed on either the Distribution List or the Waived Claims List.

11. The Parties agree that the lawful heirs of Ms. Mosley should have the opportunity to receive the benefits of Claim 843 if they so choose.

12. If Ms. Mosley's heirs wish to pursue this opportunity, they need to open a probate estate for Ms. Mosley and have a personal representative appointed for her estate so that her estate can set up a brokerage account and receive the New B Notes and accumulated interest associated with Claim 843.

13. The Parties understand these steps will require some time and do not wish to unduly impede other City creditors from receiving their Distributions under the Plan. The City believes that granting the proposed order and implementing the procedures suggested therein will not delay the Distributions to the Holders of Allowed Class 14 Claims. As Claim 843 represents only approximately 0.13% of the total Allowed Class 14 Claims, this relief will reduce Distributions to other Allowed Class 14 Claims by less than 0.01% each in full accordance with the *pro rata* Class 14 treatment in the Plan.

14. The Parties have conferred and have reached an agreement to resolve these concerns as set forth in the attached proposed order.

NOW, THEREFORE, the Parties ask the Court to enter the Order attached as Exhibit 1 which embodies the Parties' agreement.

STIPULATED AND AGREED TO ON MAY 19, 2022.

| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br><br>By: */s/ Marc N. Swanson*<br>    Marc N. Swanson (P71149)<br>    Ronald A. Spinner (P73198)<br>    150 West Jefferson, Suite 2500<br>    Detroit, Michigan 48226<br>    Phone: (313) 496-6420<br>    Facsimile: (313) 496-8451<br>    swansonm@millercanfield.com<br><br>Counsel for the City of Detroit, Michigan | FREDERIC M. ROSEN, PC<br><br>By:   */s/ Frederic M. Rosen*<br>    Frederic M. Rosen (P19625)<br>    535 Griswold St.<br>    Suite 2040<br>    Detroit, MI 48226<br>    Office: (313) 961-8900<br>    Facsimile: (313) 961-7616<br>    fredericmrosenpc@gmail.com<br><br>Counsel for Shelia Mosley |

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**ORDER APPROVING STIPULATION BY AND BETWEEN
THE CITY OF DETROIT, MICHIGAN AND SHELIA MOSLEY
REGARDING CLAIM NUMBER 843**

This matter having come before the Court on the *Stipulation by and Between the City of Detroit, Michigan and Shelia Mosley Regarding Claim Number 843* ("Stipulation," Doc. No. [__]); the Court having reviewed the Stipulation and being otherwise apprised of the matter; no notice need be given, and there being good cause set forth in the Stipulation;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

1. The City is authorized to reserve for and withhold from Distribution the New B Notes to be proportionally allocated to Claim 843.[1]

2. In connection with the Distribution Motion, and at least ten calendar days before the City Distributes New B Notes on account of Allowed Class 14 Claims, the City will file a new Distribution Notice, with a revised Distribution List

---

[1] Capitalized but undefined terms have the meanings ascribed to them in the Stipulation or in the City's Plan, as appropriate.

and a revised Waived Claims List, which lists will reflect the New B Notes to be allocated to each Allowed Class 14 Claim in light of the reserve of New B Notes for Claim 843.

3. If, by September 16, 2022, a personal representative for Ms. Mosley, appointed by order of a state probate court or otherwise by law, provides the City with a properly completed Brokerage Account Form and a properly completed Tax Form for Claim 843, as those terms are defined in this Court's Brokerage Order, then, within a reasonable time on or after September 16, 2022, the City will distribute the New B Notes reserved for Claim 843 in accordance with the directions on the received Brokerage Account form.

4. If, by September 16, 2022, the City does not receive a properly completed Brokerage Account Form and a properly completed Tax Form as set forth in the previous paragraph, then Claim 843 will be treated as if it had originally been listed on the Waived Claims List and be ineligible for any Distributions under the Plan.

5. Except to the extent provided in paragraphs 4 and 5 of this Order, the Brokerage Order shall remain in full force and effect and shall otherwise apply to Claim 843.

6. The City is not required to file any further notice reflecting the disposition of Claim 843 and the property allocated to and reserved for it.

7. This Order is entered in furtherance of this Court's reserved jurisdiction to enter any orders that may be necessary or appropriate to implement or consummate the provisions of the Plan, and to ensure that Distributions to Holders of Claims are accomplished in accordance with the provisions of the Plan.

8. In implementing and enforcing the terms of this Order and the Plan, the City and its Related Entities are entitled to all privileges and protections of the Plan, including the exculpation set forth in Article III.D.6.

9. This Order does not modify the Plan, the Confirmation Order or, except as expressly provided herein concerning Claim 843, the Brokerage Order. Each and every term and condition in the Plan, Confirmation Order and, except as expressly provided herein concerning Claim 843, the Brokerage Order remains in full force and effect.

10. This Court retains jurisdiction over the interpretation and enforcement of this Order.