UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**ORDER APPROVING STIPULATION BY AND BETWEEN
THE CITY OF DETROIT, MICHIGAN AND SHELIA MOSLEY
REGARDING CLAIM NUMBER 843**

This case is before the Court on the stipulation filed May 19, 2022, entitled "Stipulation by and Between the City of Detroit, Michigan and Shelia Mosley Regarding Claim Number 843" (Docket # 13566, the "Stipulation"). Based on the Stipulation, the Court finds good cause to enter this Order.

IT IS ORDERED THAT:

1. The City is authorized to reserve for and withhold from Distribution the New B Notes to be proportionally allocated to Claim 843.[1]

2. In connection with the Distribution Motion, and at least ten calendar days before the City Distributes New B Notes on account of Allowed Class 14 Claims, the City will file a new Distribution Notice, with a revised Distribution List and a revised Waived Claims List, which lists will reflect the New B Notes to

---

[1] Capitalized but undefined terms have the meanings ascribed to them in the Stipulation or in the City's Plan, as appropriate.

be allocated to each Allowed Class 14 Claim in light of the reserve of New B Notes for Claim 843.

3. If, by September 16, 2022, a personal representative for Ms. Mosley, appointed by order of a state probate court or otherwise by law, provides the City with a properly completed Brokerage Account Form and a properly completed Tax Form for Claim 843, as those terms are defined in this Court's Brokerage Order, then, within a reasonable time on or after September 16, 2022, the City will distribute the New B Notes reserved for Claim 843 in accordance with the directions on the received Brokerage Account form.

4. If, by September 16, 2022, the City does not receive a properly completed Brokerage Account Form and a properly completed Tax Form as set forth in the previous paragraph, then Claim 843 will be treated as if it had originally been listed on the Waived Claims List and be ineligible for any Distributions under the Plan.

5. Except to the extent provided in paragraphs 4 and 5 of this Order, the Brokerage Order shall remain in full force and effect and shall otherwise apply to Claim 843.

6. The City is not required to file any further notice reflecting the disposition of Claim 843 and the property allocated to and reserved for it.

7. This Order is entered in furtherance of this Court's reserved jurisdiction to enter any orders that may be necessary or appropriate to implement or consummate the provisions of the Plan, and to ensure that Distributions to Holders of Claims are accomplished in accordance with the provisions of the Plan.

8. In implementing and enforcing the terms of this Order and the Plan, the City and its Related Entities are entitled to all privileges and protections of the Plan, including the exculpation set forth in Article III.D.6.

9. This Order does not modify the Plan, the Confirmation Order or, except as expressly provided herein concerning Claim 843, the Brokerage Order. Each and every term and condition in the Plan, Confirmation Order and, except as expressly provided herein concerning Claim 843, the Brokerage Order remains in full force and effect.

10. This Court retains jurisdiction over the interpretation and enforcement of this Order.

**Signed on May 19, 2022**



/s/ Thomas J. Tucker
_____
Thomas J. Tucker
United States Bankruptcy Judge