# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## SUPPLEMENT AND AMENDMENT TO THE CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE CONFIRMATION ORDER AGAINST THE DFFA

The City of Detroit, Michigan ("City") files this *Supplement and Amendment to the City of Detroit's Motion for the Entry of an Order Enforcing the Confirmation Order Against the DFFA* ("Supplement") and states as follows:

1. On May 27, 2022, the City filed its *Motion for the Entry of an Order Enforcing the Confirmation Order Against the DFFA* [Doc. No. 13575] ("Motion"). The Motion asked the Court to Order DFFA to dismiss a grievance filed with respect to "J-time" compensation received by DFFA members while temporarily on leave for injuries sustained in the line of duty. J-time compensation provides injured DFFA members with full compensation and all benefits while injured. In the grievance, the DFFA claimed that not only were members entitled to full compensation and all benefits, but that the compensation should be tax free.

2. In the Motion, the City asks this Court to Order DFFA to dismiss the grievance because, *inter alia*, there is no basis for DFFA members to receive a

financial windfall while on injured leave, and DFFA's request for tax free J-time compensation would violate the Plan of Adjustment, Federal Tax law and the relevant plan documents.

3. On June 2, 2022, at 12:31 p.m., counsel to the DFFA provided the City with a proposed stipulation and order extending its deadline to respond to the Motion through and including June 24, 2022. The City provided the DFFA with written approval of the stipulation and order within two hours.[1]

4. Later on June 2, 2022, at 3:26 p.m., counsel to the DFFA sent the City a letter, requesting that the City withdraw the Motion because "As you surely must also know, on June 2, 2022, the DFFA withdrew the grievance cited in your Motion." The DFFA attached to its letter a withdrawal of the grievance, which had **not** been provided to the City's counsel. The letter and withdrawal are attached as **Exhibit 1.** As shown, the letter provides no explanation of why the grievance had been filed initially if it had no merit, or why it had been withdrawn days after the City's filing of the Motion.

5. Also unbeknownst to the City's counsel (until after the fact), on May 31, 2022, the DFFA had filed an Unfair Labor Practice Charge regarding J Time, with the Michigan Employment Relations Commission ("MERC Filing"). The

---

[1] The stipulation was filed and approved by this Court on June 6, 2022. Doc. Nos. 13579 & 13581.

MERC Filing is attached as **Exhibit 2**. The MERC Filing asserts the City "has failed to negotiate with the union….over the tax treatment of injured-on-duty fire fighters' pay ("Js time")."

6. On June 6, 2022, the City responded to the June 2 letter and explained that the City would not withdraw the Motion because the MERC Filing "raises precisely the same issues as are currently pending before the Bankruptcy Court – namely, whether DFFA's claim that J-time compensation should not be taxable violates the Plan of Adjustment, the relevant plan documents and Federal Tax Law. The MERC filing is fatally defective for the same reasons as the arbitration demand. Accordingly, the City will be amending its motion to address DFFA's latest maneuver." The June 6 letter is attached as **Exhibit 3.**

7. Consequently, the City files this Supplement to its Motion requesting that the Court require that the DFFA dismiss with prejudice the MERC Filing.

31167884.1\022765-00213

Dated: June 6, 2022	Respectfully submitted,

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 963-6420
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

and

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
Telephone: (313)-237-0470
Facsimile: (313) 224-5505
raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>    Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 6, 2022, he served a copy of the foregoing **SUPPLEMENT AND AMENDMENT TO THE CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE CONFIRMATION ORDER AGAINST THE DFFA** via the Court's ECF system, which will provide notice to all registered participants, including counsel to the DFFA, and in the manner described below:

Via email:

Christopher Legghio and Megan B. Boelster
Legghio & Israel, P.C.
306 S. Washington, Suite 600
Royal Oak, MI 48067
mbb@legghioisrael.com
cpl@legghioisrael.com

1

DATED: June 6, 2022

                        By: /s/ Marc N. Swanson
                             Marc N. Swanson (P71149)
                             150 West Jefferson, Suite 2500
                             Detroit, Michigan 48226
                             Telephone: (313) 496-7591
                             Facsimile: (313) 496-8451
                             swansonm@millercanfield.com

# EXHIBIT 1

# LEGGHIO & ISRAEL, P.C.
ATTORNEYS AND COUNSELORS AT LAW

306 South Washington Avenue, Suite 206
Royal Oak, MI 48067-3837
248.398.5900
www.Legghioisrael.com

June 2, 2022

**By Email Only**

Marc N. Swanson
Miller Canfield
150 West Jefferson Ave., Suite 2500
Detroit, MI 48226
swansonm@millercanfield.com

**Re:** *In re: City of Detroit, Michigan, Debtor*, (Bankruptcy Case number 13-53846) CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE CONFIRMATION ORDER AGAINST DFFA (Motion)

Marc:

As you know, we represent the DFFA.

By this letter, the DFFA asks that the City withdraw its Motion.

As you surely must also know, on June 2, 2022, the DFFA withdrew the grievance cited in your Motion. (For your convenience, attached is a copy of DFFA President Tom Gehart's June 2, 2022 letter to Messers. Simms, Berry, and Jenkins withdrawing the grievance.)

If the City disregards this request, and insists on litigating this matter in the Bankruptcy Court -- despite the lack of a justiciable issue -- the DFFA will seek reimbursement of its costs and fees.

Absent a grievance seeking complete tax exemption of J-time compensation -- or any other DFFA litigation that seeks such relief -- there is no pending matter that conflicts with the POA. Or, for that matter, the Retirement System or the Internal Revenue Code.

Please let us know immediately whether the City will withdraw its Motion.

Sincerely,

*Christopher P. Legghio*

Christopher P. Legghio

Enclosure



# DETROIT FIRE FIGHTERS ASSOCIATION

I.A.F.F. Local 344 • Organized May 1933

333 West Fort Street, Suite 1420 • Detroit, MI 48226-3149

(313) 962-7546 | (313) 962-7899 fax | www.dffa344.org

**Thomas M. Gehart**
*President*

**Christopher A. Smith**
*Vice President*

**Jeffrey M. Pegg**
*Secretary*

**Timothy R. Carter, II**
*Treasurer*

**Directors**
M. Cretu
A. Wyatt
G. Stewart
R. Best
J. Cangialosi
A. Schwedler
J. Koch

**Emeritus Presidents**
Daniel Delegato
Daniel F. McNamara

June 2, 2022

**BY EMAIL ONLY**

Charles Simms
Executive Fire Commissioner
City of Detroit Fire Department
Detroit Public Safety Headquarters
1301 Third Street, Suite 728
Detroit, MI 48226
simmsc@detroitmi.gov

Hakim W. Berry
Director
City of Detroit
Labor Relations Division
2 Woodward Ave
Detroit, MI 48226
berryh@detroitmi.gov

Reginald Jenkins
2nd Deputy Fire Commissioner
City of Detroit Fire Department
Detroit Public Safety
Headquarters
1301 Third Street, Suite 728
Detroit, MI 48226
regjen@detroitmi.gov

**Re:   Grievance #01-22 (Js Time Taxation) – Withdrawal**

Gentlemen:

The DFFA hereby *withdraws* Grievance #01-22 (Js Time Taxation).

The DFFA is disappointed and concerned that the City filed its expensive May 27, 2022 Motion in Bankruptcy Court -- which included an expensive opinion from Plante Moran that was undoubtedly drafted with the assistance of the City's bankruptcy attorneys -- rather than first discussing a possible settlement of the grievance with the DFFA.

As you know, on May 17, 2022, the Union made a comprehensive *initial* settlement proposal that conceded the taxability of Js Time compensation.

The City did not respond to the DFFA *initial* proposal. Instead, ten (10) days later, the City filed its Motion in Bankruptcy Court. *After* filing its motion, the City notified the DFFA of the City's unwillingness to even probe any settlement possibility.

Affiliated

International Association of Fire Fighters          Michigan State          Metropolitan Detroit
AFL-CIO

Finally, please let us know if the City will bargain over Js Time taxation, including the City's relevant decisions and the impact and effects of those decisions.

As noted in our May 17, 2022 correspondence to you, the DFFA concedes that the City's prior practice regarding Js Time taxation must be corrected.

DETROIT FIRE FIGHTERS ASSOCIATION

*[signature]*

THOMAS M. GEHART
President - Local 344

cc: DFFA Executive Board (via email)
     Grace Cancel (via email)
     Valerie Colbert-Osamuede (via email)

# EXHIBIT 2

# LEGGHIO & ISRAEL, P.C.

ATTORNEYS AND COUNSELORS AT LAW
306 South Washington Ave., Suite 206
Royal Oak, MI 48067-3837
248.398.5900
www.LegghioIsrael.com

May 31, 2022

**Via Email**

Employment Relations Commission
Cadillac Place
3026 W. Grand Boulevard, Suite 2-750
P.O. Box 02988
Detroit, MI 48202-2988
merc-ulps@michigan.gov

**Re:** *City of Detroit, Respondent and DFFA, Charging Party*
  *ULP – Js Time*

Dear Sir or Madam:

Enclosed for filing with MERC is the DFFA Local 344's May 31, 2022 Unfair Labor Practice Charge regarding Js Time, and certificate of service.

Sincerely,

Megan B. Boelstler

Enclosures

cc: Hakim Berry (berryh@detroitmi.gov)
  Valerie Colbert-Osamuede (colbv@detroit.gov)
  Charles Simms (simmsc@detroitmi.gov)



# CHARGE

Authority: P.A. 380 of 1965, as amended.

Michigan Department of Licensing and Regulatory Affairs
Employment Relations Commission (MERC)
Labor Relations Division
313-456-3510

**INSTRUCTIONS:** File an original and 4 copies of this charge (including attachments) with the Employment Relations Commission at: Cadillac Place, 3026 W. Grand Boulevard, Suite 2-750, PO Box 02988, Detroit MI 48202-2988 or 611 W. Ottawa St., 2nd Floor, PO Box 30015, Lansing, MI 48909. The Charging Party must serve the Charge on the opposing side within the applicable statute of limitations, and must file a statement of service with MERC.
*(Refer to the "How to File a Charge" document under the "Forms" link at www.michigan.gov/merc.)*

**Complete Section 1** if you are filing charges against an employer and/or its agents and representatives. —or—
**Complete Section 2** if you are filing charges against a labor organization and/or its agents and representatives.

**1. EMPLOYER AGAINST WHICH THE CHARGE IS BROUGHT**    Check appropriate box: ☐ Private ☑ Governmental

Name and Address:
City of Detroit, Detroit Public Safety Headquarters, 1301 Third Street, Suite 610, Detroit, Michigan 48226

**2. LABOR ORGANIZATION AGAINST WHICH THE CHARGE IS BROUGHT**

Name and Address:

**3. CHARGE**

Pursuant to the ~~Labor Mediation Act (LMA)~~ or Public Employment Relations Act (PERA) *(cross out one)*, the undersigned charges that the above-named party has engaged in or is engaging in unfair labor practices within the meaning of the Act.

**On an attached sheet** you must provide a clear and concise statement of the facts which allege a violation of the LMA or PERA, including the date of occurrence of each particular act and the names of the agents of the charged party who engaged in the complained of conduct. The charge should describe who did what and when they did it, and **briefly** explain why such actions constitute a violation of the LMA or PERA.

The Commission may reject a charge for failure to include the required information. However, it is not necessary to present your case in full at this time. Documentary material and exhibits ordinarily **should not** be submitted with this charge form.

**4. Name and Address of Party Filing Charge (Charging Party)**
(if labor organization, give full name, including local name and number)
Detroit Fire Fighters Association, Local 344, 333 W. Fort Street, Suite 1420, Detroit, MI 48226-3149

Telephone Number: ( 313 ) 962-7546

**5. List ALL related MERC case(s) (if any):** None
(Name of parties)
Case No.:_____    Judge:_____
Case No.:_____    Judge:_____

I have read this charge and it is true to the best of my knowledge and belief.
*Christopher P. Legghio*
Signature of Representative/Person Filing Charge

Email: cpl@legghioisrael.com; mbb@legghioisrael.com
Telephone/Cell No.: 248-398-5900 x1442

Print Name and Title:
Christopher P. Legghio/Megan B. Boelstler, Attorneys

Street Address: 306 S. Washington, Suite 206    City: Royal Oak    State: MI    Zip Code: 48067

Fax No.:

The Department of Licensing and Regulatory Affairs will not discriminate against any individual or group because of race, sex, religion, age, national origin, color, marital status, disability, or political beliefs. If you need assistance with reading, writing, hearing, etc., under the Americans with Disabilities Act, you may make your needs known to this agency.

BER____ (5/27)

## Section 3—ULP Charge—Js Time
May 31, 2022
City of Detroit, Respondent v DFFA, Charging Party

_____

1. The City of Detroit Fire Department (City) has failed to negotiate with the union, Detroit Fire Fighters Association (DFFA), over tax the treatment of injured-on-duty fire fighters' pay ("Js time"). The City unilaterally changed its decades-long treatment of Js time and failed to bargain over the decision and impact and effects of such decision. And, the City failed to respond to DFFA's request for information.

2. On January 25, 2022 the DFFA sent the City a demand to bargain over the City's unilateral changes -- and the impact and effects of those changes -- to Js time, including taxation of the compensation and benefits. And, the DFFA requested relevant information and documents.

3. The City has refused to bargain, improperly claiming this is an "illegal subject of bargaining."

4. And, the City failed to respond to DFFA's request for information.

5. The City's actions violate its duty to bargain under the Public Employment Relations Act, including Sections 10(1)(a), (b), and (e), by failing to bargain in good faith with DFFA. The Union asks MERC for an order directing the City to negotiate with DFFA and promptly respond to DFFA's request for information, and to provide other relief and remedies as appropriate.

# CERTIFICATE OF SERVICE

      I certify that on May 31, 2022, I caused DFFA Local 344's May 31, 2022 MERC unfair labor practice charge regarding Js Time to be served on the City of Detroit by email to the following:

| | |
|---|---|
| Hakim Berry<br>City of Detroit<br>Labor Relations Division<br>Coleman A. Young Municipal Ctr.<br>2 Woodward Avenue, Suite 332<br>Detroit, Michigan 48226<br>berryh@detroitmi.gov | Valerie Colbert-Osamuede<br>City of Detroit<br>Labor Relations Division<br>Coleman A. Young Municipal Ctr.<br>2 Woodward Avenue, Suite 332<br>Detroit, Michigan 48226<br>colbv@detroitmi.gov |

                                                */s/Megan B. Boelstler*
                                                Megan B. Boelstler

# EXHIBIT 3

39230198.2/022765.00213

**LAW DEPARTMENT**

Coleman A. Young Municipal Center
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226-3437

Phone 313•224•4550
Fax 313•224•5505
www.detroitmi.gov

June 6, 2022

Via email only
Christopher Legghio, Esq.
Megan Boelster, Esq.
306 South Washington Ave
Royal Oak, Mi 48067

Re: J-time litigation

Dear Counsel:

Inasmuch as these matters are in litigation I am sending this letter only to legal counsel. Neither you nor your client have been copying me on correspondence relating to the pending J-time litigation. Specifically, I was not copied on Ms. Boelstler's May 31, 2022 ULPA filing with MERC, or Mr. Gehart's June 2, 2022 email stating that DFFA was withdrawing its March 1 2022 arbitration demand. I received those after the fact from my client. In the future kindly serve by email both Mr. Swanson and me with any filings or correspondence relating to this J-time dispute.

DFFA was first notified on **December 17, 2020** that J-time compensation had to be subject to tax under the bankruptcy plan of adjustment, the relevant plans and federal tax law. The memo concluded: "Because of tax implications, this change [taxation of J-time compensation] will be implemented on January 1, 2021." All 2021 pay stubs clearly showed that J-time compensation was being taxed.

DFFA first objected to the change in January 2022. You initially claimed that DFFA had not received the December 17, 2020 memo. We proved that claim to be false. Thereafter, you claimed that DFFA somehow had not understood the December 17, 2020 memo.

In January 2022, at your request, I engaged in lengthy discussions with you and your client about this matter. I explained that the City made the change because it was legally obligated to do so. I made clear that due to the nature of the issue – involving, *inter alia*, the Plan of Adjustment and Federal Tax Law - this was not something that could be "negotiated." J-time compensation must be taxed. Soon

1

thereafter DFFA sent a grievance to the City on this issue. That ultimately resulted in DFFA's March 1, 2022 arbitration demand.

DFFA could not possibly have been surprised by the City's bankruptcy motion seeking dismissal of the arbitration demand. Indeed, DFFA itself has filed motions in the Bankruptcy Court to enforce the Plan of Adjustment, and one such motion is pending at this time. Nevertheless, only days after the City filed its bankruptcy motion, DFFA advised it was "withdrawing" its arbitration demand. No explanation was given. We can only presume that DFFA – despite having months and years to do so – either failed to conduct any due diligence or failed to obtain any support for its position that DFFA members who are injured are entitled to full pay and all benefits – but that the compensation is somehow tax exempt. In all of our communications DFFA has never offered any rational explanation for that position.

The City will not withdraw its pending bankruptcy motion. As you know, DFFA has not dropped its position on J-time, it has merely changed forums from arbitration to MERC. The MERC filing raises precisely the same issues as are currently pending before the Bankruptcy Court – namely, whether DFFA's claim that J-time compensation should not be taxable violates the Plan of Adjustment, the relevant plan documents and Federal Tax Law. The MERC filing is fatally defective for the same reasons as the arbitration demand. Accordingly, the City will be amending its motion to address DFFA's latest maneuver.

Very Truly Yours,

*[signature]*

Charles N. Raimi
Deputy corporation counsel, City of Detroit
Ph: 313 237 5037
Email: raimic@detroitmi.gov

Cc: Marc Swanson (via email)