UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

In re:	Bankruptcy Case No. 13-53846

City of Detroit, Michigan,	Judge Thomas J. Tucker

    Debtor.	Chapter 9

_____/

### *EX PARTE* MOTION OF DFFA FOR AN ORDER GRANTING ADDITIONAL TIME TO RESPOND TO THE CITY'S MAY 27, 2022 MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE CONFIRMATION ORDER AGAINST THE DFFA (R13575) *AND* ITS JUNE 6, 2022 SUPPLEMENT AND AMENDMENT (R13582)

1. Creditor Detroit Fire Fighters Association ("DFFA") seeks additional time to respond to the City of Detroit's ("City") *Motion for the Entry of an Order Enforcing the Confirmation Order Against the DFFA* (Docket #13575) ***and*** its June 6, 2022 *Supplement and Amendment* to its May 27 Motion (Docket #13582) (collectively: "Motion").

2. For the reasons set forth below, the DFFA seeks until July 22, 2022 to respond.

3. The DFFA makes this motion *ex parte* pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 9006-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules").

1

## I. BACKGROUND

4. On May 27, 2022, the City filed its Motion "to seek dismissal of a [DFFA] grievance [G #01-22] . . . relating to J-time compensation."[1]

5. On May 31, 2022, the DFFA filed an unfair labor practice ("ULP") charge with the Michigan Employment Relations Commission ("MERC") over the City's failure to bargain over its unilateral changes regarding J-time compensation. (The City was properly served with this MERC charge).

6. On June 2, 2022, the City stipulated to a two (2)-week extension -- until June 24, 2022 -- for DFFA to respond to the City's May 27 Motion. Based on this stipulation, this Court granted the extension. (Docket #13581).

7. Later on June 2, the DFFA completely withdrew -- *without reservation or conditions* -- G #01-22. (Docket #13581, Ex. 1 at 7-11).

8. Then, the DFFA asked the City to withdraw its May 27 Motion in that the DFFA Grievance was now withdrawn without conditions.

9. The City refused.

---

[1] In its May 27 Motion, the City omitted a significant, probative fact: that the DFFA had -- ten (10) days *before* the City's Motion -- made a comprehensive *initial* grievance settlement proposal that conceded the taxability of Js Time compensation. This is notable because, in its May 27 Motion, the City represented that the DFFA's grievance sought complete tax exemption of these J-time payments. See Docket #13582, Ex. 1 at 10.

10. Instead, on June 6, the City filed a *Supplement and Amendment* to its May 27 Motion. (Docket #13582).

11. In its *Supplement and Amendment*, the City summarily claims that the DFFA's pending MERC ULP (Docket #13582 Ex. 2) -- *which only raises duty-to-bargain issues over Js Time* -- is the equivalent to the now-withdrawn grievance. (Docket #13582 at 3).[2]

## II. REASONS FOR RELIEF REQUESTED AND NOTICE

12. DFFA needs additional time -- to July 22, 2022 -- to fully respond to the City's Motion, which now includes its June 6 *Supplement and Amendment*.

13. The City's under-developed but additional June 6 filings, significant time lost because of recent COVID infections,[3] and long-scheduled vacations, make this request necessary.

14. The City refused this extension request, but offered to extend the June 24 deadline by a few days.

15. This request works no prejudice on any party, is not sought to delay this proceeding, and is appropriate under the circumstances.

---

[2] This is patently untrue. For example, the relief sought by the ULP -- *i.e.*, bargaining -- is substantively different than the relief sought by the now-withdrawn grievance, which sought money damages. *cf.*, Docket #13582 Ex. 2 and Docket #13575, Ex. 6-2.

[3] DFFA Counsel Megan Boelstler lost significant work time due to her and her two children's (both under five years old) recent and debilitating COVID infections, and consequent lack of childcare.

16. The City has already unilaterally implemented its changes with regard to Js Time.

17. And, the DFFA will stipulate to a stay of the MERC ULP proceeding -- as other MERC matters were stayed when the City initially filed for bankruptcy protection in 2013 -- pending this Court's adjudication of the City's Motion and *Supplement and Amendment*. (The City was, inexplicably, unmoved by this DFFA offer to stay.)

18. This relief is consistent with the Court's authority pursuant to Bankruptcy Rule 9006(b) and Local Rule 9006-1. And, consistent with these rules, no further notice of this Motion is needed.

**WHEREFORE**, DFFA respectfully asks that the Court enter an order, in substantially the same form as attached Exhibit 1, extending DFFA's deadline to respond to the City's May 27, 2022 Motion and its June 6, 2022 *Supplement and Amendment*, to July 22, 2022.

/s/ Megan B. Boelstler
Christopher P. Legghio (P27378)
Megan B. Boelstler (P79125)
Legghio & Israel, P.C.
306 S. Washington, Suite 206
(248) 398-5900
cpl@legghioisrael.com
mbb@legghioisrael.com

June 17, 2022

Attorneys for Detroit Fire Fighters Association

4

# EXHIBIT 1: PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

In re:                                    Bankruptcy Case No. 13-53846

City of Detroit, Michigan,                Judge Thomas J. Tucker

   Debtor.                                Chapter 9
_____/

**ORDER GRANTING *EX PARTE* MOTION OF DFFA FOR AN ORDER GRANTING ADDITIONAL TIME TO RESPOND TO THE CITY'S MAY 27, 2022 MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE CONFIRMATION ORDER AGAINST THE DFFA (R13575) *AND* ITS JUNE 6, 2022 SUPPLEMENT AND AMENDMENT (R13582)**

This matter is before the Court upon consideration of Creditor Detroit Fire Fighters Association's ("DFFA") *Ex Parte* Motion for an Order Granting Additional Time to Respond to the City's May 27, 2022 Motion for the Entry of an Order Enforcing the Confirmation Order Against the DFFA (R13575) *And* Its June 6, 2022 Supplement and Amendment (R13582), (Docket # [__], dated June 17, 2022), (the "Motion").

The Court has considered the DFFA's Motion and finds good cause for granting the relief requested.

**IT IS ORDERED THAT** the time for DFFA to respond to the City of Detroit's ("City") *Motion for the Entry of an Order Enforcing the Confirmation Order Against the DFFA* (Docket #13575) *and* its June 6, 2022 *Supplement and Amendment* to its May 27 Motion (Docket #13582) is extended to **July 22, 2022**.

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

In re:  Bankruptcy Case No. 13-53846

City of Detroit, Michigan,  Judge Thomas J. Tucker

    Debtor.  Chapter 9

_____/

# CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2022, I electronically filed the foregoing Motion with the Clerk of the Court via the Court's ECF electronic filing system. The electronic filing system will service notice to all ECF participants. In addition, I served the attached documents via email to the following:

| | |
|---|---|
| Charles N. Raimi<br>Deputy Corporation Counsel<br>City of Detroit, Law Department<br>2 Woodward Ave., Suite 500<br>CAYMC Building<br>Detroit, MI 48226<br>raimic@detroitmi.gov | Marc N. Swanson<br>Miller Canfield<br>150 West Jefferson Ave., Suite 2500<br>Detroit, MI 48226<br>swansonm@millercanfield.com |

    /s/ Megan B. Boelstler
    Megan B. Boelstler

June 17, 2022