# Exhibit 13

**Kuhl, Richard (AG)**

| | |
|---|---|
| **From:** | Kuhl, Richard (AG) |
| **Sent:** | Friday, March 29, 2019 8:37 AM |
| **To:** | Hammoud, Fadwa (AG) |
| **Subject:** | RE: Flint Water case |

Fadwa - I need to amend my availability for a meeting the week of April 8. My wife is getting hip replacement surgery on April 9 so I will be unavailable on that date. Sorry about that.

Richard S. Kuhl
Assistant Attorney General
Environment, Natural Resources,
and Agriculture Division
6th Floor, G. Mennen Williams Building
525 West Ottawa Street
P.O. Box 30755
Lansing, MI 48909

PH: (517) 335-0696
FX: (517) 373-1610

kuhlr@michigan.gov



**From:** Kuhl, Richard (AG)
**Sent:** Thursday, March 28, 2019 6:18 PM
**To:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Manning, Peter (AG) <ManningP@michigan.gov>
**Cc:** Kym Worthy <Kworthy@waynecounty.com>; Nessel, Dana (AG) ███████████████; Jeff Seipenko <JSeipenko@crisisflint.com>; Molly Kettler (FWCT) <mkettler@waynecounty.com>; Jamison, Eric (AG) <JamisonE@michigan.gov>; Keenan, Kelly (AG) <KeenanK@michigan.gov>
**Subject:** RE: Flint Water case

Fadwa,

Thanks for your email. To respond to the issues that you raised below, I'm obtaining a list of the mobile devices that we have gathered from the agencies. I was provided with a preliminary list of the devices in our possession, but my review indicated it was not complete. I hope to have a complete list of those devices for you by tomorrow morning.

We have been advised that certain agencies, as part of their efforts to comply with our litigation holds in the civil cases, have retained or imaged some mobile devices. We are obtaining a list of the devices retained by the agencies.

With respect to the "remainder of the discovery," I suggest that we schedule a meeting to discuss how you want to proceed. We have collected roughly 10,000,000 documents from the agencies. The red binder that I gave you provides information on how those documents were collected. The number of documents is so large because of the broad search parameters used to collect the documents. Standard types of de-duplication, threading, and predictive coding (all of which were reviewed with OSC) were applied to reduce the documents to remove non-responsive information. Again, using broad responsiveness parameters, the remaining documents were reviewed by AAGs and document review teams to identify documents responsive to the subpoenas. Those efforts resulted in the productions made by each agency to OSC. Thus, it is my understanding that complete responses were made to the subpoenas issued by OSC to the agencies.

However, if you would like to revisit any of the prior decisions or get any other part of the 10,000,000 documents collected, we will do as requested. If there is something else that we haven't collected that you want us to look for, just let us know. Obviously, we would have to get agreement from our client agencies but for purposes of this discussion, I'm assuming that won't be a problem.

I'd like to discuss what documents you want, if you want us to prioritize any documents, how to handle privilege issues, etc. I suggest it would be helpful to have personnel from your e-discovery team present at the meeting.

Unfortunately, next week is spring break in East Lansing, so I and Eric Jamison, our e-discovery coordinator, will be leaving with our families for warmer destinations. Are you available for a meeting during the week of April 8? I'm generally available that week except for a previously scheduled meeting on Wednesday, April 10.

Let us know how you want to proceed. I'll be in the office all day on Friday if you want to discuss.

Richard

Richard S. Kuhl
Assistant Attorney General
Environment, Natural Resources,
and Agriculture Division
6th Floor, G. Mennen Williams Building
525 West Ottawa Street
P.O. Box 30755
Lansing, MI 48909

PH: (517) 335-0696
FX: (517) 373-1610

kuhlr@michigan.gov



**From:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
**Sent:** Thursday, March 28, 2019 2:22 PM
**To:** Kuhl, Richard (AG) <KuhlR@michigan.gov>; Manning, Peter (AG) <ManningP@michigan.gov>
**Cc:** Kym Worthy <Kworthy@waynecounty.com>; Nessel, Dana (AG) ███████████████; Jeff Seipenko
<JSeipenko@crisisflint.com>; Molly Kettler (FWCT) <mkettler@waynecounty.com>
**Subject:** Flint Water case

Richard and Peter,

Per our meeting of yesterday, March 27, 2019, we want to insure that all records in this matter are preserved.

We are in the process of arranging for the transfer of the discovery discussed to be transferred to the Flint Water Crisis platform.

In the meantime, please provide, as soon as possible, the listing of all mobile devices retrieved from the MDEQ, MDHHS, MI Dept of Treasury and the Governor's office, whether by AG staff, DTMB or any other person or entity known to you.

Finally, please provide me with the earliest date we can retrieve the remainder of the discovery. We will need to set up a production schedule to obtain the remaining discovery in batches.

Your attention to this matter is most appreciated. Thank you!

Fadwa Hammoud

# Exhibit 14

| | |
|---|---|
| **From:** | Manning, Peter (AG) |
| **Sent:** | Tuesday, May 7, 2019 1:38 PM |
| **To:** | Kuhl, Richard (AG); Jamison, Eric (AG) |
| **Subject:** | FW: Joint Operations Center boxes |

FYI.

**From:** Grossi, Christina (AG) <GrossiC@michigan.gov>
**Sent:** Tuesday, May 7, 2019 1:30 PM
**To:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
**Cc:** Manning, Peter (AG) <ManningP@michigan.gov>
**Subject:** Joint Operations Center boxes

Hi Fadwa —

As we discussed, while our attorneys did not review the information contained on the hard drives stored in the Joint Operations Center, we wanted to alert you that there could potentially be attorney-client privileged information contained on them. To the extent that there is privileged information contained on the hard drives, the State does not want its cooperation to be construed as a waiver of any of our privileges.

Secondly, as I mentioned, if you do uncover any file that is not duplicative of what you have already received and relates to Flint, we would appreciate it if you could let us know. The civil defense attorneys have on-going obligations in discovery which may be triggered depending on what information is discovered. Certainly, if we have an obligation to provide something to opposing counsel (or another governmental agency) we want to make sure that we comply with that obligation and your notification would assist us with doing that.

Thanks again. Please let me know if you have any questions or concerns.

Christina


Christina M. Grossi
Assistant Attorney General
Michigan Department of Attorney General
State Operations Division
525 W. Ottawa Street
Lansing, MI 48933
(517) 373 – 1162

Notice: This email, including attachments, may contain confidential or privileged information and is solely for the use of the intended recipient. If you have received this communication in error, please notify the sender immediately and delete this message from your system. Any use, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

PRIVILEGED AND CONFIDENTIAL – DO NOT DISCLOSE IN RESPONSE TO FOIA OR DISCOVERY REQUESTS

# Exhibit 15

LAW OFFICES

# WILLEY & CHAMBERLAIN

## LIMITED LIABILITY PARTNERSHIP

LARRY C. WILLEY
CHARLES E. CHAMBERLAIN, JR.
BRITT M. COBB
PETER A. VANGELDEREN
JULIA A. KELLY

300 OTTAWA AVENUE, N.W., SUITE 810
GRAND RAPIDS, MICHIGAN 49503-2314
TELEPHONE: (616) 458-2212
FACSIMILE: (616) 458-1158
www.willeychamberlain.com

May 28, 2019

Hon. Fadwa A. Hammoud
SOLICITOR GENERAL
State of Michigan
525 West Ottawa Street
Lansing, Michigan 48933-1067

      Re:    *People v Nicolas Leonard Lyon*
             No. 18-043638-FH (7th Judicial Circuit, Genesee County)

Dear Ms. Hammoud:

     As I mentioned in prior correspondence, I understand that your office has sought and obtained search warrants for the Department of Attorney General for discovery material that was produced during what is described as the "Flint Water Crisis Investigation." Evidently, this effort has also included the issuance of a warrant in Michigan for material of a third party in Virginia, and I imagine that these efforts will continue.

     My concern is that production pursuant to such warrants may very well include privileged attorney-client communications and attorney work product. As you may not be aware, the Department of Attorney General represented Mr. Lyon in his preparation for testimony before Congressional and Legislative committees in 2016, not to mention pending civil litigation. Moreover, among materials of the Michigan Department of Health & Human Services (MDHHS) there may be attorney-client communications and attorney work product.

     Please advise as to what protocols are in place to protect confidential and privileged information from disclosure to inappropriate parties.

     Thank you.

                    Very truly yours,

                    Charles E. Chamberlain, Jr.

CEC:tle

cc:   Nicolas L. Lyon

# Exhibit 16

| From: | Miller, Samuel (AG) |
|-------|---------------------|
| Sent: | Thursday, July 11, 2019 2:12 PM |
| To: | Jamison, Eric (AG) |
| Cc: | Seipenko, Jeffrey (AG); Grossi, Christina (AG) |
| Subject: | RE: Flint – Additional AG Response to Search Warrant (June 28, 2019) |

Hi Eric:

I wanted to acknowledge that I received your e-mail and thank you for the response.

Respectfully,

Sam

**From:** Jamison, Eric (AG) <JamisonE@michigan.gov>
**Sent:** Thursday, July 11, 2019 11:56 AM
**To:** Miller, Samuel (AG) <MillerS53@michigan.gov>
**Cc:** Seipenko, Jeffrey (AG) <SeipenkoJ@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>
**Subject:** RE: Flint – Additional AG Response to Search Warrant (June 28, 2019)

Sam:

Thanks for your email and follow-up. As I understand it, Christina Grossi has spoken with you and other members of your team about your request.

Managers and I have a couple of concerns regarding an in-person interview, which as I understand it is different than the informal phone conversations that we've had so far.

First, the State Operations Divisions' involvement in the Flint Water matters has spanned several years and has involved numerous staff, some who are no longer employed by the state. If you need additional clarification regarding the process and information related to search warrants, it would very likely require me to research it before I could provide much, if any more information than has already been provided. Devices were handled by different people at different times. In some cases, device extractions were performed by DTMB Cybersecurity, and in other instances Special Agent Brian Laity performed the work. Some devices were handled entirely by the agencies, or by outside counsel. As you already know, for some devices numerous attempts were made to access the data on the devices.

Accordingly, I think in most instances I would not be able to answer specific questions during an in-person interview and I would be hesitant to do so because the matter has gone on for more than three years and I would not want to misstate any information. I want to be able to provide you with the information that you need to conduct your investigation. In order for me to provide you with accurate and complete information, I suggest that you provide me with specific written questions so that I can fully and accurately respond to them. It should be emphasized, again, my involvement in the collection of devices was done in the context of civil litigation, pursuant to our client agencies' obligation to retain relevant electronic and other information related to civil

litigation. I am unaware of an obligation or expectation in that context that criminal chain of custody protocols would be followed.

Second, and perhaps more importantly, my involvement with the Flint Water matters is as an attorney representing various state agencies in the civil cases. As such, some of the information that you may be seeking could be protected by the attorney-client communication privilege, the attorney work product doctrine, or the deliberative process privilege. As you may know, I cannot waive my clients' privileges. An in-person interview would be very cumbersome in terms of dealing with potential privilege issues. Having the questions submitted in writing would facilitate a meaningful response.

If you think it will be entirely unworkable to submit the questions in writing, perhaps you can ask the questions verbally and I can research the matter and respond in writing.

Thank you for your consideration in this matter. Just so you are aware, I will be out of the office until Thursday, July 25, 2019. If you submit your questions to me in writing, I will begin working on a response as soon as I return to the office.

Eric M. Jamison
Michigan Department of Attorney General
State Operations Division
(517) 335-7573 – Main line
(517) 335-7616 – Direct dial
Jamisone@michigan.gov

**From:** Miller, Samuel (AG) <MillerS53@michigan.gov>
**Sent:** Thursday, July 11, 2019 10:35 AM
**To:** Jamison, Eric (AG) <JamisonE@michigan.gov>
**Cc:** Seipenko, Jeffrey (AG) <SeipenkoJ@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>
**Subject:** Re: Flint - Additional AG Response to Search Warrant (June 28, 2019)

Hi Eric,

I wanted to follow up with you to see if it would be possible for us to talk in person today at your office. I am currently in Lansing. I was hoping you could help us better understand the spreadsheet with the listed devices and possibly provide us with a few dates of when your office took custody of some specific items. This should not take very much of your time. Please feel free to e-mail or call me directly to coordinate. My cell number is 517-643-0042. I included AAG Grossi, who is welcome to join us for the conversation.

**Sam Miller / Special Agent**

*Michigan Dept. of Attorney General*
*Criminal Division*

(517) 643-0042
Millers53@michigan.gov

Sent from my iPhone

On Jun 28, 2019, at 3:14 PM, Jamison, Eric (AG) <JamisonE@michigan.gov> wrote:

Sam:

Thank you for your email.

We conducted searches to locate additional documents that were sought in the June 18, 2019 search warrant directed to the State Operations Division at the Department of Attorney General.

The documents that were located are attached. (I will send three total emails with attachments – this is the first of three.) Please note that there are duplicates within the production and they may be duplicative of the earlier production because various staff were gathering the documents from multiple locations and we want to be sure to comply with the terms of the search warrant. It appears that many, if not all, of the chain of custody forms have already been provided, but we want to err on the side of caution and provide you with what was found.

As I mentioned on the phone, for the most part our office was not directly involved with the physical handling of mobile devices for extractions or imaging, and the respective agencies or DMTB Cybersecurity may have the chain of custody forms in their custody or control.

Also, according to our records there may be a clerical error with the spreadsheet that you provided. On the spreadsheet, you indicated that a chain of custody form was provided to you for numerous iPhone extractions from the Governor's Office in 2018 (Agen, Hollins, Posthumus, Scott, Snyder). However, we have no record of providing you a chain of custody form for those devices, although you may have received the chain of custody forms from another source (e.g. DTMB cybersecurity)

Additionally, the spreadsheet indicates that you did not receive a chain of custody form for Harvey Hollins associated with his iPhone 6s from the 2016 extraction, however, a chain of custody form for that device was provided on June 20, 2019. The file name is "COC - Hard drive of 9 GOV phone images.pdf." Also, the chain of custody for Harvey Hollins Samsung phone was provided on June 20, 2019, but it is not highlighted on the spreadsheet. That same chain of custody form may be related to the extraction done in 2017 of the Hollins iPhone. It is my understanding that both those extractions were done on the same day by OSC during the witness interview of Harvey Hollins. It appears that Jeff Seipenko signed the chain of custody form in 2017, and may be able to provide additional information.

During our search, we came across a few DIT-130 forms that may contain passwords, which were sought in the May 19, 2019 search warrant and are included in the attachments.

I am not aware of any additional information that should be forthcoming related to the search warrants issued to the Department of Attorney General, State Operations Division.

Eric M. Jamison
Michigan Department of Attorney General
State Operations Division
(517) 335-7573 – Main line
(517) 335-7616 – Direct dial
Jamisone@michigan.gov

From: Miller, Samuel (AG) <MillerS53@michigan.gov>
Sent: Friday, June 21, 2019 2:55 PM
To: Jamison, Eric (AG) <JamisonE@michigan.gov>

Cc: Seipenko, Jeffrey (AG) <SeipenkoJ@michigan.gov>; Hammoud, Fadwa (AG)
<HammoudF1@michigan.gov>
Subject: FW: Flint - AG Response to Search Warrant (June 20, 2019)
Importance: High

Good Afternoon AAG Jamison,

Thank you for the prompt response and the attached information. Per our conversation earlier this
afternoon I am following -up with you regarding the outstanding information related to the search
warrant. I have included a PDF of "Exhibit A" from the search warrant signed by the Honorable Nathaniel
C. Perry. The items that are highlighted in that document represent the chain of custody forms that you
have provided electronically. It should be noted that there were no records turned over for any physical
devices from the "Former Governor's Office" and a very limited number for devices from "Michigan
Department of Environmental Quality". If you could please respond to each of the below paragraphs
(which were copied verbatim from the search warrant) indicating if there is additional information
forthcoming or advising that the information is not in the care or custody of the Department of Attorney
General, State Operations Division. Regarding your question about searching additional devices for this
information, It is my understanding that searching additional devices for the below information would
be the only way to ensure full and complete compliance with the court order. If we need to meet in
person regarding this, please don't hesitate to let me know.

1. All printed and/or electronic chain of custody logs for the devices listed in "Exhibit A" in addition to
any other electronic devices related to the Flint Water Crisis Investigation.

2. All printed and/or electronic access logs for the storage cabinets and/or keys for the devices listed in
"Exhibit A" in addition to any other electronic devices related to the Flint Water Crisis Investigation.

3. All printed and/or electronic policies, procedures and/or memorandums related to the
appropriate/authorized access, handling, and processing of items listed in "Exhibit A" in addition to
other electronic devices related to the Flint Water Crisis Investigation.

4. All printed and/or electronic documents and/or memorandums related to the specific designated
personnel authorized to access, handle, and/ or process items listed in "Exhibit A" in addition to any
other electronic devices related to the Flint Water Crisis Investigation.

5. All printed and/or electronic documents and/or memorandums related to the specific designated personnel authorized to access the keys and/or storage cabinets where the items listed in "Exhibit A" in addition to other electronic devices related to the Flint Water Crisis Investigation were stored at The Department of Attorney General, State Operations Division.


Respectfully,

Sam


Sam Miller / Special Agent

Michigan Department of Attorney General
Criminal Division

Cell: (517) 643-0042
millers53@michigan.gov<mailto:millers53@michigan.gov>

Cadillac Place
3030 W. Grand Boulevard
Suite 10-200
Detroit, MI 48202

[Seal Badge]




From: Jamison, Eric (AG) <JamisonE@michigan.gov<mailto:JamisonE@michigan.gov>>
Sent: Thursday, June 20, 2019 3:21 PM
To: Seipenko, Jeffrey (AG) <SeipenkoJ@michigan.gov<mailto:SeipenkoJ@michigan.gov>>
Cc: Grossi, Christina (AG) <GrossiC@michigan.gov<mailto:GrossiC@michigan.gov>>
Subject: Flint - AG Response to Search Warrant (June 20, 2019)

Jeff:

Attached is the response to the search warrant that we received today. Please note that there may be duplicates within the production because various staff were gathering the documents from multiple locations and we want to be sure to comply with the terms of the search warrant.

Also, there may be other copies of custody forms that clients provided to us over the last three years as an FYI when they were working with DTMB. For example, Denise McCrimmon cc's me on email communications with Tim Lee about mobile device extractions. As a result I may have copies of chain of custody forms that were sent between Denise and Tim.

I suspect that you already received the chain of custody forms for those devices from the client agencies or from Tim. If you would like us to search for this information, please let me know. Because of the number of people that have worked on the Flint Water matter over the last several years, and many have since left the Department, it would be a time intensive process but we are more than happy to look for the information.

Please let me know if I can be of further assistance.

Eric M. Jamison
Michigan Department of Attorney General
State Operations Division
(517) 335-7573 – Main line
(517) 335-7616 – Direct dial
Jamisone@michigan.gov<mailto:Jamisone@michigan.gov>

<image001.jpg>

<DAG - Chain of Custody Supp 1.zip>

<DAG - Chain of Custody Supp 2.zip>

# Exhibit 17



Warner Norcross + Judd LLP

January 20, 2021

**Via Email:  (HammoudF1@michigan.gov)**

Fadwa Hammoud, Solicitor General
Office of the Michigan Attorney General
525 West Ottawa Street
Lansing, Michigan 48933

Re:  *People v. Snyder*, Case No. 21-00046-SM

Dear Solicitor General Hammoud:

I write as a follow up to my January 18, 2021 letter to you. I had hoped to receive a response from you, or someone from your office, by now. On Monday, I posed a simple "yes or no" question – did the prosecution use a taint team? I asked this question in open court yesterday and in the breakout session/conference with AAG Kettler and AAG Osikowicz. They told me that your office is "not prepared" to answer the question. Then, yesterday afternoon in response Judge Crawford's request that we meet-and-confer regarding discovery, my office again posed the question to AAG Osikowicz. He could not answer. I now ask for the <u>fifth</u> time: did the prosecution use a taint team?

The response that your office is "not prepared" is astonishing. Frankly, the fact that neither you nor AAG Kettler or AAG Osikowicz could not immediately respond, "of course we did," is stunning. Our client has been indicted <u>in Genesee County</u> on bogus and politically motivated misdemeanor charges for allegedly neglecting his duty in office – an office he proudly and diligently held for eight years, in service to the people of the State of Michigan, <u>while located in the City of Lansing</u>. Others have been indicted with nine counts of involuntary manslaughter and other charges, some on perjury counts for allegedly giving false sworn testimony <u>in Wayne County</u>. Yet, your office is "not prepared" to answer basic questions about venue and the use of a taint or "filter" team that goes to the very heart of the integrity of your investigation.

During the breakout session AAGs Kettler and Osikowicz also indicated that your office could not evaluate and respond to our position that venue in the City in Flint is improper until after all the grand jury transcripts are transcribed and released. That is not true. Your prosecutors presented all the evidence before the single judge grand juror. They (and you) know that you have <u>no evidence</u> indicating that former Governor Snyder committed a crime by allegedly failing to act <u>while in the City of Flint</u>. Surely in the 21 million documents you have, excluding the grand jury transcripts and exhibits, you can answer the venue challenge as well. As I stated in open court, we intentionally held off on filing our Motion to Dismiss/Quash the Indictment in order to give your office a reasonable amount of time to recognize your error and do the ethically required task of dismissing the Indictment.

**Brian P. Lennon | Partner**
D 616.752.2089
E blennon@wnj.com
1500 The Warner Building
150 Ottawa Avenue NW, Floor 15R
Grand Rapids, MI 49503

At your press conference last Thursday, Prosecutor Worthy stated that your team only charged the nine defendants with crimes that your team could prove beyond a reasonable doubt. We agree that is the ethical standard that prosecutors must follow. Venue, while not an element of the offense, must be proven at trial beyond a reasonable doubt. Bringing charges against our client in the City of Flint that you cannot fully prove beyond a reasonable doubt is unprofessional and unethical.

Please respond by close of business, Friday, January 22, 2021, by answering our simple yes or no question regarding your use of a taint team, and by informing us of your decision regarding whether you will move to nolle the Indictment.

Very truly yours,

Brian P. Lennon

BPL/alr

c:    Hon. Dana Nessel, Attorney General (miag@michigan.gov)
      Hon. Kym Worthy, Wayne County Prosecutor (kworthy@waynecounty.com)
      AAG Molly Kettler (kettlerm@michigan.gov)
      AAG Bryant Patrick Osikowicz (OsikowiczB@michigan.gov)
      Charles Ash, Partner, WNJ (cash@wnj.com)
      Madelaine C. Lane, Partner, WNJ (mlane@wnj.com)
      Judith S. Gracey, Co-counsel (judith@thegraceylawfirm.com)

21243826-1

# Exhibit 18

**From:** Lennon, Brian
**Sent:** Tuesday, April 13, 2021 4:37 PM
**To:** Hammoud, Fadwa (AG)
**Cc:** 'kworthy@waynecounty.com'; Kettler, Molly (AG-Contractor); Osikowicz, Bryant (AG); Ash Jr., Charles; Judith Gracey
**Subject:** People v. Snyder - TIME SENSITIVE - Please Respond by COB April 15, 2021
**Attachments:** People v Joily II.pdf

**Importance:** High

SG Hammoud:

As we have begun to review the discovery received from your office, it is clear to us that you have produced executive privileged, attorney-client privileged, and attorney work product information <u>belonging not only to Governor Snyder</u>, but privileged materials belonging to <u>other defendants</u>.  This is the type of "outrageous" conduct described by the Michigan Court of Appeals last month in *People v. Jolly* (attached) and a clear violation of the Michigan Rules of Professional Conduct.  See MRPC 1.6 & 4.4.

Your prosecution and investigations teams <u>never</u> should have possessed such privileged information in the first place because it taints the case, which is why standard protocol calls for the use of a taint or filter team when you decided to conduct your investigation by executing search warrants rather than by subpoena.  You failed to follow standard protocol by failing to use a taint team here, and admitted so months ago.  It is now clear that you have done <u>nothing</u> to correct your initial mistake which we brought to your attention in January.  Your team possessed, reviewed, and has now produced not only Governor Snyder's privileged information, but also the privileged information belonging to other defendants.  When the remaining 19 million electronic documents are produced, we expect it will contain more privileged materials belonging to Governor Snyder and, <u>presumably all the other defendants</u>.

As you know, my client has never waived his privileges, and I am aware of no court order permitting you to violate my client's (or others') privileges, review privileged material, and then produce it to all the defendants.

We write today to demand that you <u>immediately</u> claw back all potentially privileged discovery from the defendants, and assemble an independent team of attorneys and investigators to review and segregate the privileged materials from that which your team can properly review, produce, and use.  We also ask that all further production of electronic discovery (excluding police reports, reports of interviews, and Grand Jury materials), be halted until this independent review has been completed.

Finally, because your team has reviewed, and likely used, this privileged information, in violation of my client's due process rights and the Michigan Rules of Professional Conduct, your prosecution and investigation teams are disqualified from representing the People in these matters.  Please confirm that you have removed and walled-off from the prosecution and investigation of this matter any team members who have reviewed these privileged materials.  Please let us know your response <mark>no later than Thursday, April 15, 2021</mark>, whether you will agree to these remedial measures.  If not, we will be filing a motion to disqualify your team and seek a protective order.

I will be in Detroit tomorrow and Thursday and will make myself available if you care to further discuss.

Brian Lennon

**Brian P. Lennon | Partner**
**Warner Norcross + Judd LLP**
1500 Warner Building, 150 Ottawa Ave N.W., Grand Rapids, MI 49503
d 616.752.2089 | blennon@wnj.com | profile | V-Card

This email and any attachments are solely for the confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or act in reliance on it or any attachments. If you received this email by mistake, please notify us immediately by email, and promptly delete this email and any attachments.

The attorney-client and work product privileges are not waived by the transmission of this email.

# Exhibit 19

**To:**     Nessel, Dana (AG)█████████████████]
**From:**   Hammoud, Fadwa (AG)[/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=974E1BCE482243AFA9CC5B62AB1B3FDF-HAMMOUD FAD]
**Sent:**   Thur 4/15/2021 11:13:14 AM (UTC-04:00)
**Subject:**  FW: In re Flint Water Cases - Privileged Communications

**From:** Kuhl, Richard (AG) <KuhlR@michigan.gov>
**Sent:** Friday, April 2, 2021 3:47 PM
**To:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
**Cc:** Grossi, Christina (AG) <GrossiC@michigan.gov>; Manning, Peter (AG) <ManningP@michigan.gov>; Bettenhausen, Margaret (AG) <BettenhausenM@michigan.gov>; Gambill, Nathan (AG) <GambillN@michigan.gov>; Cavanagh, Charles (AG) <CavanaghC2@michigan.gov>; Jamison, Eric (AG) <JamisonE@michigan.gov>; VanDeventer, John (AG) <VandeventerJ@michigan.gov>
**Subject:** In re Flint Water Cases - Privileged Communications

Fadwa,

We have seen newspaper reports indicating that the criminal prosecutors in the Flint Water Crisis cases intend to produce over 21 million documents and we have been advised that the prosecutors are now starting to produce documents on a rolling basis to the criminal defendants' counsel. Based on the large number of documents mentioned in the news reports, we assume this includes the over 20 million documents produced under search warrants issued to the civil side of the Department of Attorney General and our discovery vendor KL Discovery.

Those documents, among other things, likely contain thousands of privileged communications between assistant attorneys general and their client agencies. Please note that by producing those documents to the prosecutors under search warrants, we did not waive any privilege associated with those documents, and in fact, we continue to maintain and assert all applicable privileges and protections.

If you have already produced documents seized from the civil side of the Department or its vendor, please advise us as to who has received those documents. Also, please inform any receiving party that privileged documents have likely been inadvertently produced and ask those parties to immediately return any privileged documents. In the meantime, we will be sending communications to any law firm that we determine has received productions containing documents seized from the civil side of the Department that we are not waiving any privilege associated with those documents and asking that they return any privileged communication found during their review of those documents.

Richard

Richard S. Kuhl
Assistant Attorney General
Environment, Natural Resources,
and Agriculture Division
6th Floor, G. Mennen Williams Building
525 West Ottawa Street
P.O. Box 30755
Lansing, MI 48909

PH: (517) 335-0696
FX: (517) 373-1610

kuhlr@michigan.gov

# Exhibit 20

| | |
|---|---|
| **From:** | Bettenhausen, Margaret (AG) [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=5273FEFABE3B48049608AEB3682104C0-BETTENHAUSEN MARGARET] |
| **Sent:** | 4/9/2021 5:32:17 PM |
| **To:** | Manning, Peter (AG) [ManningP@michigan.gov] |
| **CC:** | Kuhl, Richard (AG) [KuhlR@michigan.gov] |
| **Subject:** | FW: Flint water - document productions |

FYI

**Margaret Bettenhausen (she/her/hers)**
Assistant Attorney General
Michigan Department of Attorney General
Environment, Natural Resources,
and Agriculture Division
6th Floor, G. Mennen Williams Building
P.O. Box 30755
Lansing, MI 48909

P: (517) 335-7664
F: (517) 335-7636
BettenhausenM@michigan.gov



---

**From:** Bettenhausen, Margaret (AG)
**Sent:** Friday, April 9, 2021 5:32 PM
**To:** 'stramontin@psedlaw.com' <stramontin@psedlaw.com>; 'jlax@psedlaw.com' <jlax@psedlaw.com>; Randall S. Levine (rlevine@levine-levine.com) <rlevine@levine-levine.com>; 'bdolan@dickinsonwright.com' <bdolan@dickinsonwright.com>; 'swaxman@dickinsonwright.com' <swaxman@dickinsonwright.com>; Alex Rusek <alexrusek@whitelawpllc.com>; Todd Perkins <tperkins@perkinslawgroup.net>; 'wwswor@wwnet.net' <wwswor@wwnet.net>
**Cc:** Kuhl, Richard (AG) <KuhlR@michigan.gov>
**Subject:** Flint water - document productions
**Importance:** High

All,

It has recently come to our attention that your law firm has received documents that are from the materials seized via search warrant from the Michigan Department of Attorney General and our vendor, KL Discovery. Many of those documents are subject to the attorney client privilege or constitute attorney work product. To the extent that the prosecutors produced any of those privileged communications, we continue to assert any and all privileges associated with the documents. If you locate any actually or potentially privileged documents during your review of those materials, please treat those documents as confidential and destroy or return those documents (and any copies) to us at your earliest convenience.

If you know of any other law firms or individuals who are not copied on this email that received the same documents from the prosecutors, we would appreciate it if you could please identify them so that we may send a similar email to them regarding any privileged documents.

Regards,

**Margaret Bettenhausen (she/her/hers)**
Assistant Attorney General
Michigan Department of Attorney General
Environment, Natural Resources,
and Agriculture Division
6th Floor, G. Mennen Williams Building
P.O. Box 30755
Lansing, MI 48909

P: (517) 335-7664
F: (517) 335-7636
BettenhausenM@michigan.gov



# Exhibit 21



December 9, 2021

***Via Email: (hammoudF1@michigan.gov)***

Fadwa Hammoud, Solicitor General
Office of the Michigan Attorney General
525 West Ottawa Street
Lansing, Michigan 48933

     Re:   *People v. Snyder*, Case No. 21-00046-SM

Dear Solicitor General Hammoud:

Since your office brought criminal charges against Governor Snyder nearly one year ago, two different courts have entered orders that directly impact his criminal case, both of which you are surely aware of. The orders pertain to your office's production of millions of documents to Governor Snyder and the other defendants charged in connection with the Flint water crisis—documents that indisputably contain scores of privileged and protected information.

First, on June 17, 2021, the Honorable Thomas J. Tucker of the United States Bankruptcy Court of the Eastern District of Michigan issued an order regarding the contempt motion we filed in connection with the City of Detroit bankruptcy case. The purpose of that motion was to bring to Judge Tucker's attention the egregious violations of his orders mandating confidentiality of documents and communications related to the Detroit bankruptcy mediations—proceedings that Governor Snyder directly participated in. Although the motion, including our request for limited discovery and sanctions, remains pending, Judge Tucker ordered the following "[e]ffective immediately:"

> Effective immediately, and unless and until this Court orders otherwise in a future order, the Michigan Department of Attorney General is prohibited from disclosing to any person or entity any information or documents that are covered by the confidentiality provisions of this Court's previous mediation orders. . . . This prohibition in this paragraph 6 of this Order applies to the entire Michigan Department of Attorney General, and all of its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of the foregoing described persons, including, without limitation, all members of the Flint Criminal Team and all members of the Flint Civil Team.

In short, Judge Tucker has reiterated that your office must not produce any information or documents covered by his mediation orders. Practically speaking, this means you can no longer produce millions of documents to Governor Snyder and the other defendants without first employing some type of screening protocol.

**Brian P. Lennon | Partner**
D 616.752.2089
E blennon@wnj.com
1500 The Warner Building
150 Ottawa Avenue NW, Floor 15R
Grand Rapids, MI 49503

Second, on November 19, 2021, the Honorable Elizabeth A. Kelly of the 7th Judicial Circuit Court issued an order granting in part Nicolas Lyon's motion for protective order. Mr. Lyon's motion was joined by the six other defendants criminally charged in that court.[1] In his motion, Mr. Lyon alleged your office produced scores of attorney-client privileged material to him and the other defendants, including Governor Snyder. On review, Judge Kelly found "good cause" for entry of a protective order, thereby barring your office "from reviewing and/or producing any seized documents until [you] can establish a taint/filter team to review the discovery." Until you do so, Judge Kelly suspended discovery.[2]

Thus, your office has no choice but to implement a taint or filter team to screen the millions of documents you intend to produce to the Flint criminal defendants—documents that unquestionably contain our client's communications protected by the attorney-client privilege, executive privilege, the bankruptcy court's confidential mediation orders, and/or constitute protected attorney-work product. From our standpoint, Governor Snyder has a unique interest in the eventual creation of a taint or filter team by your office, and as such, we respectfully request a conference with you and the other Flint criminal defendants to discuss the implications of Judge Kelly's order. For example, how do you plan to create a taint team? Who will be involved? How will you ensure true independence? What type of review protocols will the independent taint team use? When will the leader of this taint team be identified and when can we engage with that person regarding protocols and challenges to privilege calls? Indeed, moving forward in a collaborative fashion will almost certainly avoid continued litigation on this issue, which to this point has cost substantial money, time, and delays.

Please respond by close of business on Friday, December 17, 2021, by answering whether you are willing to work with us and the other defendants to comply with Judge Tucker and Judge Kelly's orders. Otherwise we will seek to intervene in *People v. Lyon* for the limited purpose of ensuring that the implementation of Judge Kelly's order protects all of Governor Snyder's interests, to include those identified in Judge Tucker's order and his assertion of executive privilege.

Very truly yours,

Brian P. Lennon

BPL/alr

---

[1] Governor Snyder's criminal charges (and those of Howard Croft) are pending in the 67th District Court, not the 7th Judicial Circuit Court, because both Governor Snyder and Mr. Croft have been charged with misdemeanor counts alleging willful neglect of duty—crimes of nonfeasance—in connection with the Flint water matter, whereas the other seven defendants are facing felony charges in circuit court.

[2] Similarly, we filed a motion in the 67th District Court before the Honorable William H. Crawford, also requesting a protective order and evidentiary hearing. Like Mr. Lyon, our review of the documents revealed a disturbing amount of communications between Governor Snyder and his lawyers, and other defendants with their lawyers, all of which is protected by the attorney-client privilege, executive privilege, and/or work-product doctrine. And even though Judge Crawford has decided to hold our motion in abeyance (because the case is stayed pending our appeal to Circuit Judge F. Kay Behm), further review and a ruling from Judge Crawford is inevitable if the venue issue is ultimately resolved in your favor.

_____

CC:   Hon. Kym Worthy, Wayne County Prosecutor (kworthy@waynecounty.com)
      Charles Ash, Partner, WNJ (cash@wnj.com)
      Judith S. Gracey, Co-counsel (judith@thegraceylawfirm.com)

# Exhibit 22



CADILLAC PLACE
3030 WEST GRAND BOULEVARD
DETROIT, MICHIGAN 48202

**DANA NESSEL**
ATTORNEY GENERAL

June 1, 2022

Randall Levine (Def. Baird)
rlevine@levine-levine.com

Seth Waxman (Def. Agen)
swaxman@dickinsonwright.com

Chip Chamberlain (Def. Lyon)
cec@willeychamberlain.com

Steven Tramontin (Def. Wells)
stramontin@psedlaw.com

Harold Gurewitz (Def. Peeler)
hgurewitz@grplc.com

William Swor (Def. Ambrose)
wwswor@wwnet.net

Todd Perkins (Def. Earley)
tperkins@perkinslawgroup.net

        Re:    Taint/Filter Team Search Terms

Dear Attorneys:

        Please accept this letter as the People's initial proposal for establishing a taint/filter team. We anticipate that we will not agree on all of the provisions of the protocol and it will be necessary for the Court to ultimately adjudicate those disagreements. Nonetheless, pursuant to the Orders of the Court, dated November 19, 2021, and January 7, 2022, the People state the following:

        1.  Jarrod Agen, Gerald Ambrose, Richard Baird, Darnell Earley, Nicolas Lyon, Nancy Peeler, and Eden Wells (collectively the "Defendants") were arraigned on their respective criminal charges on January 14, 2021.

2.  The People and counsel for the Defendants agreed to a discovery procedure, outlined in a letter dated February 12, 2021, attached hereto as Appendix A.  This procedure was to govern the distribution of approximately 20 million documents in the custody of the People's eDiscovery vendor, N1 Discovery (the "Vendor").

3.  On February 25, 2021, pursuant to the agreed-upon procedure, the People began distributing discovery.  Over the next several months the People tendered approximately 4 million documents to the Defendants.

4.  On August 17, 2021, Judge Elizabeth Kelly ordered that the People stop all discovery, review, and production.  Approximately 16 million documents (the "Remaining Documents") of the initial discovery material referenced in the February 12 letter remain to be tendered.

5.  In an order dated November 19, 2021, Judge Kelly ordered the creation of a "taint/filter team" to review discovery before it can be tendered to the Defendants.

6.  In a subsequent order dated January 7, 2022, Judge Kelly clarified that the November 19 Order would only be applied prospectively (i.e., the Remaining Documents) and not to "previously disclosed discovery".

7.  Now, pursuant to those orders, the People submit this taint team protocol for the Remaining Documents.

8.  The People, by and through Vendor, will conduct searches on Remaining Documents to identify data containing potentially privileged communications, including data containing references to terms associated with potential privilege. As used in this proposal, "privilege" refers to documents protected by the attorney client privilege between the Defendants and their personal criminal defense attorneys, and those documents subject to ongoing litigation in the Eastern District of Michigan Bankruptcy Court. A combination of field and text searching will utilize the criteria attached hereto as Appendix B.

9.  Vendor will apply search criteria to the Remaining Documents and segregate potentially privileged documents for taint team review.

10.  An independent taint team established or contracted by the People will then review the potentially privileged documents and determine what, if any, of the documents are privileged.

11.  Documents deemed not privileged will be made available to the People and produced to the Defendants in the format originally discussed (i.e., load files).

12.  Documents deemed to be privileged will be withheld from the parties and documented on a privilege log. The privilege log will be tendered to the parties at the conclusion of the taint team review.

13.  Documents deemed to be partially privileged will be redacted accordingly and documented on the privilege log. The privilege log will be tendered to the parties at the conclusion of the taint team review. The portions of documents deemed not privileged will be made available to the People and produced to the Defendants in the format originally discussed (i.e., load files).

14.  The People note that, of the approximately 16 million Remaining Documents, there are approximately 1 million documents for which text cannot be extracted (the "Unsearchable Documents"). All of the Unsearchable Documents, as well as any Remaining Documents that match the search criteria, will be provided to the taint team for review.

15.  The People also note that the parties may have to address the viability or necessity of this protocol for any material to be tendered after this process has been performed on the Remaining Documents.

Sincerely,

*Bryant Osikowicz*

Bryant Osikowicz (P72377)
Christopher Kessel (P71960)
Assistant Attorneys General
Solicitor General Division

*Ortal Lieberman*

Ortal Lieberman
Data Analyst
Solicitor General Division

Enc.    Appendix A _ 2021_02_12 LTR Discovery Logistics
        Appendix B _ Search Criteria
SG Flint Water/2022_06_01 LTR Taint Filter Team Search Terms



CADILLAC PLACE
3030 WEST GRAND BOULEVARD
DETROIT, MICHIGAN 48202

**DANA NESSEL**
ATTORNEY GENERAL

February 12, 2021

Brian Lennon (Def. Snyder)
blennon@wnj.com

Randall Levine (Def. Baird)
rlevine@levine-levine.com

Seth Waxman (Def. Agen)
swaxman@dickinsonwright.com

Chip Chamberlain (Def. Lyon)
cec@willeychamberlain.com

Steven Tramontin (Def. Wells)
stramontin@psedlaw.com

Harold Gurewitz (Def. Peeler)
hgurewitz@grplc.com

William Swor (Def. Ambrose)
wwswor@wwnet.net

Todd Perkins (Def. Earley)
tperkins@perkinslawgroup.com

Alexander Rusek (Def. Croft)
alexrusek@whitelawpllc.com

    Re:    Discovery Logistics

Dear Attorneys:

      We have had discussions with many of you regarding discovery. Particularly, we discussed options in regard to the voluminous electronic discovery we have compiled during our investigation. Concurrently, we were having discussions with our eDiscovery vendor, N1Discovery, about options for the production of this material. One option we discussed with N1Discovery, and some of you, was the

creation of a duplicate workspace hosted by N1Discovery on Relativity containing the documents for all defendants to access. This option was explored to assist defense firms in their receival and review of discovery. However, after extended discussions with N1Discovery, they informed us this is no longer an option. So, the defendants still may share the cost of hosting discovery, but that will have to be negotiated amongst yourselves with a different discovery vendor. If that is the route you would like to take, please feel free to begin the process of reaching a shared discovery agreement and reaching out to vendors.

Therefore, as our remaining option we are preparing to provide rolling discovery productions of load files. Each load file production volume will consist of a DAT file, OPT file, Images (if available), Natives (if available), and Text (if available). Due to the volume of data, we will not be conducting any additional imaging of the documents. Instead, defendants will receive what we received. If an agency provided both natives and images in their production to our team, we will produce them both to you. While it is possible to review the documents on your computer without a document repository such as Relativity, due to the volume, we highly recommend that your team utilize a vendor to provide document hosting and review services, whether it be shared with the other defendants or not. We will be providing these load files either on external storage media or via secure file transfer(s) depending on the size of each production.

The load file productions will include discovery from a variety of sources, including the data we received from the State. However, they will not include certain investigative and/or Grand Jury materials. The data we are preparing to produce in these load files includes:

- Old "OSC" material: over 570,000 documents
- New "Internal Review" material: over 18 million documents (this may increase in the event that additional data is received/loaded. Also, this does not include the over 2 million documents which are comprised of data in other formats, i.e. mobile data and multimedia data)

These load files will be provided in a "rolling production" due to their volume and will take some time to prepare. The SOM and N1Discovery aim to produce discovery in an orderly manner and are willing to have discussions as to how to best prioritize productions for your review. We are currently preparing productions that include all 9 defendants' custodianships and aim to have the associated data ready within approximately two weeks. As described above , the remaining material will

be provided on a rolling basis after these initial productions.  We will keep you informed as data is produced.

Each load file will have a volume prefix of "AG_SG_PROD" and an associated bates range.  Where applicable, previous bates endorsements (from the providing party) will also be visible on the production images (this information will also be designated in the "Producing Party Bates […]" metadata fields listed below).  Load files will include the standard metadata fields below.

| |
|---|
| AG_SG Bates Beg |
| AG_SG Bates Beg Attach |
| AG_SG Bates End |
| AG_SG Bates End Attach |
| Producing Party Bates Beg |
| Producing Party Bates Beg Attach |
| Producing Party Bates End |
| Producing Party Bates End Attach |
| Custodian |
| Duplicate Custodian |
| Alt Custodian |
| Email From |
| Email To |
| Email CC |
| Email BCC |
| Email Subject |
| Email Date Sent |
| Email Time Sent |
| Email Date Received |
| Email Time Received |
| Email Conversation Index |
| Email Importance |
| Email Sensitivity |
| Email Message ID |
| Cal End Date |
| Cal End Time |
| Cal Location |
| Cal Start Date |
| Cal Start Time |

| Cal Subject |
|---|
| File Author |
| File Date Created |
| File Time Created |
| File Date Last Modified |
| File Time Last Modified |
| File Date Last Printed |
| File Time Last Printed |
| File Extension |
| File Name |
| File Size |
| File MD5 Hash |
| File Title |
| File Type |
| File Source Path |
| Page Count |
| Time Zone Field |
| Text Path |
| Native Path |

If you have any questions about these productions, please feel free to reach out to our team.

Please be aware that this only applies to the electronic discovery as described above. We are concurrently preparing to provide you with the other discovery which includes material such as investigator reports, cell phone extractions, interview audio, and other evidence that has been collected during the investigation. We will provide further information about production of these materials at a later date.

In order to begin producing discovery, please fill out and return the enclosed Discovery Production Contact Form. This will provide us with the necessary information to send the productions (both electronic and physical storage media). Please also find enclosed custodian lists for the "OSC" workspace and the "Internal

Review" workspace; the production load files will include data from these custodians.

Sincerely,

*Bryant Osikowicz*

Bryant Osikowicz (P72377)
Assistant Attorney General
Criminal Division

*Ortal Lieberman*

Ortal Lieberman
Data Analyst
Solicitor General Division

< 2021_02_12 Discovery Production Contact Form>
< 2021_02_12 FWC - Old OSC Workspace - Custodian List>
< 2021_02_12 FWC- Internal Review Workspace - Custodian List>
SG Flint/2021_02_12 LTR Discovery Logistics

| Associated Defendant | Search Criteria | Notes/Description | Search Parameters |
|---|---|---|---|
| _ALL | acp | Attorney Client Privilege | Search full text |
| _ALL | "attorney-client" | Attorney Client Privilege | Search full text |
| _ALL | "attorney client" | Attorney Client Privilege | Search full text |
| _ALL | acwp | Attorney Client Work Product | Search full text |
| _ALL | awp | Attorney Work Product | Search full text |
| _ALL | "work-product" | Attorney Work Product | Search full text |
| _ALL | "work product" | Attorney Work Product | Search full text |
| _ALL | mied.uscourts.gov | Federal Court domain | Search to/from/cc/bcc fields and full text |
| _ALL | mieb.uscourts.gov | Federal Court domain | Search to/from/cc/bcc fields and full text |
| _ALL | privileg* | | Search full text |
| _ALL | mediat* | | Search full text |
| _ALL | counsel | | Search full text |
| _ALL | bankruptcy | | Search full text |
| _ALL | atty* | | Search full text |
| _ALL | attorney* | | Search full text |
| _ALL | "protective order" | | Search full text |
| _ALL | "legal advice" | | Search full text |
| Agen | Ariana w/3 Pellegrino | Ariana Pellegrino (DW) | Search to/from/cc/bcc fields and full text |
| Agen | (Dickinson OR Dickenson) w/3 Wright | Dickinson Wright | Search full text |
| Agen | (202) 457-0160 OR (202)457-0160 OR 202-457-0160 OR +12024570160 OR 12024570160 OR 2024570160 | Dickinson Wright | Search full text |
| Agen | (202) 433-7200 OR (202)433-7200 OR 202-433-7200 OR +12024337200 OR 12024337200 OR 2024337200 | Dickinson Wright | Search full text |
| Agen | "dickinson-wright.com" | Dickinson Wright | Search to/from/cc/bcc fields and full text |
| Agen | "dickinsonwright.com" | Dickinson Wright | Search to/from/cc/bcc fields and full text |
| Agen | Ben* w/3 Dolan | J. Benjamin Dolan (DW) | Search to/from/cc/bcc fields and full text |
| Agen | Jill w/3 Merlo | Jill Merlo (DW) | Search to/from/cc/bcc fields and full text |
| Agen | (313) 223-3691 OR (313)223-3691 OR 313-223-3691 OR 3132233691 OR +13132233691 OR 13132233691 | Jill Merlo (DW) | Search full text |
| Agen | Scott w/3 McGriff | Scott MacGriff (DW) | Search to/from/cc/bcc fields and full text |
| Agen | Scott w/3 MacGriff | Scott MacGriff (DW) | Search to/from/cc/bcc fields and full text |
| Agen | (313) 505-3283 OR (313)505-3283 OR 313-505-3283 OR 3135053283 OR +13135053283 OR 13135053283 | Scott MacGriff (DW) | Search full text |
| Agen | Seth w/3 Waxman | Seth Waxman (DW) | Search to/from/cc/bcc fields and full text |
| Agen | (202) 680-0025 OR (202)680-0025 OR 202-680-0025 OR +12026800025 OR 12026800025 OR 2026800025 | Seth Waxman (DW) | Search full text |
| Ambrose | ratajmi@aol.com | Michael Rataj (Swor) | Search to/from/cc/bcc fields and full text |
| Ambrose | Mike w/3 Rataj | Michael Rataj (Swor) | Search to/from/cc/bcc fields and full text |
| Ambrose | Michael w/3 Rataj | Michael Rataj (Swor) | Search to/from/cc/bcc fields and full text |
| Ambrose | (313) 963-4529 OR (313)963-4529 OR 313-963-4529 OR 3139634529 OR +13139634529 OR 13139634529 | Michael Rataj (Swor) | Search full text |
| Ambrose | Michelle.sworlaw@gmail.com | Michelle Rachmaninow (Swor) | Search to/from/cc/bcc fields and full text |
| Ambrose | Michelle w/3 Rachmaninow | Michelle Rachmaninow (Swor) | Search to/from/cc/bcc fields and full text |
| Ambrose | wwswor@wwnet.net | William Swor (Swor) | Search to/from/cc/bcc fields and full text |
| Ambrose | Will* w/3 Swor | William Swor (Swor) | Search to/from/cc/bcc fields and full text |
| Ambrose | Bill w/3 Swor | William Swor (Swor) | Search to/from/cc/bcc fields and full text |
| Ambrose | (313) 967-0200 OR (313)967-0200 OR 313-967-0200 OR +13139670200 OR 13139670200 OR 3139670200 | William Swor (Swor) | Search full text |
| Baird | Stac* w/3 Markou | Anastase Markou (Levine) | Search to/from/cc/bcc fields and full text |
| Baird | Ana* w/3 Markou | Anastase Markou (Levine) | Search to/from/cc/bcc fields and full text |
| Baird | levine-levine.com | Levine & Levine | Search to/from/cc/bcc fields and full text |
| Baird | Levine w/3 Levine | Levine & Levine | Search full text |
| Baird | Peg* w/3 Knotts | Peggy S. Knotts (Levine) | Search to/from/cc/bcc fields and full text |
| Baird | Rand* w/3 Levine | Randall Levine (Levine) | Search to/from/cc/bcc fields and full text |
| Baird | (269) 382-0444 OR (269)382-0444 OR 269-382-0444 OR 2693820444 OR +12693820444 OR 12693820444 | Randall Levine (Levine) | Search full text |
| Baird | Sar* w/3 Montague | Sarissa K. Montague (Levine) | Search to/from/cc/bcc fields and full text |
| Croft | Alex* w/3 Rusek | Alex Rusek (White Law) | Search to/from/cc/bcc fields and full text |
| Croft | (517) 316-1195 OR (517)316-1195 OR 517-316-1195 OR 15173161195 OR +15173161195 OR 5173161195 | Alex Rusek (White Law) | Search full text |
| Croft | Dan* w/3 Sturdevant | Daniel Sturdevant (White Law) | Search to/from/cc/bcc fields and full text |

| | | | |
|---|---|---|---|
| Croft | James w/3 White | H. James White (White Law) | Search to/from/cc/bcc fields and full text |
| Croft | whitelawpllc.com | White Law | Search to/from/cc/bcc fields and full text |
| Croft | White w/3 Law | White Law | Search full text |
| Earley | geraldevelyn@yahoo.com | Gerald Evelyn | Search to/from/cc/bcc fields and full text |
| Earley | Ger* w/3 Evelyn | Gerald Evelyn | Search to/from/cc/bcc fields and full text |
| Earley | mateoja@aol.com | Juan Mateo | Search to/from/cc/bcc fields and full text |
| Earley | Law Offices Of Juan A. Mateo | Juan Mateo | Search full text |
| Earley | Juan w/3 Mateo | Juan Mateo | Search to/from/cc/bcc fields and full text |
| Earley | 313-962-3500 OR 3139623500 OR (313) 962-3500 OR (313)962-3500 OR 13139623500 OR +13139623500 | Juan Mateo | Search full text |
| Earley | laurenmene@gmail.com | Lauren Castillo | Search to/from/cc/bcc fields and full text |
| Earley | Lauren w/3 Castillo | Lauren Castillo | Search to/from/cc/bcc fields and full text |
| Earley | tsantinomateo@gmail.com | Santino Mateo | Search to/from/cc/bcc fields and full text |
| Earley | Tino w/3 Mateo | Santino Mateo | Search to/from/cc/bcc fields and full text |
| Earley | Santino w/3 Mateo | Santino Mateo | Search to/from/cc/bcc fields and full text |
| Earley | Todd w/3 Perkins | Todd Perkins | Search to/from/cc/bcc fields and full text |
| Earley | perkinslawgroup.net | Todd Perkins | Search to/from/cc/bcc fields and full text |
| Earley | (313) 964-1702 OR (313)964-1702 OR 313-964-1702 OR 3139641702 OR +13139641702 OR 13139641702 | Todd Perkins | Search full text |
| Earley | (313) 930-2530 OR (313)930-2530 OR 313-930-2530 OR 3139302530 OR +13139302530 OR 13139302530 | Todd Perkins | Search full text |
| Lyon | Britt w/3 Cobb | Britt Cobb (WC) | Search to/from/cc/bcc fields and full text |
| Lyon | (303) 929-3253 OR (303)929-3253 OR 303-929-3253 OR 3039293253 OR +13039293253 OR 13039293253 | Britt Cobb (WC) | Search full text |
| Lyon | burschlaw.com | Bursch Law | Search to/from/cc/bcc fields and full text |
| Lyon | Bursch w/3 Law | Bursch Law | Search full text |
| Lyon | Chip w/3 Chamberlain | Chip Chamberlain (WC) | Search to/from/cc/bcc fields and full text |
| Lyon | Charles w/3 Chamberlain | Chip Chamberlain (WC) | Search to/from/cc/bcc fields and full text |
| Lyon | (616) 458-2212 OR (616)458-2212 OR 616-458-2212 OR 6164582212 OR 16164582212 OR +16164582212 | Chip Chamberlain (WC) | Search to/from/cc/bcc fields and full text |
| Lyon | (616) 340-0330 OR (616)340-0330 OR 616-340-0330 OR 6163400330 OR 16163400330 OR +16163400330 | Chip Chamberlain (WC) | Search full text |
| Lyon | John w/3 Bursch | John Bursch (Bursch Law) | Search to/from/cc/bcc fields and full text |
| Lyon | (616) 450-4235 OR (616)450-4235 OR 616-450-4235 OR 6164504235 OR +16164504235 OR 16164504235 | John Bursch (Bursch Law) | Search full text |
| Lyon | Larry w/3 Willey | Larry Willey (WC) | Search to/from/cc/bcc fields and full text |
| Lyon | (616) 458-2212 OR (616)458-2212 OR 616-458-2212 OR 6164582212 OR +16164582212 OR 16164582212 | Larry Willey (WC) | Search full text |
| Lyon | Tracy w/3 Evans | Tracey Evans (WC) | Search to/from/cc/bcc fields and full text |
| Lyon | willeychamberlain.com | Willey & Chamberlain | Search to/from/cc/bcc fields and full text |
| Lyon | Willey w/3 Chamberlain | Willey & Chamberlain | Search full text |
| Peeler | Gurewitz w/3 Raben | Gurewitz & Raben | Search full text |
| Peeler | grplc.com | Gurewitz & Raben | Search to/from/cc/bcc fields and full text |
| Peeler | Har* w/3 Gurewitz | Harold Gurewitz (GR) | Search to/from/cc/bcc fields and full text |
| Peeler | (313) 628-4733 OR (313)628-4733 OR 313-628-4733 OR 3136284733 OR +13136284733 OR 13136284733 | Harold Gurewitz (GR) | Search full text |
| Peeler | Kath* w/3 Deja | Kathy Deja (GR) | Search to/from/cc/bcc fields and full text |
| Peeler | (313) 628-4718 OR (313)628-4718 OR 313-628-4718 OR 3136284718 OR +13136284718 OR 13136284718 | Kathy Deja (GR) | Search full text |
| Snyder | adam w/3 cefai | Adam Cefai (WNJ) | Search to/from/cc/bcc fields and full text |
| Snyder | 269-276-8115 OR (269) 276-8115 OR (269)276-8115 OR +12692768115 OR 12692768115 OR 2692768115 | Adam Cefai (WNJ) | Search full text |
| Snyder | brian w/3 lennon | Brian Lennon (WNJ) | Search to/from/cc/bcc fields and full text |
| Snyder | charl* w/3 ash | Charles Ash (WNJ) | Search to/from/cc/bcc fields and full text |
| Snyder | conor w/3 dugan | Conor Dugan (WNJ) | Search to/from/cc/bcc fields and full text |
| Snyder | gaetan w/3 gerville-reache | Gaetan Gerville-Reache (WNJ) | Search to/from/cc/bcc fields and full text |
| Snyder | gracey w/3 law | Gracey Law | Search full text |
| Snyder | (248) 221-7726 OR (248)221-7726 OR 248-221-7726 OR 2482217726 OR +12482217726 OR 12482217726 | Gracey Law | Search full text |
| Snyder | "thegraceylawfirm.com" | Gracey Law | Search to/from/cc/bcc fields and full text |
| Snyder | jud* w/3 gracey | Judith Gracey (Gracey Law) | Search to/from/cc/bcc fields and full text |
| Snyder | mad* w/3 lane | Madelaine Lane (WNJ) | Search to/from/cc/bcc fields and full text |
| Snyder | 616-752-2468 OR (616) 752-2468 OR (616)752-2468 OR +16167522468 OR 16167522468 OR 6167522468 | Madelaine Lane (WNJ) | Search full text |
| Snyder | scott w/3 carvo | Scott Carvo (WNJ) | Search to/from/cc/bcc fields and full text |
| Snyder | 616-752-2759 OR (616) 752-2759 OR (616)752-2759 OR 6167522759 OR +16167522759 OR 16167522759 | Scott Carvo (WNJ) | Search full text |

| Snyder | wnj | WNJ | Search full text |
|---|---|---|---|
| Snyder | (616) 752-2000 OR 616-752-2000 OR (616)752-2000 OR 6167522000 OR +16167522000 OR 16167522000 | WNJ | Search full text |
| Snyder | "wnj.com" | WNJ | Search to/from/cc/bcc fields and full text |
| Snyder | "warner w/3 norcross" | WNJ | Search full text |
| Wells | Jer* w/3 Lax | Jerold Lax (PSED) | Search to/from/cc/bcc fields and full text |
| Wells | (734) 665-4441 OR (734)665-4441 OR 734-665-4441 OR 7346654441 OR +17346654441 OR 17346654441 | Jerold Lax (PSED) | Search full text |
| Wells | Marg* w/3 Michael | Margaret Michael (PSED) | Search to/from/cc/bcc fields and full text |
| Wells | psedlaw.com | Pear Sperling | Search to/from/cc/bcc fields and full text |
| Wells | Pear w/3 Sperling | Pear Sperling | Search full text |
| Wells | Pear Sperling Eggan & Daniels | Pear Sperling | Search full text |
| Wells | Stev* w/3 Tramontin | Steven Tramontin (PSED) | Search to/from/cc/bcc fields and full text |

# Exhibit 23



Bridgewater Place | Post Office Box 352
Grand Rapids, Michigan 49501-0352
Telephone 616 / 336-6000 | Fax 616 / 336-7000 | www.varnumlaw.com

Ronald G. DeWaard

Direct 616 / 336-6480
rgdewaard@varnumlaw.com

July 22, 2022

Bryant Osikowicz
Michigan Dept. of Attorney General
3030 W. Grand Blvd., Suite 10-200
Detroit, MI  48202
OsikowiczB@michigan.gov

**Re:     Response to Taint/Filter Team Protocol**

Dear Bryant:

We are in receipt of the People's initial proposal for establishing a taint/filter team protocol dated June 1, 2022 regarding the potential treatment of the documents seized in the May 2019 search warrants (the "seized documents").  As you presupposed in your letter, that proposal is woefully inadequate to comply with Judge Kelly's November 19, 2021 and January 7, 2022 Orders requiring the establishment of a taint team.  It is disappointing that seven months after being ordered to do so, the People provided a proposal that fails to address even basic taint team protocols and concerns, reflecting either a lack of real work on the project and/or the lack of a good faith effort to comply with the Court's Orders.  While we assume that there will be extensive discussions in the coming weeks regarding the specifics of the protocol and potential search terms, we believe that it is more useful at the outset for the parties to first address the significant overarching deficiencies in the People's proposal, and then proceed to addressing specific procedures and search terms.  The most critical of these deficiencies identified below.

### 1. Lack of Transparency Into the Sources and Categories of Documents To Be Reviewed.

At a basic level, Director Lyon and the other Defendants cannot agree to a taint team protocol without understanding the sources and nature of the documents to be reviewed, including a breakdown of the filetypes and which documents lack metadata or are purportedly "unsearchable," and the extent of the review conducted to date.  Throughout the process of litigating the taint team issue, the People have provided vague and conflicting statements regarding the sources and nature of the seized documents; even in the proposed protocol, the People state that only there are 1 million documents from which text cannot be extracted, without identifying the source of the documents or whether they are scans of handwritten notes, PDFs of typed documents, or providing any other information about them.  Further, you noted for the first time in your appellate briefing that 500,000 documents were forwarded to the People for review after an initial review by the People's e-Discovery vendor, without identifying whether any of those

Ann Arbor | Birmingham | Detroit | Grand Haven | Grand Rapids | Kalamazoo | Naples, FL | Novi

documents are included in either the 4 million documents that have already been produced or in the document set that will be considered by the taint team. *See* People's App. for Leave to MSC at 5. The People's strategy of concealing information regarding the scope of the review and the remaining documents serves only to make the taint team process significantly less efficient and more expensive. For example, if Defendants are able to understand and evaluate the scope of the seized documents, the parties may be able to determine that there are categories of documents that are unlikely to contain privileged materials and can be excluded from the taint review entirely.[1]

### 2. Scope of the Privilege.

Second, the People's proposal suggests that the only documents that will be deemed privileged by the taint team are those that are "protected by the attorney client privilege between Defendants and their personal criminal defense attorneys, and those documents subject to ongoing litigation in the Eastern District of Michigan Bankruptcy Court." Protocol ¶ 8. This unreasonably narrow construction of privilege appears to be entirely self-serving. Further, this approach is misguided and inefficient, because given the People's proposal, there will be a dispute over the scope of the privilege. Thus, it only makes sense to apply a broad scope in culling and separating potentially privileged materials, as the People otherwise risk having to start the entire process over after a ruling in favor of Defendants on categories of privileged materials. Standard taint team practice (as well as common sense) dictates casting a wide net for potentially privileged materials and then resolving any disputes. The People's extremely truncated view of privilege is further legally untenable. As an example, the People's position does not appear to recognize any protection for documents identified as attorney work product. More importantly, it is entirely disconnected from the reality of this case and the nature of the seized documents, insofar as it ignores additional categories of clearly privileged materials identified by Director Lyon in his Motion for Protective Order. For example:

- **Privileged Communications and Attorney Work Product Including Defendants And Their Civil Counsel:** As you are aware, the document set contains thousands of communications between Defendants and the Civil AAGs representing the Defendants and the various state agencies in the civil cases related to Flint Water matters. Many of these communications and documents *relate directly to the facts at issue in this case.* In the proposed protocol, the People take the position, without citing any legal basis, that it is entitled to review privileged communications as long as it does not include one of Defendants' personal criminal attorneys. This is false. Communications between counsel for state agencies and employees of those agencies are privileged.[2] This position is supported by the fact that the Civil AAGs representing Defendants and the state agencies have always maintained that these communications are privileged; not

---

[1] This point is underscored by the fact that the People have claimed on multiple occasions that there is an unknown number of additional documents that have yet to processed, much less searched and reviewed. Depending on the source of these documents, they may not have to be included in the taint review at all.

[2] *See McCartney v Attorney General,*, 231 Mich App 722, 730 (1998) (holding that confidential communications from the governor's office to the Department of the Attorney General were privileged where they were made for the purpose of obtaining legal advice).

only were they withheld from production to OSC as privileged during the first prosecution, but your office was advised by AAG Kuhl in April 2021 that that the Civil AAGs continue to assert privilege over those materials.[3] Neither Defendants nor the state agencies have waived privilege over any of the seized documents, and they must be removed from the prosecution's possession.

- **Privileged Communications and Attorney Work Product Shared Between Defendants' and Agencies' Criminal and Civil Attorneys Subject to the Common Interest Privilege:** Your proposal further excludes any protection for privileged communications and attorney work product shared between Defendants, their civil and criminal attorneys, the state agencies, and their civil and criminal attorneys subject to the common interest agreement between the parties.[4] As you are aware, the Defendants and the state agencies shared a common interest with regard to Flint Water matters, and operated pursuant to their common interest in support of their joint defense to civil and criminal claims. Michigan courts recognize that the common interest privilege applies to both the attorney-client privilege and the attorney work product doctrine.[5] It cannot be overstated: the communications between the common interest parties *would not have been made but for the common interest agreement*, and these documents must be protected.

In short, the proposed protocol seems to be designed to allow the prosecution team to indiscriminately review privileged communications, including those involving Defendants and their civil and in-house attorneys, simply because those communications do not include a Defendant's personal criminal attorney who has appeared in this case. This is not a reasonable position and is not supported by the law. Director Lyon and the other Defendants will not agree to a protocol that does not address these privileged materials and does not allow Defendants to propose additional search terms to ensure these categories of documents will be reviewed by the taint team.

### 3. Composition of the Taint Team.

In addition, the proposal provides no information regarding the individuals who will comprise the taint team. *See* Protocol ¶ 10 (noting that "an independent taint team established or contracted by the People will then review the potentially privileged documents and determine what, if any, of the documents are privileged"). Director Lyon cannot agree to a protocol without knowing who will participate in the taint review; for instance, he would strongly object should the

---

[3] It must be further noted, as Director Lyon has repeatedly argued, that the prosecution teams' review of communications between the Civil AAGs and their clients is a violation of the Department's Conflict Wall related to Flint matters.

[4] This category includes privileged communications between Defendants and in-house counsel for the various state agencies.

[5] *Estate of Nash by Nash v City of Grand Haven*, 321 Mich App 587, 596; (2017) (applying the common interest doctrine to the attorney-client privilege); *D'Alessandro Contracting Grp, LLC v Wright*, 308 Mich App 71, 783-84; 862 NW2d 466 (2014) (applying the common interest doctrine to attorney work product).

taint team be comprised of other AAGs within the Department, particularly given this Department's history of violating the conflict wall already in place in this case.[6]

### 4. Lack of Procedure for Defendants to Object to Taint Team Privilege Determinations

The taint team proposal is further completely unworkable because it contains no mechanism by which Defendant can object to the privilege determinations made by the taint team before documents deemed non-privileged are provided to the prosecution team. The protocol contemplates that the taint team will complete the entire review, and then provide logs for documents deemed privilege and copies of documents deemed non-privileged to Defendants and the People simultaneously. This is not acceptable, and is in direct contrast established protocols for conducting taint reviews.[7] Any taint team protocol must provide a mechanism for Defendants to challenge privilege determinations *before* any purportedly non-privileged documents are provided to the prosecution team for review. Under the current protocol, any documents that were improperly coded as non-privileged, either intentionally or in error, would be provided to the prosecution for review, and Defendants would have no recourse. Director Lyon and the other Defendants cannot agree to any protocol that does not include some mechanism for objection to the taint team's determinations.

### 5. Development Of A Protocol For the Previously-Produced Documents.

---

[6] Courts have expressed skepticism in towards allowing prosecutors and agents, even those unconnected to an investigation, to rifle through privileged materials and to exercise their own judgment as to whether a document because it is privileged is akin to leaving "the government's fox in charge of guarding the [target's] henhouse." *In re Search Warrant Issued June 13, 2013*, 942 F3d 159, 179 (CA4 2019) (finding that the "appearance of unfairness" arising from use of filter team of prosecutors and federal agents was "especially apparent" where the prosecutors were employed by the same judicial district where clients of the searched law firm were being investigated by federal officials). *See also In re Grand Jury Subpoenas*, 454 F3d 511, 523 (CA 6, 2006) (noting that even "walled off" attorneys conducting taint team review "possess[] a conflicting interest in pursuing the investigation, and, human nature being what it is, occasionally some taint team attorneys will make mistakes and violate their ethical obligations").

[7] See *United States v Satary*, 504 F Supp 3d 544, 546 (ED La, 2020) (describing taint team process in which the taint team conducted an initial review and provided documents to defendants to allow them to make any necessary challenges to the taint team's privilege determinations prior to producing the documents to the prosecution; See *In re Search of 5444 Westheimer Rd Suite 1570, Houston, Texas, on May 4, 2006*, No. H-06-238, 2006 WL 1881370, at *2 (SD Tex, July 6, 2006) (taint team conducting initial review followed by review by defense counsel and opportunity to object prior to any documents turned over to prosecution team); *United States v Grant*, No. 04 CR 207BSJ, 2004 WL 1171258, at *2-3 (SDNY, May 25, 2004) (same). Other courts have preferred to allow the party asserting the privilege to conduct the initial review, and then allow a taint team to review the documents deemed privileged. See *In re Sealed Search Warrant & Application for a Warrant by Tel or Other Reliable Elec Means*, 11 F4th 1235, 1243, 1249 (CA 11, 2021) (party claiming privilege to conduct an initial privilege review and produce a privilege log, followed by an opportunity for an independent taint team to challenge specific documents identified on the log); *United States v Avenatti*, No. 19-CR-374-1 (JMF), 2021 WL 4120539, at *5 (SDNY, September 9, 2021) (party claiming privilege "was given an opportunity to review all communications before they were turned over to the prosecution team").

In addition to the issues outlined above, the proposed protocol highlights an additional issue with regard to the documents already produced by the People, which undisputedly contain privileged communications. The Court's Order on the People's Motion for Reconsideration noted that the taint team order applied "prospectively," and that previously-produced documents would be addressed separately. While the People have maintained all along that no privileged materials have ever been reviewed, the proposed protocol indicates that, as outlined in Section 2 above, the People's view on what is privileged excludes the vast majority of the privileged documents in this case. These facts suggest that the People may have already reviewed many of the privileged documents in this case under the misguided view that a document is only privileged if it includes a Defendant's personal criminal attorney.

Accordingly, the taint team protocol should include the 4 million documents already produced, to ensure that privileged materials contained within that data set are removed from the People's possession. To the extent the People will claim there is an additional "burden" of including these documents within the taint review (although Director Lyon disputes the extent of that burden), we would propose that Defendants conduct an initial privilege review of the 4 million documents, and provide privilege logs to the taint team so that it may evaluate Defendants' privilege determination. This will ensure that any additional "burden" of reviewing the 4 million documents will be born largely by Defendants, and should not add significant additional work for the taint team.

As we have repeatedly emphasized since the Court ordered the implementation of the taint team, Director Lyon and the other Defendants are ready and willing to engage with the People to establish a fair and efficient protocol for the taint review. Given these overarching deficiencies with the People's proposal, we believe it would be beneficial for the parties to meet to discuss these issues and potential solutions, before the parties begin the detailed process of determining search terms and specific taint team procedures.

Sincerely,

**VARNUM**

Ronald G. DeWaard

RGD/mke

Cc:  Defendants' Counsel of Record

19275835

# Exhibit 24

| Date: | Tuesday, March 16 2021 12:07 PM |
|---|---|
| Subject: | RE: Response to Flint/Runestad Q |
| From: | Rossman-McKinney, Kelly (AG) |
| To: | Grossi, Christina (AG) <GrossiC@michigan.gov >; McCann, Amber (AG) <McCannA@michigan.gov >; Nessel, Dana (AG) ████████████████; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >; |

Yup – they asked for it last night.

**From:** Grossi, Christina (AG) <GrossiC@michigan.gov >
**Sent:** Tuesday, March 16, 2021 12:04 PM
**To:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >; McCann, Amber (AG) <McCannA@michigan.gov >; Nessel, Dana (AG) ████████████████; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q

Has the FREEP asked or are we just sending this? ████████████████████████
████████████████████████████████████████████████████████████

**From:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >
**Sent:** Tuesday, March 16, 2021 10:19 AM
**To:** McCann, Amber (AG) <McCannA@michigan.gov >; Nessel, Dana (AG) ████████████████; Grossi, Christina (AG) < GrossiC@michigan.gov >; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q
**Importance:** High

I will send this to the Freep as soon as we get sign off on this from the AG. Thanks!

**From:** McCann, Amber (AG) <McCannA@michigan.gov >
**Sent:** Tuesday, March 16, 2021 10:03 AM
**To:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >; Nessel, Dana (AG) ████████████████ Grossi, Christina (AG) <GrossiC@michigan.gov >; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q

How about this?

"The process for establishing criminal wrongdoing is the same for everyone in our state, regardless of their position. In the case of Flint, the prosecution team established probable cause in order to obtain and review millions of documents before indictments were issued based on existing Michigan laws.

In the case of Sen. Runestad's request, simply suggesting or suspecting there was criminal wrongdoing isn't sufficient. Criminal investigations are initiated when there is cause to believe that crimes were committed. We would – and we will, if appropriate – initiate a criminal investigation when there is cause to believe crimes were committed."

Amber McCann
Special Projects Director
Michigan Department of Attorney General
Office of Public Information & Education
Ph. 517-281-6676 (cell)

**From:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >
**Sent:** Tuesday, March 16, 2021 9:54 AM

**To:** Nessel, Dana (AG) ████████████████████; McCann, Amber (AG) <McCannA@michigan.gov>; Grossi, Christina (AG) < GrossiC@michigan.gov >; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q

██████████████████████████████████████████████████

**From:** Nessel, Dana (AG) ████████████
**Sent:** Tuesday, March 16, 2021 9:49 AM
**To:** McCann, Amber (AG) <McCannA@michigan.gov>; Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >; Grossi, Christina (AG) <GrossiC@michigan.gov>; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** Re: Response to Flint/Runestad Q

██████████████████████████████████████████████████

**From:** McCann, Amber (AG) <McCannA@michigan.gov >
**Sent:** Tuesday, March 16, 2021 9:31:02 AM
**To:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >; Grossi, Christina (AG) <GrossiC@michigan.gov>;
Nessel, Dana (AG) <████████████████████; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q

The clean suggestion below:

██████████████████████████████████████████████████

Amber McCann
Special Projects Director
Michigan Department of Attorney General
Office of Public Information & Education
Ph. 517-281-6676 (cell)

**From:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >
**Sent:** Tuesday, March 16, 2021 9:30 AM
**To:** Grossi, Christina (AG) <GrossiC@michigan.gov >; Nessel, Dana (AG) ████████████████████; Hammoud, Fadwa (AG) < HammoudF1@michigan.gov >
**Cc:** McCann, Amber (AG) <McCannA@michigan.gov>
**Subject:** RE: Response to Flint/Runestad Q

██████████████████████████████████████████████████

**From:** Grossi, Christina (AG) <GrossiC@michigan.gov >
**Sent:** Tuesday, March 16, 2021 9:29 AM
**To:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >; Nessel, Dana (AG) ████████████████
Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Cc:** McCann, Amber (AG) <McCannA@michigan.gov >
**Subject:** Re: Response to Flint/Runestad Q

██████████████████████████████████████████████████

**From:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >
**Sent:** Tuesday, March 16, 2021 9:27:35 AM
**To:** Nessel, Dana (AG) <████████████████ Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >; Grossi, Christina (AG) <GrossiC@michigan.gov >
**Cc:** McCann, Amber (AG) <McCannA@michigan.gov >
**Subject:** FW: Response to Flint/Runestad Q

Amber & I worked on shortening the Flint/Runestad statement down to the response below – ████████

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████

Please review and advise as I need to get this to the Freep this morning.  Thanks!

---

**From:** McCann, Amber (AG) <McCannA@michigan.gov >
**Sent:** Tuesday, March 16, 2021 9:24 AM
**To:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q

I like that.  I think you can shorten the response even further to:

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████

Amber McCann
Special Projects Director
Michigan Department of Attorney General
Office of Public Information & Education
Ph. 517-281-6676 (cell)

---

**From:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >
**Sent:** Tuesday, March 16, 2021 9:12 AM
**To:** McCann, Amber (AG) <McCannA@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q

████████████████████████████████████

---

**From:** Rossman-McKinney, Kelly (AG)
**Sent:** Tuesday, March 16, 2021 9:11 AM
**To:** McCann, Amber (AG) <McCannA@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q

██████████████████████████████████████████████████
██████████████████████████████████████████████████

---

**From:** Rossman-McKinney, Kelly (AG)

**Sent:** Tuesday, March 16, 2021 9:08 AM
**To:** McCann, Amber (AG) <McCannA@michigan.gov>
**Subject:** RE: Response to Flint/Runestad Q
**Importance:** High

How about this – a shorter version?



---

**From:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
**Sent:** Tuesday, March 16, 2021 8:53 AM
**To:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>
**Subject:** RE: Response to Flint/Runestad Q

Christina's edits.



---

**From:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>
**Sent:** Tuesday, March 16, 2021 8:38 AM
**To:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>
**Subject:** Response to Flint/Runestad Q

I didn't get Christina's edits to Fadwa's recommended response.  Happy to discuss.  Thanks!

# Exhibit 25

Date: Tuesday, March 16 2021 12:05 PM

Subject: RE: Response to Flint/Runestad Q

From: Rossman-McKinney, Kelly (AG)

To: Nessel, Dana (AG) ██████████████ >; Grossi, Christina (AG) <GrossiC@michigan.gov >; McCann, Amber (AG) <McCannA@michigan.gov >; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >;

Whew!  Sending it out to the Free Press, which asked for this yesterday.

**From:** Nessel, Dana (AG) ██████████████
**Sent:** Tuesday, March 16, 2021 12:04 PM
**To:** Grossi, Christina (AG) <GrossiC@michigan.gov >; Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >; McCann, Amber (AG) <McCannA@michigan.gov >; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** Re: Response to Flint/Runestad Q

Loos good. 👍

**From:** Grossi, Christina (AG) <GrossiC@michigan.gov >
**Sent:** Tuesday, March 16, 2021 12:03:37 PM
**To:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >; McCann, Amber (AG) <McCannA@michigan.gov >; Nessel, Dana (AG) ██████████████ Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q

Has the FREEP asked or are we just sending this? ████████████████████
████████████████████████████████████ The AG just talked at length about it during her budget hearing.

**From:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >
**Sent:** Tuesday, March 16, 2021 10:19 AM
**To:** McCann, Amber (AG) <McCannA@michigan.gov >; Nessel, Dana (AG) ██████████████ Grossi, Christina (AG) < GrossiC@michigan.gov >; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q
**Importance:** High

I will send this to the Freep as soon as we get sign off on this from the AG. Thanks!

**From:** McCann, Amber (AG) <McCannA@michigan.gov >
**Sent:** Tuesday, March 16, 2021 10:03 AM
**To:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >; Nessel, Dana (AG) ██████████████ Grossi, Christina (AG) <GrossiC@michigan.gov >; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q

How about this?

"The process for establishing criminal wrongdoing is the same for everyone in our state, regardless of their position. In the case of Flint, the prosecution team established probable cause in order to obtain and review millions of documents before indictments were issued based on existing Michigan laws.

In the case of Sen. Runestad's request, simply suggesting or suspecting there was criminal wrongdoing isn't sufficient. Criminal investigations are initiated when there is cause to believe that crimes were committed. We would – and we will, if appropriate – initiate a criminal investigation when there is cause to believe crimes were committed."

Amber McCann
Special Projects Director
Michigan Department of Attorney General
Office of Public Information & Education
Ph. 517-281-6676 (cell)

---

**From:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >
**Sent:** Tuesday, March 16, 2021 9:54 AM
**To:** Nessel, Dana (AG) ███████████ McCann, Amber (AG) <McCannA@michigan.gov>; Grossi, Christina (AG) <
GrossiC@michigan.gov >; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q

██████████████████████████████████████████████

**From:** Nessel, Dana (AG)████████████
**Sent:** Tuesday, March 16, 2021 9:49 AM
**To:** McCann, Amber (AG) <McCannA@michigan.gov>; Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >;
Grossi, Christina (AG) <GrossiC@michigan.gov >; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** Re: Response to Flint/Runestad Q

██████████████████████████████████████████████

**From:** McCann, Amber (AG) <McCannA@michigan.gov >
**Sent:** Tuesday, March 16, 2021 9:31:02 AM
**To:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >; Grossi, Christina (AG) <GrossiC@michigan.gov >;
Nessel, Dana (AG) ████████████████; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q

The clean suggestion below:

██████████████████████████████████████████████

Amber McCann
Special Projects Director
Michigan Department of Attorney General
Office of Public Information & Education
Ph. 517-281-6676 (cell)

---

**From:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >
**Sent:** Tuesday, March 16, 2021 9:30 AM
**To:** Grossi, Christina (AG) <GrossiC@michigan.gov >; Nessel, Dana (AG) ████████████████; Hammoud, Fadwa (AG) <
HammoudF1@michigan.gov >
**Cc:** McCann, Amber (AG) <McCannA@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q

██████████████████████████████████████████████

**From:** Grossi, Christina (AG) <GrossiC@michigan.gov >

**Sent:** Tuesday, March 16, 2021 9:29 AM
**To:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >; Nessel, Dana (AG) <▬▬▬▬▬▬▬▬
Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Cc:** McCann, Amber (AG) <McCannA@michigan.gov >
**Subject:** Re: Response to Flint/Runestad Q

████████████████████████████████████████████████████████

---

**From:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >
**Sent:** Tuesday, March 16, 2021 9:27:35 AM
**To:** Nessel, Dana (AG) <▬▬▬▬▬▬▬▬▬▬▬▬ ; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >; Grossi, Christina
(AG) <GrossiC@michigan.gov >
**Cc:** McCann, Amber (AG) <McCannA@michigan.gov >
**Subject:** FW: Response to Flint/Runestad Q

Amber & I worked on shortening the Flint/Runestad statement down to the response below ████████████████████
████████████████████████████████████████████████████████

Please review and advise as I need to get this to the Freep this morning.  Thanks!

---

**From:** McCann, Amber (AG) <McCannA@michigan.gov >
**Sent:** Tuesday, March 16, 2021 9:24 AM
**To:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q

I like that.  I think you can shorten the response even further to:

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

Amber McCann
Special Projects Director
Michigan Department of Attorney General
Office of Public Information & Education
Ph. 517-281-6676 (cell)

---

**From:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov >
**Sent:** Tuesday, March 16, 2021 9:12 AM
**To:** McCann, Amber (AG) <McCannA@michigan.gov >
**Subject:** RE: Response to Flint/Runestad Q

AG, not  AGH.  (fast fingers, slow brain are my downfall!)

---

**From:** Rossman-McKinney, Kelly (AG)
**Sent:** Tuesday, March 16, 2021 9:11 AM

**To:** McCann, Amber (AG) <McCannA@michigan.gov>
**Subject:** RE: Response to Flint/Runestad Q



**From:** Rossman-McKinney, Kelly (AG)
**Sent:** Tuesday, March 16, 2021 9:08 AM
**To:** McCann, Amber (AG) <McCannA@michigan.gov>
**Subject:** RE: Response to Flint/Runestad Q
**Importance:** High

How about this – a shorter version?

**From:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
**Sent:** Tuesday, March 16, 2021 8:53 AM
**To:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>
**Subject:** RE: Response to Flint/Runestad Q

Christina's edits.

**From:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>
**Sent:** Tuesday, March 16, 2021 8:38 AM
**To:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>
**Subject:** Response to Flint/Runestad Q

I didn't get Christina's edits to Fadwa's recommended response. Happy to discuss. Thanks!

# Exhibit 26

I like it but is it in addition to the recommended quote from Amber - or in lieu of? I recommend the former as it gets into the weeds a little bit but it's a great response to a follow up Q

Sent from my iPhone

> On Mar 16, 2021, at 6:43 AM, Nessel, Dana (AG) <NesselD34@michigan.gov> wrote:
>
> Fadwa's proposed response.
>
> _____
>
> **From:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
> **Sent:** Tuesday, March 16, 2021 12:35:47 AM
> **To:** Nessel, Dana (AG) ███████████
> **Subject:** Flint response statement
>
> I think we can draw a distinction between Runestad's request and Flint by simply talking about the process without going into the facts. This is my safe take on what you can say regarding the topic. Let me know what you think.
>
> The process for establishing criminal wrongdoing is the same for everyone in our state, regardless of their position. In the case of Flint, a man-made environmental catastrophe, the prosecution team established probable cause in order to obtain and review millions of documents before indictments were issued based on existing Michigan laws. The prosecution team investigated the Flint Water Crisis as a whole, and individuals who met the criteria for criminal culpability based on specific facts and evidence were charged. A petition for grand jury was granted, further indicating that a judge found probable cause that crimes may have been committed. Mere inferences and complaints about specific individuals would not have met the standard for probable cause. Senator Runestad's request for such an investigation into the sitting Governor's COVID-19 response meets no such criteria and instead challenges the administration's policy decisions. Criminal investigations are initiated when there is cause to believe that crimes were committed, rather than alleged policy or governance failures. The Department of Attorney General does not investigate complaints where there is no basis for alleged criminal wrongdoing.

# Exhibit 27

| Date: | Friday, February 19 2021 03:42 PM |
|---|---|
| Subject: | RE: Scheduling Event for the Attorney General |
| From: | Kuhl, Richard (AG) |
| To: | Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; |
| CC: | Jarvi, Ryan (AG) <JarviR2@michigan.gov>; Covington, Courtney (AG) <CovingtonC2@michigan.gov>; Nessel, Dana (AG) ███████████; Edgerson, Mia (AG) <EdgersonM@michigan.gov>; |
| Attachments: | Questions for Dana Nessell.rsk.docx; image003.jpg; image004.jpg |

Any of the questions about the settlement agreement are covered by confidentiality agreements/orders and shouldn't be addressed. A number of those questions are based upon factually incorrect information. I've inserted potential responses for your consideration. Let me know if you would like to discuss.

Richard

Richard S. Kuhl
Assistant Attorney General
Environment, Natural Resources,
and Agriculture Division
6th Floor. G. Mennen Williams Building
525 West Ottawa Street
P.O. Box 30755
Lansing, MI 48909

PH: (517) 335-0696
FX: (517) 373-1610

kuhlr@michigan.gov



---

**From:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>
**Sent:** Friday, February 19, 2021 2:30 PM
**To:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Kuhl, Richard (AG) <KuhlR@michigan.gov>
**Cc:** Jarvi, Ryan (AG) <JarviR2@michigan.gov>; Covington, Courtney (AG) <CovingtonC2@michigan.gov>; Nessel, Dana (AG) ████████████ Edgerson, Mia (AG) <EdgersonM@michigan.gov>
**Subject:** FW: Scheduling Event for the Attorney General

Richard & Fadwa: The AG is speaking to the Genesee County Bar Association and they have sent the attached questions for her consideration and response at that session. I'm not sure she can answer most if not any of the questions under the first subject, which is Flint. She's like your input on these before we circle back with the Bar to tell them she can't answer these. Thanks!

---

**From:** Edgerson, Mia (AG) <EdgersonM@michigan.gov>
**Sent:** Friday, February 19, 2021 12:14 PM
**To:** Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>; Covington, Courtney (AG) <CovingtonC2@michigan.gov>; Jarvi, Ryan (AG) <JarviR2@michigan.gov>; Slewo, Ashourina (AG) <SlewoA@michigan.gov>

# Exhibit 28

| Date: | Monday, March 8 2021 06:22 PM |
|---|---|
| Subject: | Flint Water Prosecution Update |
| From: | Hammoud, Fadwa (AG) |
| To: | Nessel, Dana (AG) ███████████; Grossi, Christina (AG) <GrossiC@michigan.gov>; VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>; |
| CC: | Edgerson, Mia (AG) <EdgersonM@michigan.gov>; King-Piepenbrok, Pier (AG) <KingP1@michigan.gov>; |

Dana- Below is a brief summary of today's court hearing in People v Jarrod Agen:

Defendant, Jarrod Agen, filed a motion in 7th Circuit Court to dismiss the perjury charge against him, claiming that (1) the indictment failed to allege sufficient facts, (2) venue in Genessee County was improper and, (3) the one-person grand jury did not have jurisdiction to issue the indictment. The People argued that the indictment was legally valid and complied with the law in Michigan. Further, the People argued that the challenges to venue and jurisdiction were premature because Chief Circuit Court Judge Duncan Beagle is conducting in camera review of the records and has not yet released the grand jury transcripts to the parties. Additionally, the People argued that venue and jurisdiction are proper in this case. After oral arguments, Judge Elizabeth Kelly agreed with the People that the indictment was sufficient and legally valid. The Court further agreed that the other issues raised by the Defendant were premature. The Defendant's motion was denied. At the conclusion of the hearing, the Court further addressed defense counsel's failure to follow Michigan Court Rules regarding pleadings. Defense Counsel was asked to strictly comply with the court rules in future pleadings.

# Exhibit 29

**Date:** Thursday, March 18 2021 11:21 AM

**Subject:** Flint Water Prosecution Update

**From:** Hammoud, Fadwa (AG)

**To:** Nessel, Dana (AG) ███████████████; Grossi, Christina (AG) <GrossiC@michigan.gov>; Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>; VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Albers, Mitchell (AG) <AlbersM1@michigan.gov>;

**CC:** King-Piepenbrok, Pier (AG) <KingP1@michigan.gov>; McCann, Amber (AG) <McCannA@michigan.gov>; Edgerson, Mia (AG) <EdgersonM@michigan.gov>;

Dana,

Today, 3/18/21, Judge Crawford of the 67th District Court denied Snyder's Motion to Quash the indictment for lack of jurisdiction and improper venue. Specifically, Judge Crawford stated that the defendant's argument that the grand juror did not have jurisdiction to issue the indictment "lacked merit". The judge seemed to agree that it is the People's burden to establish venue beyond a reasonable doubt and disagreed with the defendant's argument that, as a matter of law, the charged offenses, neglect of duty, can only be charged in Ingham County. Therefore, he denied the Motion. Snyder's counsel indicated he would file for a stay of the proceedings in order to pursue an interlocutory appeal.

Best,
Fadwa

# Exhibit 30

| | |
|---|---|
| **Date:** | Tuesday, March 30 2021 11:52 AM |
| **Subject:** | Re: Flint Water Prosecution Update |
| **From:** | Nessel, Dana (AG) |
| **To:** | Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>; VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>; |
| **CC:** | Edgerson, Mia (AG) <EdgersonM@michigan.gov>; King-Piepenbrok, Pier (AG) <KingP1@michigan.gov>; McCann, Amber (AG) <McCannA@michigan.gov>; |

Thanks for the update.

---

**From:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
**Sent:** Tuesday, March 30, 2021 11:06:46 AM
**To:** Nessel, Dana (AG) ▮▮▮▮▮▮▮▮▮▮▮; Grossi, Christina (AG) <GrossiC@michigan.gov>; VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>
**Cc:** Edgerson, Mia (AG) <EdgersonM@michigan.gov>; King-Piepenbrok, Pier (AG) <KingP1@michigan.gov>; McCann, Amber (AG) <McCannA@michigan.gov>
**Subject:** Flint Water Prosecution Update

Dana,

Today, Tuesday, March 30, 2021, Judge Crawford of the 67th District Court heard Snyder's motion to stay his case pending his appeal of his recently denied motion to dismiss for lack of jurisdiction and improper venue. The People asked the Court to deny the motion because it wasn't necessary at this time and the Defendant could move for a stay later if it became necessary, but would respect the Court's decision if it granted the stay. The Court granted the motion. The People nonetheless indicated we would continue to prepare and provide discovery to the defendant. The defendant will submit a proposed order.

The Court was also scheduled to hear the People's motion for a protective order. However, the People agreed to stipulate to the proposed order, agreed to by all defendants per Croft's counsel, that the defendants attached to their response. Therefore, the motion was taken off the docket. The Court seemed appreciative of our stipulation.

Fadwa

# Exhibit 31

| **Date:** | Wednesday, May 26 2021 04:06 PM |
| **Subject:** | Flint - response filed in Detroit bankruptcy |
| **From:** | VanDeventer, John (AG) |
| **To:** | Nessel, Dana (AG) █████████████ |
| **CC:** | Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Albers, Mitchell (AG) <AlbersM1@michigan.gov>; McCann, Amber (AG) <McCannA@michigan.gov>; |
| **Attachments:** | Dkt 13375 - Response to Contempt Motion.pdf; Snyder Motion for Contempt DN 13361 Filed 05.12.2021.pdf |

Hi Dana,

We filed the attached response brief today in the Detroit bankruptcy case. This was in response to Rick Snyder's motion to hold our Department in contempt, also attached. Snyder will have an opportunity to reply and then the court has discretion to set a hearing date (and probably will).

Thanks,
John

John VanDeventer (he/him)
Chief Legal Counsel
Michigan Department of Attorney General

# Exhibit 32

| **Date:** | Wednesday, July 21 2021 06:11 PM |
|---|---|
| **Subject:** | RE: Flint - revised protective order language |
| **From:** | Manning, Peter (AG) |
| **To:** | VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Nessel, Dana (AG) ████████████; Grossi, Christina (AG) <GrossiC@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>; |
| **CC:** | Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>; |

John,

I have a couple of edits to your proposed paragraph 6 to clarify the notice provision and address the destruction of documents at the end of these cases. I have also tweaked paragraph 5 because I think that more accurately reflects what should fall under the material seized under the "Search Warrants." The changes should be highlighted.

Peter

5. The Documents gathered pursuant to search warrants issued to the Department of Attorney General–Civil Team, KL Discovery, and other state agencies in May 2019 (the "Search Warrants"), and which have and will continue to be produced in discovery in this case by the People, may include Privileged or Confidential Information.

- There was no waiver of privilege for Documents gathered under the Search Warrants. Disclosure of those documents through discovery in this case will not be construed as a waiver of privilege and any Documents that were confidential remain confidential notwithstanding their production in this case. A party may not introduce during testimony, in motion practice, hearings, or at the trial of this action a document gathered under the Search Warrants that the party has reason to believe is subject to a privilege held by a state agency or officer without first providing notice to the relevant state agency or officer through ~~its attorney at~~ the ~~Michigan~~ Department of Attorney General at manningp@michigan.gov and bettenhausenm@michigan.gov . The purpose of this notice is to allow the agency or officer the opportunity to assert or decline to assert privilege and shall provide at least 72 hours for a response, to the extent possible. Except as otherwise required by law, all documents gathered under the Search Warrants will be destroyed by the parties at the conclusion of these cases, including any appeals.

**From:** VanDeventer, John (AG) <VandeventerJ@michigan.gov>
**Sent:** Wednesday, July 21, 2021 2:35 PM
**To:** Nessel, Dana (AG) ████████████; Grossi, Christina (AG) <GrossiC@michigan.gov>; Manning, Peter (AG) <ManningP@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>
**Subject:** Flint - revised protective order language

Hi all,

Here is proposed language for inclusion in a revised protective order based on our conversation today:

- There was no waiver of privilege for Documents gathered under the Search Warrants. Disclosure of those documents through discovery in this case will not be construed as a waiver of privilege and any Documents that were confidential remain confidential notwithstanding their production in this case. A party may not introduce during

testimony, in motion practice, hearings, or at the trial of this action a document gathered under the Search Warrants that the party has reason to believe is subject to a privilege held by a state agency or officer without first providing notice to the relevant state agency or officer through its attorney at the Michigan Department of Attorney General.

Thanks,
John

John VanDeventer (he/him)
Chief Legal Counsel
Michigan Department of Attorney General

# Exhibit 33

**From:** VanDeventer, John (AG) <VandeventerJ@michigan.gov>
**Sent:** Thursday, July 22, 2021 1:58:28 PM
**To:** Manning, Peter (AG) <ManningP@michigan.gov>; Nessel, Dana (AG) ███████████████ Grossi, Christina (AG) <GrossiC@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>
**Subject:** RE: Flint - revised protective order language

Thanks Peter, we are good with this and will add it to the order.

John VanDeventer (he/him)
Chief Legal Counsel
Michigan Department of Attorney General

---

**From:** Manning, Peter (AG) <ManningP@michigan.gov>
**Sent:** Wednesday, July 21, 2021 6:12 PM
**To:** VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Nessel, Dana (AG) ███████████████ Grossi, Christina (AG) <GrossiC@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>
**Subject:** RE: Flint - revised protective order language

John,

I have a couple of edits to your proposed paragraph 6 to clarify the notice provision and address the destruction of documents at the end of these cases. I have also tweaked paragraph 5 because I think that more accurately reflects what should fall under the material seized under the "Search Warrants." The changes should be highlighted.

Peter

 5. The Documents gathered pursuant to search warrants issued to the Department of Attorney General–Civil Team, ~~KL Discovery, and other state agencies~~ in May 2019 (the "Search Warrants"), and which have and will continue to be produced in discovery in this case by the People, may include Privileged or Confidential Information.

 6. There was no waiver of privilege for Documents gathered under the Search Warrants. Disclosure of those documents through discovery in this case will not be construed as a waiver of privilege and any Documents that were confidential remain confidential notwithstanding their production in this case. A party may not introduce during testimony, in motion practice, hearings, or at the trial of this action a document gathered under the Search Warrants that the party has reason to believe is subject to a privilege held by a state agency or officer without first providing notice to the relevant state agency or officer through ~~its attorney at~~ the ~~Michigan~~ Department of Attorney General at manningp@michigan.gov and bettenhausenm@michigan.gov . The purpose of this notice is to allow the agency or officer the opportunity to assert or decline to assert privilege and shall provide at least 72 hours for a response, to the extent possible. Except as otherwise required by law, all documents gathered under the Search Warrants will be destroyed by the parties at the conclusion of these cases, including any appeals.

---

**From:** VanDeventer, John (AG) <VandeventerJ@michigan.gov>

**Sent:** Wednesday, July 21, 2021 2:35 PM
**To:** Nessel, Dana (AG) ███████████; Grossi, Christina (AG) <GrossiC@michigan.gov>; Manning, Peter (AG) <ManningP@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>
**Subject:** Flint - revised protective order language

Hi all,

Here is proposed language for inclusion in a revised protective order based on our conversation today:

> 6. There was no waiver of privilege for Documents gathered under the Search Warrants. Disclosure of those documents through discovery in this case will not be construed as a waiver of privilege and any Documents that were confidential remain confidential notwithstanding their production in this case. A party may not introduce during testimony, in motion practice, hearings, or at the trial of this action a document gathered under the Search Warrants that the party has reason to believe is subject to a privilege held by a state agency or officer without first providing notice to the relevant state agency or officer through its attorney at the Michigan Department of Attorney General.

Thanks,
John

John VanDeventer (he/him)
Chief Legal Counsel
Michigan Department of Attorney General

# Exhibit 34

| Date: | Thursday, July 22 2021 02:59 PM |
|---|---|
| Subject: | RE: Flint - revised protective order language |
| From: | Manning, Peter (AG) |
| To: | Nessel, Dana (AG) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; VanDeventer, John (AG) <VandeventerJ@michigan.gov >; Grossi, Christina (AG) <GrossiC@michigan.gov >; Potchen, Joseph (AG) <PotchenJ@michigan.gov >; |
| CC: | Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >; |

Thanks. When you have the language included in the revised order, can you send it to me?

Peter

**From:** Nessel, Dana (AG) ▮▮▮▮▮▮▮▮▮▮
**Sent:** Thursday, July 22, 2021 2:25 PM
**To:** VanDeventer, John (AG) <VandeventerJ@michigan.gov >; Manning, Peter (AG) <ManningP@michigan.gov >; Grossi, Christina (AG) <GrossiC@michigan.gov >; Potchen, Joseph (AG) <PotchenJ@michigan.gov >
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >
**Subject:** Re: Flint - revised protective order language

Thanks everyone!

**From:** VanDeventer, John (AG) <VandeventerJ@michigan.gov >
**Sent:** Thursday, July 22, 2021 1:58:28 PM
**To:** Manning, Peter (AG) <ManningP@michigan.gov >; Nessel, Dana (AG) ▮▮▮▮▮▮▮▮▮▮▮▮; Grossi, Christina (AG) < GrossiC@michigan.gov >; Potchen, Joseph (AG) <PotchenJ@michigan.gov >
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >
**Subject:** RE: Flint - revised protective order language

Thanks Peter, we are good with this and will add it to the order.

John VanDeventer (he/him)
Chief Legal Counsel
Michigan Department of Attorney General

**From:** Manning, Peter (AG) <ManningP@michigan.gov >
**Sent:** Wednesday, July 21, 2021 6:12 PM
**To:** VanDeventer, John (AG) <VandeventerJ@michigan.gov >; Nessel, Dana (AG) ▮▮▮▮▮▮▮▮▮▮▮▮; Grossi, Christina (AG) <GrossiC@michigan.gov >; Potchen, Joseph (AG) <PotchenJ@michigan.gov >
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >
**Subject:** RE: Flint - revised protective order language

John,

I have a couple of edits to your proposed paragraph 6 to clarify the notice provision and address the destruction of documents at the end of these cases. I have also tweaked paragraph 5 because I think that more accurately reflects what should fall under the material seized under the "Search Warrants." The changes should be highlighted.

Peter

5. The Documents gathered pursuant to search warrants issued to the Department of Attorney General–

# Exhibit 35

| Date: | Friday, July 23 2021 12:31 PM |
|---|---|
| Subject: | RE: Flint - revised protective order language |
| From: | Manning, Peter (AG) |
| To: | Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >; Nessel, Dana (AG) ███████████; VanDeventer, John (AG) <VandeventerJ@michigan.gov >; Grossi, Christina (AG) <GrossiC@michigan.gov >; Potchen, Joseph (AG) <PotchenJ@michigan.gov >; |
| CC: | Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >; |
| Attachments: | image001.png |

Thanks Bryant.  The revised document has all of the language we discussed.

Peter

---

**From:** Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >
**Sent:** Friday, July 23, 2021 11:28 AM
**To:** Manning, Peter (AG) <ManningP@michigan.gov>; Nessel, Dana (AG) ███████████ VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov >
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
**Subject:** RE: Flint - revised protective order language

Peter,

Per your request, attached please find the proposed Amended Protective Order with our agreed language for your review. Please let me know if I missed anything. Otherwise, we will proceed with this version in our supplemental filings. Thank you.

Bryant

Bryant Patrick Osikowicz
Assistant Attorney General
Michigan Department of Attorney General
Cadillac Place Building
3030 W. Grand Blvd.
Detroit, MI 48202
(o) 313-456-0064
(f) 313-456-3454
OsikowiczB@Michigan.gov



PRIVILEGED AND CONFIDENTIAL – ATTORNEY CLIENT COMMUNICATION

This e-mail is intended only for those persons to whom it is specifically addressed. It is confidential and is protected by the attorney-client privilege and work product doctrine. This privilege belongs to the Michigan Department of Attorney General, and individual addressees are not authorized to waive or modify this privilege in anyway. Individuals are advised that any dissemination, reproduction or unauthorized review of this information by persons other than those listed above may constitute a waiver of this privilege and is therefore prohibited. If you have received this message in error, please notify the sender immediately

# Exhibit 36

| Date: | Friday, July 23 2021 01:55 PM |
|---|---|
| Subject: | RE: Flint - revised protective order language |
| From: | Hammoud, Fadwa (AG) |
| To: | Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >; VanDeventer, John (AG) <VandeventerJ@michigan.gov >; Manning, Peter (AG) <ManningP@michigan.gov >; Nessel, Dana (AG) ███████████ Grossi, Christina (AG) <GrossiC@michigan.gov >; Potchen, Joseph (AG) <PotchenJ@michigan.gov >; |
| Attachments: | image001.png |

Thank you everyone for your input. This looks good to go. Let's try to get this filed ASAP.

---

**From:** Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >
**Sent:** Friday, July 23, 2021 1:42 PM
**To:** VanDeventer, John (AG) <VandeventerJ@michigan.gov >; Manning, Peter (AG) <ManningP@michigan.gov >; Nessel, Dana (AG) ███████████; Grossi, Christina (AG) <GrossiC@michigan.gov >; Potchen, Joseph (AG) <PotchenJ@michigan.gov >
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** RE: Flint - revised protective order language

For your review and approval

---

**From:** VanDeventer, John (AG) <VandeventerJ@michigan.gov >
**Sent:** Friday, July 23, 2021 1:10 PM
**To:** Manning, Peter (AG) <ManningP@michigan.gov >; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >; Nessel, Dana (AG) ███████████ Grossi, Christina (AG) <GrossiC@michigan.gov >; Potchen, Joseph (AG) <PotchenJ@michigan.gov >
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** RE: Flint - revised protective order language

Thanks Peter. Per our conversation, we will amend paragraph 10 as follows:

Privileged or Confidential Information produced in this case will be used solely for the preparation, trial, and appeal of this action, which shall include any related Flint Water Crisis prosecutions the prosecution has brought against other defendants (the "Flint Water Crisis Prosecutions") ~~as well as any current or future civil lawsuits in which the defendant is a party~~ and shall not be used for any other purpose. Privileged or Confidential Information may be disclosed only to:

Bryant, could you send a revised version around?

John VanDeventer (he/him)
Chief Legal Counsel
Michigan Department of Attorney General

---

**From:** Manning, Peter (AG) <ManningP@michigan.gov >
**Sent:** Friday, July 23, 2021 12:56 PM
**To:** Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >; Nessel, Dana (AG) ███████████ VanDeventer, John (AG) <VandeventerJ@michigan.gov >; Grossi, Christina (AG) <GrossiC@michigan.gov >; Potchen, Joseph (AG) <PotchenJ@michigan.gov >
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >
**Subject:** RE: Flint - revised protective order language

FYI I have a call into John to talk to him about one other issue on the amended protective order.

Peter

---

**From:** Manning, Peter (AG)
**Sent:** Friday, July 23, 2021 12:31 PM
**To:** Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>; Nessel, Dana (AG) █████████████ VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>; Potchen, Joseph (AG) < PotchenJ@michigan.gov>
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
**Subject:** RE: Flint - revised protective order language

Thanks Bryant.  The revised document has all of the language we discussed.

Peter

---

**From:** Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>
**Sent:** Friday, July 23, 2021 11:28 AM
**To:** Manning, Peter (AG) <ManningP@michigan.gov>; Nessel, Dana (AG) █████████████ VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>; Potchen, Joseph (AG) < PotchenJ@michigan.gov>
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
**Subject:** RE: Flint - revised protective order language

Peter,

Per your request, attached please find the proposed Amended Protective Order with our agreed language for your review. Please let me know if we missed anything. Otherwise, we will proceed with this version in our supplemental filings. Thank you.

Bryant

Bryant Patrick Osikowicz
Assistant Attorney General
Michigan Department of Attorney General
Cadillac Place Building
3030 W. Grand Blvd.
Detroit, MI 48202
(o) 313-456-0064
(f) 313-456-3454
OsikowiczB@Michigan.gov



PRIVILEGED AND CONFIDENTIAL – ATTORNEY CLIENT COMMUNICATION

This e-mail is intended only for those persons to whom it is specifically addressed. It is confidential and is protected by the attorney-client privilege and work product doctrine. This privilege belongs to the Michigan Department of Attorney General, and individual addressees are not authorized to waive or modify this privilege in anyway. Individuals are advised that any dissemination, reproduction or unauthorized review of this information by persons other than those listed above may constitute a waiver of this privilege and is therefore prohibited. If you have received this message in error, please notify the sender immediately

# Exhibit 37

| **Date:** | Friday, July 23 2021 02:17 PM |
|---|---|
| **Subject:** | Re: Flint - revised protective order language |
| **From:** | Nessel, Dana (AG) |
| **To:** | Manning, Peter (AG) <ManningP@michigan.gov>; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>; VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>; |
| **Attachments:** | image001.png |

Nice work, everyone!

---

**From:** Manning, Peter (AG) <ManningP@michigan.gov>
**Sent:** Friday, July 23, 2021 2:14:38 PM
**To:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>; VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Nessel, Dana (AG) ████████████████; Grossi, Christina (AG) <GrossiC@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>
**Subject:** RE: Flint - revised protective order language

Sorry guys, I was in a meeting. That looks great. Thanks for addressing this.

Peter

---

**From:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
**Sent:** Friday, July 23, 2021 1:55 PM
**To:** Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>; VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Manning, Peter (AG) <ManningP@michigan.gov>; Nessel, Dana (AG) ████████████████ Grossi, Christina (AG) <GrossiC@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>
**Subject:** RE: Flint - revised protective order language

Thank you everyone for your input. This looks good to go. Let's try to get this filed ASAP.

---

**From:** Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>
**Sent:** Friday, July 23, 2021 1:42 PM
**To:** VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Manning, Peter (AG) <ManningP@michigan.gov>; Nessel, Dana (AG) ████████████████; Grossi, Christina (AG) <GrossiC@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
**Subject:** RE: Flint - revised protective order language

For your review and approval

---

**From:** VanDeventer, John (AG) <VandeventerJ@michigan.gov>
**Sent:** Friday, July 23, 2021 1:10 PM
**To:** Manning, Peter (AG) <ManningP@michigan.gov>; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>; Nessel, Dana (AG) ████████████████; Grossi, Christina (AG) <GrossiC@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
**Subject:** RE: Flint - revised protective order language

Thanks Peter. Per our conversation, we will amend paragraph 10 as follows:

Privileged or Confidential Information produced in this case will be used solely for the preparation, trial, and appeal of this action, which shall include any related Flint Water Crisis prosecutions the prosecution has

# Exhibit 38

# STATE OF MICHIGAN
## CIRCUIT COURT FOR THE 7th JUDICIAL CIRCUIT
### GENESEE COUNTY

PEOPLE OF THE STATE OF
MICHIGAN,

        Plaintiff,

v

NICOLAS LYON,

        Defendant.

Case No. 2021-047378-FH

Hon. Elizabeth Kelly

| | |
|---|---|
| Fadwa Hammoud (P74185) | Charles Chamberlain (P33536) |
| Bryant Osikowicz (P72377) | Britt M. Cobb (P69556) |
| Attorneys for the People | Larry C. Willey (P28870) |
| Michigan Dept. of Attorney General | Attorneys for Defendant |
| 3030 W. Grand Blvd., Ste. 10-200 | 300 Ottawa Ave., N.W., Suite 810 |
| Detroit, MI 48202 | Grand Rapids, MI 49503-2314 |
| 313.456.0180 | (616) 458-2212 |
| hammoudf1@michigan.gov | cec@willeychamberlain.com |
| osikowiczb@michigan.gov | bmc@willeychamberlain.com |
| | lcw@willeychamberlain.com |

Kym L. Worthy (P38875)
Molly Kettler (P59877)
Attorneys for the People
Wayne County Prosecuting Attorney
1441 Saint Antoine Street, Floor 12
Frank Murphy Hall of Justice
Detroit, Michigan 48226
313.224.5777
kworthy@waynecounty.com
kettlerm@michigan.gov

## AMENDED MOTION FOR AN AMENDED
## PROTECTIVE ORDER

1

**NOW COMES** the People of the State of Michigan, by and through Fadwa Hammoud, Solicitor General, and in support of the People's Amended Motion for an Amended Protective Order (attached hereto as **Exhibit A**), states:

1. On June 10, 2021, the People filed a Motion for an Amended Protective Order, asking this Court to update the terms of the protective order, both to memorialize that privileged or confidential documents seized by the People remain privileged or confidential and to clarify the procedure for the use of privileged or confidential documents in this case. The People's motion is scheduled for argument on August 10, 2021.

2. As the People argued in its motion, there is good cause to clarify the protection of privileged and confidential documents in this case both to ensure that privilege and confidentiality are preserved and to avoid any further delay in the prosecution of this case.

3. Since the filing of the People's motion, the People have determined that further clarification to the order is warranted regarding the use of potentially privileged or confidential documents shared in the course of discovery.

4. Attached as Exhibit A is the People's proposed Amended Protective Order, reflecting the additional changes, which are found in paragraphs 5, 6, and 10.

5. The People sought concurrence from Defendant for this latest proposed Amended Protective Order. Defendant declined to concur.

2

**WHEREFORE**, the People respectfully ask this Court to grant this Amended Motion for an Amended Protective Order and enter the People's proposed Amended Protective Order.

Respectfully submitted,

*Fadwa Hammoud*

Fadwa Hammoud
Solicitor General
Attorney for the People
Solicitor General Division
3030 W. Grand Boulevard
Detroit, MI 48202
313.456.0180

Dated:  July 29, 2021
SG FW Lyon, N. / Amended Motion for Amended Protective Order (Lyon) 2021.07.29

3

STATE OF MICHIGAN
CIRCUIT COURT FOR THE 7th JUDICIAL CIRCUIT
GENESEE COUNTY

PEOPLE OF THE STATE OF
MICHIGAN,

        Plaintiff,

v

NICOLAS LYON,

        Defendant.

Case No. 2021-047378-FH

Hon. Elizabeth Kelly

---

| | |
|---|---|
| Fadwa Hammoud (P74185) | Charles Chamberlain (P33536) |
| Bryant Osikowicz (P72377) | Britt M. Cobb (P69556) |
| Attorneys for the People | Larry C. Willey (P28870) |
| Michigan Dept. of Attorney General | Attorneys for Defendant |
| 3030 W. Grand Blvd., Ste. 10-200 | 300 Ottawa Ave., N.W., Suite 810 |
| Detroit, MI 48202 | Grand Rapids, MI 49503-2314 |
| 313.456.0180 | (616) 458-2212 |
| hammoudf1@michigan.gov | cec@willeychamberlain.com |
| osikowiczb@michigan.gov | bmc@willeychamberlain.com |
| | lcw@willeychamberlain.com |
| Kym L. Worthy (P38875) | |
| Molly Kettler (P59877) | |
| Attorneys for the People | |
| Wayne County Prosecuting Attorney | |
| 1441 Saint Antoine Street, Floor 12 | |
| Frank Murphy Hall of Justice | |
| Detroit, Michigan 48226 | |
| 313.224.5777 | |
| kworthy@waynecounty.com | |
| kettlerm@michigan.gov | |

---

## AMENDED PROTECTIVE ORDER

    At a session of said Court
held in the County of Genesee,
City of Flint, State of Michigan,
on this_____day of_____, 2021

4

On the motion of the People, the Court enters the following *Amended* Protective Order to supersede the Protective Order entered on March 31, 2021:

1.  "Privileged or Confidential Information" shall mean and include:

    **a.** confidential, non-public including but not limited to:

          i.   financial information;

          ii.  social security numbers; and

          iii. bank account or credit card numbers;

    **b.** information subject to attorney-client, attorney work product, or recognized privilege, and any document designated as confidential or privileges by a court, including but not limited to documents related to mediation negotiations in the *City of Detroit* chapter 9 bankruptcy case, numbers 13- 53846, pending in the United States District Court for the Eastern District of Michigan (the "Detroit Mediation Documents");

    **c.** any documents regarding or related to an individual's water sampling results, including residential water sampling, correspondence with residents related to sampling, that includes personal information for such individuals (e.g., personal emails, cell phone numbers, account numbers, etc.); and

    **d.** an individual's medical records and other Protected Health Information with the following qualifications:

          i.   "Covered Entity" shall mean as it is defined by 45 C.F.R. § 160.103;

          ii.  "Protected Health Information" shall mean as it is defined by 45 C.F.R.§ 160.103;

          iii. Protected Health Information may not be used for any purpose other than for this litigation; and

          iv.  Protected Health Information must be returned to the Covered Entity or destroyed at the end of this litigation.

2.  Information described in paragraph 1 is not Privileged or

Confidential Information if it:

**a.** is or becomes publicly available, without any fault of, or violation of this Order by, any Party and without any violation of a duty of confidentiality by a third party;

**b.** was in the possession of any Party free of any obligation of confidentiality at the time it was received by such Party; or

**c.** was developed by employees or agents of such Party independently without access to or use of any Privileges or Confidential Information.

3. "Department of Attorney General – Civil Team" shall mean the assistant attorneys general representing state officials and agencies in civil litigation related to the Flint water crisis.

4. "Document" shall mean and include any form of information or data, electronic or otherwise.

5. The Documents gathered pursuant to search warrants issued to the Department of Attorney General – Civil Team, KL Discovery, and other state agencies in May 2019 (the "Search Warrants"), and which have and will continue to be produced in discovery in this case by the People, may include Privileged or Confidential Information.

6. There was no waiver of privilege for Documents gathered under the Search Warrants. Disclosure of those documents through discovery in this case will not be construed as a waiver of privilege and any Documents that were confidential remain confidential notwithstanding their production in this case. A party may not introduce during testimony, in motion practice, hearings, or at the trial of this action a document gathered under the Search Warrants that the party has reason to believe is subject to a privilege held by a state agency or officer without first providing notice to the relevant state agency or officer through the Department of Attorney General at manningp@michigan.gov and bettenhausenm@michigan.gov. The purpose of this notice is to allow the agency or officer the opportunity to assert or decline to assert privilege and shall provide at least 72 hours for a response, to the extent possible. Except as otherwise required by law, all documents gathered under the Search Warrants will be destroyed by the parties at the

6

conclusion of these cases, including any appeals.

7.  A party producing discovery material in this action may designate documents meeting the criteria above as Privileged or Confidential Information and restricted in disclosure under this Order by placing or affixing the words "Privileged" or "Confidential" on the document in a manner that will not interfere with the legibility of the document. All discovery material designated as "Privileged" or "Confidential," shall be treated as Privileged or Confidential Information under the provisions of this Order. A party may also designate documents as "Privileged" or "Confidential" in a separate writing by number or description.

8.  Material marked as Privileged or Confidential Information must be done so in good faith to keep from the public record personal information such as social security numbers, medical records, biometric records, alone, or when combined with other personal or identifying information.

9.  A party may, at any time, make a good faith challenge to a producing or designating Party's designation of any material as Privileged or Confidential Information by providing the producing and designating Party with a written notice specifying the documents to which the party objects and a brief explanation of each objection. The parties agree to work in good faith to address any dispute. To the extent an issue cannot be resolved, the designating Party must file a motion to maintain its designation pursuant to MCR 6.201(E). In filing such a motion, the designating Party shall have the burden of establishing that there is good cause for the information in question to maintain its confidentiality classification. Except as otherwise provided herein, pending the Court's decision on any motion filed by a designating Party to maintain its confidentiality classification, the information in question shall continue to be treated as Privileged or Confidential Information. A Party shall not be obligated to challenge the propriety of the designation as Privileged or Confidential Information at the time the designation is made, and failure to make such a challenge shall not preclude a subsequent challenge thereto. Inadvertent or unintentional disclosure of Privileged or Confidential Information shall not be deemed a waiver in whole or in part of the confidential nature of the material disclosed.

10. Privileged or Confidential Information produced in this case will be used solely for the preparation, trial, and appeal of this action, which shall include

7

any related Flint Water Crisis prosecutions the prosecution has brought against other defendants (the "Flint Water Crisis Prosecutions") and shall not be used for any other purpose. Privileged or Confidential Information may be disclosed only to:

    **a.** **Parties.** Parties to the Flint Water Crisis Prosecutions**;**

    **b.** **Counsel**. Counsel for the Parties, and employees and agents of counsel, who have responsibility for the preparation or trial of the action;

    **c.** **Consultants, Investigators, and Experts**. Consultants, investigators, and experts retained or consulted by the Parties or counsel for the Parties to assist in the preparation, trial, or appeal of the above-captioned prosecution and/or Flint Water Crisis Prosecutions who have agreed to be bound by this Order;

    **d.** **Witnesses**. Witnesses at, or in preparation for, their deposition, hearing, or trial, in which event such witnesses shall only be shown the Privileged or Confidential Information and shall not be allowed to retain copies;

    **e.** **Judicial Officers and Court Personnel**. Judicial officers and personnel of the Flint District Court and Genesee County Circuit Court; and

    **f.** **Court Reporters and Recorders**. Stenographic reporters retained by the parties or Court to transcribe depositions and/or hearings.

11.    Persons to whom Privileged or Confidential Information is shown or disclosed pursuant to subparagraph 10(c) above shall be advised that the Privileged or Confidential Information is subject to this Order and may only be disclosed and used under the terms of this Order.

12.    Before any Privileged or Confidential Information may be disclosed to any expert or other persons identified in subparagraph 10(c), such person shall be required to read this Order in its entirety and sign the attached Acknowledgment and Agreement to Be Bound signifying his or her agreement to abide by its terms. Copies of all signed acknowledgements shall be maintained by counsel making the disclosure and shall be delivered to the other party's counsel upon request.

13.    Any party who has received Privileged or Confidential Information, and

who is thereafter compelled by any law or court order to disclose such Privileged or Confidential Information in a manner contrary to the terms of this Order, will use all reasonable efforts to immediately notify the producing party of the obligation to disclose. Any such party shall also disclose only the particular Privileged and Confidential Information required to be disclosed and shall make all reasonable efforts to protect any remaining Privileged and Confidential Information from disclosure in accordance with the terms of this Order.

14. Privileged and Confidential Information may not be used during testimony in discovery depositions, in motion practice, hearing and at the trial of this action, except as permitted by the Court. Any such use of Privileged and Confidential Information is subject to the Michigan Rules of Evidence and applicable rulings of the Court and may only be used by the persons designated in Paragraph 5 to prepare for any trial, in motion practice, hearings, or depositions held in this action and/or the Flint Water Crisis Prosecutions under the terms of this Order. Prior to the time of trial of any Flint Water Crisis Prosecution, counsel for the parties will confer with the Court for the purpose of deciding how Privileged or Confidential Information introduced into evidence will be treated in the Court record and what protective instructions will be given to the jury regarding the Privileged or Confidential Information.

15. In addition to the other requirements for the use of Privileged or Confidential Information set forth in this Order, a party seeking to use Privileged or Confidential Information subject to a protective order entered by another court (including but not limited to Bankruptcy Mediation Documents) in a manner described in paragraph 14 or to otherwise make public the contents of such documents must first obtain approval of the court that entered the relevant protective order.

16. Nothing in this Order shall be intended or construed to limit the manner in which a producing party may use, disclose, store, or otherwise treat its own Privileged or Confidential Information for purposes unrelated to this litigation.

17. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require

9

additional or different confidentiality protections than those set forth herein.

18. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control; and upon any person subject to the jurisdiction of the Court who receives Privileged or Confidential Information hereunder.

19. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and will enjoy the same level of protection under this Order as any party to this action.

_____
Honorable Elizabeth A. Kelly
Circuit Court Judge

Date:_____

# Exhibit 39

| Date: | Friday, July 30 2021 03:18 PM |
| Subject: | RE: Flint - supplement |
| From: | Manning, Peter (AG) |
| To: | Grossi, Christina (AG) <GrossiC@michigan.gov >; VanDeventer, John (AG) <VandeventerJ@michigan.gov >; Nessel, Dana (AG) ████████████ |
| CC: | Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >; |

Agreed. Was any reason provided for not stipulating to the order or did any of the defense counsel suggest changes to the protective order that would be acceptable?

---

**From:** Grossi, Christina (AG) <GrossiC@michigan.gov>
**Sent:** Friday, July 30, 2021 2:56 PM
**To:** VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Nessel, Dana (AG) ████████████; Manning, Peter (AG) <ManningP@michigan.gov>
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>
**Subject:** Re: Flint - supplement

████████████████████████████████████████████████████████

**From:** VanDeventer, John (AG) <VandeventerJ@michigan.gov>
**Sent:** Friday, July 30, 2021 2:12:51 PM
**To:** Nessel, Dana (AG) ████████████; Grossi, Christina (AG) <GrossiC@michigan.gov>; Manning, Peter (AG) <ManningP@michigan.gov>
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>
**Subject:** Flint - supplement

Hi all,

For your review is a short supplemental statement informing the BK court of the amended protective order. Please let me know at your earliest convenience if you approve or if you have any edits.

Thanks,
John

John VanDeventer (he/him)
Chief Legal Counsel
Michigan Department of Attorney General

# Exhibit 40

Date: Friday, July 30 2021 04:07 PM

Subject: RE: Flint - supplement

From: VanDeventer, John (AG)

To: Manning, Peter (AG) <ManningP@michigan.gov >; Grossi, Christina (AG) <GrossiC@michigan.gov >; Nessel, Dana (AG) ███████████████

CC: Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >;

Thanks Christina, we will add language to that effect.

Peter, I believe some defendants indicated they will be filling objections stating their reasoning but I don't think that has happened yet.

John VanDeventer (he/him)
Chief Legal Counsel
Michigan Department of Attorney General

---

**From:** Manning, Peter (AG) <ManningP@michigan.gov >
**Sent:** Friday, July 30, 2021 3:18 PM
**To:** Grossi, Christina (AG) <GrossiC@michigan.gov >; VanDeventer, John (AG) <VandeventerJ@michigan.gov >; Nessel, Dana (AG) ███████████
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >
**Subject:** RE: Flint - supplement

Agreed. Was any reason provided for not stipulating to the order or did any of the defense counsel suggest changes to the protective order that would be acceptable?

---

**From:** Grossi, Christina (AG) <GrossiC@michigan.gov >
**Sent:** Friday, July 30, 2021 2:56 PM
**To:** VanDeventer, John (AG) <VandeventerJ@michigan.gov >; Nessel, Dana (AG) ██████████████████; Manning, Peter (AG) <ManningP@michigan.gov >
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >
**Subject:** Re: Flint - supplement

███████████████████████████████████████████████████████

---

**From:** VanDeventer, John (AG) <VandeventerJ@michigan.gov >
**Sent:** Friday, July 30, 2021 2:12:51 PM
**To:** Nessel, Dana (AG) ████████████████; Grossi, Christina (AG) <GrossiC@michigan.gov >; Manning, Peter (AG) < ManningP@michigan.gov >
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov >; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov >
**Subject:** Flint - supplement

Hi all,

For your review is a short supplemental statement informing the BK court of the amended protective order. Please let me know at your earliest convenience if you approve or if you have any edits.

Thanks,
John

John VanDeventer (he/him)
Chief Legal Counsel
Michigan Department of Attorney General

# Exhibit 41

| Date: | Tuesday, August 10 2021 02:29 PM |
|---|---|
| **Subject:** | Re: FLINT HEADS-UP |
| **From:** | Nessel, Dana (AG) |
| **To:** | Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; |
| **CC:** | McCann, Amber (AG) <McCannA@michigan.gov>; King-Piepenbrok, Pier (AG) <KingP1@michigan.gov>; Albro, Lisa (AG) <AlbroL@michigan.gov>; |
| **Attachments:** | image001.png |

Thanks Bryant.

**From:** Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>
**Sent:** Tuesday, August 10, 2021 1:18:59 PM
**To:** Nessel, Dana (AG) ███████████████; Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
**Cc:** McCann, Amber (AG) <McCannA@michigan.gov>; King-Piepenbrok, Pier (AG) <KingP1@michigan.gov>; Albro, Lisa (AG) <AlbroL@michigan.gov>
**Subject:** FLINT HEADS-UP

Attorney General Nessel,

Is case you were not aware, there is a Flint hearing today in the 7th Circuit Court at 2 p.m. to address the following motions:

- People's Motion for an Amended Protective Order;
- Defendant Baird's motion to Compel; and
- Defendants' Motion to Dismiss based upon separation of powers and due process.

We will update you at the conclusion of the hearing. Please let me know if you have any questions.

Bryant

Bryant Patrick Osikowicz
Assistant Attorney General
Michigan Department of Attorney General
Cadillac Place Building
3030 W. Grand Blvd.
Detroit, MI 48202
(o) 313-456-0064
(f) 313-456-3454
OsikowiczB@Michigan.gov



PRIVILEGED AND CONFIDENTIAL – ATTORNEY CLIENT COMMUNICATION

This e-mail is intended only for those persons to whom it is specifically addressed. It is confidential and is protected by the attorney-client privilege and work product doctrine. This privilege belongs to the Michigan Department of Attorney General, and individual addressees are not authorized to waive or modify this privilege in any way. Individuals are advised that any dissemination, reproduction or unauthorized review of this information by persons other than those listed above may constitute a waiver of this privilege and is therefore prohibited. If you have received this message in error, please notify the sender immediately

# Exhibit 42

| | |
|---|---|
| **Date:** | Friday, September 10 2021 07:48 PM |
| **Subject:** | Re: AG HEADS UP – Flint Water Prosecution (Update) |
| **From:** | Nessel, Dana (AG) |
| **To:** | Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>; |
| **CC:** | Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>; Albers, Mitchell (AG) <AlbersM1@michigan.gov>; Mukomel, Lynsey (AG) <MukomelL@michigan.gov>; Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>; Covington, Courtney (AG) <CovingtonC2@michigan.gov>; McCann, Amber (AG) <McCannA@michigan.gov>; Manning, Peter (AG) <ManningP@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>; Novak, Robin (AG) <NovakR@michigan.gov>; Teszlewicz, Barbara (AG) <teszlewiczb@michigan.gov>; King-Piepenbrok, Pier (AG) <KingP1@michigan.gov>; Gustafson, Holly (AG) <GustafsonH@michigan.gov>; Passmore, Quinn (AG) <PassmoreQ1@michigan.gov>; Hagaman-Clark, Danielle (AG) <HagamanClarkD@michigan.gov>; Elve, Meagan (AG) <ElveM@michigan.gov>; |
| **Attachments:** | image001.png |

Thanks Bryant.

---

**From:** Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>
**Sent:** Friday, September 10, 2021 7:06:35 PM
**To:** Nessel, Dana (AG) ▮▮▮▮▮▮▮▮▮▮▮▮
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>; Albers, Mitchell (AG) <AlbersM1@michigan.gov>; Mukomel, Lynsey (AG) <MukomelL@michigan.gov>; Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>; Covington, Courtney (AG) <CovingtonC2@michigan.gov>; McCann, Amber (AG) <McCannA@michigan.gov>; Manning, Peter (AG) <ManningP@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>; Novak, Robin (AG) <NovakR@michigan.gov>; Teszlewicz, Barbara (AG) <teszlewiczb@michigan.gov>; King-Piepenbrok, Pier (AG) <KingP1@michigan.gov>; Gustafson, Holly (AG) <GustafsonH@michigan.gov>; Passmore, Quinn (AG) <PassmoreQ1@michigan.gov>; Hagaman-Clark, Danielle (AG) <HagamanClarkD@michigan.gov>; Elve, Meagan (AG) <ElveM@michigan.gov>
**Subject:** AG HEADS UP – Flint Water Prosecution (Update)

Re: The Flint Water Prosecutions

Attorney General Nessel,

Update: We were just notified that the hearings scheduled for next Tuesday, September 14, 2021, in front of Judge Kelly, which included a continued motion to compel and Defendant Lyon's motion for protective order and evidentiary hearing that he filed this week, have been adjourned until October 12 because Judge Kelly is in jury trial. Please let me know if you have any questions. Thank you.

Geographic Impact- Flint

Media – Other than the general media interest in the Flint Water Prosecutions, I am unaware of any specific media attention about this particular issue.

News Release Recommendation – Not recommended

Next Key Events and Dates – October 12, 2021, motion hearing in the 7th Circuit Court.

Contacts: Solicitor General Fadwa Hammoud and AAG Bryant Osikowicz.

Please let me know if you have any questions. Thank you.

Bryant

Bryant Patrick Osikowicz
Assistant Attorney General
Michigan Department of Attorney General
Cadillac Place Building
3030 W. Grand Blvd.
Detroit, MI 48202
(o) 313-456-0064
(f) 313-456-3454
OsikowiczB@Michigan.gov



PRIVILEGED AND CONFIDENTIAL – ATTORNEY CLIENT COMMUNICATION

This e-mail is intended only for those persons to whom it is specifically addressed. It is confidential and is protected by the attorney-client privilege and work product doctrine. This privilege belongs to the Michigan Department of Attorney General, and individual addressees are not authorized to waive or modify this privilege in any way. Individuals are advised that any dissemination, reproduction or unauthorized review of this information by persons other than those listed above may constitute a waiver of this privilege and is therefore prohibited. If you have received this message in error, please notify the sender immediately

**From:** Osikowicz, Bryant (AG)
**Sent:** Tuesday, August 31, 2021 3:57 PM
**To:** Nessel, Dana (AG) <span style="background:black;color:black">████████</span>
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>; albersm1@michigan.gov; mukomell@michigan.gov; Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>; Covington, Courtney (AG) <CovingtonC2@michigan.gov>; McCann, Amber (AG) <McCannA@michigan.gov>; Manning, Peter (AG) <ManningP@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>; Novak, Robin (AG) <NovakR@michigan.gov>; Teszlewicz, Barbara (AG) <teszlewiczb@michigan.gov>; King-Piepenbrok, Pier (AG) <KingP1@michigan.gov>; Gustafson, Holly (AG) <GustafsonH@michigan.gov>; passmoreq1@michigan.gov; Hagaman-Clark, Danielle (AG) <HagamanClarkD@michigan.gov>; Elve, Meagan (AG) <ElveM@michigan.gov>
**Subject:** AG HEADS UP – Flint Water Prosecution (Update)

Re: The Flint Water Prosecutions

Attorney General Nessel,

Yesterday, Monday, August 30, Judge Kelly of the 7th Circuit Court issued an order denying the People's motion to amend the protective order.

As you recall, we filed a motion to amend the protective order both in response to the litigation initiated in the bankruptcy court and to purported ethical concerns raised by the civil side. It was

decided that this action, whether successful or unsuccessful, would address both of these concerns. The proposed amended protective order was agreed upon by the Department. All defendants refused to concur in the amendments.

As stated in our motion, we sought to amend the protective order "out of an abundance of caution and to avoid further disputes going forward". We argued that our "good cause" to amend the protective order pursuant to MCR 6.201(E) was "to clarify the protection of privileged and confidential [material] in this case both to ensure that privilege is preserved and to avoid any further delay in the prosecution of this case."

After argument on this and other motions held on August 10, Judge Kelly ordered the People to stop tendering discovery and reviewing discovery until she ruled on the motion to amend the protective order. We complied. In the interim, we also filed a motion for leave to file a supplemental brief in the bankruptcy court to attach the proposed amended protective order. The bankruptcy court granted us leave and we filed a supplemental brief on Thursday, August 26.

In her order, Judge Kelly denied our motion to amend the protective order because she did not find that there was "good cause" to amend the protective order. She also lifted her order that we cease tendering and reviewing discovery.

We are now seeking leave to file a second supplemental brief in the bankruptcy court to inform the court of Judge Kelly's denial. We are still awaiting a ruling or further instruction from the bankruptcy court regarding the contempt motion.

Geographic Impact- Flint

Media – Other than the general media interest in the Flint Water Prosecutions, I am unaware of any specific media attention about this particular issue.

News Release Recommendation – Not recommended

Next Key Events and Dates – September 13, 2021, motion hearing in the 7th Circuit Court. There are no pending dates for the bankruptcy litigation.

Contacts: Solicitor General Fadwa Hammoud and AAG Bryant Osikowicz

Please let me know if you have any questions. Thank you.

Bryant


Bryant Patrick Osikowicz
Assistant Attorney General
Michigan Department of Attorney General
Cadillac Place Building
3030 W. Grand Blvd.
Detroit, MI 48202
(o) 313-456-0064
(f) 313-456-3454
OsikowiczB@Michigan.gov



PRIVILEGED AND CONFIDENTIAL – ATTORNEY CLIENT COMMUNICATION

This e-mail is intended only for those persons to whom it is specifically addressed. It is confidential and is protected by the attorney-client privilege and work product doctrine. This privilege belongs to the Michigan Department of Attorney General, and individual addressees are not authorized to waive or modify this privilege in anyway. Individuals are advised that any dissemination, reproduction or unauthorized review of this information by persons other than those listed above may constitute a waiver of this privilege and is therefore prohibited. If you have received this message in error, please notify the sender immediately

# Exhibit 43

| Date: | Sunday, October 10 2021 02:06 PM |
|---|---|
| Subject: | RE: AG HEADS UP – Flint Water Prosecution (Update) |
| From: | Osikowicz, Bryant (AG) |
| To: | Nessel, Dana (AG) ████████████████ |
| CC: | Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>; Albers, Mitchell (AG) <AlbersM1@michigan.gov>; Mukomel, Lynsey (AG) <MukomelL@michigan.gov>; Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>; Covington, Courtney (AG) <CovingtonC2@michigan.gov>; McCann, Amber (AG) <McCannA@michigan.gov>; Manning, Peter (AG) <ManningP@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>; Novak, Robin (AG) <NovakR@michigan.gov>; Teszlewicz, Barbara (AG) <teszlewiczb@michigan.gov>; King-Piepenbrok, Pier (AG) <KingP1@michigan.gov>; Gustafson, Holly (AG) <GustafsonH@michigan.gov>; Passmore, Quinn (AG) <PassmoreQ1@michigan.gov>; Hagaman-Clark, Danielle (AG) <HagamanClarkD@michigan.gov>; Elve, Meagan (AG) <ElveM@michigan.gov>; |

Attachments: image001.png; Resp to Defs Motion for Protective Order (Lyon) AG 2021-0310514-A.pdf

Re: The Flint Water Prosecutions

Attorney General Nessel,

Update: Attached please find the People's response to Defendant Lyon's motion as described in the Heads-Up email below, which we will be arguing on Tuesday, October 12. Please note that it was filed with the court late last week and is now a public record.

Geographic Impact- Flint

Media – Other than the general media interest in the Flint Water Prosecutions, I am unaware of any specific media attention about this particular motion.

News Release Recommendation – Not recommended

Next Key Events and Dates – October 12, 2021, motion hearing in the 7th Circuit Court.

Contacts: Solicitor General Fadwa Hammoud and AAG Bryant Osikowicz.

Please let me know if you have any questions. Thank you.

Bryant

---

**From:** Osikowicz, Bryant (AG)
**Sent:** Friday, September 10, 2021 7:07 PM
**To:** 'Nessel, Dana (AG)' ████████████████
**Cc:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>; VanDeventer, John (AG) <VandeventerJ@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>; Albers, Mitchell (AG) <AlbersM1@michigan.gov>; Mukomel, Lynsey (AG) <MukomelL@michigan.gov>; Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>; Covington, Courtney (AG) <CovingtonC2@michigan.gov>; McCann, Amber (AG) <McCannA@michigan.gov>; Manning, Peter (AG) <ManningP@michigan.gov>; Potchen, Joseph (AG) <PotchenJ@michigan.gov>; Novak, Robin (AG) <NovakR@michigan.gov>; Teszlewicz, Barbara (AG) <teszlewiczb@michigan.gov>; King-Piepenbrok, Pier (AG) <KingP1@michigan.gov>; Gustafson, Holly

(AG) <GustafsonH@michigan.gov>; Passmore, Quinn (AG) <PassmoreQ1@michigan.gov>; Hagaman-Clark, Danielle (AG) <HagamanClarkD@michigan.gov>; Elve, Meagan (AG) <ElveM@michigan.gov>
**Subject:** AG HEADS UP – Flint Water Prosecution (Update)

Re: The Flint Water Prosecutions

Attorney General Nessel,

Update: We were just notified that the hearings scheduled for next Tuesday, September 14, 2021, in front of Judge Kelly, which included a continued motion to compel and Defendant Lyon's motion for protective order and evidentiary hearing that he filed this week, have been adjourned until October 12 because Judge Kelly is in jury trial. Please let me know if you have any questions. Thank you.

Geographic Impact- Flint

Media – Other than the general media interest in the Flint Water Prosecutions, I am unaware of any specific media attention about this particular issue.

News Release Recommendation – Not recommended

Next Key Events and Dates – October 12, 2021, motion hearing in the 7th Circuit Court.

Contacts: Solicitor General Fadwa Hammoud and AAG Bryant Osikowicz.

Please let me know if you have any questions. Thank you.

Bryant

Bryant Patrick Osikowicz
Assistant Attorney General
Michigan Department of Attorney General
Cadillac Place Building
3030 W. Grand Blvd.
Detroit, MI 48202
(o) 313-456-0064
(f) 313-456-3454
OsikowiczB@Michigan.gov



PRIVILEGED AND CONFIDENTIAL – ATTORNEY CLIENT COMMUNICATION

This e-mail is intended only for those persons to whom it is specifically addressed. It is confidential and is protected by the attorney-client privilege and work product doctrine. This privilege belongs to the Michigan Department of Attorney General, and individual addressees are not authorized to waive or modify this privilege in anyway. Individuals are advised that any dissemination, reproduction or unauthorized review of this information by persons other than those listed above may constitute a waiver of this privilege and is therefore prohibited. If you have received this message in error, please notify the sender immediately

# Exhibit 44

| **Date:** | Friday, June 25 2021 11:01 AM |
| **Subject:** | Fwd: Summary of June 24, 2021 pretrial - Judge Kelly |
| **From:** | Hammoud, Fadwa (AG) |
| **To:** | Nessel, Dana (AG) ███████████ |

Dana- Sending this to you as an FYI. I asked Chris to summarize yesterday's public pretrial hearing. Please see email below.

**From:** Kessel, Christopher (AG) <KesselC@michigan.gov>
**Sent:** Friday, June 25, 2021 10:54 AM
**To:** Hammoud, Fadwa (AG); Osikowicz, Bryant (AG)
**Subject:** Summary of June 24, 2021 pretrial - Judge Kelly

Fadwa,

On Thursday, June 24, 2021, a pretrial was held before Judge Kelly regarding defendants Agen, Ambrose, Baird, Earley, Lyon, and Peeler. The hearing served no specific purpose other than for Judge Kelly to check in with the parties to see how the cases were progressing. I explained to the judge that despite the complaints of the defendants, discovery was progressing as quickly as it could. I summarized all of the discovery that had already been provided, explained how much GJ material had been released and what was left, and told the judge that we had just (literally the day before the hearing) distributed preliminary witness lists for each defendant. I also let the parties know that Judge Beagle was holding a hearing on 6/28 at 3:30pm to discuss his progress. The defense attorneys (some much more than others) then took their turns bashing our progress, calling us deceitful, complaining that the witness list was too long, saying we were dragging out feet and hiding things...etc. Levine went so far as to accuse someone in the office of leaking an IS and then he referenced the bankruptcy court issues relating to discovery (which I purposely steered clear of mentioning). Thankfully Judge Kelly didn't seem interested in his allegations or his reference of the bankruptcy court. She expressly stated that she went out of her way to avoid reading about anything Flint related in the news. As such, she was unaware of the bankruptcy court issues and how it could impact the discovery process. Towards the end of the hearing Judge Kelly expressed some approval for how we were handling things – in the sense that we were determined to hand over all the material we had and not just decide what things we would keep and what we would disseminate – but welcomed any motions that the defendants would file on the matter.

She set another pretrial for 10/28 at 2pm.

Chris

# Exhibit 45

| | |
|---|---|
| **Date:** | Wednesday, July 14 2021 08:55 AM |
| **Subject:** | FW: Flint Heads Up - 7/13 Hearing on Lyon Motion to Compel |
| **From:** | Hammoud, Fadwa (AG) |
| **To:** | 'Nessel, Dana (AG)' <span style="background:black">█████████████</span>; Rossman-McKinney, Kelly (AG) <RossmanMcKinneyK@michigan.gov>; Grossi, Christina (AG) <GrossiC@michigan.gov>; VanDeventer, John (AG) <VandeventerJ@michigan.gov>; |

FYI- Yesterday's motion to compel. Please see below. All good.

---

**From:** Fish, Gallant (AG) <FishG2@michigan.gov>
**Sent:** Tuesday, July 13, 2021 3:41 PM
**To:** Hammoud, Fadwa (AG) <HammoudF1@michigan.gov>
**Cc:** King-Piepenbrok, Pier (AG) <KingP1@michigan.gov>; Osikowicz, Bryant (AG) <OsikowiczB@michigan.gov>; Kettler, Molly (AG-Contractor) <KettlerM@michigan.gov>; Casperson, Alexandria (AG) <CaspersonA@michigan.gov>; Peterson, Alex (AG) <PetersonA19@michigan.gov>; Kessel, Christopher (AG) <KesselC@michigan.gov>
**Subject:** Flint Heads Up - 7/13 Hearing on Lyon Motion to Compel

Solicitor General,

This afternoon, a hearing was held before Judge Kelly of the Genesee County Circuit Court on a motion to compel discovery, brought by Defendant Nicolas Lyon and joined by Defendant Nancy Peeler. At the hearing, counsel for Defendant Lyon explained that, following discussions with Special Assistant Attorney General Molly Kettler, an order compelling production was no longer necessary. Counsel for Defendant Peeler agreed. The Court lauded the hard work put in by the parties in resolving this issue, adjourned the motion until August 10th, and instructed counsel for Defendant Lyon to submit a stipulated order setting forth the production timeline agreed to by the parties. At the conclusion of the hearing, SAG Kettler reiterated that discovery has been proceeding according to the procedure put in place by Chief Judge Beagle of the Genesee County Circuit Court and expressed hope that future issues would also be resolved through collaboration between the parties.

I appeared at the hearing, along with SAG Kettler. Please let me know if I can answer any additional questions regarding today's hearing.

Sincerely,

Gallant

*Gallant Fish*
*Assistant Attorney General*
*Civil Rights Division*
*FishG2@michigan.gov*