# Exhibit F

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATION OF NO RESPONSE OR OBJECTION REGARDING CITY OF DETROIT'S MOTION FOR AN ORDER (A) APPROVING FIRST AND FINAL DISTRIBUTION OF NEW B NOTES TO HOLDERS OF ALLOWED CLASS 14 CLAIMS UNDER THE CITY'S PLAN OF ADJUSTMENT AND (B) GRANTING OTHER RELATED RELIEF

On March 16, 2022, the City of Detroit ("City") filed the *City of Detroit's Motion for an Order (A) Approving First and Final Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting Other Related Relief* [Doc. No. 13521] ("Motion").

The Motion was served in accordance with the certificates of service at docket numbers 13522, 13534, 13535, and 13536.[1] No formal objections to the Motion have been filed and the deadline to do so has passed.

The City did receive a number of informal inquiries and objections with respect to the Motion, which it successfully worked to resolve. *See* Doc. Nos. 13528, 13530, 13553-56. One objection related to a claimant whose claim, claim number

---

[1] The last service occurred on April 12, 2022, by U.S. first class mail, and thus the deadline to object was April 30, 2022. No objections were filed by that date.

39104054.6/022765.00213

843, was inadvertently omitted from both Exhibits 6-B and 6-C. Doc. No. 13566; Doc. No. 13567 ("Mosley Order").

As set forth in the Motion, Exhibit 6-B to the Motion contains a list of the Holders[2] of Allowed Class 14 Claims that will receive Distributions, including the amount of each Claim and the amount of B Notes to be Distributed to the Claim Holder in respect of each Claim. Exhibit 6-C to the Motion contains a list of formerly Allowed Class 14 Claims that were subsequently disallowed and expunged under the Brokerage Order because the Holders failed to timely provide the necessary tax and brokerage account information required by the Brokerage Order.

As agreed by stipulation with the claimant's legal representative and approved by order of this Court in the Mosley Order, the B Notes for claim number 843 will be held in reserve by the City until (a) a personal representative for the claimant's estate is appointed and that representative returns tax and brokerage forms for the claim as required by the Mosley Order and the Brokerage Order, or (b) September 16, 2022. *Id.* Distributions to all claimants have been recalculated to account for this omitted claim and the informal objection resolutions noted above, resulting in slight changes in planned Distribution amounts for each claimant and thus slight

---

[2] Undefined capitalized terms have the meanings assigned to them in the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)*, filed on October 22, 2014 [Doc. No. 8045], and confirmed as modified on November 12, 2014 [Doc. No. 8272] ("Plan").

39104054.6/022765.00213

13-53846-tjt   Doc 13568   Filed 05/20/22   Entered 05/20/22 10:46:16   Page 2 of 25
13-53846-tjt   Doc 13612-6   Filed 08/23/22   Entered 08/23/22 15:23:34   Page 3 of 25

revisions to Exhibit 6-B and Exhibit 6-C. Revised versions of Exhibits 6-B and Exhibit 6-C are attached to the Certificate as Exhibits 6-B and 6-C (using the same numbering as in the Motion to avoid confusion), along with a short narrative summarizing the revisions to each exhibit.[3]

The City also attached a Distribution Notice to the Motion as Exhibit 6-A. A revised Distribution Notice and redline is attached to this Certification as Exhibit 6-A. The City will file a new Distribution Notice once a new date for Distribution has been selected (the previous target date of May 9 has passed), with the revised Exhibits 6-B and 6-C attached to this Certification.

A revised proposed order to the Motion is attached as **Exhibit 1**, followed by a redline to the form of the order that accompanied the Motion.

The City respectfully requests that the Court enter the proposed order attached as Exhibit 1.

---

[3] The City normally would provide redlines of the exhibit revisions, but because the Distribution to each and every claimant has been revised very slightly to account for the omitted Claim noted above, redlines proved to be voluminous and unhelpful.

39104054.6/022765.00213

Dated: May 20, 2022

CITY OF DETROIT LAW DEPARTMENT
By: /s/ *Charles N. Raimi*
      Charles N. Raimi (P29746)
      Mary Beth Cobb (P40080)
      James Noseda (P52563)
      Attorneys for the City of Detroit
      2 Woodward Avenue, Suite 500
      Detroit, Michigan 48226
      Phone - (313) 224-4550
      Email - raimic@detroitmi.gov

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.

By: /s/ *Marc N. Swanson*
      Marc N. Swanson (P71149)
      Ronald A. Spinner (P73198)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Phone - (313) 496-6420
      Facsimile - (313) 496-8451
      Email - swansonm@millercanfield.com

*Counsel for the City of Detroit,
Michigan*

- 4 -

<u>**EXHIBIT 1**</u>

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>City of Detroit, Michigan,<br><br>Debtor. | Bankruptcy Case No. 13-53846<br><br>Judge Thomas J. Tucker<br><br>Chapter 9 |

<u>**ORDER (A) APPROVING FIRST AND FINAL DISTRIBUTION OF**</u>
<u>**NEW B NOTES TO HOLDERS OF ALLOWED CLASS 14 CLAIMS**</u>
<u>**UNDER THE CITY'S PLAN OF ADJUSTMENT AND**</u>
<u>**(B) GRANTING OTHER RELATED RELIEF**</u>

This matter having come before the Court on the *City of Detroit's Motion for*

*an Order (A) Approving First and Final Distribution of New B Notes to Holders of*

*Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting*

*Other Related Relief* (the "Motion," Doc. No. 13521)[1]; notice having been given by

first-class mail to all known Holders of Class 14 Claims under the Plan, all creditors

and other parties in interest who requested notice or alleged Class 14 Claims, and

others, and by ECF to all participants registered to receive notice in this bankruptcy

case, and no further notice being necessary or required; no objections having been

timely filed to the Motion; the Court being fully advised in the premises; and there

being good and sufficient cause to grant the relief requested,

---

[1] Capitalized terms used but not otherwise defined in this Order have the meanings
given to them in the Motion.

39104054.6/022765.00213
13-53846-tjt   Doc 13568   Filed 05/20/22   Entered 05/20/22 10:46:16   Page 5 of 25
13-53846-tjt   Doc 13612-6   Filed 08/23/22   Entered 08/23/22 15:23:34   Page 6 of 25

**THE COURT FINDS THAT:**

1.       The City's compliance with paragraph 6 of this Order will satisfy the City's obligation under the Plan to file a notice of the planned Distribution Date in all respects. No other or additional notice need be given.

2.       Exhibit 6-B to the *Certification of No Response or Objection Regarding City of Detroit's Motion for an Order (A) Approving First and Final Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting Other Related Relief* ("Certification," Docket Number 13568) contains a complete and exhaustive list of Allowed Class 14 Claims entitled to Distributions under Class 14 of the Plan. These are the only Allowed Class 14 Claims that will receive Distributions under Class 14 of the Plan.

3.       The Pro Rata Distribution that the City proposes on Exhibit 6-B to Holders of Allowed Class 14 Claims has been computed in accordance with the requirements of the Plan.

4.       After making the Distributions listed on Exhibit 6-B of the Certification and compliance with the Mosley Order, the City will have fully satisfied its obligation under the Plan to Distribute B Notes to Holders of Allowed Class 14 Claims.

**THE COURT ORDERS THAT:**

5.       The Motion is granted to the extent provided in this Order.

-2-

6.     At least 14 calendar days prior to Distributing B Notes, the City is to file the revised Distribution Notice and its accompanying exhibits, as attached to the Certification.

7.     The Distribution proposed on Exhibit 6-B to the Certification is authorized and approved.

8.     Except as provided in paragraph 7 above and in the Mosley Order, no other Distribution of B Notes shall be made to the Holders of Allowed Class 14 Claims, no other alleged Holder of a Class 14 Claim shall be entitled to a Distribution under the Plan, and each such other alleged Holder of a Class 14 Claim shall be permanently estopped, barred, and enjoined from seeking a Distribution or any other relief from the City or any of its property.

9.     The City and Disbursing Agent are authorized to make payments of accrued interest to the Holders of B Notes at any time and from time to time without further notice or order of the Court. Nothing in this Order shall affect the right of a Holder of an Allowed Class 14 Claim to receive accrued interest under its B Notes.

10.     The reduction of the Disputed Unsecured Claims Reserve to $0 is authorized and approved.

11.     The $138 in B Notes that will remain after the Distribution proposed on Exhibit 6-B of the Certification is completed will revert to the City and become City property.

- 3 -

12. This Order is entered in furtherance of this Court's reserved jurisdiction to enter any orders that may be necessary or appropriate to implement or consummate the provisions of the Plan, and to ensure that Distributions to Holders of Claims are accomplished in accordance with the provisions of the Plan.

13. In implementing and enforcing the terms of this Order and the Plan, the City and its Related Entities are entitled to all privileges and protections of the Plan, including the exculpation set forth in Article III.D.6.

14. This Order does not modify the Plan or the Confirmation Order. Each and every term and condition in the Plan and Confirmation Order, including, without limitation, those with respect to the Allowed Claims and Distributions, remains in full force and effect.

15. This Court retains jurisdiction over the interpretation and enforcement of this Order.

- 4 -

# EXHIBIT 1-A

## **Redline to Proposed Order**

**EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER (A) APPROVING FIRST AND FINAL DISTRIBUTION OF NEW B NOTES TO HOLDERS OF ALLOWED CLASS 14 CLAIMS UNDER THE CITY'S PLAN OF ADJUSTMENT AND (B) GRANTING OTHER RELATED RELIEF

This matter having come before the Court on the *City of Detroit's Motion for an Order (A) Approving First and Final Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting Other Related Relief* (the "Motion," Doc. No. [~~          ~~]13521)[1]; notice having been given by first-class mail to all known Holders of Class 14 Claims under the Plan ~~and~~, all creditors and other parties in interest who requested notice or alleged Class 14 Claims, and others, and by ECF to all participants registered to receive notice in this bankruptcy case, and no further notice being necessary or required; no objections having been timely filed to the Motion; the Court being fully advised in the premises; and there being good and sufficient cause to grant the relief requested,

---

[1] Capitalized terms used but not otherwise defined in this Order have the meanings given to them in the Motion.

**THE COURT FINDS THAT:**

1.     The ~~filing and service of the Motion satisfies~~_City's compliance with paragraph 6 of this Order will satisfy_ the City's obligation under the Plan to file a notice of the planned Distribution Date in all respects. No other or additional notice need be given.

2.     Exhibit 6-B to the ~~Motion~~_Certification of No Response or Objection Regarding City of Detroit's Motion for an Order (A) Approving First and Final Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting Other Related Relief_ ("Certification," Docket Number 13568) contains a complete and exhaustive list of Allowed Class 14 Claims entitled to a ~~Distribution~~Distributions under Class 14 of the Plan. These are the only Allowed Class 14 Claims that will receive a ~~Distribution~~Distributions under Class 14 of the Plan.

3.     The Pro Rata Distribution that the City proposes on Exhibit 6-B to Holders of Allowed Class 14 Claims has been computed in accordance with the requirements of the Plan.

4.     After making the Distributions listed on Exhibit 6-B of the ~~Motion~~Certification and compliance with the Mosley Order, the City will have fully satisfied its obligation under the Plan to Distribute B Notes to Holders of Allowed Class 14 Claims.

**THE COURT ORDERS THAT:**

5.      The Motion is granted ~~to the extent provided~~ in ~~its entirety~~this Order.

6.      At least 14 calendar days prior to Distributing B Notes, the City is to file the revised Distribution Notice and its accompanying exhibits, as attached to the Certification.

7.      ~~6.~~The Distribution proposed on Exhibit 6-B to the ~~Motion~~Certification is authorized and approved.

8.      ~~7.~~Except as provided in paragraph ~~6~~7 above and in the Mosley Order, no other Distribution of B Notes shall be made to the Holders of Allowed Class 14 Claims, no other alleged Holder of a Class 14 Claim shall be entitled to a Distribution under the Plan, and each such other alleged Holder of a Class 14 Claim shall be permanently estopped, barred, and enjoined from seeking a Distribution or any other relief from the City or any of its property.

9.      ~~8.~~The City and Disbursing Agent are authorized to make payments of accrued interest to the Holders of B Notes at any time and from time to time without further notice or order of the Court. Nothing in this Order shall affect the right of a Holder of an Allowed Class 14 Claim to receive accrued interest under its B Notes.

10.     ~~9.~~The reduction of the Disputed Unsecured Claims Reserve to $0 is authorized and approved.

11. 10. The $12438 in B Notes that will remain after the Distribution proposed on Exhibit 6-B of the MotionCertification is completed will revert to the City and become City property.

12. 11. This Order is entered in furtherance of this Court's reserved jurisdiction to enter any orders that may be necessary or appropriate to implement or consummate the provisions of the Plan, and to ensure that Distributions to Holders of Claims are accomplished in accordance with the provisions of the Plan.

13. 12. In implementing and enforcing the terms of this Order and the Plan, the City and its Related Entities are entitled to all privileges and protections of the Plan, including the exculpation set forth in Article III.D.6.

14. 13. This Order does not modify the Plan or the Confirmation Order. Each and every term and condition in the Plan and Confirmation Order, including, without limitation, those with respect to the Allowed Claims and Distributions, remains in full force and effect.

15. 14. This Court retains jurisdiction over the interpretation and enforcement of this Order.

## EXHIBIT 6-A

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>City of Detroit, Michigan,<br><br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## REVISED NOTICE OF
## FIRST AND FINAL DISTRIBUTION AND DISTRIBUTION DATE [4]

### PLEASE READ THIS NOTICE CAREFULLY!

This is the Revised Notice of the City of Detroit's first and final distribution of B Notes with respect to Allowed Class 14 "Other Unsecured Claims"[1] in its bankruptcy case. If you hold a Class 14 Unsecured Claim in the City's bankruptcy case, you should read this Notice carefully, as it contains information related to the treatment of these claims. (Please note that this Revised Notice only discusses the Distribution of B Notes with respect to Allowed Class 14 Claims; accrued interest on the B Notes will be paid on a future date or dates to the Holders of B Notes.)

THIS REVISED NOTICE IS FOR INFORMATIONAL PURPOSES ONLY.

---

[1] Capitalized terms that are not defined in this Notice have the meanings given to them in the *City of Detroit's Motion for an Order (A) Approving First and Final Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting Other Related Relief,* filed at Docket Number 13521. Many of the terms referenced in that motion may be found in the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014),* filed on October 22, 2014 (Docket Number 8045), as modified and confirmed on November 12, 2014 (Docket Number 8272) (collectively, the "Plan"). The documents referenced here by Docket Number are available free of charge at the City of Detroit's bankruptcy website as maintained by Kurtzman Carson Consultants, LLC. That website may be accessed at http://www.kccllc.net/Detroit.

**Exhibit 6-B**[2] to this Revised Notice contains a list of all Allowed Class 14 Claims that will receive Distributions of B Notes as required under the City's confirmed bankruptcy Plan. **Exhibit 6-B** specifies the amount of B Notes to be Distributed to each of the Holders of these claims. Because these B Notes were issued in two series with identical terms, **Exhibit 6-B** lists the amount of each to be Distributed. If the Bankruptcy Court approves the City's planned Distribution, the Distribution of B Notes to Allowed Class 14 Claimants is expected to begin on or about **[DATE TO BE DETERMINED]**. Distributions will be made to the accounts previously identified by the Holders of these Allowed Class 14 Claims and may take a few days to complete. As required by an order of the Bankruptcy Court,[3] if an attempt to Distribute B Notes to an account fails or is otherwise unsuccessful, the City will notify the Holder of the Claim so that the Claim Holder can take corrective action if needed or desired.

**Exhibit 6-C** contains a list of Claims that have been abandoned and that will not receive Distributions of B Notes. Holders of the Claims on **Exhibit 6-C** were contacted by mail several times but did not return the information necessary for the City to Distribute B Notes to them. As specified in an order of the Bankruptcy Court,[4] all rights to Distributions on these Claims have been forfeited.

**This is the final notice the City will file with respect to Distribution of B Notes.**

---

[2] To reduce confusion, exhibit numbers to this Revised Notice use the same numbering as was used in the original Notice.

[3] *Order Granting City of Detroit's Motion to Establish Procedures for Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment* (Docket Number 13488).

[4] *Order Granting the City of Detroit's Motion to Implement Distributions of B Notes to Holders of Allowed Class 14 Claims Under the City's Confirmed Plan of Adjustment* (Docket Number 13173).

- 2 -

# EXHIBIT 6-A-Redline

## Redline to Distribution Notice

**EXHIBIT 6-A**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**REVISED NOTICE OF**
~~FIRST AND FINAL DISTRIBUTION AND DISTRIBUTION DATE~~

### PLEASE READ THIS NOTICE CAREFULLY!

~~The Motion distributed with this~~This is the Revised Notice ~~is~~of the City of Detroit's~~request to the Bankruptcy Court for the Eastern District of Michigan to approve its~~ first and final distribution of B Notes with respect to Allowed Class 14 "Other Unsecured Claims"[1] in its bankruptcy case. If you hold a Class 14 Unsecured Claim in the City's bankruptcy case, you should read this Notice carefully, as it contains information related to the treatment of these claims. (Please note that this Revised Notice only discusses the ~~d~~Distribution of B Notes with respect to Allowed Class 14 Claims; accrued interest on the B Notes will be paid on a future date or dates to the Holders of B Notes.)

~~Attached to the Motion are Exhibit 6-B and Exhibit 6-C.~~

---

[1] Capitalized terms that are not defined in this Notice have the meanings given to them in the *City of Detroit's Motion for an Order (A) Approving First and Final Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting Other Related Relief,* ~~to which this Notice is attached~~filed at Docket Number 13521. Many of the terms referenced in that motion may be found in the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014),* filed on October 22, 2014 (Docket Number 8045), as modified and confirmed on November 12, 2014 (Docket Number 8272) (collectively, the "Plan"). The documents referenced here by Docket Number are available free of charge at the City of Detroit's bankruptcy website as maintained by Kurtzman Carson Consultants, LLC. That website may be accessed at http://www.kccllc.net/Detroit.

**THIS REVISED NOTICE IS FOR INFORMATIONAL PURPOSES ONLY.**

**Exhibit 6-B**[2] to this Revised Notice contains a list of all Allowed Class 14 Claims that will receive ~~a Distribution~~Distributions of B Notes as required under the City's confirmed bankruptcy Plan. **Exhibit 6-B** specifies the amount of B Notes to be Distributed to each of the Holders of these claims. Because these B Notes were issued in two series with identical terms, **Exhibit 6-B** lists the amount of each to be Distributed. If the Bankruptcy Court approves the City's planned Distribution, the Distribution of B Notes to Allowed Class 14 Claimants is expected to begin on or about ~~May 9, 2022~~[DATE TO BE DETERMINED]. Distributions will be made to the accounts previously identified by the Holders of these Allowed Class 14 Claims and may take a few days to complete. As required by an order of the Bankruptcy Court,[23] if an attempt to Distribute B Notes to an account fails or is otherwise unsuccessful, the City will notify the Holder of the Claim so that the Claim Holder can take corrective action if needed or desired.

**Exhibit 6-C** contains a list of Claims that have been abandoned and that will not receive ~~a Distribution~~Distributions of B Notes. Holders of the Claims on **Exhibit 6-C** were contacted by mail several times but did not return the information necessary for the City to Distribute B Notes to them. As specified in an order of the Bankruptcy Court,[34] all rights to Distributions on these Claims have been forfeited.

This is the final notice the City will ~~send~~file with respect to ~~Distribution of B Notes. If you hold a Class 14 Claim in the City's bankruptcy case and expect a Distribution of B Notes, you should review Exhibits 6-B and 6-C carefully! If your Claim is either listed on Exhibit 6-C (the list of forfeited Claims) or simply not included in the list on Exhibit 6-B (the list of Claims to receive B Notes), and you believe this to be in error, you should object or otherwise respond to the Motion as directed in the *Notice of Opportunity to Object to City of Detroit's Motion for an Order (A) Approving First and Final*~~ **Distribution of** ~~*New*~~ **B Notes** ~~*to Holders of*~~

---

[2] To reduce confusion, exhibit numbers to this Revised Notice use the same numbering as was used in the original Notice.

[23] *Order Granting City of Detroit's Motion to Establish Procedures for Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment* (Docket Number 13488).

[34] *Order Granting the City of Detroit's Motion to Implement Distributions of B Notes to Holders of Allowed Class 14 Claims Under the City's Confirmed Plan of Adjustment* (Docket Number 13173).

~~Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting~~
~~Other Related Relief,~~ ~~attached as~~ **~~Exhibit 2~~** ~~to the Motion.~~

**~~Please be further advised that if you object, you will need to explain why you~~**
**~~believe you are entitled to a Distribution. Objections, for example, by~~**
**~~claimants who simply failed to return the forms required to receive a~~**
**~~Distribution or who otherwise failed to comply with requirements of the City's~~**
**~~Plan or the orders of the Bankruptcy Court are unlikely to be successful.~~** ~~If you~~
~~have reason to believe, however, that your Claim was omitted from~~ **~~Exhibit 6-B~~** ~~in~~
~~error, you should take this last and only opportunity to object before the B Notes are~~
~~Distributed. No further Distributions of B Notes will be made at any time other than~~
~~the Distributions identified in~~ **~~Exhibit 6-B.~~**

## EXHIBIT 6-B

## LIST OF PLANNED DISTRIBUTIONS TO
## HOLDERS OF ALLOWED CLASS 14 CLAIMS
## AND BRIEF SUMMARY OF REVISIONS

### Summary of Revisions

1.     Order entered at Docket Number 13567 provides that the City will reserve notes for claim number 843.  This results in a reserve for claim 843 (face value $280,000) being added at the bottom of Exhibit 6-B.  Correspondingly, this amount is added to the total amount of claims.  Claim 843 represents 0.13% of total claims.

2.     Orders entered at Docket Numbers 13530, 13554, and 13556 added lines for claim numbers 1189, 2403, and 2859 to Exhibit 6-B.  These changes, along with the change in the preceding paragraph, mean that claims on Exhibit 6-B receiving a distribution now represent 98.3% of all Allowed Class 14 Claims, an increase from the 95.9% shown on the original exhibit.  Correspondingly, forfeited claims represent 1.57% of the total, down from the 4.07% shown previously.

3.     As a result the addition of claim number 843, all other claims experienced minor reductions as the B Notes are distributed pro rata.  For example, the first claim on the list, claim number 12 held by Jessie Payne, was originally scheduled to receive $285,712 in face value of B Notes.  This claim's pro rata share of B Notes falls to $285,340 after inclusion of claim number 843, a decrease of $372.  The distribution of B Notes to the next claim, claim number 13, decreases only $10 because it is significantly smaller than claim number 12.

4.     The rounding effects are slightly different after all of the calculations are complete.  Thus, where the first set of calculations had $124 in face value of B Notes left undistributable, the revised calculation has $138 in face value of B Notes undistributable.

# New B Notes to Be Distributed to Claimants

| Claim Number | Creditor Name | Claim Amount | % of Total Claims | B Notes to Be Distributed Series 2014B-1 | B Notes to Be Distributed Series 2014B-2 | Total | % of B Note Distribution |
|---|---|---|---|---|---|---|---|
| 12 | Jessie Payne | $ 2,980,000.00 | 1.39% | $ 282,295.00 | $ 3,045.00 | $ 285,340.00 | 1.39% |
| 13 | Shawn Gargalino | $ 75,000.00 | 0.03% | $ 7,104.00 | $ 76.00 | $ 7,180.00 | 0.03% |
| 108 | Hassan Hassan | $ 4,980,000.00 | 2.32% | $ 471,755.00 | $ 5,089.00 | $ 476,844.00 | 2.32% |
| 120 | Zinda Jarrett v/a her attorney Christina Kohonow, Gunsteni, Christiansen & Kath PC | $ 55,000.00 | 0.03% | $ 5,210.00 | $ 56.00 | $ 5,266.00 | 0.03% |
| 128 | Anna Wright c/o Leonard M. Kohonow | $ 430,000.00 | 0.20% | $ 40,733.00 | $ 439.00 | $ 41,172.00 | 0.20% |
| 142 | Norfolk Southern Railway Company | $ 32,027.35 | 0.01% | $ 3,033.00 | $ 32.00 | $ 3,065.00 | 0.01% |
| 145 | Lonciam Sisco | $ 75,000.00 | 0.03% | $ 7,104.00 | $ 76.00 | $ 7,180.00 | 0.03% |
| 164 | Anthony Collier | $ 200,000.00 | 0.09% | $ 18,945.00 | $ 204.00 | $ 19,149.00 | 0.09% |
| 201 | Michael Beydoun & his attorney- Raymond Guzall III | $ 2,266,021.12 | 1.05% | $ 214,660.00 | $ 2,315.00 | $ 216,975.00 | 1.05% |
| 440 | Christopher Moore | $ 40,000.00 | 0.02% | $ 3,789.00 | $ 40.00 | $ 3,829.00 | 0.02% |
| 479 | Ganes Towing | $ 33,960.00 | 0.02% | $ 3,217.00 | $ 34.00 | $ 3,251.00 | 0.02% |
| 530 | Todd, Jr, Ira Lee | $ 500,000.00 | 0.23% | $ 47,364.00 | $ 510.00 | $ 47,874.00 | 0.23% |
| 567 | Mansfield Patterson JR. as p.r. | $ 100,000.00 | 0.05% | $ 9,472.00 | $ 102.00 | $ 9,574.00 | 0.05% |
| 570 | Mansfield Patterson V as P.R. | $ 100,000.00 | 0.05% | $ 9,472.00 | $ 102.00 | $ 9,574.00 | 0.05% |
| 572 | Williamson, Tracy (p.r. Of Williamson, Decadus) | $ 80,000.00 | 0.04% | $ 7,578.00 | $ 81.00 | $ 7,659.00 | 0.04% |
| 621 | Ball, Edward | $ 30,000.00 | 0.01% | $ 2,841.00 | $ 30.00 | $ 2,871.00 | 0.01% |
| 787 | Stanley, Sherell S. | $ 100,000.00 | 0.05% | $ 9,472.00 | $ 102.00 | $ 9,574.00 | 0.05% |
| 792 | Lhnos, James | $ 600,000.00 | 0.28% | $ 56,835.00 | $ 611.00 | $ 57,446.00 | 0.28% |
| 806 | Michigan Economic Dev Corp | $ 402,438.92 | 0.19% | $ 38,123.00 | $ 411.00 | $ 38,534.00 | 0.19% |
| 807 | Michigan Economic Dev Corp | $ 5,081,760.82 | 2.36% | $ 481,396.00 | $ 5,193.00 | $ 486,589.00 | 2.36% |
| 808 | Michigan Economic Dev Corp | $ 2,000,000.00 | 0.93% | $ 189,459.00 | $ 2,043.00 | $ 191,502.00 | 0.93% |
| 836 | Ohakpo, Simeon | $ 475,000.00 | 0.22% | $ 44,996.00 | $ 485.00 | $ 45,481.00 | 0.22% |
| 844 | Street-gilbert, Joera | $ 45,000.00 | 0.02% | $ 4,262.00 | $ 45.00 | $ 4,307.00 | 0.02% |
| 928 | Guest, Sharriza | $ 40,000.00 | 0.02% | $ 3,789.00 | $ 40.00 | $ 3,829.00 | 0.02% |
| 960 | Carter, Steven C. | $ 105,521.33 | 0.05% | $ 9,996.00 | $ 107.00 | $ 10,103.00 | 0.05% |
| 966 | Doviston, Frank | $ 60,000.00 | 0.03% | $ 5,683.00 | $ 61.00 | $ 5,744.00 | 0.03% |
| 979 | Bartell, Dena | $ 75,000.00 | 0.03% | $ 7,104.00 | $ 76.00 | $ 7,180.00 | 0.03% |
| 999 | Shannon Bratcher | $ 27,500.00 | 0.01% | $ 2,605.00 | $ 28.00 | $ 2,633.00 | 0.01% |
| 1001 | Jennifer Burton | $ 55,000.00 | 0.03% | $ 5,210.00 | $ 56.00 | $ 5,266.00 | 0.03% |
| 1002 | Chamith Legette | $ 65,000.00 | 0.03% | $ 6,157.00 | $ 66.00 | $ 6,223.00 | 0.03% |
| 1003 | Lolita Venn | $ 55,000.00 | 0.03% | $ 5,210.00 | $ 56.00 | $ 5,266.00 | 0.03% |
| 1008 | Moses Luckett | $ 55,000.00 | 0.03% | $ 5,210.00 | $ 56.00 | $ 5,266.00 | 0.03% |
| 1064 | Abraham Greer and Sandra Greer | $ 2,000,000.00 | 0.93% | $ 189,459.00 | $ 2,043.00 | $ 191,502.00 | 0.93% |
| 1138 | Wilmington Trust, National Association, as successor Contract Administrator | $ 644,277.66 | 0.30% | $ 61,032.00 | $ 658.00 | $ 61,690.00 | 0.30% |
| 1189 | Financial Guaranty Insurance Company | $ 5,150,000.00 | 2.39% | $ 487,859.00 | $ 5,262.00 | $ 493,121.00 | 2.39% |
| 1221 | Brown, Jessica (h.A.) | $ 15,000.00 | 0.01% | $ 1,420.00 | $ 15.00 | $ 1,435.00 | 0.01% |
| 1375 | Harvey, Gregory | $ 75,000.00 | 0.03% | $ 7,104.00 | $ 76.00 | $ 7,180.00 | 0.03% |
| 1390 | The Realty Company | $ 237,838.12 | 0.11% | $ 22,530.00 | $ 243.00 | $ 22,773.00 | 0.11% |

| Claim Number | Creditor Name | Claim Amount | % of Total Claims | B Notes to Be Distributed Series 2014 B-1 | B Notes to Be Distributed Series 2014 B-2 | Total | % of B Note Distribution |
|---|---|---|---|---|---|---|---|
| 1438 | Calloway, Lorraine | $ 32,500.00 | 0.02% | $ 3,078.00 | $ 33.00 | $ 3,111.00 | 0.02% |
| 1440 | Smith, Reno | $ 75,000.00 | 0.03% | $ 7,104.00 | $ 76.00 | $ 7,180.00 | 0.03% |
| 1454 | Snell, Geraldine | $ 45,000.00 | 0.02% | $ 4,262.00 | $ 45.00 | $ 4,307.00 | 0.02% |
| 1489 | Dinehay Cunningham | $ 75,000.00 | 0.03% | $ 7,104.00 | $ 76.00 | $ 7,180.00 | 0.03% |
| 1507 | Goudy, Lawanna | $ 30,000.00 | 0.01% | $ 2,841.00 | $ 30.00 | $ 2,871.00 | 0.01% |
| 1513 | Rogers, Jason | $ 40,000.00 | 0.02% | $ 3,789.00 | $ 40.00 | $ 3,829.00 | 0.02% |
| 1544 | Brooks, I-chaunay | $ 75,000.00 | 0.03% | $ 7,104.00 | $ 76.00 | $ 7,180.00 | 0.03% |
| 1554 | Clayton, Julius | $ 120,000.00 | 0.06% | $ 11,367.00 | $ 122.00 | $ 11,489.00 | 0.06% |
| 1604 | Parnell, Tiesean a minor by his next friend Curtiss Thomas | $ 60,000.00 | 0.03% | $ 5,683.00 | $ 61.00 | $ 5,744.00 | 0.03% |
| 1646 | Thompson, Keith | $ 30,000.00 | 0.01% | $ 2,841.00 | $ 30.00 | $ 2,871.00 | 0.01% |
| 1649 | Faye Atkins | $ 48,000.00 | 0.02% | $ 4,547.00 | $ 49.00 | $ 4,596.00 | 0.02% |
| 1739 | Patricia Ramirez | $ 600,000.00 | 0.28% | $ 56,837.00 | $ 613.00 | $ 57,450.00 | 0.28% |
| 1857 | Shafer & Associates, P.C. | $ 905,718.65 | 0.42% | $ 85,798.00 | $ 925.00 | $ 86,723.00 | 0.42% |
| 1862 | Detroit Police Officers Association (DPOA) | $ 12,500,000.00 | 5.81% | $ 1,184,124.00 | $ 12,774.00 | $ 1,196,898.00 | 5.81% |
| 1910 | Green, Glenn | $ 55,000.00 | 0.03% | $ 5,210.00 | $ 56.00 | $ 5,266.00 | 0.03% |
| 2032 | Gjergji-Grush | $ 55,000.00 | 0.03% | $ 5,210.00 | $ 56.00 | $ 5,266.00 | 0.03% |
| 2226 | Janet Johnson | $ 115,000.00 | 0.05% | $ 10,893.00 | $ 117.00 | $ 11,010.00 | 0.05% |
| 2274 | Mcpherson, Randall | $ 300,000.00 | 0.01% | $ 28,418.00 | $ 306.00 | $ 28,724.00 | 0.01% |
| 2277 | Brandt, Charlotte | $ 75,000.00 | 0.03% | $ 7,104.00 | $ 76.00 | $ 7,180.00 | 0.03% |
| 2279 | Trulli, Mark | $ 40,000.00 | 0.02% | $ 3,789.00 | $ 40.00 | $ 3,829.00 | 0.02% |
| 2312 | Melvin Lyle Larson | $ 30,000.00 | 0.01% | $ 2,841.00 | $ 30.00 | $ 2,871.00 | 0.01% |
| 2328 | Parsons Brinckerhoff Michigan, Inc. | $ 829,367.58 | 0.39% | $ 78,534.00 | $ 847.00 | $ 79,381.00 | 0.39% |
| 2403 | Smith & Weston Corp | $ 75,000.00 | 0.03% | $ 7,104.00 | $ 76.00 | $ 7,180.00 | 0.03% |
| 2603 | Sheriff Shawnice Stanley | $ 100,000.00 | 0.05% | $ 9,472.00 | $ 102.00 | $ 9,574.00 | 0.05% |
| 2717 | Loving, Courtney, Et Al | $ 35,000.00 | 0.02% | $ 3,315.00 | $ 35.00 | $ 3,350.00 | 0.02% |
| 2733 | Harris, Sammie Kevin | $ 100,000.00 | 0.05% | $ 9,472.00 | $ 102.00 | $ 9,574.00 | 0.05% |
| 2851 | Coalition Of Detroit Unions Et Al | $ 14,771,270.00 | 6.87% | $ 1,399,281.00 | $ 15,095.00 | $ 1,414,376.00 | 6.87% |
| 2926 | Balfour, Dalafonie | $ 29,176.02 | 0.01% | $ 2,763.00 | $ 29.00 | $ 2,792.00 | 0.01% |
| 2958 | Michigan AFSCME Council 25 and its affiliated Detroit Locals | $ 95,380,410.00 | 44.34% | $ 9,035,380.00 | $ 97,473.00 | $ 9,132,853.00 | 44.34% |
| 2659 | SAAA Union - Members | $ 138,650.00 | 0.06% | $ 13,134.00 | $ 141.00 | $ 13,275.00 | 0.06% |
| 3026 | Charter County of Wayne | $ 700,000.06 | 0.33% | $ 66,310.00 | $ 715.00 | $ 67,025.00 | 0.33% |
| 3031 | Charter County of Wayne | $ 364,551.23 | 0.17% | $ 34,533.00 | $ 372.00 | $ 34,905.00 | 0.17% |
| 3232 | Steven Wolak, as Personal Representative of the Estate of Christopher Wolak, Deceased | $ 355,000.00 | 0.17% | $ 33,629.00 | $ 362.00 | $ 33,991.00 | 0.17% |
| 3464 | Turner, Pamela | $ 350,000.00 | 0.16% | $ 33,153.00 | $ 359.00 | $ 33,512.00 | 0.16% |
| 3658 | U.S. Equal Employment Opportunity Commission | $ 90,000.00 | 0.04% | $ 8,525.00 | $ 91.00 | $ 8,616.00 | 0.04% |

**New B Notes to Be Distributed to Claimants**

| Claim Number | Creditor Name | Claim Amount | % of Total Claims | B Notes to be Distributed Series 2014B-1 | Series 2014B-2 | Total | % of B Note Distribution |
|---|---|---|---|---|---|---|---|
| 3683 | Macomb Interceptor Drain Drainage District by and through the Macomb County Public Works Commissioner | $22,000,000.00 | 10.23% | $2,084,058.00 | $22,482.00 | $2,106,540.00 | 10.23% |
| 3731 | State of Michigan, Department of Transportation | $62,132.00 | 0.03% | 5,885.00 | 63.00 | 5,948.00 | 0.03% |
| 3750 | State of Michigan, Dept of Environmental Quality | $342,995.25 | 1.59% | 32,416.00 | 349.00 | 327,765.00 | 1.59% |
| 3751 | State of Michigan, Dept. of Environmental Quality | $1,505,684.00 | 0.70% | 142,633.00 | 1,538.00 | 144,171.00 | 0.70% |
| 2816 | Sky Group Grand, LLC | $4,800,000.00 | 2.23% | 454,703.00 | 4,905.00 | 459,608.00 | 2.23% |
| 3832 | Charter County of Wayne | $20,800,000.00 | 9.67% | 1,970,382.00 | 21,256.00 | 1,991,638.00 | 9.67% |
| 3843 | American Home Assurance Company Chartis Excess Limited, Chartis Specialty Insurance Company, et al. | $150,240.00 | 0.07% | 14,232.00 | 153.00 | 14,385.00 | 0.07% |
| 3846 | Loewy and Loewy | $1,269,203.13 | 0.59% | 120,231.00 | 1,297.00 | 121,528.00 | 0.59% |
| 3847 | David Haron | $263,312.50 | 0.12% | 24,943.00 | 269.00 | 25,212.00 | 0.12% |
| 3848 | Stephanie Brown | $15,000.00 | 0.01% | 1,420.00 | 15.00 | 1,435.00 | 0.01% |
| | Subtotal | $211,443,775.74 | 98.30% | $20,030,007.00 | $216,041.00 | $20,246,048.00 | 98.30% |
| | Claims forfeited for lack of brokerage or tax information | $3,381,622.12 | 1.57% | 320,318.00 | 3,433.00 | 323,751.00 | 1.57% |
| 343 | Sheila Mosley - Reserved by Court Order | $280,000.00 | 0.13% | 26,524.00 | 286.00 | 26,810.00 | 0.13% |
| | Total | $215,105,397.86 | 100.00% | $20,376,849.00 | $219,760.00 | $20,596,609.00 | 100.00% |
| | Total B Notes Available | | | $20,376,922.00 | $219,825.00 | $20,596,747.00 | 100.00% |
| | *Undistributable due to "rounding requirements"* | | | 73.00 | 65.00 | 138.00 | |

* B Notes can only be distributed in whole dollar increments, and distributions must reflect that. This leaves a small amount of left over notes that cannot be distributed.

## EXHIBIT 6-C

## LIST OF HOLDERS OF ALLOWED CLASS 14 CLAIMS
## THAT DID NOT COMPLY WITH THE BROKERAGE ORDER AND
## WHOSE CLAIMS HAVE BEEN DISALLOWED AND EXPUNGED
## AND BRIEF SUMMARY OF REVISIONS

### Summary of Revisions

1.     Orders entered at Docket Numbers 13530 and 13554 resulted in claim numbers 1189 and 2403 being markedly reduced on Exhibit 6-C and claim number 2859 being removed from Exhibit 6-C.

2.     As a result, whereas claims in the total amount of $8,745,272.12 had been listed as having been forfeited on Exhibit 6-C, the revised Exhibit 6-C now shows $3,381,622.12 in claims forfeited. This represents a reduction of $5,363,650.