UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**STIPULATION BY AND BETWEEN THE CITY OF DETROIT, MICHIGAN AND RAYMOND THOMPSON, JR. (A) REGARDING CLAIM NUMBER 1641 AND (B) MODIFYING THE FIRST AND FINAL DISTRIBUTION ORDER [DOC. NO. 13570]**

The City of Detroit, Michigan ("City") and Raymond Thompson, Jr. ("Mr. Thompson," and, with the City, the "Parties") stipulate and agree as follows:

1. The Court ordered the City to respond to the Reconsideration Motion[1] by September 7, 2022. (Doc. No. 13613.) This Stipulation constitutes the City's response to that order.

2. Under the second paragraph of the Court's Deadline Order,[2] Mr. Thompson had until July 23, 2021, to submit "a properly completed Brokerage

---

[1] *Creditors Motion for Reconsideration and/or for Relief from Judgment of the Order Granting Debtor City of Detroit's Motion to Exclude Creditor Raymond Thompson Jr. from Disbursement Despite Timely Submission or Alternative Release from Order* (Doc. No. 13612).

[2] *Order Denying Motion of Jennifer Gilstrap and Certain Other Class 14 Claimants for Relief Regarding Distributions Under the Confirmed Plan of Adjustment* (Doc. No. 13401).

Account and Direction Form and a properly completed W-9 form" in order to receive a Distribution.[3]

3. In the Reconsideration Motion, Mr. Thompson asserts that he timely sent these forms to the City's claims agent by Federal Express on May 25, 2021, and that they were actually received by the claims agent on May 26, 2021. Reconsideration Motion, ¶¶ 3, 4.

4. Exhibit C to the Reconsideration Motion includes the Federal Express tracking number and reported recipient's name and supports Mr. Thompson's assertion.

5. Mr. Thompson asserts that forms for creditors Brazell and Parnell were included with this mailing. Reconsideration Motion, ¶¶ 3-4. Because creditor Parnell is on the list to receive a Distribution, Mr. Thompson believed this meant that his mailing had been received, with creditor Parnell's forms processed and his forms rejected or ignored. Reconsideration Motion, ¶¶ 5-6.

6. However, the City received forms for Parnell in a separate submission and not in the Federal Express mailing.[4] Likewise, creditor Brazell is not receiving

---

[3] Capitalized terms used but not otherwise defined have the meanings given to them in the *City's Eighth Amended Plan of Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045] ("Plan").

[4] Likewise, forms for creditor Parnell had been provided by email by an agent with Fifth Third who had been working with various claimants to set up brokerage accounts. *See* Prior Response, p. 8 n.7.

a Distribution and thus he was not required to return any forms. Prior Response, p. 2, n.1.

7. The City's records show that although forms had been submitted on creditor Thompson's behalf at least twice in the past, only a proper W-9 form had been received; the City still had not received a properly completed Brokerage Account and Direction Form for him.

8. The City asked its claims agent to investigate the assertions made in the Reconsideration Motion.

9. The City's claims agent informed the City that its regular course of practice is that upon receipt of a package, it is contemporaneously "logged" (receipt recorded) and then "processed" (opened and contents scanned).

10. A package with the tracking number shown in Exhibit C to the Reconsideration Motion was logged but, for some unknown reason, mistakenly was not processed in this instance. The whereabouts of the package and its contents cannot be determined.

11. As a result, the City does not have copies of the forms sent in the package, through no apparent fault of Mr. Thompson.[5]

---

[5] The City only has forms for creditor Parnell because they were sent separately, and, as noted previously, creditor Brazell was not required to return forms. *See* Prior Response, p. 2, n.1.

12. Under these circumstances the City may have been mistaken in omitting Mr. Thompson's Claim Number 1641 from any future Distribution, and, consequently, the Parties agree that Mr. Thompson should have the opportunity to participate in the Distribution planned for Class 14 under the Plan utilizing the Brokerage Account and Direction Form filed with the Reconsideration Motion. This Court has already authorized the City to waive or modify any requirement under the Brokerage Order[6] that "the City in good faith believes is necessary or appropriate to effectuate the relief provided in this Order [the Brokerage Order] or the Plan" (Brokerage Order, ¶7).

13. However, because of the current posture of the bankruptcy case and the subsequent entry of the First and Final Distribution Order,[7] the Parties need permission of the Court for this to occur, as proposed in the attached proposed order.

14. The Parties have conferred and have reached an agreement as set forth in the attached proposed order.

---

[6] *Order Granting the City of Detroit's Motion to Implement Distributions of B Notes to Holders of Allowed Class 14 Claims Under the City's Confirmed Plan of Adjustment* [Doc. No. 13173].

[7] *Order (A) Approving First and Final Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment and (B) Granting Other Related Relief* [Doc. No. 13570].

NOW, THEREFORE, the Parties ask the Court to enter the Order attached as Exhibit 1 which embodies the Parties' agreement.

STIPULATED AND AGREED TO ON SEPTEMBER 7, 2022.

| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br><br>By: */s/ Marc N. Swanson*<br>    Marc N. Swanson (P71149)<br>    Ronald A. Spinner (P73198)<br>    150 West Jefferson, Suite 2500<br>    Detroit, Michigan 48226<br>    Phone: (313) 496-6420<br>    Facsimile: (313) 496-8451<br>    swansonm@millercanfield.com<br><br>Counsel for the City of Detroit, Michigan | ROMANO LAW, PLLC<br><br>By:   */s/ Daniel G. Romano*<br>    Daniel G. Romano (P49117)<br>    23880 Woodward Avenue<br>    Pleasant Ridge, MI 48069<br>    Office: (248) 750-0270<br><br><br><br><br><br>Counsel for Raymond Thompson, Jr. |

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**ORDER (A) APPROVING STIPULATION BY AND BETWEEN
THE CITY OF DETROIT, MICHIGAN AND RAYMOND THOMPSON, JR.
REGARDING CLAIM NUMBER 1641 AND (B) MODIFYING THE FIRST
AND FINAL DISTRIBUTION ORDER [DOC. NO. 13570]**

This matter having come before the Court on the Stipulation entitled "Stipulation by and Between the City of Detroit, Michigan and Raymond Thompson, Jr. Regarding Claim Number 1641" (Docket Number [__], the "Stipulation,").[1] The Court having reviewed the Stipulation and being otherwise apprised of the matter; no notice needing to be given, and there being good cause set forth in the Stipulation for entry of this Order;

NOW THEREFORE IT IS HEREBY ORDERED THAT

1. By the filing entitled "Creditors Motion for Reconsideration and/or for Relief from Judgment of the Order Granting Debtor City of Detroit's Motion to Exclude Creditor Raymond Thompson Jr. from Disbursement Despite Timely

---

[1] Capitalized but undefined terms have the meanings ascribed to them in the Stipulation or in the City's Plan, as appropriate.

Submission or Alternative Release from Order" filed at Docket Number 13612), Mr. Thompson is deemed to have timely provided the City with a properly completed Brokerage Account Form, as that term is defined in this Court's Order at Docket Number 13173,[1] and, as the City represents that Mr. Thompson previously provided a properly completed Tax Form, he is eligible for a Distribution of New B Notes under the City's Plan.

2. To implement paragraph 1 of this Order and to provide the City with the necessary flexibility should other similar situations arise, under Federal Rule of Bankruptcy Procedure 9024, incorporating Federal Rule of Civil Procedure 60(a) by reference, and to correct a mistake arising from oversight or omission, the following relief is granted in the form of the following modifications to the First and Final Distribution Order:

(a) The City shall revise Exhibit 6-B, referenced in paragraph 2 of the First and Final Distribution Order, to include Claim Number 1641 and adjust the Distributions shown on Exhibit 6-B such that each Claim listed there, including Claim Number 1641 and the reserve shown on Exhibit 6-B for Claim Number 843 for Shelia Mosely, will each receive or have reserved a pro-rata Distribution under Class 14 of the Plan.

---

[1] Order Granting the City of Detroit's Motion to Implement Distributions of B Notes to Holders of Allowed Class 14 Claims Under the City's Confirmed Plan of Adjustment.

(b) When the City files the revised Distribution Notice and accompanying exhibits referenced in paragraph 6 of the First and Final Distribution Order, the City shall serve the Distribution Notice, its exhibits, and a copy of this Order on all claimants receiving a Distribution of New B Notes and file a certificate of service with this Court reflecting this service.

(c) With regard to the B Notes that will remain after Distribution, as referenced in paragraph 11 of the First and Final Distribution Order, any B Notes that remain after the Distribution contemplated by this Order and the First and Final Distribution Order will revert to the City, <u>provided</u> that no more than $1,000 in face value of B Notes may revert to the City for this reason.

(d) Upon the City's compliance with the provisions of paragraph 1 of this Order, the Court's findings in paragraph 1 of the First and Final Distribution Order is reaffirmed and adopted by this Court, and the Distribution of New B Notes is authorized and approved.

(e) Other than as explicitly stated herein, this Order does not revise or modify the First and Final Distribution Order in any way. For avoidance of any doubt, the injunction contained in paragraph 8 of the First and Final Distribution Order remains in full force and effect except as modified herein with respect to Mr. Thompson.

3. This Order is entered in furtherance of this Court's reserved jurisdiction to enter any orders that may be necessary or appropriate to implement or consummate the provisions of the Plan, and to ensure that Distributions to Holders of Claims are accomplished in accordance with the provisions of the Plan.

4. In implementing and enforcing the terms of this Order and the Plan, the City and its Related Entities are entitled to all privileges and protections of the Plan, including the exculpation set forth in Article III.D.6.

5. This Order does not modify the Plan, the Confirmation Order or, except as expressly provided herein with respect to the First and Final Distribution Order, any prior Orders of this Court. Each and every term and condition in the Plan, Confirmation Order and, except as expressly provided herein, each prior Order of this Court remains in full force and effect.

6. This Court retains jurisdiction over the interpretation and enforcement of this Order.