# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER (A) APPROVING STIPULATION BY AND BETWEEN THE CITY OF DETROIT, MICHIGAN AND RAYMOND THOMPSON, JR. REGARDING CLAIM NUMBER 1641 AND (B) MODIFYING THE FIRST AND FINAL DISTRIBUTION ORDER (DOCKET # 13570), AND RESOLVING RAYMOND THOMPSON, JR.'S RECONSIDERATION MOTION (DOCKET # 13612)

This case is before the Court on the stipulation filed on September 7, 2022, entitled "Stipulation by and Between the City of Detroit, Michigan and Raymond Thompson, Jr. (A) Regarding Claim Number 1641 . . ." (Docket # 13621, the "Stipulation,").[1] The Court having reviewed the Stipulation and being otherwise apprised of the matter; no notice needing to be given, and there being good cause set forth in the Stipulation for entry of this Order;

IT IS ORDERED THAT:

1.      By the filing entitled "Creditors Motion for Reconsideration and/or for Relief from Judgment of the Order Granting Debtor City of Detroit's Motion to Exclude Creditor Raymond Thompson Jr. from Disbursement Despite Timely

---

[1] Capitalized but undefined terms have the meanings ascribed to them in the Stipulation or in the City's Plan, as appropriate.

Submission or Alternative Release from Order" (Docket # 13612, the "Reconsideration Motion"), Mr. Thompson is deemed to have timely provided the City with a properly completed Brokerage Account Form, as that term is defined in this Court's Order at Docket # 13173,[1] and, as the City represents that Mr. Thompson previously provided a properly completed Tax Form, he is eligible for a Distribution of New B Notes under the City's Plan.

2.     To implement paragraph 1 of this Order and to provide the City with the necessary flexibility should other similar situations arise, under Federal Rule of Bankruptcy Procedure 9024, incorporating Federal Rule of Civil Procedure 60(a) by reference, and to correct a mistake arising from oversight or omission, the following relief is granted in the form of the following modifications to the First and Final Distribution Order:

(a) The City must revise Exhibit 6-B, referenced in paragraph 2 of the First and Final Distribution Order, to include Claim Number 1641 and adjust the Distributions shown on Exhibit 6-B such that each Claim listed there, including Claim Number 1641 and the reserve shown on Exhibit 6-B for Claim Number 843 for Shelia Mosely, will each receive or have reserved a pro-rata Distribution under Class 14 of the Plan.

---

[1] Order Granting the City of Detroit's Motion to Implement Distributions of B Notes to Holders of Allowed Class 14 Claims Under the City's Confirmed Plan of Adjustment.

(b) When the City files the revised Distribution Notice and accompanying exhibits referenced in paragraph 6 of the First and Final Distribution Order, the City must serve the Distribution Notice, its exhibits, and a copy of this Order on all claimants receiving a Distribution of New B Notes and file a certificate of service with this Court reflecting this service.

(c) With regard to the B Notes that will remain after Distribution, as referenced in paragraph 11 of the First and Final Distribution Order, any B Notes that remain after the Distribution contemplated by this Order and the First and Final Distribution Order will revert to the City, provided that no more than $1,000 in face value of B Notes may revert to the City for this reason.

(d) Upon the City's compliance with the provisions of paragraph 1 of this Order, the Court's findings in paragraph 1 of the First and Final Distribution Order are reaffirmed and adopted by this Court, and the Distribution of New B Notes is authorized and approved.

(e) Other than as explicitly stated herein, this Order does not revise or modify the First and Final Distribution Order in any way. For avoidance of any doubt, the injunction contained in paragraph 8 of the First and

Final Distribution Order remains in full force and effect except as modified herein with respect to Mr. Thompson.

3.      This Order is entered in furtherance of this Court's reserved jurisdiction to enter any orders that may be necessary or appropriate to implement or consummate the provisions of the Plan, and to ensure that Distributions to Holders of Claims are accomplished in accordance with the provisions of the Plan.

4.      In implementing and enforcing the terms of this Order and the Plan, the City and its Related Entities are entitled to all privileges and protections of the Plan, including the exculpation set forth in Article III.D.6.

5.      This Order does not modify the Plan, the Confirmation Order or, except as expressly provided herein with respect to the First and Final Distribution Order, any prior Orders of this Court.  Each and every term and condition in the Plan, Confirmation Order and, except as expressly provided herein, each prior Order of this Court remains in full force and effect.

6.      This Court retains jurisdiction over the interpretation and enforcement of this Order.

7.      The Reconsideration Motion is deemed to be fully settled by this Order.

**Signed on September 7, 2022**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**