**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE BAR DATE ORDER AND CONFIRMATION ORDER AGAINST DEBRA METRIS-SHAMOON, MUKHLIS SHAMOON, CARL VERES, PAUL METRIS AND JULIA METRIS**

The City of Detroit, Michigan ("City") by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this *Motion for the Entry of an Order Enforcing the Bar Date Order and Confirmation Order Against Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres, Paul Metris and Julia Metris* ("Motion"). In support of this Motion, the City respectfully states as follows:

**I.  Introduction**

1. On July 8, 2021, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres, Paul Metris and Julia Metris (collectively, the "Plaintiffs") filed their second amended complaint against the City seeking monetary damages on account of alleged events that occurred approximately ten months before the City filed for bankruptcy. The filing of the lawsuit violates the discharge and injunction provisions in the City's confirmed Plan and the Bar Date Order (each as defined below). The City informed the Plaintiffs of these violations and asked them to

- 1 -

voluntarily dismiss the lawsuit, but to no avail. As a result, the City is left with no choice but to seek an order barring and permanently enjoining the Plaintiffs from asserting and prosecuting the claims described in the federal court action against the City or property of the City and requiring the Plaintiffs to dismiss the federal court action with prejudice.

## II. Factual Background

### A. The City's Bankruptcy Case

2. On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

3. On October 10, 2013, the City filed its *Motion Pursuant to Section 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* ("Bar Date Motion") [Doc. No. 1146], which was approved by order of this Court on November 21, 2013 ("Bar Date Order"). [Doc. No. 1782].

4. The Bar Date Order established February 21, 2014, as the deadline for filing claims against the City. Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

5. Paragraph 22 of the Bar Date Order also provides that:

> Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

6. None of the Plaintiffs have filed a proof of claim in the City's bankruptcy case.

7. On October 22, 2014, the City filed its *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit* ("Plan"), which this Court confirmed on November 12, 2014. [Doc. Nos. 8045 & 8272].

8. The discharge provision in the Plan provides:

> Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date. Except as provided in the Plan or in the Confirmation Order, Confirmation will, as of the Effective Date, discharge the City from all Claims or other debts that arose on or before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (ii) the Holder of a Claim based on such debt has accepted the Plan.

Plan, Art. III.D.4, at p.50.

9. Further, the Plan injunction set forth in Article III.D.5 provides in pertinent part:

> **Injunction**
>
> **On the Effective Date, except as otherwise provided herein or in the Confirmation Order,**
>
> **a. all Entities that have been, are or may be holders of Claims against the City…shall be permanently enjoined from taking any of the following actions against or affecting the City or its property…**
>
> **1. commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affect the City of its property…**
>
> **5. proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan or the settlements set forth herein to the extent such**

**settlements have been approved by the Bankruptcy Court in connection with Confirmation of the Plan; and**

**6. taking any actions to interfere with the implementation or consummation of the Plan.**

Plan, Article III.D.5, at pp.50-51 (emphasis added).

10. The Court also retained jurisdiction to enforce the Plan injunction and to resolve any suits that may arise in connection with the consummation, interpretation or enforcement of the Plan. Plan, Art. VII. F, G, I, at p.72.

B. **Plaintiff's United States District Court Lawsuit**

11. On November 26, 2018, the Plaintiffs filed a complaint against the City and certain individuals in the United States District Court for the Eastern District of Michigan ("District Court"), commencing case number 18-13683 ("Lawsuit"). The docket sheet for the lawsuit is attached as **Exhibit 6-1**.

12. On June 25, 2021, the District Court entered the *Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings and Denying Defendants' Motion for Summary Judgment* ("Opinion") in the Lawsuit. The Opinion is attached as **Exhibit 6-2**.

13. As set forth in the Opinion, each of the Plaintiffs' claims stem from a raid which occurred on September 13, 2012. Opinion, p. 1. All of the Plaintiffs claims against the individual defendants have been dismissed. Opinion, p. 10. The only claims that remain in the Lawsuit are claims against the City.

14. In the Opinion, the District Court ordered the Plaintiffs to file an amended complaint. Opinion, p. 37.

15. On July 8, 2021, the Plaintiffs filed the *Second Amended Complaint and Jury Demand* ("Second Amended Complaint").[1] The Second Amended Complaint is attached as **Exhibit 6-3**. The Second Amended Complaint contains three counts. Each of the counts stem from the alleged raid on September 13, 2012. Second Amended Complaint ¶ 10.

### III. Argument

16. The Plaintiffs violated the Plan's injunction and discharge provisions when they filed the Lawsuit to assert claims and otherwise seek relief against the City. And, they continue to violate them by persisting in prosecuting the Lawsuit.

17. The Plan's injunction prohibited the filing of the Lawsuit and requires that it be dismissed with prejudice. Plan, Article III.D.5, at pp.50-51.

18. Further, the Plan's discharge provision states that the "rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before

---

[1] The Plaintiffs improperly added Sgt. Stephen Geelhood as a defendant in the Second Amended Complaint even though they acknowledge that the claims against him were dismissed: ""Plaintiffs recognize that Defendant Geelhood was previously dismissed by the Court, however, he is listed herein for purposes of Plaintiffs' preserving their claims against him." Second Amended Complaint, p. 1, FN 1.

the Effective Date." Plan Art. III.D.4, at p.50. The Plaintiffs did not file a proof of claim in the City's bankruptcy case. Consequently, they do not have a right to a distribution or payment under the Plan on account of the claims asserted in the Lawsuit. Plan, Art. III.D.5, at p.50 ("[A]ll entities that have been, are or may be holders of Claims against the City . . . shall be permanently enjoined from . . . proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan."). *See also* Plan, Art. I.A.19, at p.3; Art. I.A.134, at p.11; Art. VI.A.1, at p.67 ("Notwithstanding any other provision of the Plan, no payments or Distributions shall be made on account of a Disputed Claim until such Claim becomes an Allowed Claim."). Any claims that Plaintiffs may have had were discharged, and the Plan enjoins the Plaintiffs from pursuing them. The Bar Date Order also forever barred, estopped and enjoined the Plaintiffs from pursuing the claims asserted in the Second Amended Complaint.

19. Even if the Plaintiffs could somehow seek relief on their claims against the City or its property (which they cannot), the proper and only forum for doing so would be in this Bankruptcy Court. There is therefore no set of circumstances under which the Plaintiffs are or would have been permitted to commence and prosecute the Lawsuit against the City or its property.

## IV. Conclusion

20. The City thus respectfully requests that this Court enter an order, in substantially the same form as the one attached as Exhibit 1, (a) directing the Plaintiffs to dismiss, or cause to be dismissed, the Lawsuit with prejudice; (b) permanently barring, estopping and enjoining the Plaintiffs from asserting the claims alleged in, or claims related to, the Lawsuit against the City or property of the City; and (c) prohibiting the Plaintiffs from sharing in any distribution in this bankruptcy case. The City sought, but did not obtain, concurrence to the relief requested in the Motion.

Dated: April 6, 2022

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Attorneys for the City of Detroit