# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

### CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE BAR DATE ORDER AND CONFIRMATION ORDER AGAINST DEBRA METRIS-SHAMOON, MUKHLIS SHAMOON, CARL VERES, PAUL METRIS AND JULIA METRIS

The City of Detroit, Michigan ("City") by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this *Motion for the Entry of an Order Enforcing the Bar Date Order and Confirmation Order Against Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres, Paul Metris and Julia Metris* ("Motion"). In support of this Motion, the City respectfully states as follows:

## I.  Introduction

1.  On July 8, 2021, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres, Paul Metris and Julia Metris (collectively, the "Plaintiffs") filed their second amended complaint against the City seeking monetary damages on account of alleged events that occurred approximately ten months before the City filed for bankruptcy.  The filing of the lawsuit violates the discharge and injunction provisions in the City's confirmed Plan and the Bar Date Order (each as defined below).  The City informed the Plaintiffs of these violations and asked them to

38907400.4/022765.00213

voluntarily dismiss the lawsuit, but to no avail. As a result, the City is left with no choice but to seek an order barring and permanently enjoining the Plaintiffs from asserting and prosecuting the claims described in the federal court action against the City or property of the City and requiring the Plaintiffs to dismiss the federal court action with prejudice.

## II.     Factual Background

### A.     The City's Bankruptcy Case

2.     On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

3.     On October 10, 2013, the City filed its *Motion Pursuant to Section 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* ("Bar Date Motion") [Doc. No. 1146], which was approved by order of this Court on November 21, 2013 ("Bar Date Order"). [Doc. No. 1782].

4.     The Bar Date Order established February 21, 2014, as the deadline for filing claims against the City. Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

- 2 -

Bar Date Order ¶ 6.

     5.     Paragraph 22 of the Bar Date Order also provides that:

> Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "<u>Unscheduled Claim</u>"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

     6.     None of the Plaintiffs have filed a proof of claim in the City's bankruptcy case.

     7.     On October 22, 2014, the City filed its *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit* ("<u>Plan</u>"), which this Court confirmed on November 12, 2014.  [Doc. Nos. 8045 & 8272].

     8.     The discharge provision in the Plan provides:

38907400.4/022765.00213

Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date. Except as provided in the Plan or in the Confirmation Order, Confirmation will, as of the Effective Date, discharge the City from all Claims or other debts that arose on or before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (ii) the Holder of a Claim based on such debt has accepted the Plan.

Plan, Art. III.D.4, at p.50.

9. Further, the Plan injunction set forth in Article III.D.5 provides in pertinent part:

**Injunction**

**On the Effective Date, except as otherwise provided herein or in the Confirmation Order,**

**a.    all Entities that have been, are or may be holders of Claims against the City…shall be permanently enjoined from taking any of the following actions against or affecting the City or its property…**

**1.    commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affect the City of its property…**

**5.    proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan or the settlements set forth herein to the extent such**

- 4 -

**settlements have been approved by the Bankruptcy Court in connection with Confirmation of the Plan; and**

**6.    taking any actions to interfere with the implementation or consummation of the Plan.**

Plan, Article III.D.5, at pp.50-51 (emphasis added).

10.    The Court also retained jurisdiction to enforce the Plan injunction and to resolve any suits that may arise in connection with the consummation, interpretation or enforcement of the Plan.  Plan, Art. VII. F, G, I, at p.72.

**B.    Plaintiff's United States District Court Lawsuit**

11.    On November 26, 2018, the Plaintiffs filed a complaint against the City and certain individuals in the United States District Court for the Eastern District of Michigan ("District Court"), commencing case number 18-13683 ("Lawsuit").  The docket sheet for the lawsuit is attached as **Exhibit 6-1**.

12.    On June 25, 2021, the District Court entered the *Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings and Denying Defendants' Motion for Summary Judgment* ("Opinion") in the Lawsuit. The Opinion is attached as **Exhibit 6-2**.

13.    As set forth in the Opinion, each of the Plaintiffs' claims stem from a raid which occurred on September 13, 2012. Opinion, p. 1. All of the Plaintiffs claims against the individual defendants have been dismissed. Opinion, p. 10.  The only claims that remain in the Lawsuit are claims against the City.

38907400.4/022765.00213

14.     In the Opinion, the District Court ordered the Plaintiffs to file an amended complaint. Opinion, p. 37.

15.     On July 8, 2021, the Plaintiffs filed the *Second Amended Complaint and Jury Demand* ("Second Amended Complaint").[1]   The Second Amended Complaint is attached as **Exhibit 6-3**.  The Second Amended Complaint contains three counts. Each of the counts stem from the alleged raid on September 13, 2012. Second Amended Complaint ¶ 10.

### III.    Argument

16.     The Plaintiffs violated the Plan's injunction and discharge provisions when they filed the Lawsuit to assert claims and otherwise seek relief against the City.  And, they continue to violate them by persisting in prosecuting the Lawsuit.

17.     The Plan's injunction prohibited the filing of the Lawsuit and requires that it be dismissed with prejudice. Plan, Article III.D.5, at pp.50-51.

18.     Further, the Plan's discharge provision states that the "rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before

---

[1] The Plaintiffs improperly added Sgt. Stephen Geelhood as a defendant in the Second Amended Complaint even though they acknowledge that the claims against him were dismissed: ""Plaintiffs recognize that Defendant Geelhood was previously dismissed by the Court, however, he is listed herein for purposes of Plaintiffs' preserving their claims against him." Second Amended Complaint, p. 1, FN 1.

- 6 -

38907400.4/022765.00213

13-53846-tjt   Doc 13657-1   Filed 04/07/22   Entered 04/07/22 15:42:03   Page 66 of 8
100

the Effective Date." Plan Art. III.D.4, at p.50. The Plaintiffs did not file a proof of claim in the City's bankruptcy case. Consequently, they do not have a right to a distribution or payment under the Plan on account of the claims asserted in the Lawsuit. Plan, Art. III.D.5, at p.50 ("[A]ll entities that have been, are or may be holders of Claims against the City . . . shall be permanently enjoined from . . . proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan."). *See also* Plan, Art. I.A.19, at p.3; Art. I.A.134, at p.11; Art. VI.A.1, at p.67 ("Notwithstanding any other provision of the Plan, no payments or Distributions shall be made on account of a Disputed Claim until such Claim becomes an Allowed Claim."). Any claims that Plaintiffs may have had were discharged, and the Plan enjoins the Plaintiffs from pursuing them. The Bar Date Order also forever barred, estopped and enjoined the Plaintiffs from pursuing the claims asserted in the Second Amended Complaint.

19. Even if the Plaintiffs could somehow seek relief on their claims against the City or its property (which they cannot), the proper and only forum for doing so would be in this Bankruptcy Court. There is therefore no set of circumstances under which the Plaintiffs are or would have been permitted to commence and prosecute the Lawsuit against the City or its property.

38907400.4/022765.00213

## IV. Conclusion

20.    The City thus respectfully requests that this Court enter an order, in substantially the same form as the one attached as Exhibit 1, (a) directing the Plaintiffs to dismiss, or cause to be dismissed, the Lawsuit with prejudice; (b) permanently barring, estopping and enjoining the Plaintiffs from asserting the claims alleged in, or claims related to, the Lawsuit against the City or property of the City; and (c) prohibiting the Plaintiffs from sharing in any distribution in this bankruptcy case.  The City sought, but did not obtain, concurrence to the relief requested in the Motion.

Dated: April 6, 2022

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Attorneys for the City of Detroit

38907400.4/022765.00213

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## EXHIBIT LIST

| | |
|---|---|
| Exhibit 1 | Proposed Order |
| Exhibit 2 | Notice of Opportunity to Object |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6-1 | Docket Sheet |
| Exhibit 6-2 | Opinion |
| Exhibit 6-3 | Second Amended Complaint |

# EXHIBIT 1 – PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

### ORDER GRANTING CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE BAR DATE ORDER AND CONFIRMATION ORDER AGAINST DEBRA METRIS-SHAMOON, MUKHLIS SHAMOON, CARL VERES, PAUL METRIS AND JULIA METRIS

This matter, having come before the Court on the *Motion for the Entry of an Order Enforcing the Bar Date Order and Confirmation Order Against Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres, Paul Metris and Julia Metris* ("Motion"),[1] upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.      The Motion is granted.

2.      Within five days of the entry of this Order, the Plaintiffs must dismiss, or cause to be dismissed, with prejudice the lawsuit captioned as Debra Metris-

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Motion.

Shamoon, Mukhlis Shamoon, Carl Veres, Paul Metris, Julia Metris, Plaintiffs (collectively, the "Plaintiffs"), vs. City of Detroit, and Stephen Geelhood, in his Individual Capacity; jointly and severally, filed in the United States District Court for the Eastern District of Michigan and assigned Case No. 18-13683 ("Lawsuit").

3.      The Plaintiffs are permanently barred, estopped and enjoined from asserting claims asserted in the Lawsuit or claims arising from or related to the Lawsuit against the City of Detroit or property of the City of Detroit.

4.      The Plaintiffs are prohibited from sharing in any distribution in this bankruptcy case.

5.      The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

## EXHIBIT 2 – NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF OPPORTUNITY TO OBJECT TO CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE BAR DATE ORDER AND CONFIRMATION ORDER AGAINST DEBRA METRIS-SHAMOON, MUKHLIS SHAMOON, CARL VERES, PAUL METRIS AND JULIA METRIS

The City of Detroit has filed papers with the Court requesting the Court to enforce the Bar Date Order and Confirmation Order Against Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres, Paul Metris and Julia Metris.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the *Motion for the Entry of an Order Enforcing the Bar Date Order and Confirmation Order Against Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres, Paul Metris and Julia Metris,* within 14 days, you or your attorney must:

1.     File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.  You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2.   If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
        Marc N. Swanson (P71149)
        150 West Jefferson, Suite 2500
        Detroit, Michigan 48226
        Telephone: (313) 496-7591
        Facsimile: (313) 496-8451
        swansonm@millercanfield.com

Dated: April 6, 2022

**EXHIBIT 3 – NONE**

EXHIBIT 4 – CERTIFICATE OF SERVICE

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that on April 6, 2022, he served a copy of the foregoing *Motion for the Entry of an Order Enforcing the Bar Date Order and Confirmation Order Against Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres, Paul Metris and Julia Metris* upon counsel for Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres, Paul Metris and Julia Metris, in the manner described below:

Via first class mail and email:

Dennis A Dettmer
Dettmer & Dezsi, PLLC
1523 N. Main St.
Royal Oak, MI 48067
Email: ddettmeresq@yahoo.com

Michael R. Dezsi
Law Office of Michael R. Dezsi, PLLC
1523 N. Main St.
Royal Oak, MI 48067
Email: mdezsi@dezsilaw.com

DATED: April 6, 2022

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

# EXHIBIT 5 – NONE

# EXHIBIT 6-1 – DOCKET SHEET

Query   Reports   Utilities   Help   Log Out

# U.S. District Court
## Eastern District of Michigan (Port Huron)
## CIVIL DOCKET FOR CASE #: 3:18-cv-13683-RHC-EAS

| | |
|---|---|
| Metris-Shamoon et al v. City of Detroit et al | Date Filed: 11/26/2018 |
| Assigned to: District Judge Robert H. Cleland | Jury Demand: Both |
| Referred to: Magistrate Judge Elizabeth A. Stafford | Nature of Suit: 440 Civil Rights: Other |
| Cause: 28:1983 Civil Rights | Jurisdiction: Federal Question |

**Plaintiff**

**Debra Metris-Shamoon**                 represented by **Dennis A Dettmer**
                                                          Dettmer & Dezsi, PLLC
                                                          1523 N. Main St.
                                                          Royal Oak, MI 48067
                                                          313-757-8112
                                                          Fax: 313-887-0420
                                                          Email: ddettmeresq@yahoo.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michael R. Dezsi**
                                                          Law Office of Michael R. Dezsi, PLLC
                                                          1523 N. Main St.
                                                          Royal Oak, MI 48067
                                                          313-757-8112
                                                          Fax: 313-887-0420
                                                          Email: mdezsi@dezsilaw.com
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mukhlis Shamoon**                      represented by **Dennis A Dettmer**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michael R. Dezsi**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carl Veres**                           represented by **Dennis A Dettmer**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michael R. Dezsi**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Paul Metris**

                      represented by **Dennis A Dettmer**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

                                      **Michael R. Dezsi**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Julia Metris**

                      represented by **Dennis A Dettmer**
                                        (See above for address)
                                      *ATTORNEY TO BE NOTICED*

                                      **Michael R. Dezsi**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Detroit**

                      represented by **Crystal B Olmstead**
                                      City of Detroit Law Department
                                      2 Woodward Ave Ste. 500
                                      Detroit, MI 48224
                                      313-237-5035
                                      Fax: 313-224-5505
                                      Email: olmsteadc@detroitmi.gov
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                    **James P. Allen**
                                      Allen Brothers
                                      400 Monroe Street
                                      Suite 220
                                      Detroit, MI 48226
                                      313-962-7777
                                      Email: jamesallen@allenbrotherspllc.com
                                      *TERMINATED: 12/07/2021*
                                      *ATTORNEY TO BE NOTICED*

                                    **James M. Surowiec**
                                      Allen Brothers, Attorneys and Counselors, PLLC
                                      400 Monroe
                                      Suite 620
                                      Detroit, MI 48226
                                      313-962-7777
                                      Email: jsurowiec@allenbrotherspllc.com
                                      *TERMINATED: 12/07/2021*
                                      *ATTORNEY TO BE NOTICED*

                                    **Lindsey R. Johnson**
                                      Schenk & Bruetsch, PLC

211 W. Fort Street, Suite 1410
Detroit, MI 48226
313-774-1000
Email: Lindsey.Johnson@SBDetroit.com
*TERMINATED: 12/07/2021*
*ATTORNEY TO BE NOTICED*

**Patrick M. Cunningham**
City of Detroit Law Department
2 Woodward Avenue
Suite 500
Detroit, MI 48226
313-237-5032
Fax: 313-224-5505
Email: cunninghamp@detroitmi.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**                          represented by **John Doe**
*TERMINATED: 03/21/2019*                          PRO SE

                                      **Lindsey R. Johnson**
                                      (See above for address)
                                      *TERMINATED: 12/07/2021*
                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Doe**                          represented by **Jane Doe**
*TERMINATED: 03/21/2019*                          PRO SE

                                      **Lindsey R. Johnson**
                                      (See above for address)
                                      *TERMINATED: 12/07/2021*
                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Sgt Joe Tucker**                    represented by **Crystal B Olmstead**
*TERMINATED: 06/25/2021*                          (See above for address)
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **James P. Allen**
                                      (See above for address)
                                      *TERMINATED: 12/07/2021*
                                      *ATTORNEY TO BE NOTICED*

                                      **James M. Surowiec**
                                      (See above for address)
                                      *TERMINATED: 12/07/2021*
                                      *ATTORNEY TO BE NOTICED*

                                      **Lindsey R. Johnson**
                                      (See above for address)

TERMINATED: 12/07/2021
ATTORNEY TO BE NOTICED

**Defendant**

**Sgt Candace Matschikowski**          represented by **Crystal B Olmstead**
TERMINATED: 06/25/2021                           (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **James P. Allen**
                                                 (See above for address)
                                                 *TERMINATED: 12/07/2021*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **James M. Surowiec**
                                                 (See above for address)
                                                 *TERMINATED: 12/07/2021*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Lindsey R. Johnson**
                                                 (See above for address)
                                                 *TERMINATED: 12/07/2021*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Sgt Stephen Geelhood**               represented by **Crystal B Olmstead**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **James P. Allen**
                                                 (See above for address)
                                                 *TERMINATED: 12/07/2021*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **James M. Surowiec**
                                                 (See above for address)
                                                 *TERMINATED: 12/07/2021*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Lindsey R. Johnson**
                                                 (See above for address)
                                                 *TERMINATED: 12/07/2021*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Juan Davis**                         represented by **Crystal B Olmstead**
TERMINATED: 06/25/2021                           (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **James P. Allen**
                                                 (See above for address)

*TERMINATED: 12/07/2021*
*ATTORNEY TO BE NOTICED*

**James M. Surowiec**
(See above for address)
*TERMINATED: 12/07/2021*
*ATTORNEY TO BE NOTICED*

**Lindsey R. Johnson**
(See above for address)
*TERMINATED: 12/07/2021*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brian A Johnson**          represented by  **Crystal B Olmstead**
*TERMINATED: 06/25/2021*                 (See above for address)
                                      *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

                                      **James P. Allen**
                                      (See above for address)
                                      *TERMINATED: 12/07/2021*
                                      *ATTORNEY TO BE NOTICED*

                                      **James M. Surowiec**
                                        (See above for address)
                                      *TERMINATED: 12/07/2021*
                                      *ATTORNEY TO BE NOTICED*

                                      **Lindsey R. Johnson**
                                      (See above for address)
                                      *TERMINATED: 12/07/2021*
                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/26/2018 | 1 | COMPLAINT filed by All Plaintiffs against All Defendants with Jury Demand. Plaintiff requests summons issued. Receipt No: 0645-7002575 - Fee: $ 400. County of 1st Plaintiff: Macomb - County Where Action Arose: Macomb - County of 1st Defendant: Wayne. [Previously dismissed case: No] [Possible companion case(s): USDC EDMICH, 15-cv-10547, Judge Borman] (Dezsi, Michael) (Entered: 11/26/2018) |
| 11/27/2018 | 2 | SUMMONS Issued for *City of Detroit* (SKra) (Entered: 11/27/2018) |
| 11/27/2018 | | A United States Magistrate Judge of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form is available for download at http://www.mied.uscourts.gov (SKra) (Entered: 11/27/2018) |
| 11/29/2018 | 3 | NOTICE of Appearance by Dennis A Dettmer on behalf of All Plaintiffs. (Dettmer, Dennis) (Entered: 11/29/2018) |
| 12/12/2018 | 4 | CERTIFICATE of Service/Summons Returned Executed. City of Detroit served on 12/12/2018, answer due 1/2/2019. (Dezsi, Michael) (Entered: 12/12/2018) |

| 12/13/2018 | 5 | NOTICE of Appearance by James P. Allen on behalf of City of Detroit. (Allen, James) (Entered: 12/13/2018) |
|---|---|---|
| 12/13/2018 | 6 | NOTICE of Appearance by Lindsey R. Johnson on behalf of City of Detroit. (Johnson, Lindsey) (Entered: 12/13/2018) |
| 12/17/2018 | 7 | STIPULATED ORDER Extending Time for Response to 1 Complaint. **Response due by 1/31/2019**. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 12/17/2018) |
| 01/31/2019 | 8 | ANSWER to Complaint with Affirmative Defenses with Jury Demand *Defendant City of Detroit's Answer to Complaint, Affirmative Defenses and Other Defenses and Reliance Upon Jury Demand and Certificate of Service* by City of Detroit. (Allen, James) (Entered: 01/31/2019) |
| 02/15/2019 | 9 | NOTICE TO APPEAR: **Scheduling/Settlement Conference set for 3/7/2019 11:30 AM before District Judge Arthur J. Tarnow**. (MLan) (Entered: 02/15/2019) |
| 02/21/2019 | | TEXT-ONLY NOTICE: **Scheduling/Settlement Conference ADJOURNED TO 3/14/2019 11:00 AM before District Judge Arthur J. Tarnow**. (MLan) (Entered: 02/21/2019) |
| 03/13/2019 | 10 | ATTORNEY APPEARANCE: James M. Surowiec appearing on behalf of City of Detroit (Surowiec, James) (Entered: 03/13/2019) |
| 03/14/2019 | | Minute Entry for proceedings before District Judge Arthur J. Tarnow: Scheduling Conference held on 3/14/2019. (MLan) (Entered: 03/14/2019) |
| 03/14/2019 | 11 | SCHEDULING ORDER: **Witnesses to be exchanged by 5/1/2019, Discovery Motions to be filed by 8/23/2019, Discovery due by 9/20/2019, Dispositive Motion Cut-off set for 10/28/2019, Joint Final Pretrial Order due 2/3/2020, Final Pretrial Conference set for 2/10/2020 02:30 PM before District Judge Arthur J. Tarnow**. Signed by District Judge Arthur J. Tarnow. (Refer to image for additional dates) (MLan) (Entered: 03/14/2019) |
| 03/21/2019 | 12 | STIPULATED ORDER Allowing Plaintiffs to File First Amended Complaint. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 03/21/2019) |
| 03/21/2019 | 13 | AMENDED COMPLAINT with Jury Demand filed by All Plaintiffs against All Defendants. NEW PARTIES ADDED. (Dezsi, Michael) (Entered: 03/21/2019) |
| 03/21/2019 | | REQUEST for SUMMONS for Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Dezsi, Michael) (Entered: 03/21/2019) |
| 03/22/2019 | 14 | SUMMONS Issued for *Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker* (DPer) (Entered: 03/22/2019) |
| 04/03/2019 | 15 | STIPULATED ORDER Extending Time for Response to 13 Amended Complaint. **Response due by 4/29/2019**. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 04/03/2019) |
| 04/10/2019 | 16 | CERTIFICATE of Service/Summons Returned Executed. Stephen Geelhood served on 4/5/2019, answer due 4/26/2019. (Dezsi, Michael) (Entered: 04/10/2019) |
| 04/18/2019 | 17 | CERTIFICATE of Service/Summons Returned Executed. Brian A Johnson served on 4/17/2019, answer due 5/8/2019. (Dezsi, Michael) (Entered: 04/18/2019) |
| 04/18/2019 | 18 | CERTIFICATE of Service/Summons Returned Executed. Juan Davis served on 4/17/2019, answer due 5/8/2019. (Dezsi, Michael) (Entered: 04/18/2019) |
| 04/18/2019 | 19 | CERTIFICATE of Service/Summons Returned Executed. Joe Tucker served on 4/18/2019, answer due 5/9/2019. (Dezsi, Michael) (Entered: 04/18/2019) |

| | | |
|---|---|---|
| 04/29/2019 | 20 | ATTORNEY APPEARANCE: James P. Allen appearing on behalf of Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker (Allen, James) (Entered: 04/29/2019) |
| 04/29/2019 | 21 | ATTORNEY APPEARANCE: James M. Surowiec appearing on behalf of Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker (Surowiec, James) (Entered: 04/29/2019) |
| 04/29/2019 | 22 | ATTORNEY APPEARANCE: Lindsey R. Johnson appearing on behalf of Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker (Johnson, Lindsey) (Entered: 04/29/2019) |
| 04/29/2019 | 23 | ANSWER to Amended Complaint with Affirmative Defenses *and Reliance Upon Jury Demand* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Johnson, Lindsey) (Entered: 04/29/2019) |
| 05/01/2019 | 24 | *Plaintiffs'* WITNESS LIST by All Plaintiffs (Dezsi, Michael) (Entered: 05/01/2019) |
| 05/01/2019 | 25 | *Defendants' Preliminary Lay and Expert* WITNESS LIST by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker (Johnson, Lindsey) (Entered: 05/01/2019) |
| 05/13/2019 | 26 | AMENDED ANSWER to Complaint 13 Amended Complaint with Affirmative Defenses *and Reliance Upon Jury Demand* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Johnson, Lindsey) (Entered: 05/13/2019) |
| 08/08/2019 | 27 | STIPULATED ORDER Allowing Defendants Leave to File Amended Affirmative Defenses. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 08/08/2019) |
| 08/09/2019 | 28 | AFFIRMATIVE DEFENSES by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker (Johnson, Lindsey) (Entered: 08/09/2019) |
| 08/13/2019 | 29 | ORDER REFERRING OTHER MATTERS to Magistrate Judge R. Steven Whalen: Discovery Conference. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 08/13/2019) |
| 08/20/2019 | 30 | NOTICE TO APPEAR: **Discovery Conference set for 9/10/2019 at 10:00 AM before Magistrate Judge R. Steven Whalen**. (THac) (Entered: 08/20/2019) |
| 08/22/2019 | 31 | MOTION Extend Scheduling Order by 120 days by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A) (Johnson, Lindsey) (Entered: 08/22/2019) |
| 08/22/2019 | 32 | ORDER REFERRING MOTION to Magistrate Judge R. Steven Whalen: 31 MOTION Extend Scheduling Order by 120 days filed by City of Detroit, Juan Davis, Candace Matschikowski, Brian A Johnson, Joe Tucker, Stephen Geelhood. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 08/22/2019) |
| 08/26/2019 | 33 | NOTICE OF HEARING on 31 Defendants' MOTION to Amend Scheduling Order Dates by 120 Days . **Motion Hearing set for 9/10/2019 at 10:00 AM before Magistrate Judge R. Steven Whalen**. (THac) (Entered: 08/26/2019) |
| 09/04/2019 | 34 | RESPONSE to 31 MOTION Extend Scheduling Order by 120 days filed by All Plaintiffs. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A Indictment, # 3 Exhibit B Jury Trial Transcript, # 4 Exhibit C Internal Affairs File, # 5 Exhibit D Affidavit and Search Warrant, # 6 Exhibit E Discovery Requests, # 7 Exhibit F Notices of Deposition) (Dezsi, Michael) (Entered: 09/04/2019) |

| 09/06/2019 | 35 | REPLY to Response re 31 MOTION Extend Scheduling Order by 120 days filed by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7) (Johnson, Lindsey) (Entered: 09/06/2019) |
| 09/10/2019 | | Minute Entry for proceedings before Magistrate Judge R. Steven Whalen: Discovery Conference held on 9/10/2019 - (CCie) Modified on 9/10/2019 (CCie). (Entered: 09/10/2019) |
| 09/10/2019 | | Minute Entry for proceedings before Magistrate Judge R. Steven Whalen: Motion Hearing held on 9/10/2019 re 31 MOTION Extend Scheduling Order by 120 days filed by City of Detroit, Juan Davis, Candace Matschikowski, Brian A Johnson, Joe Tucker, Stephen Geelhood - Disposition: Motion granted. (Court Reporter: Digitally Recorded) (CCie) (Entered: 09/10/2019) |
| 09/10/2019 | 36 | ORDER GRANTING DEFENDANTS' 31 Motion to Amend Scheduling Order- Signed by Magistrate Judge R. Steven Whalen. ***PLEASE SEE DOCUMENT FOR IMPORTANT DATES*** (CCie) (Entered: 09/10/2019) |
| 09/14/2019 | 37 | MOTION for Reconsideration re 36 Order on Motion - Free by All Defendants. (Attachments: # 1 Exhibit May v. City of Detroit) (Surowiec, James) (Entered: 09/14/2019) |
| 09/17/2019 | 38 | ORDER STAYING 36 Order on Motion, Set Deadlines as to 37 MOTION for Reconsideration re 36 Order on Motion: (Plaintiff's Response due by 9/24/2019) - Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 09/17/2019) |
| 09/18/2019 | 39 | RESPONSE to 37 MOTION for Reconsideration re 36 Order on Motion - Free filed by All Plaintiffs. (Dezsi, Michael) (Entered: 09/18/2019) |
| 09/23/2019 | 40 | ORDER DENYING DEFENDANTS 37 Motion for Reconsideration - Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 09/23/2019) |
| 10/31/2019 | 41 | NOTICE TO APPEAR BY TELEPHONE: Status Conference set for 11/13/2019 02:00 PM before District Judge Arthur J. Tarnow. (MLan) (Entered: 10/31/2019) |
| 11/08/2019 | 42 | MOTION for Relief from the Magistrate Judge's Discovery Order [Dkt #36] re 36 Order on Motion - Free by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A Declaration, # 3 Exhibit B Redacted Declaration, # 4 Exhibit C Deposition Transcript, # 5 Exhibit D Affidavit & Warrant, # 6 Exhibit E Sealed) (Dezsi, Michael) (Entered: 11/08/2019) |
| 11/08/2019 | 43 | SEALED EXHIBIT E Deposition Transcript re 42 MOTION for Relief from the Magistrate Judge's Discovery Order [Dkt #36] re 36 Order on Motion - Free by All Plaintiffs. (Dezsi, Michael) (Entered: 11/08/2019) |
| 11/12/2019 | 44 | MOTION to Compel Deposition Testimony by All Plaintiffs. (Attachments: # 1 Index of Exhibits, # 2 Exhibit Article, # 3 Exhibit Notices of Depositions, # 4 Exhibit email, # 5 Exhibit Jackson trial testimony, # 6 Exhibit Leavells Plea Agreement, # 7 Exhibit Leavells trial testimony, # 8 Exhibit Indictment, # 9 Exhibit Memo Re Reorganization, # 10 Exhibit Objections to Discovery, # 11 Exhibit Sims Depo Trans excerpts) (Dezsi, Michael) (Entered: 11/12/2019) |
| 11/13/2019 | | TEXT-ONLY NOTICE: Telephone Status Conference on 11/13/2019 is Cancelled. Issues resolved. (MLan) (Entered: 11/13/2019) |
| 11/13/2019 | 45 | ORDER REFERRING MOTIONS to Magistrate Judge R. Steven Whalen: 42 MOTION for Relief from the Magistrate Judge's Discovery Order re 36 Order filed by Julia Metris, |

| | | |
|---|---|---|
| | | Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres, 44 MOTION to Compel *Deposition Testimony* filed by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 11/13/2019) |
| 11/19/2019 | 46 | NOTICE OF HEARING on 42 MOTION for Relief from the Magistrate Judge's Discovery Order [Dkt 36] and 44 MOTION to Compel *Deposition Testimony*. **Resolved/Unresolved Issues due by 12/17/2019. Motion Hearings set for 12/19/2019 at 10:00 AM before Magistrate Judge R. Steven Whalen.** (THac) (Entered: 11/19/2019) |
| 11/22/2019 | 47 | RESPONSE to 42 MOTION for Relief from the Magistrate Judge's Discovery Order [Dkt #36] re 36 Order on Motion - Free *with Brief in Support* filed by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1- Plaintiffs' Concurrence Email, # 3 Exhibit 2- Plaintiffs' Emails agreeing to Protective Order, # 4 Exhibit 3- Plaintiffs' Statement of Unresolved Discovery Issues, # 5 Exhibit 4- Plaintiffs' Email Denying Concurrence, # 6 Exhibit 5- Email from Case Manager, # 7 Exhibit 6- Attorney's Eyes Only Discovery Production, # 8 Exhibit 7-Attorney's Eyes Only Geelhood Dep Transcript, # 9 Exhibit 8- Geelhood Transcript Pages Start-Finish Times) (Surowiec, James) (Entered: 11/22/2019) |
| 11/22/2019 | 48 | SEALED EXHIBIT re 47 Response to Motion,,, by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Exhibit 6-Attorney's Eyes Only Court Ordered Discovery Production, # 2 Exhibit 7-Attorney's Eyes Only Geelhood Deposition Transcript) (Surowiec, James) (Entered: 11/22/2019) |
| 11/25/2019 | 49 | REPLY to Response re 42 MOTION for Relief from the Magistrate Judge's Discovery Order [Dkt #36] re 36 Order on Motion - Free filed by All Plaintiffs. (Dezsi, Michael) (Entered: 11/25/2019) |
| 11/27/2019 | 50 | RESPONSE to 44 MOTION to Compel *Deposition Testimony with Brief in Support* filed by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1-Search Warrant, # 3 Exhibit 2-Articles) (Surowiec, James) (Entered: 11/27/2019) |
| 12/03/2019 | 51 | REPLY to Response re 44 MOTION to Compel *Deposition Testimony* filed by All Plaintiffs. (Dezsi, Michael) (Entered: 12/03/2019) |
| 12/09/2019 | 52 | MOTION for Protective Order *with Brief in Support* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Surowiec, James) (Entered: 12/09/2019) |
| 12/10/2019 | 53 | INDEX of Exhibits re 52 MOTION for Protective Order *with Brief in Support* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker (Attachments: # 1 Exhibit 1- Proposed Protective Order, # 2 Exhibit 2- Search Warrant, # 3 Exhibit 3- Deposition Excerpts Metris-Shamoon, # 4 Exhibit 4- Chief Craig Declaration, # 5 Exhibit 5-Chief Godbee Declaration) (Surowiec, James) (Entered: 12/10/2019) |
| 12/10/2019 | 54 | INDEX of Exhibits re 52 MOTION for Protective Order *with Brief in Support* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker *(CORRECTED VERSION)* (Attachments: # 1 Exhibit 1- Proposed Protective Order, # 2 Exhibit 2- Search Warrant, # 3 Exhibit 3- Deposition Excerpts Metris-Shamoon, # 4 Exhibit 4- Chief Craig Declaration, # 5 Exhibit 5-Chief Godbee Declaration) (Surowiec, James) (Entered: 12/10/2019) |

| | | |
|---|---|---|
| 12/13/2019 | 55 | EXHIBIT *Supplemental Exhibits* re 44 MOTION to Compel *Deposition Testimony* by All Plaintiffs (Attachments: # 1 Index of Exhibits, # 2 Exhibit news article, # 3 Exhibit news article) (Dezsi, Michael) (Entered: 12/13/2019) |
| 12/16/2019 | 56 | *First Amended Lay and Expert* WITNESS LIST by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker (Johnson, Lindsey) (Entered: 12/16/2019) |
| 12/19/2019 | 57 | *Second Amended Lay and Expert* WITNESS LIST by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker (Johnson, Lindsey) (Entered: 12/19/2019) |
| 12/19/2019 | | Minute Entry for proceedings before Magistrate Judge R. Steven Whalen: Motion Hearing held on 12/19/2019 re 44 MOTION to Compel *Deposition Testimony* filed by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres, 42 MOTION for Relief from the Magistrate Judge's Discovery Order [Dkt #36] re 36 Order on Motion - Free filed by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres - Disposition: Motion 42 and 44 granted. (Court Reporter: Digitally Recorded - DUTY) (CCie) (Entered: 12/20/2019) |
| 12/20/2019 | 58 | ORDER GRANTING PLAINTIFF'S 42 Motion for Relief from Magistrate Judge's Discovery Order - Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 12/20/2019) |
| 12/20/2019 | 59 | ORDER GRANTING PLAINTIFF'S 44 Motion to Compel- Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 12/20/2019) |
| 12/23/2019 | 60 | ORDER REFERRING MOTION to Magistrate Judge R. Steven Whalen: 52 MOTION for Protective Order filed by City of Detroit, Juan Davis, Candace Matschikowski, Brian A Johnson, Joe Tucker, Stephen Geelhood. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 12/23/2019) |
| 12/30/2019 | 61 | MOTION to Compel *Production of Documents* by All Plaintiffs. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A Detroit News Article, # 3 Exhibit B Plaintiffs' 2nd RTP, # 4 Exhibit C Defendants' Objections 2nd RTP, # 5 Exhibit D Detroit News Article, # 6 Exhibit E Detroit News Article, # 7 Exhibit F Jury Trial Transcript Gary Jackson, # 8 Exhibit G Jury Trial Transcript Arthur Leavells) (Dezsi, Michael) (Entered: 12/30/2019) |
| 12/30/2019 | 62 | ORDER REFERRING MOTION to Magistrate Judge R. Steven Whalen: 61 MOTION to Compel *Production of Documents* filed by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 12/30/2019) |
| 12/30/2019 | 63 | MOTION to Compel *Plaintiffs' Responses to Document Requests* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A- Plaintiffs' Responses to Roggs, # 3 Exhibit B- Plaintiffs' Doc Production, # 4 Exhibit C-Plaintiffs' Responses to RPD, # 5 Exhibit D-December 16th Email, # 6 Exhibit E - Dec 29 to 30th Email Correspondence) (Johnson, Lindsey) (Entered: 12/30/2019) |
| 01/03/2020 | 64 | ORDER DENYING DEFENDANTS' 52 Motion for Protective Order - Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 01/03/2020) |
| 01/03/2020 | 65 | REQUEST *for an Extension of Time in order to Object to Magistrate Judge's Opinion* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1- Declaration of Surowiec and Email, # 3 Exhibit 2- Declaration of Holland, # 4 Exhibit 3- Email to Court Reporter) (Surowiec, James) (Entered: 01/03/2020) |

| 01/03/2020 | 66 | REQUEST *(Corrected) for Extension of Time to File Objections to the Opinion and Order of the Magistrate Judge* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1- Declaration of Surowiec and Email, # 3 Exhibit 2- Declaration of Holland, # 4 Exhibit 3- Email to Court Reporter) (Surowiec, James) (Entered: 01/03/2020) |
|---|---|---|
| 01/07/2020 | 67 | ORDER REFERRING MOTION to Magistrate Judge R. Steven Whalen: 63 MOTION to Compel *Plaintiffs' Responses to Document Requests* filed by City of Detroit, Juan Davis, Candace Matschikowski, Brian A Johnson, Joe Tucker, Stephen Geelhood. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 01/07/2020) |
| 01/07/2020 | 68 | NOTICE OF HEARING on 61 MOTION to Compel *Production of Documents* and 63 MOTION to Compel *Plaintiffs' Responses to Document Requests*. **Resolved/Unresolved Issues due by 2/4/2020. Motion Hearing set for 2/6/2020 at 10:00 AM before Magistrate Judge R. Steven Whalen**. (THac) (Entered: 01/07/2020) |
| 01/07/2020 | | TEXT-ONLY ORDER GRANTING DEFENDANT'S 66 Request for An Extension of Time, filed by City of Detroit, Juan Davis, Candace Matschikowski, Brian A Johnson, Joe Tucker, Stephen Geelhood - Entered by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 01/07/2020) |
| 01/09/2020 | 69 | NOTICE TO APPEAR BY TELEPHONE: **Status Conference set for 1/13/2020 03:00 PM before District Judge Arthur J. Tarnow**. Counsel are directed to forward their phone numbers by email to mike_lang@mied.uscourts.gov prior to the conference. (MLan) (Entered: 01/09/2020) |
| 01/13/2020 | | Minute Entry for proceedings before District Judge Arthur J. Tarnow: Telephonic Status Conference held on 1/13/2020. (MLan) (Entered: 01/13/2020) |
| 01/13/2020 | 70 | RESPONSE to 61 MOTION to Compel *Production of Documents and Brief in Support* filed by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1- Hearing Transcript, # 3 Exhibit 2 - Search Warrant, # 4 Exhibit 3- Defendants Discovery Responses) (Johnson, Lindsey) (Entered: 01/13/2020) |
| 01/14/2020 | 71 | RESPONSE to 63 MOTION to Compel *Plaintiffs' Responses to Document Requests* filed by All Plaintiffs. (Dezsi, Michael) (Entered: 01/14/2020) |
| 01/17/2020 | 72 | NOTICE by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker re 64 Order on Motion for Protective Order, 59 Order on Motion to Compel *of Objections to the Orders of the Magistrate Judge* (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1- Hearing Transcript, Dec 19, 2019, # 3 Exhibit 2- Order Granting Plaintiffs' Motion to Compel Depositions, # 4 Exhibit 3- Order Denying Defendants' Motion for Protective Order) (Surowiec, James) (Entered: 01/17/2020) |
| 01/20/2020 | 73 | SUPPLEMENTAL BRIEF re 72 Notice (Other),, *Response to Defendants Objections to Magistrate Judge's Orders* filed by All Plaintiffs. (Attachments: # 1 Index of Exhibits, # 2 Exhibit News Article 12/11/19, # 3 Exhibit News Article 12/12/19) (Dezsi, Michael) (Entered: 01/20/2020) |
| 01/21/2020 | 74 | REPLY to Response re 63 MOTION to Compel *Plaintiffs' Responses to Document Requests* filed by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit E, # 3 Exhibit F, # 4 Exhibit G, # 5 Exhibit H, # 6 Exhibit I) (Johnson, Lindsey) (Entered: 01/21/2020) |
| 01/21/2020 | 75 | REPLY to Response re 61 MOTION to Compel *Production of Documents* filed by All Plaintiffs. (Attachments: # 1 Index of Exhibits, # 2 Exhibit H Transcript) (Dezsi, |

| | | |
|---|---|---|
| | | Michael) (Entered: 01/21/2020) |
| 01/23/2020 | 76 | SUPPLEMENTAL BRIEF re 74 Reply to Response to Motion, filed by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Johnson, Lindsey) (Entered: 01/23/2020) |
| 01/27/2020 | 77 | MOTION TO EXTEND Discovery *30 Days* by All Plaintiffs. (Dezsi, Michael) (Entered: 01/27/2020) |
| 01/29/2020 | 78 | ORDER Sustaining in part and Overruling in part 72 Objections by Defendants re 64 Order on Motion for Protective Order, 59 Order on Motion to Compel. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 01/29/2020) |
| 01/29/2020 | 79 | ORDER REFERRING MOTIONS to Magistrate Judge R. Steven Whalen: 77 MOTION TO EXTEND Discovery 30 Days filed by Plaintiffs, 44 MOTION to Compel *Deposition Testimony* filed by Plaintiffs, 52 MOTION for Protective Order filed by Defendants. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 01/29/2020) |
| 01/29/2020 | 80 | SUPPLEMENTAL BRIEF re 78 Order, Order to Vacate filed by All Plaintiffs. (Dezsi, Michael) (Entered: 01/29/2020) |
| 02/04/2020 | 81 | NOTICE OF HEARING on 77 MOTION TO EXTEND Discovery *30 Days*. **Motion Hearing set for 2/6/2020 at 10:00 AM before Magistrate Judge R. Steven Whalen** - (CCie) (Entered: 02/04/2020) |
| 02/04/2020 | 82 | RESPONSE to 77 MOTION TO EXTEND Discovery *30 Days Opposing Any Extension* filed by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1- Plaintiffs' 2nd Notice of Deposition for Chiefs, # 3 Exhibit 2- Email between Counsel, # 4 Exhibit 3- Hearing Transcript Excerpts (12/19/2019), # 5 Exhibit 4- Plaintiffs' 1st Notice of Deposition of Chiefs, # 6 Exhibit 5- US Atty Sentencing Memo, # 7 Exhibit 6- Police Report, # 8 Exhibit 7- Mukhlis Shamoon Deposition Excerpts, # 9 Exhibit 8- Preliminary Lab Tests, # 10 Exhibit 9- Chain of Custody Reports, # 11 Exhibit 10- Notice of Forfeiture, # 12 Exhibit 11- January Notices of Deps & Subpoenas, # 13 Exhibit 12- Plaintiffs' 5th RFP, # 14 Exhibit 13- Notice of Status Conference, # 15 Exhibit 14- Plaintiffs Email Insisting on Proceeding with Deps of Chiefs, # 16 Exhibit 15- Defs' email seeking compromise) (Surowiec, James) (Entered: 02/04/2020) |
| 02/04/2020 | | TEXT-ONLY NOTICE: Final Pretrial Conference on 2/10/2020 is Cancelled. New date to be set following determination of pending motions. (MLan) (Entered: 02/04/2020) |
| 02/06/2020 | | Minute Entry for proceedings before Magistrate Judge R. Steven Whalen: Motion Hearing held on 2/6/2020 re 63 MOTION to Compel *Plaintiffs' Responses to Document Requests* filed by City of Detroit, Juan Davis, Candace Matschikowski, Brian A Johnson, Joe Tucker, Stephen Geelhood, 77 MOTION TO EXTEND Discovery *30 Days* filed by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres, 61 MOTION to Compel *Production of Documents* filed by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres - Disposition: 61 Motion granted in part and denied in part; 63 Motion granted in part and denied in part; 77 Motion granted. (Court Reporter: Digitally Recorded) (CCie) (Entered: 02/06/2020) |
| 02/07/2020 | 83 | ORDER GRANTING PLAINTIFFS' 61 Motion to Compel- Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 02/07/2020) |
| 02/07/2020 | 84 | ORDER GRANTING DEFENDANTS' 63 Motion to Compel- Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 02/07/2020) |
| 02/07/2020 | 85 | ORDER GRANTING PLAINTIFFS' 77 MOTION TO EXTEND Discovery - Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 02/07/2020) |

| 02/07/2020 | | TEXT-ONLY ORDER AMENDING SCHEDULING ORDER: **Discovery due by 5/7/2020, Dispositive Motion Cut-off set for 6/8/2020, Joint Final Pretrial Order due 9/21/2020, Final Pretrial Conference set for 9/28/2020 02:30 PM before District Judge Arthur J. Tarnow**. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 02/07/2020) |
|---|---|---|
| 02/10/2020 | 86 | SUPPLEMENTAL ORDER re 58 Order on Motion - Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 02/10/2020) |
| 02/10/2020 | 87 | ORDER GRANTING PLAINTIFFS' 44 Motion to Compel AND DENYING DEFENDANTS' 52 Motion for Protective Order - Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 02/10/2020) |
| 03/09/2020 | 88 | STIPULATED PROTECTIVE ORDER - Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 03/09/2020) |
| 04/03/2020 | 89 | NOTICE by All Plaintiffs *of Motion to Consolidate Cases* (Dezsi, Michael) (Entered: 04/03/2020) |
| 04/06/2020 | 90 | MOTION for Order to Show Cause *and/or for Default Judgment for Defendants' Failure to Comply with this Court's Prior Discovery Order [Dkt #83]* by All Plaintiffs. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A Plaintiffs' Second Request to Produce, # 3 Exhibit B Detroit News Article 12/11/2019, # 4 Exhibit C Detroit News Article 12/12/2019, # 5 Exhibit D Defendants' Answers to Second Request to Produce, # 6 Exhibit E Article) (Dezsi, Michael) (Entered: 04/06/2020) |
| 04/06/2020 | 91 | MOTION for Voluntary Dismissal Without Prejudice Against Defendants Johnson, Matschikowski, and Tucker by All Plaintiffs. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A Jury Trial Transcript, # 3 Exhibit B Detroit News Article 12/11/2019, # 4 Exhibit C Detroit News Article 12/12/2019) (Dezsi, Michael) (Entered: 04/06/2020) |
| 04/14/2020 | 92 | ORDER REFERRING MOTION to Magistrate Judge R. Steven Whalen: 90 MOTION for Order to Show Cause *and/or for Default Judgment for Defendants' Failure to Comply with this Court's Prior Discovery Order [Dkt #83]* filed by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 04/14/2020) |
| 04/20/2020 | 93 | RESPONSE to 91 MOTION for Voluntary Dismissal Without Prejudice Against Defendants Johnson, Matschikowski, and Tucker filed by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6) (Johnson, Lindsey) (Entered: 04/20/2020) |
| 04/21/2020 | 94 | RESPONSE to 90 MOTION for Order to Show Cause *and/or for Default Judgment for Defendants' Failure to Comply with this Court's Prior Discovery Order [Dkt #83] in opposition* filed by All Defendants. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A - Declaration of Graveline, # 3 Exhibit B - Defendants doc production, # 4 Exhibit C - Email exchange re LR 71) (Johnson, Lindsey) (Entered: 04/21/2020) |
| 04/21/2020 | 95 | NOTICE OF HEARING BY TELEPHONE on 90 MOTION for Order to Show Cause *and/or for Default Judgment for Defendants' Failure to Comply with this Court's Prior Discovery Order [Dkt #83]*. **Resolved/Unresolved Issues due by 5/15/2020. Motion Hearing set for 5/19/2020 at 10:00 AM before Magistrate Judge R. Steven Whalen**. CALL IN INFORMATION WILL BE PROVIDED PRIOR TO HEARING. (THac) (Entered: 04/21/2020) |
| 04/24/2020 | 96 | REPLY to Response re 91 MOTION for Voluntary Dismissal Without Prejudice Against Defendants Johnson, Matschikowski, and Tucker filed by All Plaintiffs. (Dezsi, Michael) |

| | | |
|---|---|---|
| | | (Entered: 04/24/2020) |
| 04/27/2020 | 97 | REPLY to Response re 90 MOTION for Order to Show Cause *and/or for Default Judgment for Defendants' Failure to Comply with this Court's Prior Discovery Order [Dkt #83]* filed by All Plaintiffs. (Dezsi, Michael) (Entered: 04/27/2020) |
| 05/04/2020 | 98 | *Amended* WITNESS LIST by All Plaintiffs (Dezsi, Michael) (Entered: 05/04/2020) |
| 05/19/2020 | | Minute Entry for proceedings before Magistrate Judge R. Steven Whalen: Telephonic Motion Hearing held on 5/19/2020 re 90 MOTION for Order to Show Cause *and/or for Default Judgment for Defendants' Failure to Comply with this Court's Prior Discovery Order [Dkt #83]* filed by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres. Disposition: Motion taken under advisement (Court Reporter: Rene Twedt) (MarW) (Entered: 05/19/2020) |
| 05/30/2020 | 99 | STIPULATED ORDER EXTENDING SCHEDULING ORDER: **Discovery due by 7/7/2020, Dispositive Motion Cut-off set for 8/8/2020, Final Pretrial Conference set for 11/23/2020 02:30 PM before District Judge Arthur J. Tarnow**. Signed by District Judge Arthur J. Tarnow. (Refer to image for additional dates) (MLan) (Entered: 05/30/2020) |
| 06/08/2020 | 100 | NOTICE TO APPEAR BY TELEPHONE: **Status Conference set for 6/9/2020 at 10:00 AM before Magistrate Judge R. Steven Whalen** - ***PLEASE SEE NOTICE FOR ADDITIONAL IMPORTANT INFORMATION*** (CCie) (Entered: 06/08/2020) |
| 06/09/2020 | 101 | OPINION and ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' 90 MOTION for Order to Show Cause *and/or for Default Judgment for Defendants' Failure to Comply with this Court's Prior Discovery Order [Dkt #83]* filed by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres - Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 06/09/2020) |
| 06/09/2020 | | Minute Entry for proceedings before Magistrate Judge R. Steven Whalen: Telephonic Status Conference held on 6/9/2020 - (CCie) (Entered: 06/09/2020) |
| 06/15/2020 | 102 | NOTICE of Appearance by Patrick M. Cunningham on behalf of City of Detroit. (Cunningham, Patrick) (Entered: 06/15/2020) |
| 06/15/2020 | 103 | MOTION to Stay re 101 Memorandum Opinion & Order,, Terminate Motions, by City of Detroit. (Cunningham, Patrick) (Entered: 06/15/2020) |
| 06/17/2020 | 104 | ORDER REFERRING MOTION to Magistrate Judge R. Steven Whalen: 103 MOTION to Stay re 101 Memorandum Opinion & Order filed by City of Detroit. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 06/17/2020) |
| 06/19/2020 | 105 | MOTION to Disqualify Counsel *City of Detroit Law Department* by All Plaintiffs. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A Appearance of Counsel Garcia, # 3 Exhibit B Excerpt of Deposition Transcript of Arthur Leavells, # 4 Exhibit C Leavells Plea Agreement, # 5 Exhibit D Excerpt of Jury Trial Transcript: Arthur Leavells, # 6 Exhibit E Correspondence from Garcia) (Dezsi, Michael) (Entered: 06/19/2020) |
| 06/26/2020 | 106 | RESPONSE to 103 MOTION to Stay re 101 Memorandum Opinion & Order,, Terminate Motions, filed by All Plaintiffs. (Dezsi, Michael) (Entered: 06/26/2020) |
| 07/01/2020 | 107 | ORDER REFERRING MOTION to Magistrate Judge R. Steven Whalen: 105 MOTION to Disqualify Counsel *City of Detroit Law Department* filed by Plaintiffs. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 07/01/2020) |
| 07/01/2020 | 108 | NOTICE TO APPEAR BY TELEPHONE: **Status Conference set for 7/2/2020 at 9:30 AM before Magistrate Judge R. Steven Whalen** - ***PLAINTIFFS' COUNSEL, |

| | | PLEASE EMAIL THE CASE MANAGER A CALL IN NUMBER FOR THE TELEPHONE CONFERENCE*** (CCie) (Entered: 07/01/2020) |
|---|---|---|
| 07/01/2020 | 109 | RESPONSE to 105 MOTION to Disqualify Counsel *City of Detroit Law Department* filed by City of Detroit. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8) (Johnson, Lindsey) (Entered: 07/01/2020) |
| 07/02/2020 | | Minute Entry for proceedings before Magistrate Judge R. Steven Whalen: Telephonic Status Conference held on 7/2/2020 - (CCie) (Entered: 07/02/2020) |
| 07/02/2020 | 110 | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' 103 Motion to Stay - Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 07/02/2020) |
| 07/07/2020 | 111 | REPLY to Response re 105 MOTION to Disqualify Counsel *City of Detroit Law Department* filed by All Plaintiffs. (Dezsi, Michael) (Entered: 07/07/2020) |
| 07/16/2020 | 112 | APPEAL OF MAGISTRATE JUDGE DECISION by City of Detroit re 110 Order on Motion to Stay. (Cunningham, Patrick) (Entered: 07/16/2020) |
| 07/20/2020 | 113 | RESPONSE to 112 Appeal of Magistrate Judge Decision *Denying Its Motion for Clarification or for a Sixty Day Stay of Enforcement* by All Plaintiffs. (Dezsi, Michael) (Entered: 07/20/2020) |
| 07/23/2020 | 114 | NOTICE TO APPEAR BY VIDEO CONFERENCE: **Objection to R&R Hearing set for 8/5/2020 03:30 PM before District Judge Arthur J. Tarnow**. \|Zoom Webinar Information: https://zoom.us/j/99317086263?pwd=ZzUrTUNCNHlvaEJFckdqaVQyYVBXQT09 Passcode: 235954 Or join by phone: Dial(for higher quality, dial a number based on your current location): US: +1 301 715 8592 or +1 312 626 6799 or +1 602 753 0140 or +1 213 338 8477 or +1 253 215 8782\| (MLan) (Entered: 07/23/2020) |
| 07/27/2020 | 115 | RE-NOTICE TO APPEAR BY VIDEO CONFERENCE: **Objection to R&R Hearing set for 8/5/2020 03:30 PM before District Judge Arthur J. Tarnow**. THIS NOTICE CORRECTS THE ZOOM INVITATION INFORMATION. \|Zoom Webinar Information: https://zoom.us/j/99317086263?pwd=ZzUrTUNCNHlvaEJFckdqaVQyYVBXQT09 Passcode: 235954 Or iPhone one-tap : US: +13017158592,,99317086263#,,,,,,0#,,235954# or +13126266799,,99317086263#,,,,,,0#,,235954#\| (MLan) (Entered: 07/27/2020) |
| 08/05/2020 | | Minute Entry for proceedings before District Judge Arthur J. Tarnow: OBJECTION Hearing held on 8/5/2020. Disposition: Objection Resolved on the Record. (Court Reporter: Lawrence Przybysz) (MLan) (Entered: 08/06/2020) |
| 08/11/2020 | 116 | STIPULATED PROTECTIVE ORDER. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 08/11/2020) |
| 08/11/2020 | 117 | STIPULATED ORDER Extending Deadlines: **Discovery due by 9/10/2020, Dispositive Motion Cut-off set for 10/23/2020.** Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 08/11/2020) |
| 08/18/2020 | 118 | NOTICE by All Plaintiffs of withdrawal of 91 MOTION for Voluntary Dismissal Without Prejudice Against Defendants Johnson, Matschikowski, and Tucker ; *Partial Withdrawal as to Defendant Tucker Only*. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A Internal Affairs documents, # 3 Exhibit B Excerpt IA Case 00 213, # 4 Exhibit C Defendants' Answers & Objections to Plaintiffs' Third Request for Production of Documents, # 5 Exhibit D Correspondence, # 6 Exhibit E Excerpt IA Case 14 149) (Dezsi, Michael) (Entered: 08/18/2020) |

13-53846-tjt    Doc 13652-2    Filed 00/00/22    Entered 00/00/22 16:50:00    Page 36 of

| 08/26/2020 | 119 | DOCUMENT IS NOT A NOTICE DOCUMENT TITLED: DEFENDANTS RESPONSE TO PLAINTIFFS NOTICE OF PARTIAL WITHDRAWAL OF MOTION FOR VOLUNTARY DISMISSAL NOTICE by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker re 118 Notice to Withdraw Motion,, (Surowiec, James) Modified on 8/28/2020 (LGra). (Entered: 08/26/2020) |
|---|---|---|
| 08/27/2020 | 120 | NOTICE by All Plaintiffs re 116 Protective Order *Dated August 11, 2020* (Dezsi, Michael) (Entered: 08/27/2020) |
| 10/23/2020 | 121 | MOTION to Dismiss *Pursuant to Fed R Civ P 12(c) with Brief in Support* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1- Davis Complaint, # 3 Exhibit 2- Davis First Amended Complaint, # 4 Exhibit 3- Davis Motion to Certify, # 5 Exhibit 4- R&R Denying Class Cert, # 6 Exhibit 5-Order Denying Class Cert, # 7 Exhibit 6- Metris Shamoon Complaint, # 8 Exhibit 7- Metris Shamoon First Amended Complaint) (Surowiec, James) (Entered: 10/23/2020) |
| 10/23/2020 | 122 | MOTION for Summary Judgment *With Brief in Support* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Surowiec, James) (Entered: 10/23/2020) |
| 10/24/2020 | 123 | MOTION for Summary Judgment *CORRECTED with Brief in Support* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1- Geelhood Deposition, # 3 Exhibit 2- Search Warrant, # 4 Exhibit 3- Declaration of Tucker, # 5 Exhibit 4- Declaration of Johnson, # 6 Exhibit 5- Declaration of J Davis, # 7 Exhibit 6- Declaration of Matschikowski, # 8 Exhibit 7- DPD Report, # 9 Exhibit 8-Prelim Lab Test, # 10 Exhibit 9-Firearm Reports, # 11 Exhibit 10- Notice of Forfeiture, # 12 Exhibit 11- Dixon Declaration, # 13 Exhibit 12-IBRSYS Property Reports, # 14 Exhibit 13-Mrs. Shamoon Dep, # 15 Exhibit 14- Mr. Shamoon Dep, # 16 Exhibit 15- Photos of Grow Op, # 17 Exhibit 16- Paul Metris Dep, # 18 Exhibit 17- Julia Metris Dep, # 19 Exhibit 18- Mr. Veres Dep) (Surowiec, James) (Entered: 10/24/2020) |
| 11/10/2020 | 124 | STIPULATED ORDER Extending Time for Responses as to 121 MOTION to Dismiss Pursuant to Fed R Civ P 12(c) and 123 CORRECTED MOTION for Summary Judgment: **Responses due by 11/23/2020**. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 11/10/2020) |
| 11/18/2020 | | TEXT-ONLY NOTICE: Final Pretrial Conference on 11/23/2020 is Cancelled. New date to be set following determination of pending motions. (MLan) (Entered: 11/18/2020) |
| 11/20/2020 | 125 | RESPONSE to 123 MOTION for Summary Judgment *CORRECTED with Brief in Support* filed by All Plaintiffs. (Dezsi, Michael) (Entered: 11/20/2020) |
| 11/20/2020 | 126 | APPENDIX re: 125 Response to Motion filed by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres. by All Plaintiffs *Combined Exhibits In Opposition to Defendants' Corrected Motion for Summary Judgment [Dkt#123] and Motion to Dismiss [Dkt #121]* (Attachments: # 1 Exhibit A Search Warrant & Affidavit, # 2 Exhibit B DPD Report (Shamoon), # 3 Exhibit C Deposition Transcript of Debra Metris-Shamoon, # 4 Exhibit D Order of Dismissal, # 5 Exhibit E Motion Hearing Transcript, # 6 Exhibit F Deposition Transcript of Matthew Bray, # 7 Exhibit G Motion Hearing Transcript, # 8 Exhibit H Defendants' Answers & Objections to Second Request to Admit, # 9 Exhibit I Defendants' Answers & Objections to Plaintiffs' 1st Interrogatories and Requests for Production, # 10 Exhibit I-2 Defendants' Answers & Objections to Plaintiffs' Fifth Request to Produce, # 11 Exhibit I-3 Defendant City's Responses & Objections to Schedule A, # 12 Exhibit J McGee Complaint, # 13 Exhibit K Defendants Response to Court Order Production, # 14 Exhibit K1 Audio Recording of |

Chuck Fitzgerald, # 15 Exhibit L Search Warrant & Affidavit (Matelic) McCallum, # 16 Exhibit M Final Conference Transcript; McCallum, # 17 Exhibit N WCPO Press Release, # 18 Exhibit O Order of Dismissal; People v Chancellor, # 19 Exhibit P Jury Trial Transcript Vol 14, # 20 Exhibit Q Defendants' Answers & Objections to Plaintiffs' 4th Interrogatories, # 21 Exhibit R DPD Communications, # 22 Exhibit S Detroit News Article 11-01-2014, # 23 Exhibit T Indictment of Watson & Hansberry, # 24 Exhibit U Hansberry Judgment, # 25 Exhibit V Watson Judgment, # 26 Exhibit W Jury Trial Transcript Vol 15, # 27 Exhibit X DPD Record, # 28 Exhibit Y Detroit News 12-11-2019, # 29 Exhibit Z Detroit News 12-12-2019, # 30 Exhibit AA DPD Report (Davis), # 31 Exhibit BB DPD Report (McShane), # 32 Exhibit CC DPD Report (Lockard), # 33 Exhibit DD DPD Report (Reid), # 34 Exhibit EE Deposition Transcript of Chief Craig, # 35 Exhibit FF Deposition Transcript of Stephen Geelhood 04-04-2016, # 36 Exhibit GG IA File (Rayis), # 37 Exhibit HH Chancellor Documents, # 38 Exhibit II Search Warrant & Affidavit (Geelhood); Chancellor, # 39 Exhibit JJ Order of Dismissal; People v. McCallum, # 40 Exhibit KK Search Warrant & Affidavit (Bray); Lockard, # 41 Exhibit LL Deposition Transcript of Matthew Bray 01-30-2020, # 42 Exhibit MM Defendants' Answers & Objections to Plaintiff's 4th Request to Produce; Frontczak, # 43 Exhibit NN 2012 Operating Procedures, # 44 Exhibit OO DPD Retention Policy, # 45 Exhibit PP Correspondence, # 46 Exhibit QQ Search Warrant & Affidavit (Bray) McShane, # 47 Exhibit RR Deposition Transcript of Stephen Geelhood 10-15-2019, # 48 Exhibit SS Declaration of Stephen Geelhood, # 49 Exhibit TT Declaration of Sgt. McCoy-O'Neill, # 50 Exhibit UU Deposition Transcript (2) of Stephen Geelhood 10-15-2019, # 51 Exhibit VV DPD Seizure, # 52 Exhibit WW Warrendale Blog, # 53 Exhibit XX Deposition Transcript of Chief Godbee, # 54 Exhibit YY IA Case documents, # 55 Exhibit ZZ Detroit News 01-22-2015, # 56 Exhibit AAA IA Correspondence, # 57 Exhibit BBB Notice of Discipline, # 58 Exhibit CCC Leavells Plea Agreement, # 59 Exhibit DDD Deposition Transcript of Mukhlis Shamoon, # 60 Exhibit EEE SOI Documents, # 61 Exhibit FFF Obituary, # 62 Exhibit GGG Declaration of Justin Reid, # 63 Exhibit HHH Search Warrant & Affidavit (Leavells) Reid, # 64 Exhibit III Search Warrant & Affidavit (Leavells) Davis, # 65 Exhibit JJJ Excerpt of Leavells Deposition Transcript, # 66 Exhibit KKK Photographs) (Dezsi, Michael) (Entered: 11/20/2020)

| 11/20/2020 | 127 | Ex Parte MOTION for Leave to File *Exhibits in the Traditional Manner* by All Plaintiffs. (Dezsi, Michael) (Entered: 11/20/2020) |
| 11/20/2020 | 128 | RESPONSE to 121 MOTION to Dismiss *Pursuant to Fed R Civ P 12(c) with Brief in Support* filed by All Plaintiffs. (Dezsi, Michael) (Entered: 11/20/2020) |
| 11/30/2020 | 129 | STIPULATION AND ORDER granting Plaintiffs' leave to file excess pages in plaintiffs' brief in opposition to Defendants' Motion for Summary Judgment 123 . Signed by District Judge Arthur J. Tarnow. (McColley, N) (Entered: 11/30/2020) |
| 12/04/2020 | 130 | REPLY to Response re 121 MOTION to Dismiss *Pursuant to Fed R Civ P 12(c) with Brief in Support* filed by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 8- McCallum Opinion (Excerpt), # 3 Exhibit 9-WCP-CIU Memo_Redacted, # 4 Exhibit 10- Deposition of APA Newman (Excerpt), # 5 Exhibit 11- Cover Page CIU-Memo Under Seal) (Surowiec, James) (Entered: 12/04/2020) |
| 12/07/2020 | 131 | MOTION for Leave to File *Sealed Exhibit (Ex. 11) re: 130 Reply Brief* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Surowiec, James) (Entered: 12/07/2020) |
| 12/07/2020 | 132 | REPLY to Response re 123 MOTION for Summary Judgment *CORRECTED with Brief in Support* filed by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit |

| | | |
|---|---|---|
| | | 19- Geelhood Dep Part II, # <u>3</u> Exhibit 20- Police Reports, # <u>4</u> Exhibit 21- CI Death Certificate, # <u>5</u> Exhibit 22- Detective Rutledge Declaration, # <u>6</u> Exhibit 23- CI Obituary, # <u>7</u> Exhibit 24- Geelhood Declaration, # <u>8</u> Exhibit 25- Verdict Form USA v. Hansberry, # <u>9</u> Exhibit 26- Deposition of Chief Godbee, # <u>10</u> Exhibit 27- Deposition of Chief Craig) (Surowiec, James) (Entered: 12/07/2020) |
| 12/08/2020 | | TEXT-ONLY ORDER granting <u>127</u> Ex Parte MOTION for Leave to File *Exhibits in the Traditional Manner* filed by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 12/08/2020) |
| 12/10/2020 | <u>136</u> | EXHIBIT K1 in support of <u>126</u> Appendix filed by plaintiffs (filed in the traditional manner) (DPer) (Entered: 12/28/2020) |
| 12/11/2020 | <u>133</u> | RESPONSE to <u>131</u> MOTION for Leave to File *Sealed Exhibit (Ex. 11) re: 130 Reply Brief* filed by All Plaintiffs. (Dezsi, Michael) (Entered: 12/11/2020) |
| 12/21/2020 | <u>134</u> | STIPULATED ORDER Extending Time and Granting Excess Pages. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 12/21/2020) |
| 12/22/2020 | <u>135</u> | MOTION for Leave to File *Corrected (Signed) Declarations in Support of Defendants Motions for Summary Judgment* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # <u>1</u> Index of Exhibits A- with corrected exhibits 3, 4, 5, 6, and 11 attached) (Surowiec, James) (Entered: 12/22/2020) |
| 12/29/2020 | <u>137</u> | RESPONSE to <u>135</u> MOTION for Leave to File *Corrected (Signed) Declarations in Support of Defendants Motions for Summary Judgment* filed by All Plaintiffs. (Dezsi, Michael) (Entered: 12/29/2020) |
| 01/04/2021 | <u>138</u> | REPLY to Response re <u>135</u> MOTION for Leave to File *Corrected (Signed) Declarations in Support of Defendants Motions for Summary Judgment* filed by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # <u>1</u> Exhibit A- Email of Defendants stipulating to Plaintiffs' requested relief) (Surowiec, James) (Entered: 01/04/2021) |
| 01/22/2021 | <u>139</u> | NOTICE TO APPEAR BY VIDEO CONFERENCE: **Status Conference set for 2/18/2021 11:00 AM before District Judge Arthur J. Tarnow**. This conference is set to discuss recently filed motions (#131 and 135). Counsel will receive Zoom invitation by email. (MLan) (Entered: 01/22/2021) |
| 02/18/2021 | | Minute Entry for proceedings before District Judge Arthur J. Tarnow: Status Conference held on 2/18/2021. (MLan) (Entered: 02/18/2021) |
| 02/23/2021 | <u>140</u> | ORDER granting <u>131</u> Motion for Leave to File Sealed Exhibit; granting <u>135</u> Motion for Leave to File Corrected (Signed) Declarations. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 02/23/2021) |
| 03/01/2021 | <u>141</u> | EXHIBIT */REPLACEMENT DECLARATIONS (SIGNED)* re <u>123</u> MOTION for Summary Judgment *CORRECTED with Brief in Support* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # <u>1</u> Index of Exhibits, # <u>2</u> Exhibit 3- Signed Declaration of Sgt. Tucker, # <u>3</u> Exhibit 4- Signed Declaration of PO B. Johnson, # <u>4</u> Exhibit 5- Signed Declaration of Juan Davis, # <u>5</u> Exhibit 6- Signed Declaration of Sgt. Matschikowski, # <u>6</u> Exhibit 11- Signed Declaration of Sgt. Dixon) (Surowiec, James) (Entered: 03/01/2021) |
| 03/02/2021 | <u>142</u> | SEALED EXHIBIT *11* re <u>130</u> Reply to Response to Motion, by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Surowiec, James) (Entered: 03/02/2021) |

| | | |
|---|---|---|
| 03/11/2021 | 143 | NOTICE OF HEARING BY VIDEO CONFERENCE on 121 MOTION to Dismiss Pursuant to Fed R Civ P 12(c), 123 MOTION for Summary Judgment CORRECTED with Brief in Support. **Motion Hearing set for 4/28/2021 02:30 PM before District Judge Arthur J. Tarnow**. |Zoom Webinar Information: https://www.zoomgov.com/j/1618355148?pwd=MnRqMm1lZCtDd0hVNU9WWTZzVVJqdz09 Passcode: 436861 Or iPhone one-tap : US: +16692545252,,1618355148# or +16468287666,,1618355148#|. (MLan) (Entered: 03/11/2021) |
| 03/16/2021 | 144 | OPINION AND ORDER DENYING PLAINTIFFS' 105 MOTION to Disqualify Counsel *City of Detroit Law Department*, Motions terminated: 105 MOTION to Disqualify Counsel *City of Detroit Law Department* filed by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres - Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 03/16/2021) |
| 04/28/2021 | | Minute Entry for proceedings before District Judge Arthur J. Tarnow: Motion Hearing held on 4/28/2021 re 123 MOTION for Summary Judgment *CORRECTED* filed by City of Detroit, Juan Davis, Candace Matschikowski, Brian A Johnson, Joe Tucker, Stephen Geelhood, 121 MOTION to Dismiss *Pursuant to Fed R Civ P 12(c)* filed by City of Detroit, Juan Davis, Candace Matschikowski, Brian A Johnson, Joe Tucker, Stephen Geelhood Disposition: Motions taken under advisement. (Court Reporter: Lawrence Przybysz) (MLan) (Entered: 04/29/2021) |
| 06/25/2021 | 145 | ORDER granting in part and denying in part 121 Motion to Dismiss; denying 123 Motion for Summary Judgment. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 06/25/2021) |
| 07/08/2021 | 146 | AMENDED COMPLAINT with Jury Demand filed by All Plaintiffs against City of Detroit, Stephen Geelhood. NO NEW PARTIES ADDED. (Dezsi, Michael) (Entered: 07/08/2021) |
| 07/08/2021 | 147 | NOTICE of Change of Address/Contact Information by Michael R. Dezsi on behalf of All Plaintiffs. (Dezsi, Michael) (Entered: 07/08/2021) |
| 07/20/2021 | 148 | NOTICE TO APPEAR BY VIDEO CONFERENCE: **Status Conference set for 8/2/2021 03:30 PM before District Judge Arthur J. Tarnow**. Counsel will receive Zoom invitation by email. (MLan) (Entered: 07/20/2021) |
| 07/22/2021 | 149 | ANSWER to Amended Complaint with Affirmative Defenses by City of Detroit. (Surowiec, James) (Entered: 07/22/2021) |
| 08/02/2021 | | Minute Entry for proceedings before District Judge Arthur J. Tarnow: Status Conference held on 8/2/2021 **Joint Final Pretrial Order to be submitted by 1/18/2022, Final Pretrial Conference set for 1/25/2022 03:00 PM before District Judge Arthur J. Tarnow, Jury Trial set for 1/31/2022 09:30 AM before District Judge Arthur J. Tarnow**. (MLan) (Entered: 08/02/2021) |
| 09/27/2021 | 150 | TRANSCRIPT of Motion Hearing held on April 28, 2021. (Court Reporter/Transcriber: Lawrence R. Przybysz) (Number of Pages: 40) (Appeal Purposes) The parties have 21 days to file with the court and Court Reporter/Transcriber a Redaction Request of this transcript. If no request is filed, the transcript may be made remotely electronically available to the public without redaction after 90 days. Redaction Request due 10/18/2021. Redacted Transcript Deadline set for 10/28/2021. Release of Transcript Restriction set for 12/27/2021. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, the transcript is publicly available. (Przybysz, L) (Entered: 09/27/2021) |

| 12/07/2021 | 151 | STIPULATED ORDER of Substitution of Counsel - Attorney Crystal B Olmstead for City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski and Joe Tucker added. Attorney James M. Surowiec; James P. Allen and Lindsey R. Johnson terminated. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 12/07/2021) |
|---|---|---|
| 12/07/2021 | | Text-Only Order of reassignment from Magistrate Judge R. Steven Whalen to Magistrate Judge Elizabeth A. Stafford pursuant to Administrative Order 21-AO-013. (SSch) (Entered: 12/07/2021) |
| 12/10/2021 | 152 | STIPULATED ORDER of Adjournment of Trial: **Joint Final Pretrial Order to be submitted by 5/9/2022, Final Pretrial Conference set for 5/16/2022 03:00 PM before District Judge Arthur J. Tarnow, Jury Trial set for 5/23/2022 09:30 AM before District Judge Arthur J. Tarnow.** Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 12/10/2021) |
| 02/16/2022 | | Text-Only Order of reassignment from District Judge Arthur J. Tarnow to District Judge Victoria A. Roberts pursuant to Administrative Order 22-AO-007. (SSch) (Entered: 02/16/2022) |
| 02/17/2022 | 153 | ORDER of RECUSAL and REASSIGNING CASE from District Judge Victoria A. Roberts in Detroit to District Judge Robert H. Cleland in Port Huron. (SSch) (Entered: 02/17/2022) |
| 03/03/2022 | 154 | ORDER Referring ALL Pretrial Matters to Magistrate Judge Elizabeth A. Stafford. Signed by District Judge Robert H. Cleland. (LWag) (Entered: 03/03/2022) |
| 03/16/2022 | 155 | NOTICE TO APPEAR BY VIDEO CONFERENCE: **Status Conference set for 4/7/2022 at 10:30 AM before Magistrate Judge Elizabeth A. Stafford.** ***Parties are to file a joint factual and procedural summary of the case by 3/30/22. Parties to receive Zoom invitation in a separate email prior to conference.*** (MarW) (Entered: 03/16/2022) |
| 03/30/2022 | 156 | STATEMENT of Joint Factual and Procedural Summary by Debra Metris-Shamoon (Dezsi, Michael) (Entered: 03/30/2022) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/04/2022 09:22:42 | | |
| **PACER Login:** | mcps3037 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:18-cv-13683-RHC-EAS |
| **Billable Pages:** | 19 | **Cost:** | 1.90 |

**Query     Reports     Utilities     Help     Log Out**

reassigned

# U.S. District Court
## Eastern District of Michigan (Port Huron)
## CIVIL DOCKET FOR CASE #: 3:18-cv-13683-RHC-EAS

Metris-Shamoon et al v. City of Detroit et al
Assigned to: District Judge Robert H. Cleland
Referred to: Magistrate Judge Elizabeth A. Stafford
Cause: 28:1983 Civil Rights

Date Filed: 11/26/2018
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Debra Metris-Shamoon**                    represented by    **Dennis A Dettmer**
Dettmer & Dezsi, PLLC
1523 N. Main St.
Royal Oak, MI 48067
313-757-8112
Fax: 313-887-0420
Email: ddettmeresq@yahoo.com
*ATTORNEY TO BE NOTICED*

**Michael R. Dezsi**
Law Office of Michael R. Dezsi, PLLC
1523 N. Main St.
Royal Oak, MI 48067
313-757-8112
Fax: 313-887-0420
Email: mdezsi@dezsilaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mukhlis Shamoon**                         represented by    **Dennis A Dettmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael R. Dezsi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carl Veres**                              represented by    **Dennis A Dettmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael R. Dezsi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Paul Metris** | represented by | **Dennis A Dettmer** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Michael R. Dezsi** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Julia Metris** | represented by | **Dennis A Dettmer** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Michael R. Dezsi** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **City of Detroit** | represented by | **Crystal B Olmstead** |
| | | City of Detroit Law Department |
| | | 2 Woodward Ave Ste. 500 |
| | | Detroit, MI 48224 |
| | | 313-237-5035 |
| | | Fax: 313-224-5505 |
| | | Email: olmsteadc@detroitmi.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **James P. Allen** |
| | | Allen Brothers |
| | | 400 Monroe Street |
| | | Suite 220 |
| | | Detroit, MI 48226 |
| | | 313-962-7777 |
| | | Email: jamesallen@allenbrotherspllc.com |
| | | *TERMINATED: 12/07/2021* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **James M. Surowiec** |
| | | Allen Brothers, Attorneys and Counselors, |
| | | PLLC |
| | | 400 Monroe |
| | | Suite 620 |
| | | Detroit, MI 48226 |
| | | 313-962-7777 |
| | | Email: jsurowiec@allenbrotherspllc.com |
| | | *TERMINATED: 12/07/2021* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Lindsey R. Johnson** |
| | | Schenk & Bruetsch, PLC |

211 W. Fort Street, Suite 1410
Detroit, MI 48226
313-774-1000
Email: Lindsey.Johnson@SBDetroit.com
*TERMINATED: 12/07/2021*
*ATTORNEY TO BE NOTICED*

**Patrick M. Cunningham**
City of Detroit Law Department
2 Woodward Avenue
Suite 500
Detroit, MI 48226
313-237-5032
Fax: 313-224-5505
Email: cunninghamp@detroitmi.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**                    represented by **John Doe**
*TERMINATED: 03/21/2019*                        PRO SE

                                                **Lindsey R. Johnson**
                                                (See above for address)
                                                *TERMINATED: 12/07/2021*
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Doe**                    represented by **Jane Doe**
*TERMINATED: 03/21/2019*                        PRO SE

                                                **Lindsey R. Johnson**
                                                (See above for address)
                                                *TERMINATED: 12/07/2021*
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Sgt Joe Tucker**             represented by **Crystal B Olmstead**
*TERMINATED: 06/25/2021*                        (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **James P. Allen**
                                                (See above for address)
                                                *TERMINATED: 12/07/2021*
                                                *ATTORNEY TO BE NOTICED*

                                                **James M. Surowiec**
                                                (See above for address)
                                                *TERMINATED: 12/07/2021*
                                                *ATTORNEY TO BE NOTICED*

                                                **Lindsey R. Johnson**
                                                (See above for address)

*TERMINATED: 12/07/2021*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sgt Candace Matschikowski**                    represented by    **Crystal B Olmstead**
*TERMINATED: 06/25/2021*                                          (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **James P. Allen**
                                                                  (See above for address)
                                                                  *TERMINATED: 12/07/2021*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **James M. Surowiec**
                                                                  (See above for address)
                                                                  *TERMINATED: 12/07/2021*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Lindsey R. Johnson**
                                                                  (See above for address)
                                                                  *TERMINATED: 12/07/2021*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Sgt Stephen Geelhood**                         represented by    **Crystal B Olmstead**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **James P. Allen**
                                                                  (See above for address)
                                                                  *TERMINATED: 12/07/2021*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **James M. Surowiec**
                                                                  (See above for address)
                                                                  *TERMINATED: 12/07/2021*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Lindsey R. Johnson**
                                                                  (See above for address)
                                                                  *TERMINATED: 12/07/2021*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Juan Davis**                                   represented by    **Crystal B Olmstead**
*TERMINATED: 06/25/2021*                                          (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **James P. Allen**
                                                                  (See above for address)

*TERMINATED: 12/07/2021*
*ATTORNEY TO BE NOTICED*

**James M. Surowiec**
(See above for address)
*TERMINATED: 12/07/2021*
*ATTORNEY TO BE NOTICED*

**Lindsey R. Johnson**
(See above for address)
*TERMINATED: 12/07/2021*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brian A Johnson**                    represented by    **Crystal B Olmstead**
*TERMINATED: 06/25/2021*                                  (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **James P. Allen**
                                                          (See above for address)
                                                          *TERMINATED: 12/07/2021*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **James M. Surowiec**
                                                          (See above for address)
                                                          *TERMINATED: 12/07/2021*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Lindsey R. Johnson**
                                                          (See above for address)
                                                          *TERMINATED: 12/07/2021*
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/26/2018 | 1 | COMPLAINT filed by All Plaintiffs against All Defendants with Jury Demand. Plaintiff requests summons issued. Receipt No: 0645-7002575 - Fee: $ 400. County of 1st Plaintiff: Macomb - County Where Action Arose: Macomb - County of 1st Defendant: Wayne. [Previously dismissed case: No] [Possible companion case(s): USDC EDMICH, 15-cv-10547, Judge Borman] (Dezsi, Michael) (Entered: 11/26/2018) |
| 11/27/2018 | 2 | SUMMONS Issued for *City of Detroit* (SKra) (Entered: 11/27/2018) |
| 11/27/2018 |  | A United States Magistrate Judge of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form is available for download at http://www.mied.uscourts.gov (SKra) (Entered: 11/27/2018) |
| 11/29/2018 | 3 | NOTICE of Appearance by Dennis A Dettmer on behalf of All Plaintiffs. (Dettmer, Dennis) (Entered: 11/29/2018) |
| 12/12/2018 | 4 | CERTIFICATE of Service/Summons Returned Executed. City of Detroit served on 12/12/2018, answer due 1/2/2019. (Dezsi, Michael) (Entered: 12/12/2018) |

| 12/13/2018 | 5 | NOTICE of Appearance by James P. Allen on behalf of City of Detroit. (Allen, James) (Entered: 12/13/2018) |
|---|---|---|
| 12/13/2018 | 6 | NOTICE of Appearance by Lindsey R. Johnson on behalf of City of Detroit. (Johnson, Lindsey) (Entered: 12/13/2018) |
| 12/17/2018 | 7 | STIPULATED ORDER Extending Time for Response to 1 Complaint. **Response due by 1/31/2019**. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 12/17/2018) |
| 01/31/2019 | 8 | ANSWER to Complaint with Affirmative Defenses with Jury Demand *Defendant City of Detroit's Answer to Complaint, Affirmative Defenses and Other Defenses and Reliance Upon Jury Demand and Certificate of Service* by City of Detroit. (Allen, James) (Entered: 01/31/2019) |
| 02/15/2019 | 9 | NOTICE TO APPEAR: **Scheduling/Settlement Conference set for 3/7/2019 11:30 AM before District Judge Arthur J. Tarnow**. (MLan) (Entered: 02/15/2019) |
| 02/21/2019 | | TEXT-ONLY NOTICE: **Scheduling/Settlement Conference ADJOURNED TO 3/14/2019 11:00 AM before District Judge Arthur J. Tarnow**. (MLan) (Entered: 02/21/2019) |
| 03/13/2019 | 10 | ATTORNEY APPEARANCE: James M. Surowiec appearing on behalf of City of Detroit (Surowiec, James) (Entered: 03/13/2019) |
| 03/14/2019 | | Minute Entry for proceedings before District Judge Arthur J. Tarnow: Scheduling Conference held on 3/14/2019. (MLan) (Entered: 03/14/2019) |
| 03/14/2019 | 11 | SCHEDULING ORDER: **Witnesses to be exchanged by 5/1/2019, Discovery Motions to be filed by 8/23/2019, Discovery due by 9/20/2019, Dispositive Motion Cut-off set for 10/28/2019, Joint Final Pretrial Order due 2/3/2020, Final Pretrial Conference set for 2/10/2020 02:30 PM before District Judge Arthur J. Tarnow**. Signed by District Judge Arthur J. Tarnow. (Refer to image for additional dates) (MLan) (Entered: 03/14/2019) |
| 03/21/2019 | 12 | STIPULATED ORDER Allowing Plaintiffs to File First Amended Complaint. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 03/21/2019) |
| 03/21/2019 | 13 | AMENDED COMPLAINT with Jury Demand filed by All Plaintiffs against All Defendants. NEW PARTIES ADDED. (Dezsi, Michael) (Entered: 03/21/2019) |
| 03/21/2019 | | REQUEST for SUMMONS for Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Dezsi, Michael) (Entered: 03/21/2019) |
| 03/22/2019 | 14 | SUMMONS Issued for *Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker* (DPer) (Entered: 03/22/2019) |
| 04/03/2019 | 15 | STIPULATED ORDER Extending Time for Response to 13 Amended Complaint. **Response due by 4/29/2019**. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 04/03/2019) |
| 04/10/2019 | 16 | CERTIFICATE of Service/Summons Returned Executed. Stephen Geelhood served on 4/5/2019, answer due 4/26/2019. (Dezsi, Michael) (Entered: 04/10/2019) |
| 04/18/2019 | 17 | CERTIFICATE of Service/Summons Returned Executed. Brian A Johnson served on 4/17/2019, answer due 5/8/2019. (Dezsi, Michael) (Entered: 04/18/2019) |
| 04/18/2019 | 18 | CERTIFICATE of Service/Summons Returned Executed. Juan Davis served on 4/17/2019, answer due 5/8/2019. (Dezsi, Michael) (Entered: 04/18/2019) |
| 04/18/2019 | 19 | CERTIFICATE of Service/Summons Returned Executed. Joe Tucker served on 4/18/2019, answer due 5/9/2019. (Dezsi, Michael) (Entered: 04/18/2019) |

| | | |
|---|---|---|
| 04/29/2019 | 20 | ATTORNEY APPEARANCE: James P. Allen appearing on behalf of Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker (Allen, James) (Entered: 04/29/2019) |
| 04/29/2019 | 21 | ATTORNEY APPEARANCE: James M. Surowiec appearing on behalf of Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker (Surowiec, James) (Entered: 04/29/2019) |
| 04/29/2019 | 22 | ATTORNEY APPEARANCE: Lindsey R. Johnson appearing on behalf of Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker (Johnson, Lindsey) (Entered: 04/29/2019) |
| 04/29/2019 | 23 | ANSWER to Amended Complaint with Affirmative Defenses *and Reliance Upon Jury Demand* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Johnson, Lindsey) (Entered: 04/29/2019) |
| 05/01/2019 | 24 | *Plaintiffs'* WITNESS LIST by All Plaintiffs (Dezsi, Michael) (Entered: 05/01/2019) |
| 05/01/2019 | 25 | *Defendants' Preliminary Lay and Expert* WITNESS LIST by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker (Johnson, Lindsey) (Entered: 05/01/2019) |
| 05/13/2019 | 26 | AMENDED ANSWER to Complaint 13 Amended Complaint with Affirmative Defenses *and Reliance Upon Jury Demand* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Johnson, Lindsey) (Entered: 05/13/2019) |
| 08/08/2019 | 27 | STIPULATED ORDER Allowing Defendants Leave to File Amended Affirmative Defenses. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 08/08/2019) |
| 08/09/2019 | 28 | AFFIRMATIVE DEFENSES by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker (Johnson, Lindsey) (Entered: 08/09/2019) |
| 08/13/2019 | 29 | ORDER REFERRING OTHER MATTERS to Magistrate Judge R. Steven Whalen: Discovery Conference. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 08/13/2019) |
| 08/20/2019 | 30 | NOTICE TO APPEAR: **Discovery Conference set for 9/10/2019 at 10:00 AM before Magistrate Judge R. Steven Whalen**. (THac) (Entered: 08/20/2019) |
| 08/22/2019 | 31 | MOTION Extend Scheduling Order by 120 days by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A) (Johnson, Lindsey) (Entered: 08/22/2019) |
| 08/22/2019 | 32 | ORDER REFERRING MOTION to Magistrate Judge R. Steven Whalen: 31 MOTION Extend Scheduling Order by 120 days filed by City of Detroit, Juan Davis, Candace Matschikowski, Brian A Johnson, Joe Tucker, Stephen Geelhood. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 08/22/2019) |
| 08/26/2019 | 33 | NOTICE OF HEARING on 31 Defendants' MOTION to Amend Scheduling Order Dates by 120 Days . **Motion Hearing set for 9/10/2019 at 10:00 AM before Magistrate Judge R. Steven Whalen**. (THac) (Entered: 08/26/2019) |
| 09/04/2019 | 34 | RESPONSE to 31 MOTION Extend Scheduling Order by 120 days filed by All Plaintiffs. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A Indictment, # 3 Exhibit B Jury Trial Transcript, # 4 Exhibit C Internal Affairs File, # 5 Exhibit D Affidavit and Search Warrant, # 6 Exhibit E Discovery Requests, # 7 Exhibit F Notices of Deposition) (Dezsi, Michael) (Entered: 09/04/2019) |

| 09/06/2019 | 35 | REPLY to Response re 31 MOTION Extend Scheduling Order by 120 days filed by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7) (Johnson, Lindsey) (Entered: 09/06/2019) |
|---|---|---|
| 09/10/2019 | | Minute Entry for proceedings before Magistrate Judge R. Steven Whalen: Discovery Conference held on 9/10/2019 - (CCie) Modified on 9/10/2019 (CCie). (Entered: 09/10/2019) |
| 09/10/2019 | | Minute Entry for proceedings before Magistrate Judge R. Steven Whalen: Motion Hearing held on 9/10/2019 re 31 MOTION Extend Scheduling Order by 120 days filed by City of Detroit, Juan Davis, Candace Matschikowski, Brian A Johnson, Joe Tucker, Stephen Geelhood - Disposition: Motion granted. (Court Reporter: Digitally Recorded) (CCie) (Entered: 09/10/2019) |
| 09/10/2019 | 36 | ORDER GRANTING DEFENDANTS' 31 Motion to Amend Scheduling Order- Signed by Magistrate Judge R. Steven Whalen. ***PLEASE SEE DOCUMENT FOR IMPORTANT DATES*** (CCie) (Entered: 09/10/2019) |
| 09/14/2019 | 37 | MOTION for Reconsideration re 36 Order on Motion - Free by All Defendants. (Attachments: # 1 Exhibit May v. City of Detroit) (Surowiec, James) (Entered: 09/14/2019) |
| 09/17/2019 | 38 | ORDER STAYING 36 Order on Motion, Set Deadlines as to 37 MOTION for Reconsideration re 36 Order on Motion: (**Plaintiff's Response due by 9/24/2019**) - Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 09/17/2019) |
| 09/18/2019 | 39 | RESPONSE to 37 MOTION for Reconsideration re 36 Order on Motion - Free filed by All Plaintiffs. (Dezsi, Michael) (Entered: 09/18/2019) |
| 09/23/2019 | 40 | ORDER DENYING DEFENDANTS 37 Motion for Reconsideration - Signed by Magistrate Judge R. Steven Whalen. (CCie) (Entered: 09/23/2019) |
| 10/31/2019 | 41 | NOTICE TO APPEAR BY TELEPHONE: **Status Conference set for 11/13/2019 02:00 PM before District Judge Arthur J. Tarnow**. (MLan) (Entered: 10/31/2019) |
| 11/08/2019 | 42 | MOTION for Relief from the Magistrate Judge's Discovery Order [Dkt #36] re 36 Order on Motion - Free by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A Declaration, # 3 Exhibit B Redacted Declaration, # 4 Exhibit C Deposition Transcript, # 5 Exhibit D Affidavit & Warrant, # 6 Exhibit E Sealed) (Dezsi, Michael) (Entered: 11/08/2019) |
| 11/08/2019 | 43 | SEALED EXHIBIT *E Deposition Transcript* re 42 MOTION for Relief from the Magistrate Judge's Discovery Order [Dkt #36] re 36 Order on Motion - Free by All Plaintiffs. (Dezsi, Michael) (Entered: 11/08/2019) |
| 11/12/2019 | 44 | MOTION to Compel *Deposition Testimony* by All Plaintiffs. (Attachments: # 1 Index of Exhibits, # 2 Exhibit Article, # 3 Exhibit Notices of Depositions, # 4 Exhibit email, # 5 Exhibit Jackson trial testimony, # 6 Exhibit Leavells Plea Agreement, # 7 Exhibit Leavells trial testimony, # 8 Exhibit Indictment, # 9 Exhibit Memo Re Reorganization, # 10 Exhibit Objections to Discovery, # 11 Exhibit Sims Depo Trans excerpts) (Dezsi, Michael) (Entered: 11/12/2019) |
| 11/13/2019 | | TEXT-ONLY NOTICE: Telephone Status Conference on 11/13/2019 is Cancelled. Issues resolved. (MLan) (Entered: 11/13/2019) |
| 11/13/2019 | 45 | ORDER REFERRING MOTIONS to Magistrate Judge R. Steven Whalen: 42 MOTION for Relief from the Magistrate Judge's Discovery Order re 36 Order filed by Julia Metris, |

| | | |
|---|---|---|
| | | Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres, 44 MOTION to Compel *Deposition Testimony* filed by Julia Metris, Paul Metris, Debra Metris-Shamoon, Mukhlis Shamoon, Carl Veres. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 11/13/2019) |
| 11/19/2019 | 46 | NOTICE OF HEARING on 42 MOTION for Relief from the Magistrate Judge's Discovery Order [Dkt 36] and 44 MOTION to Compel *Deposition Testimony*. **Resolved/Unresolved Issues due by 12/17/2019. Motion Hearings set for 12/19/2019 at 10:00 AM before Magistrate Judge R. Steven Whalen.** (THac) (Entered: 11/19/2019) |
| 11/22/2019 | 47 | RESPONSE to 42 MOTION for Relief from the Magistrate Judge's Discovery Order [Dkt #36] re 36 Order on Motion - Free *with Brief in Support* filed by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1- Plaintiffs' Concurrence Email, # 3 Exhibit 2- Plaintiffs' Emails agreeing to Protective Order, # 4 Exhibit 3- Plaintiffs' Statement of Unresolved Discovery Issues, # 5 Exhibit 4- Plaintiffs' Email Denying Concurrence, # 6 Exhibit 5- Email from Case Manager, # 7 Exhibit 6- Attorney's Eyes Only Discovery Production, # 8 Exhibit 7-Attorney's Eyes Only Geelhood Dep Transcript, # 9 Exhibit 8- Geelhood Transcript Pages Start-Finish Times) (Surowiec, James) (Entered: 11/22/2019) |
| 11/22/2019 | 48 | SEALED EXHIBIT re 47 Response to Motion,,, by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Exhibit 6-Attorney's Eyes Only Court Ordered Discovery Production, # 2 Exhibit 7- Attorney's Eyes Only Geelhood Deposition Transcript) (Surowiec, James) (Entered: 11/22/2019) |
| 11/25/2019 | 49 | REPLY to Response re 42 MOTION for Relief from the Magistrate Judge's Discovery Order [Dkt #36] re 36 Order on Motion - Free filed by All Plaintiffs. (Dezsi, Michael) (Entered: 11/25/2019) |
| 11/27/2019 | 50 | RESPONSE to 44 MOTION to Compel *Deposition Testimony with Brief in Support* filed by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1-Search Warrant, # 3 Exhibit 2-Articles) (Surowiec, James) (Entered: 11/27/2019) |
| 12/03/2019 | 51 | REPLY to Response re 44 MOTION to Compel *Deposition Testimony* filed by All Plaintiffs. (Dezsi, Michael) (Entered: 12/03/2019) |
| 12/09/2019 | 52 | MOTION for Protective Order *with Brief in Support* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Surowiec, James) (Entered: 12/09/2019) |
| 12/10/2019 | 53 | INDEX of Exhibits re 52 MOTION for Protective Order *with Brief in Support* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker. (Attachments: # 1 Exhibit 1- Proposed Protective Order, # 2 Exhibit 2- Search Warrant, # 3 Exhibit 3- Deposition Excerpts Metris-Shamoon, # 4 Exhibit 4- Chief Craig Declaration, # 5 Exhibit 5-Chief Godbee Declaration) (Surowiec, James) (Entered: 12/10/2019) |
| 12/10/2019 | 54 | INDEX of Exhibits re 52 MOTION for Protective Order *with Brief in Support* by City of Detroit, Juan Davis, Stephen Geelhood, Brian A Johnson, Candace Matschikowski, Joe Tucker *(CORRECTED VERSION)* (Attachments: # 1 Exhibit 1- Proposed Protective Order, # 2 Exhibit 2- Search Warrant, # 3 Exhibit 3- Deposition Excerpts Metris-Shamoon, # 4 Exhibit 4- Chief Craig Declaration, # 5 Exhibit 5-Chief Godbee Declaration) (Surowiec, James) (Entered: 12/10/2019) |

# EXHIBIT 6-2 – OPINION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA METRIS-SHAMOON, ET AL.,

        Plaintiff,

        v.

CITY OF DETROIT, ET AL.,

        Defendant.

Case No. 18-13683

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [121] AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [123]**

        This case stems from the September 13, 2012, raid of Plaintiffs' homegrown medical marijuana business by members of the now defunct Detroit Police Department ("DPD") Narcotics Unit. (Am. Compl. ¶ 10). Plaintiffs initially brought claims under the Fourth and Fourteenth Amendments via 42 U.S.C. § 1983, alleging both individual and institutional liability. (*Id.* ¶¶ 29-48). Plaintiffs have since dropped their Fourteenth Amendment claim and have agreed to dismissal of several DPD Defendants. (ECF No. 123, PageID.2458; ECF No. 128, PageID.4037). What remain are Plaintiffs' Fourth Amendment claim against Sgt. Stephen Geelhood and

1

Plaintiffs' municipal liability claim against the City of Detroit. (ECF No. 125, PageID.3014).

Defendants argue in their Motion for Judgment on the Pleadings [121] that Plaintiffs' action is barred by the applicable statute of limitations and that their Amended Complaint fails to put Defendants on notice as to what they allegedly did to violate the Constitution. (ECF No. 121, PageID.2287). Defendants argue in their Motion for Summary Judgment [123] that Sgt. Geelhood is entitled to qualified immunity and that Plaintiffs have failed to set forth genuine issues of material fact as to their Fourth Amendment and municipal liability claims. (ECF No. 123, PageID.2472, 2483). For the reasons articulated below, Defendants' Motion for Judgment on the Pleadings [121] will be **GRANTED in part and DENIED in part** and Defendants' Motion for Summary Judgment [123] will be **DENIED**. Plaintiffs will be permitted to proceed to trial only on their municipal liability claim.

### FACTUAL BACKGROUND

On September 13, 2012, Sgt. Stephen Geelhood of the DPD swore out an affidavit in support of a search warrant for two houses—one located on Kings Dr., the other located on Wiloray Ave.—in Shelby Township, Michigan. (ECF No. 126-1, PageID.3052). His asserted bases for probable cause, both of which Plaintiffs challenge as to veracity, were a tip from a confidential informant/cooperating

2

individual ("CI") and his own surveillance. (*Id.* at 3053-54). The warrant issued and was executed later that day by Sgt. Geelhood, Sgt. Joe Tucker, Officer Juan Davis, and Officer Brian Johnson (the "Narcotics Crew" or "Crew Members").[1] (ECF No. 126-2, PageID.3056-58).

After finding no evidence of criminal activity at the Kings Dr. address, the Narcotics Crew made their way to the Wiloray Ave. address, home to Plaintiffs Mukhlis ("Mark") Shamoon and Debra Metris-Shamoon ("the Shamoons"), where Debra's elderly parents, Plaintiffs Paul and Julia Metris ("the Metrises"), were visiting for lunch. (ECF No. 123-2, PageID.2565; ECF No. 126-3, PageID.3076; ECF No. 126-59, PageID.3966). It was early afternoon, around 12:00 or 12:30 PM. (ECF No.126-3, PageID.3076, 3080). Plaintiff Carl Veres, a family friend of the Shamoons, was outside. (ECF No. 126-3, PageID.3067-68). What happened next is subject to some dispute.

## I.   PLAINTIFFS' VERSION

Carl was the first to notice something unusual was happening. He was traveling to the Wiloray Ave. house to pick up some clothes for an upcoming trip with the Shamoon's son, Adam, and observed a DPD vehicle following him. (ECF No. 123-19, PageID.2978-79, 2989). He thought little of it until he parked outside

---

[1] Other non-party law enforcement officials also appear to have been involved in the execution of the warrant.

the Shamoon's home and noticed several other law enforcement vehicles pulling up behind him. (*Id.* at 2980). He was on the phone with Adam at the time, and notified him of the vehicles. (*Id.* at 2981). Adam proceeded to call his mother. (ECF No. 126-3, PageID.3076).

Before Carl could get out of his truck, two Crew Members approached. (ECF No. 123-19, PageID.2981-82). The Crew Members did not identify themselves, though Carl later learned that one of them was Sgt. Tucker. (*Id.*). Sgt. Tucker pointed a shotgun at Carl's head through the passenger-side window; the other officer, armed with an assault rifle, "opened up the driver's side door, pulled [Carl] out by [his] shirt, slammed [him] to the ground, . . . cuffed [him,] and then picked [him] up and took [him] to the back of [his] truck." (*Id*. at 2982). Carl then observed several Crew Members break into the house through the front door without announcing their presence, while two others proceeded around the side of the house towards the back yard. (*Id.* at 2894).

Inside, Debra and her parents were having coffee. (ECF No. 126-3, PageID.3077; ECF No. 123-17, PageID.2890; ECF No. 123-18, PageID.2945, 2948). Debra had just started a phone call with Adam, who was attempting to pass along what Carl had told him, when Crew Members burst through the front door. (ECF No. 126-3, PageID.3076, 3080; ECF No. 123-17, PageID.2890-91; ECF No.

4

123-18, PageID.2945). One Crew member pointed a gun at Debra's face and "scream[ed] at [her] to shut [her] dogs up or he would shoot them." (ECF No. 126-3, PageID.3076). Julia, Debra's mother, immediately had her purse searched by a Crew Member; she believed they were looking for money. (ECF No. 123-18, PageID.2948, 2950). After three or four minutes of being held at gunpoint, Debra was permitted to remove her dogs to a bathroom. (ECF No. 126-3, PageID.3077). Paul, Debra's father, a former reserve sergeant with the Oakland County Sheriff's Department, was eventually relieved of a gun he lawfully carried. (ECF No. 123-17, PageID.2891-92). At no did time before entry did Crew Members announce who they were, provide a warning, or say, "police, search warrant." (ECF No. 126-3, PageID.3076). No Crew Member wore a badge or identified the police department to which they belonged. (*Id.* at 3076, 3078).

Outside, in the back yard, Mark was preparing to grill some steaks for lunch. (ECF No. 126-59, PageID.3982). Two Crew Members approached with guns aimed at his head and told him to drop what he was holding and put his hands up. (*Id.* at 3982, 3989). He was led to the front of the house, handcuffed behind his back, and directed to stand near Carl at the back of the Carl's truck. (*Id.* at 3982-83; ECF No. 123-19, PageID.2988). The two were instructed not to communicate with one another. (ECF No. 123-19, PageID.2984). Mark, who had a history of shoulder

5

surgeries, had asked not to be handcuffed from behind when he was first restrained. (ECF No. 126-59, PageID.3982). Nevertheless, it took Mark fifteen minutes of "almost begging" for his handcuffs to be repositioned, at which point he "was ready to cry from the pain," before an officer finally heeded his request. (*Id.* at 3983). Mark was taken inside the house after about thirty minutes. (*Id.*).

Prior to Mark being taken inside, Crew Members searched Carl's truck and questioned him about why he had come to the house. (ECF No. 123-19, PageID.2989). While conducting the search, which lasted about ten minutes, Crew Members punctured one of Carl's seats and "completely ripped everything out" of his vehicle, destroying the sound system. (*Id.* at 2998). Carl remained outside after Mark was taken into the house. (*Id.* at 2995). Eventually, about forty-five minutes after he had first arrived, Carl's handcuffs were removed, and he was instructed to leave. (*Id.*).

Back inside, Crew Members led Mark to the kitchen where Debra was being questioned and began to question him as well. (ECF No. 126-59, PageID.3984). They first asked Mark how much money was in his safe and instructed him to open it. (*Id.*). When he complied, Crew Members confiscated the $200 they found in the safe as well as $115 they found in Mark's wallet. (*Id.*). Two other safes were also in the house. One, an antique for which Mark did not have the combination, was broken

6

open by Crew Members but was empty. (*Id.*). The other, in the Shamoon's bedroom, contained twenty-two freezer bags of dried marijuana leaves that Mark was storing away from his children until he could dispose of them.[2] (ECF No. 126-2, PageID.3057; ECF No. 126-59, PageID.3985, 3987).

In addition to taking $315 from Mark, Crew Members confiscated all of the Shamoon's marijuana—just under seventy live plants—as well as their lawfully owned firearms. (ECF No. 123-15, PageID.2842; 2848). Both Mark and Debra were licensed medical marijuana caregivers and they cared for their plants jointly. (ECF No. 126-3, PageID.3069). Debra offered to let the Narcotics Crew see their paperwork and caregiver cards, but they were not interested. (*Id.* at 3071).

The Narcotics Crew left the Shamoon's home with as little notice as they provided upon entry. All in all, the raid lasted about an hour and a half or two hours and no warrant was displayed. (*Id.* at 3061, 3080). None of the Plaintiffs were charged with any crimes after the raid. (ECF No. 126-59, PageID.3980-81). Crew Members forgot to remove Mark's handcuffs before they left, and he remained cuffed for approximately ten hours. (ECF No. 126-59, PageID.3986; ECF No. 126-66, PageID.4029). Eventually, Mark's son, who worked in security and had his own handcuffs, was able to unlock Mark's cuffs. (ECF No. 123-15, PageID.2849, 2856).

---

[2] The part of the marijuana plant that is commonly smoked is the flower, which is where high levels of THC are found. (ECF No. 126-59, PageID.3959). The leaves have no value. (*Id.*).

## II.   DEFENDANTS' VERSION

Before the Narcotics Crew broke through the front door of the Shamoon's home, they announced "police, search warrant" and received no response. (ECF No. 123-2, PageID.2620). Their warrant, which would have been left at the scene, had been lawfully procured by Sgt. Geelhood. (*Id.* at 2616-20). He based his affidavit on information from a CI, which he corroborated with his own surveillance. (*Id.* at 2510). The CI, whom Sgt. Geelhood knew only as "Harry," is now deceased. (ECF No. 132-2, PageID.4124-31). Sgt. Geelhood does not have any records documenting the information he received from the CI or his own surveillance because, "as a matter of practice, [he does] not keep records or notes when using [a CI] and [does] not keep records from previous investigations." (ECF No. 126-48, PageID.3740).

After the Narcotics Crew forced their way into the Shamoon's home, they observed that there were no medical marijuana cards on display and concluded that "[n]othing about the grow operation was legal." (ECF No. 123-2, PageID.2580). Accordingly, Sgt. Geelhood deemed it unnecessary to ask for proof of licensure or inquire about whether there was more than one licensed provider. (*Id.*). Despite the operation's apparent illegality, Sgt. Geelhood declined to charge the Shamoons with a crime because he thought it might hinder future investigations and hoped to obtain

8

a "bigger haul." (ECF No. 123, PageID.2464). The Narcotics Crew ultimately confiscated 285 marijuana plants, not seventy. (*Id.* at 3056).

## PROCEDURAL BACKGROUND

Plaintiffs allege that they were asserted class members in the case of *Davis v. City of Detroit, et. al.*, No. 15-10547 (E.D. Mich.), filed February 11, 2015. (ECF No. 121-2, PageID.2311-15). The Davises claimed that they had been subject to illegal raids conducted by members of the DPD Narcotics Unit and sought institutional liability against the City of Detroit. (*Id.*). Once the Davises had an opportunity to conduct discovery, they were able to determine the specific officers involved, and filed an amended complaint on July 14, 2015, identifying those officers, who included Sgt. Geelhood. The Davises moved for class certification on July 14, 2016, but their motion was ultimately denied by Judge Borman on August 31, 2018. (ECF No. 121-4; ECF No. 121-6).

Upon denial of class certification, several putative class members filed individual lawsuits.[3] Plaintiffs here filed suit against the City of Detroit and several "Doe" DPD personnel on November 26, 2018. (Compl.). Through the discovery process, Plaintiffs identified Sgts. Joe Tucker, Candace Matschikowski, and Stephen

---

[3] In addition to the instant action, these lawsuits include: *Reid v. City of Detroit, et. al.*, No. 18-13681; *Frontczak v. City of Detroit, et al.*, No. 18-13781; *Lockard v. City of Detroit, et al.*, No. 18-13045; and *Gardella v. City of Detroit, et al.*, No. 18-13678.

9

Geelhood, as well as Officers Juan Davis and Brian Johnson, as the DPD members involved with the raid of their home. Plaintiffs amended their complaint to name those Defendants on March 21, 2019. (Am. Compl.). On October 23 and 24, 2020, Defendants moved for judgment on the pleadings and for summary judgment, respectively. (ECF No. 121; ECF No. 123). Plaintiffs responded on November 20, 2020. (ECF No. 128; ECF No. 125). Defendants replied in support of judgment on the pleadings on December 4, 2020, and in support of summary judgment on December 7, 2020. (ECF No. 130; ECF No. 132).

Plaintiffs have agreed to dismiss Defendants Johnson, Matschikowski, Davis, and Tucker, as well as their Fourteenth Amendment claim. (ECF No. 128, PageID.4037; ECF No. 123, PageID.2458). Remaining are Plaintiffs' Fourth Amendment claim against Sgt. Geelhood and Plaintiffs' municipal liability claim against the City of Detroit. (ECF No. 125, PageID.3014).

**STANDARD OF REVIEW**

I.   **FED. R. CIV. P. 12(C)**

Courts review a FED. R. CIV. P. 12(c) motion for judgment on the pleadings under the same standard applicable to a FED. R. CIV. P. 12(b)(6) motion to dismiss. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (citing *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)). Judgment is

10

appropriate where the plaintiff fails to "allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Detailed factual allegations" are not strictly necessary, "but the complaint must contain more than conclusions and an unsubstantiated recitation of the necessary elements of a claim." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). The court "assume[s] the veracity of well-pleaded factual allegations and determine[s] whether the plaintiff is entitled to legal relief as a matter of law." *Id.* (citing *Ashcroft*, 556 U.S. at 679). And although "the court primarily considers the allegations in the complaint, . . . matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997)).

## II.   FED. R. CIV. P. 56

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R.

CIV. P. 56(a). "A 'material' fact is one that 'might affect the outcome of the suit under the governing law.' And a genuine dispute of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the [nonmoving] party.'" *Abu-Joudeh v. Schneider*, 954 F.3d 842, 849 (6th Cir. 2020) (citations omitted) (first quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); then quoting *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 775 (6th Cir. 2016)).

The moving party bears the burden of demonstrating an absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

> If the moving party meets this burden, the burden then shifts to the nonmoving party to establish a "genuine issue" for trial via "specific facts." Additionally, the moving party is entitled to summary judgment when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Abu-Joudeh*, 954 F.3d at 840 (citations omitted) (quoting *Celotex Corp.*, 477 U.S. at 322, 324).

The court views all of the facts in the light most favorable to the nonmoving party and draws "all justifiable inferences" in the nonmoving party's favor. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "In other words, 'at the summary judgment stage[,] the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to

determine whether there is a genuine issue for trial.'" *Jackson*, 814 F.3d at 775 (alteration in original) (quoting *Anderson*, 477 U.S. at 249).

**ANALYSIS**

## I.    Defendants' Motion for Judgment on the Pleadings [121]

### a.   Statute of Limitations

Defendants first argue they are entitled to judgment on the pleadings because the statute of limitations has run on Plaintiffs' claims. (ECF No. 121, PageID.2287). In Michigan, the statute of limitations for § 1983 actions is three years and begins to run when a plaintiff becomes aware of the injury for which they are bringing an action. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986). Pursuant to the tolling doctrine announced in *American Pipe*, however, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). Here, although the parties agree that the statute of limitations began to run on September 13, 2012, the date Plaintiffs became aware of the alleged constitutional violations, they disagree as to if, and for how long, the statute of limitations tolled. (ECF No. 121, PageID.2296; ECF No. 128, PageID.4038).

13

*i. City of Detroit*

Plaintiffs will benefit from *American Pipe* tolling as to the City of Detroit if they are deemed asserted class members in *Davis v. City of Detroit, et. al.*, No. 15-10547 (E.D. Mich.). Defendants contend Plaintiffs are not asserted class members, while Plaintiffs argue they are. (ECF No. 121, PageID.2299-2303; ECF No. 128, PageID.4042-46). The Davises set forth six identifiers for their proposed class:

> (a) individuals who were the owners and/or occupants of homes and/or businesses engaged in the licensed distribution of marijuana for medical purposes; (b) who were subjected to search and/or seizure by agents and/or members of the Detroit Police Department's Narcotics' Unit; [(c)] from the period of February 11, 2012 until the date of judgment or settlement of this case; [(d)] who were never convicted of any offense arising from the search and/or seizure; [(e)] whose search and seizure were executed without probable cause; and [(f)] where such searches and/or seizures were conducted pursuant to Defendant City of Detroit's policies, practices, and/or customs.

(ECF No. 121-6, PageID.2391) (alterations in original).

Defendants argue that Plaintiffs fail to meet the first identifier because they have not alleged specific facts showing "they were operating in compliance with the Michigan Medical Marijuana Act." (ECF No. 121, PageID.2300). But this asks the Court to read an additional identifier into the class definition that simply is not there. Moreover, even if the Court were to infer this additional identifier, Defendants' analysis would fail. Nothing in the record suggests that Plaintiffs engaged differently in the distribution of marijuana than the plaintiffs in the *Davis* action.

Accordingly, Plaintiffs plausibly plead that they were asserted members of the putative class in *Davis*. (Am. Compl. ¶¶ 9-10, 16, 19, 27, 30). The statute of limitations thus tolled with respect to the City of Detroit from February 11, 2015, the date the Davises filed their complaint, to August 31, 2018, the date class certification was denied. (ECF No. 121-2, PageID.2309; ECF No. 121-6, PageID.2389).

From the time the raid took place on September 13, 2012, until February 11, 2015, 881 days had run on the statute of limitations. Another eighty-seven days elapsed between August 31, 2018, when class certification was denied, and November 26, 2018, when Plaintiffs commenced this action. Because the total number of days (968) is fewer than 1,095 (three years), the statute of limitations does not bar Plaintiffs' claims against the City of Detroit.

### ii. Sgt. Geelhood

According to Defendants, Sgt. Geelhood is subject to a separate tolling calculation because he was given a "John Doe" placeholder in the original *Davis* complaint and was not added by name until it was amended on July 14, 2015. (ECF No. 121, PageID.2297; ECF No. 121-2, PageID.230; ECF No. 121-3, PageID.2318).

In general, *American Pipe* tolling only applies to defendants named in the prior related class action. *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553,

15

568 (6th Cir. 2005). Plaintiffs concede that Sgt. Geelhood was not named in the original *Davis* complaint but argue that the February 11, 2015, tolling date should apply because the July 14, 2015, amendment related back to the original complaint. (ECF No. 128, PageID.4039).

FED. R. CIV. P. 15(c) determines whether an amendment to a complaint relates back to the filing date of the original complaint. *See generally Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010). In order for an amendment to relate back, "the party to be brought in by amendment . . . [must have] (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) [known] or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C). Although Plaintiffs may satisfy the notice requirement, *see Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir. 1986) (permitting amendment under Rule 15(c) based on constructive, rather than actual, notice), they cannot satisfy the "but for a mistake" requirement. *See Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996) (explaining that although the imputed knowledge doctrine is still recognized, "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties," and "such amendments do not satisfy the 'mistaken identity' requirement"); *see also Brown v.*

16

*Cuyahoga Cty.*, 517 F. App'x 431, 433-34 (6th Cir. 2013) (affirming "the continued vitality of *Cox*" and holding that "an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii)"). Accordingly, even though Geelhood may have had constructive notice under *Berndt*, his addition by the Davises did not relate back under Rule 15(c), and Plaintiffs' individual claims against him are barred by the statute of limitations.

### b. Adequate Pleading

Defendants next argue that "the Amended Complaint fails . . . to specify which of the named defendants were personally involved in or responsible for each alleged constitutional violation." (ECF No. 121, PageID.2303). Because all that remains is Plaintiffs' municipal liability claim, this argument is moot.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### a. An Underlying Constitutional Violation

Defendants next argue that there has not been an underlying constitutional violation, and that without such a violation, there cannot be municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). (ECF No. 123, PageID.2483). Defendants are correct that "[a] municipality or county cannot be liable under § 1983 absent an underlying constitutional violation by its officers." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 900 (6th Cir. 2004) (citing *City of Los Angeles v.*

*Heller*, 475 U.S. 796, 799 (1986)). Nevertheless, as long as a plaintiff can prove that they have suffered an underlying injury, they need not prevail on a claim against a specific actor in order to pursue municipal liability. *See, e.g.*, *Barnett v. Macarthur*, 956 F.3d 1291, 1301 (11th Cir. 2020) ("*Monell* . . . and its progeny do not require that a jury must first find an individual defendant liable before imposing liability on local government." (quoting *Anderson v. City of Atlanta*, 778 F.2d 678, 686 (11th Cir. 1985))); *Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002) ("If a plaintiff establishes he suffered a constitutional injury by the City, the fact that individual officers are exonerated is immaterial to [municipal] liability under § 1983."). Accordingly, although Plaintiffs' Fourth Amendment claims against the individual officers are now out of the picture, proceeding to the *Monell* analysis is proper as long as there is a question of fact as to whether Plaintiffs' Fourth Amendment rights were violated. As set forth below, there is.

It is axiomatic that "an officer [or investigator] cannot rely on a judicial determination of probable cause if that officer knowingly makes false statements and omissions to the judge such that but for these falsities the judge would not have issued the warrant." *Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir. 2003) (quoting *Yancey v. Carroll County*, 876 F.2d 1238, 1243 (6th Cir.1989)) (alteration in original). "Such reliance is unreasonable, and [search or seizure] . . . pursuant to such

18

deceptive practices violates the Fourth Amendment." *McCallum v. Geelhood*, 742 F. App'x 985, 991 (6th Cir. 2018) (quoting *Gregory v. City of Louisville*, 444 F.3d 725, 758 (6th Cir. 2006)). *See generally Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (establishing procedure for challenging warrant veracity).

Here, Plaintiffs allege that the material portions of Sgt. Geelhood's warrant affidavit—his claims of being tipped off by a CI called Harry and conducting independent surveillance—were untruthful, and that the resulting raid on the Shamoon's home was invalid. (ECF No. 125, PageID.3019). As an initial matter, the Court agrees that without the alleged tip and surveillance, the only evidence in support of the warrant would have been excessive electricity use, which could not have supported a finding of probable cause. (ECF No. 126-1, PageID.3053-54); *see United States v. Thomas*, 605 F.3d 300, 315 (6th Cir. 2010). Accordingly, the question is whether Plaintiffs' evidence creates a reasonable dispute of material fact as to whether Sgt. Geelhood received and corroborated a tip from a CI. The Court finds that it does.

First, although Defendants have produced a death certificate for an individual whom Sgt. Geelhood apparently knew as "Harry," nothing in the record apart from Sgt. Geelhood's word connects Harry to the Shamoons, narcotics trafficking, or anything in this case. (ECF No. 132-3, ECF No. 132-4, ECF No. 132-5, ECF No.

19

132-6). Indeed, the DPD detective overseeing the investigation on Harry's death "[did] not recall [Sgt. Geelhood] telling [him] that [Harry] was working as an informant," and believed "that [Harry] was [likey] killed in connection with . . . auto theft," not narcotics trafficking. (ECF No. 125-5, PageID.4151-52). In addition, Sgt. Geelhood had no record of meeting or speaking with Harry in relation to the Shamoon warrant and could not recall any other cases in which Harry provided information. (ECF No. 132-7, PageID.4157). In an interview with DPD Internal Affairs regarding misconduct in the department, DPD Deputy Chief Charles Fitzgerald opined that 1) even "nine years later," an officer "should have knowledge of who [their] CI is," and that 2) an officer's alleged reliance upon a CI whose true name is unknown, even "for anonymity purposes," raises the question of whether there is "truly a CI."  (ECF No. 126-14) (audio recording 34:43-37:20).[4] Although Defendants offer a plausible explanation for why Sgt. Geelhood had no written records of his dealings with Harry,[5] his inability to recall even one other instance in

---

[4] Defendants contend that Fitzgerald's interview is inadmissible hearsay. (ECF No. 132, PageID.4113). But Plaintiffs' "evidence need not be in admissible *form*," so long as "its *content* [is] . . . admissible." *Bailey v. Floyd Cty. Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997) (citing *Celotex Corp.*, 477 U.S. at 324; *Winskunas v. Birnbaum*, 23 F.3d 1264, 1268 (7th Cir. 1994)). Here, because the only portion of the interview the Court relies upon would be admissible at trial if Deputy Chief Fitzgerald were to testify, it is appropriate for consideration at summary judgment.

[5] Unlike Sources of Information ("SOIs"), CIs are not registered with the DPD and are not paid for their information. (ECF No. 126-6, PageID.3135-36). According to Sgt. Geelhood, it was the practice of the Narcotics Unit "not [to] keep files on [CIs]." (ECF No. 132-7, PageID.4157).

20

which Harry provided information is concerning, particularly since he claims that "[t]he information [Harry] was giving [him had] proved to be reliable." (ECF No. 132-7, PageID.4157). Likewise, the fact that Sgt. Geelhood was apparently helping Harry "[get] in touch with the right people" at U.S. Immigration and Customs Enforcement further undercuts the credibility of the warrant affidavit, which alleged that the CI was providing information against their own interest. (ECF No. 126-1, PageID.3053; ECF No. 132-2, PageID.4125). In sum, while Defendants may have established the existence of a man Sgt. Geelhood knew as "Harry," Defendants have not established beyond a reasonable dispute of material fact that Harry was the CI referenced in Sgt. Geelhood's affidavit or that such a CI even existed.[6]

Second, while Sgt. Geelhood claims to have surveilled the Shamoon's address on approximately five occasions prior to seeking a warrant, Defendants have produced no documentary evidence in support of this claim. (ECF No. 126-50, PageID.3768; ECF No. 132-7, PageID.4158). According to Deputy Chief Fitzgerald, DPD officers are required to document their surveillance, even if it is just jotting a

---

[6] Because of the ease with which an officer could allege reliance upon a non-existent CI, courts in the Eastern District have sometimes held that where a CI cannot be produced for an in-camera deposition, "[the defendants] must be precluded from presenting any evidence at trial based on, or flowing from, the alleged existence of the CI." *Smith v. City of Detroit*, 212 F.R.D. 507, 511 (E.D. Mich. 2003). Though an order to this effect may ultimately be necessary if this case goes to trial, the Court will not make a final decision at this juncture. Plaintiffs are free to raise their request again later via a motion in limine.

21

note on the back of a receipt. (ECF No. 126-14) (audio recording 10:45-12:05). Although it is reasonable that some of Sgt. Geelhood's documentation might have been discarded after nearly nine years, Sgt. Geelhood claims his investigation was ongoing, and the City's record retention policies require that case reports for felony investigations, including case logs, be retained for at least twenty years. (ECF No. 126-44, PageID.3709-10; ECF No. 126-50, PageID.3771). Against this backdrop, the absence of any documentation is, at least, peculiar. Accordingly, there also remains a question of fact about whether, and to what extent, Sgt. Geelhood surveilled the Shamoon's home.

Based on the foregoing, the Court finds that Plaintiffs have demonstrated a genuine dispute of material fact as to whether Sgt. Geeelhood included knowingly false statements in his warrant affidavit with the intent to mislead the issuing judge.[7] Defendants' argument that Plaintiffs must make a "strong preliminary showing" (*i.e.* go beyond merely establishing a question of fact) is unpersuasive. (ECF No. 123, PageID.2474). In § 1983 cases, this heightened standard from *Franks* applies only

---

[7] Plaintiffs also proffer considerable evidence of a culture of corruption in the Narcotics Unit pursuant to which it would have been easy for a sergeant to falsify a warrant affidavit. Some of this evidence may be inadmissible propensity evidence, but certainly not all of it. For example, Plaintiffs offer deposition testimony from DPD Chief James Craig that "there were [previously uninvestigated] criminal and administrative violations occurring" in the Narcotics Unit, and that "sergeants may have been . . . directly involved." (ECF No. 126-34, PageID.3522, 3524). In any case, this evidence, though persuasive, is not vital to the Court's finding.

when qualified immunity is at issue or where there are no "factual questions *underlying* the probable-cause determination." *Harmon v. Hamilton Cty.*, 675 F. App'x 532, 543 (6th Cir. 2017); *see Vakilian*, 335 F.3d at 517l. Neither of those circumstances are present here. Moreover, even assuming for the sake of argument that the heightened *Franks* standard did apply, the Court would find it satisfied on the evidence above. Accordingly, the question of probable cause is one for the jury, and the Court will proceed to Plaintiffs' *Monell* claim.[8] *See Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir. 1989) ("[I]n a § 1983 action[,] fact-finding under the *Franks* standard is the province of the jury." (citing *Hindman v. City of Paris*, 746 F.2d 1063, 1067 (5th Cir. 1984))); *see also Hale v. Kart*, 396 F.3d 721, 728 (6th Cir. 2005) ("[A] jury trial is appropriate where reasonable disputes of material fact exist on facts underlying a probable cause determination.").

> b. *Monell* Liability

It is well established that "[a] municipality may not be held liable under § 1983 on a *respondeat superior* theory—in other words, '*solely* because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691). Rather, to prevail on a municipal liability claim, a plaintiff

---

[8] Because a question of fact exists as to probable cause, the Court need not reach the question of whether Plaintiffs' other alleged Fourth Amendment violations, each of which stem from Sgt. Geelhood's allegedly fraudulent warrant affidavit, also present a question of fact.

23

must "show[] that the municipality had a 'policy or custom' that caused the violation

of [the plaintiff's] rights." *Griffith v. Franklin Cty.*, 975 F.3d 554, 581 (6th Cir. 2020)

(quoting *Monell*, 436 U.S. at 694); *see Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981)

(noting that the policy or custom "must be 'the moving force of the constitutional

violation'" (quoting *Monell*, 436 U.S. at 694)).

> A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of*

*Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). Here, Plaintiffs allege liability

under the second, third, and fourth theories. (ECF No. 125, PageID.3029).

### i.  *Actions Taken By Officials with Final Decision-Making Authority (i.e. Ratification Theory)*

Where an "authorized policymaker[] approve[s] a subordinate's decision and

the basis for it, their ratification [is] chargeable to the municipality." *St. Louis v.*

*Praprotnik*, 485 U.S. 112, 127 (1988) (plurality opinion). Here, Plaintiffs argue that

"the numerosity of [allegedly] illegal raids" by the Narcotics Unit makes "the

City . . . liable for the unconstitutional conduct of its sergeants who were the highest-

ranking officers in charge of th[ose] raids." (ECF No. 125, PageID.3035-36).

24

The first question the Court must answer is whether the sergeants to which Plaintiffs refer can be considered authorized policymakers. *See Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993) (explaining that "the municipality is liable for an official's unconstitutional action only when the official is the one who has the 'final authority to establish municipal policy with respect to the action ordered.'" (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986))). "Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority, and . . . whether an official had final policymaking authority is a question of state law." *Pembaur*, 475 U.S. at 483 (plurality opinion).

Sgt. Tucker was the highest-ranking officer in charge of the raid on Plaintiffs' home, however, he apparently was not required to review Sgt. Geelhood's affidavit until the warrant had already issued. (ECF No. 126-50, PageID.3777, 3793-94). Accordingly, it is unclear who, in Plaintiffs' view, should be considered the final policymaker for the purpose of this analysis. Regardless, because Plaintiffs cite no authority in support of *either* sergeant being a municipal policymaker, this detail matters little. According to former DPD Chief James Craig, sergeants can only "[c]arry out policy," not make it. (ECF No. 132-10, PageID.4318). Chief Craig's position is backed up by the 2012 Narcotics Standard Operating Procedures, which

25

make "sergeant[s] . . . directly accountable to the lieutenants in charge of the[ir] units," and the 2012 Charter of the City of Detroit, which states that the Board of Police Commissioners shall, "[i]n consultation with the Chief of Police, and with the approval of the Mayor[,] establish policies, rules and regulations." (ECF No. 126-43,    PageID.3634);    DETROIT,   MICH.   CHARTER   §   7-803   (2012), https://detroitmi.gov/sites/detroitmi.localhost/files/2018-05/2_29_2012_CharterDocument_2_1_WITHOUT_COMMENTARY_1.pdf        [https://perma.cc/3WDJ-RAH8]. Against this backdrop, it is clear that sergeants were not final policymakers in a statutory sense.

Moreover, while it is true that policymaking authority can also be delegated, *see Pembaur*, 475 U.S. at 483, merely being given the "authority to exercise discretion while performing particular functions does not [by itself] make a municipal employee a final policymaker." *Feliciano*, 988 F.2d at 655 (citing *Praprotnik*, 485 U.S. at 127). In other words, even where an official is delegated final *decisionmaking* authority by a superior, they will not necessarily be a final policymaker with respect to those decisions. *See Cristini v. City of Warren*, No. 07-11141, 2012 U.S. Dist. LEXIS 162325, at *40 (E.D. Mich. Nov. 14, 2012). Rather, a municipal employee can be said to have final policymaking authority only when

26

their "decisions are final and unreviewable *and are not constrained by the official policies of superior officials*." *Id.* (emphasis added).

In *Miller v. Calhoun Cty.*, the Sixth Circuit considered whether a shift commander at a county jail had been delegated policymaking authority with respect to overnight medical treatment for pretrial detainees. 408 F.3d 803, 814 (6th Cir. 2005). The plaintiff argued that despite state law giving the sheriff final policymaking authority over the jail, liability should be imputed to the municipality because "[the sergeant] was, by county policy, the *de facto* decision-maker as to emergency care for inmates on the midnight shift." *Id.* But the Sixth Circuit disagreed. *Id.* It explained that the plaintiff was "conflate[ing] decisionmaking with policymaking," and noted that there was "no evidence that [the sergeant's] decisions were not subject to review, or that [the sergeant] possessed any authority to 'formulate[] plans for the implementation of broad goals.'" *Id.* (quoting *Hager v. Pike Cty. Bd. of Educ.*, 286 F.3d 366, 376 (6th Cir. 2002)).

Here, like in *Miller*, Plaintiffs have failed to demonstrate how the actions of Narcotics Unit sergeants, even those who supervised raids, were anything more than discretionary decisions subject to the review of superior officials. Accordingly, Plaintiffs may not proceed on their *Monell* claim under a ratification theory.

27

> *ii. A Custom of Tolerance or Acquiescence of Federal Rights Violations (i.e. Inaction Theory)*

A municipal liability claim premised upon a "custom of tolerance or acquiescence of federal rights violations" is sometimes referred to as an "inaction theory." *See D'Ambrosio*, 747 F.3d at 387. To prevail under this theory, a plaintiff must demonstrate:

> (1) the existence of a clear and persistent pattern of violating federal rights . . . ; (2) notice or constructive notice on the part of defendants; (3) the defendants' tacit approval of the unconstitutional conduct, such that their deliberate indifference in failing to act can be said to amount to an official policy of inaction; and (4) that the defendants' custom was the 'moving force,' or direct causal link for the constitutional deprivation.

*Powers v. Hamilton County Pub. Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Doe v. Claiborne Cty.*, 103 F.3d 495, 508 (6th Cir. 1996)).

Plaintiffs argue that "the City knew, in the summer of 2010, about the corruption of DPD's Narcotics Unit" but "waited until July 2014 . . . to address [it]." (ECF No. 125, PageID.3031). In support, Plaintiffs cite several allegedly unlawful raids by the Narcotics Unit, as well as examples they argue show the City's notice of allegedly illegal conduct. (ECF No. 125, PageID.3031-33). But the majority of Plaintiffs' examples are from 2013 to 2017, and "contemporaneous or subsequent conduct" cannot be relied upon to prove an inaction theory. *Connick v. Thompson*, 563 U.S. 51, 63 n.7 (2011). Accordingly, the Court will only consider Plaintiffs'

28

evidence to the extent that it relates to events before the raid on Plaintiffs' home. Several pieces of evidence fall within these parameters.

First, documents from the Wayne County Prosecutor's Office ("WCPO") regarding the exoneration of Darell Chancellor,  who was arrested in 2011 following the execution of a search warrant by Sgt. Geelhood. The evidence within these records, which include a WCPO press release[9] and a memo by the WCPO's Conviction Integrity Unit ("CIU"), would enable a jury to find that there had been illegal conduct in the Narcotics Unit by Sgt. Geelhood well before the raid on Plaintiffs' home. Defendants have objected to Plaintiffs' reliance upon the CIU memo, but the Court need not address the merits of this objection here. The press release by itself makes clear that Chancellor was released from prison because the WCPO determined that the evidence against him "ha[d] been credibly refuted" and "was based upon a fraudulent search warrant" by Sgt. Geelhood. (ECF No. 126-8, PageID.3253-54; ECF No. 126-17, PageID.3314).

Second, a letter from DPD Lt. Kelly Fitzgerald to the City's Office of the Inspector General ("OIG"), chronicling how, in late 2011, officials in the Narcotics

---

[9] Because the press release sets forth the conclusions of the WCPO based on its own investigation, it falls within the public records exception to hearsay under FED. R. EVID. 803(8)(A). *See Patterson v. Cent. Mills, Inc.*, 64 F. App'x 457, 462 (6th Cir. 2003) ("The Supreme Court has interpreted this 'public records' exception to the hearsay rule broadly to include both conclusions and opinions of public offices and agencies." (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 162 (1988))).

Unit and Internal Affairs swept evidence of allegedly falsified surveillance and overtime "under the rug." (ECF No. 126-56, PageID.3886-91). This letter, which Defendants do not address in their Reply [132], provides specific, detailed examples of fabricated surveillance and overtime by Sgt. Tucker, who was in charge of the raid on Plaintiffs' home. (*Id.* at 3887). For example, it notes how "[o]n October 22, 2011, Tucker tagged himself [on Facebook] at J. Alexanders restaurant (suburb) at 4:03 PM, yet . . . was paid [overtime] to be on narcotics surveillance from [1:00 PM to 8:00 PM]." (*Id.*). In addition, Lt. Fitzgerald explains that even though she alerted Internal Affairs to Sgt. Tucker's conduct, the case was administratively closed without a full investigation after Lt. Kevin Robinson, the Commanding Officer of Narcotics, explained to investigators that what Sgt. Tucker did "is done all the time at Narcotics." (*Id.* at 3890). In short, Lt. Fitzgerald's letter not only documents a second pre-2012 example of misconduct in the Narcotics Unit, but also evidences a culture of indifference to such misconduct by the Unit's highest-ranking officials. (*Id.* at 3887, 3889-90).

Third, the trial testimony of Gary Jackson and related supporting evidence, which go to when the City first became aware of alleged corruption in the Narcotics Unit. Jackson was a drug dealer turned DPD informant who served as a cooperating witness in the 2015 prosecution of David Hansberry, Bryan Watson, and Arthur

Leavells, three of Sgt. Geelhood's former colleagues in the Narcotics Unit. *See United States v. Hansberry, et. al.*, No. 15-20217 (E.D. Mich.). Along with two civilian associates, Hansberry, Watson, and Leavells were charged with multiple crimes arising out of a conspiracy to steal drugs and money from drug dealers.[10] (ECF No. 126-23, PageID.3401; ECF No. 126-26, PageID.3444). Leavells and Calvin Turner, one of the civilian associates, pleaded guilty, while Hansberry, Watson, and Kevlin Omar Brown, the other civilian associate, went to trial. (ECF No. 126-26, PageID.3444; ECF No. 126-58).

At trial, Jackson testified as follows: In the summer of 2010, he had learned of a $3 million cocaine deal in Detroit, including how and when the profits would be moved out of the city. (ECF No. 126-26, PageID.3441-43). To make the most of this knowledge, he made an agreement with Leavells and Watson to exchange his information for a formal reward from the City of Detroit and an off the books cut of the seized money. (*Id.* at 3446-47). The bust was successful, but afterwards, Leavells told Jackson that there had been no opportunity to skim money off the top of the

---

[10] *See generally United States v. Watson*, 778 F. App'x 340, 343 (6th Cir. 2019) ("The basic con went as follows: Defendants would raid a house or stop a car (generally with the help of an informant) knowing that drugs and money would be there. These pretextual raids would . . . scare [drug-dealing victims] 'to death' about getting arrested or hurt. So the victims would hand over their drugs and money to Defendants. And once Defendants got what they wanted, they would leave without making arrests or filing charges. Instead, Defendants would keep the money and sell the drugs (generally with the help of the same informant), splitting the profits. And if Defendants did report the bust, they would first take some money or drugs 'off the top.'").

seizure before other officers arrived. (*Id.* at 3451). Jackson was furious, and even more so when the publicly reported total of the seizure was several hundred thousand dollars less than he expected. (*Id.* at 3451-52). Jackson thought he had been duped, and that Watson and Leavells had pocketed the missing money for themselves and lied to him. (*Id.* at 3452). Jackson began to worry he was not going to get any money at all and decided to take matters into his own hands. (*Id.* at 3452, 3455). Thanks to a coincidental mutual acquaintance, Jackson was able to arrange a dinner meeting with the then-DPD Chief, Ralph Godbee. (*Id.* at 3456; ECF No. 126-53, PageID.3834). At the meeting, Jackson told Chief Godbee that there had actually been $3 million in play, significantly more than the amount reported, and Chief Godbee responded, "I knew it."[11] (ECF No. 126-26, PageID.3456).

Chief Godbee agrees that he met with Jackson very soon after the bust, but disputes Jackson's version of their meeting. (ECF. No. 126-53, PageID.3836-37, 3840). He claims that Jackson did not mention a shortfall in the seized money and

---

[11] Defendants contend that all of Jackson's trial testimony "is inadmissible hearsay that cannot be considered." (ECF No. 132, PageID.4116). But Jackson is currently under the supervision of the U.S. Probation Department for the Eastern District of Michigan and is subject to this Court's subpoena power. *See United States v. Jackson*, No. 15-20507, 2020 U.S. Dist. LEXIS 132228 (E.D. Mich. July 27, 2020) (granting Jackson compassionate release and imposing a sixty-month period of supervise release); *see also* FED. R. CIV. P. 45(c)(1). And Defendants have not argued that Jackson would be unavailable to testify at trial. Accordingly, to the extent the substance of Jackson's trial testimony is otherwise admissible, it is competent evidence for the purpose of opposing summary judgment. *See Bailey*, 106 F.3d at 145. Here, because Plaintiffs rely upon Jackson only to show the City's knowledge of alleged misconduct in the Narcotics Unit and not to prove the truth of the underlying misconduct, it is admissible.

that the primary topic of discussion was the danger to Jackson and his family in light of the information he had given about the drug bust. (*Id.* at 3854). Regardless of who is telling the truth, there is plainly a dispute of material fact about whether Chief Godbee knew, in the summer of 2010, of allegations that members of the Narcotics Unit had stolen or attempted to steal a large sum of money from a drug bust.

Also supporting a finding of constructive notice is the fact that there were several discrepancies in the amount of currency reportedly seized as the cash moved through the chain of custody. (ECF No. 125, PageID.3039-41). The initial police report references a "tally sheet" that was discovered with the cash, which listed the amount of currency as $2,370,000. (ECF No. 126-51, PageID.3807-08; ECF No. 126-53, PageID.3846, 3857). This is the number that Chief Godbee first reported to the media. (ECF No. 126-53, PageID.3841). But by the time the money was logged into the property room, only $2,100,190 was accounted for. (ECF No. 126-51, PageID.3815; ECF No. 126-53, PageID.3846). And an additional shortfall of approximately $15,000 was discovered when the money was deposited at Comerica Bank. (ECF No. 126-51, PageID.3810; ECF No. 126-53, PageID.3846). This final shortfall triggered an Internal Affairs investigation, which concluded that it was attributable to a faulty counting machine, but the first shortfall was never investigated. (ECF No. 126-34, PageID.3547; ECF No. 126-54). In other words,

regardless of whether the initial $2.37 million figure was accurate, there are sufficient facts for a jury to conclude that DPD officials knew of a several hundred-thousand-dollar discrepancy and did not investigate. (ECF No. 126-34, PageID.3547).

Defendants argue that these questions regarding missing money were already resolved by the jury when it found Hansberry and Watson not guilty on all counts except conspiracy and fully acquitted Brown. (ECF No. 132, PageID.4116; ECF No. 132-8, PageID.4160). But this argument fails to account for the differing burdens of proof in civil and criminal cases. And, in any event, the issue here is not whether Plaintiffs can prove that members of the Narcotics Unit stole currency from a drug bust, but whether the City had notice that they might have done so, and failed to look into it.

Taken together, these three examples—the Chancellor investigation and exoneration, the Fitzgerald OIG complaint, and the City's knowledge of a possible shortfall in the Hansberry seizure—are sufficient to create a reasonable dispute of material fact as to whether there was a pattern of illegal conduct in the Narcotics Unit about which the City had notice. In addition, a reasonable jury could find, based on Plaintiffs' evidence that Sgts. Geelhood and Tucker had previously falsified DPD records, that a raid premised upon a fraudulent warrant affidavit could have been

34

prevented if the City had opened an investigation into the Narcotics Unit sooner. In other words, there is also a reasonable dispute of material fact as to whether the City's inaction was the moving force behind Plaintiffs' injury. *See Powers*, 501 F.3d at 607. Finally, because Plaintiffs have "advance[d] sufficient evidence to create a genuine issue of material fact[,] . . . the question of 'deliberate indifference' is one for the jury." *Doe*, 103 F.3d at 509 (citing *Hicks v. Frey*, 992 F.2d 1450, 1456-57 (6th Cir. 1993)). Accordingly, Plaintiffs' inaction theory of *Monell* liability may proceed to trail.

### iii.   A Policy of Inadequate Training or Supervision

In deposition, Chief Craig opined that there was a lack of supervision in the Narcotics Unit going back "even before [2010]." (ECF No. 126-34, PageID.3546). It is unsurprising, therefore, that several of the evidentiary items that support Plaintiffs' inaction theory also support a claim for failure to supervise. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) ("To succeed on a failure to train or supervise claim, the plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." (citing *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992))).

35

For example, as described in Lt. Fitzgerald's complaint to OIG: The Commanding Officer of Narcotics, Lt. Robinson, believed that Unit members would report being on the clock, doing things like conducting surveillance, when they were actually engaging in recreational activities. (ECF No. 126-56, PageID.3887-90). Lt. Robinson even told Internal Affairs investigators as much. (*Id.*). But no action was taken, and Unit members continued to submit warrant affidavits that relied upon alleged surveillance without any requirement that they seek approval from a superior officer before presenting their affidavit to a judge. (ECF No. 126-50, PageID.3794). In short, regardless of whether this practice was as widespread as Lt. Robinson intimated to Internal Affairs, a reasonable jury considering Plaintiffs' evidence could find both that there was inadequate supervision in the Narcotics Unit, and that the absence of a warrant review process was closely related to the allegedly fraudulent affidavit in Plaintiffs' case. Accordingly, Plaintiffs' failure to supervise theory of *Monell* liability may also proceed to trail.

## CONCLUSION

**IT IS ORDERED** that Defendants' Motion for Judgment on the Pleadings [121] is **GRANTED in part and DENIED in part**. The Motion [121] is **GRANTED** as to Plaintiffs' claims against the individual officers. It is **DENIED** as to Plaintiffs' *Monell* claim against the City of Detroit.

36

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [123] is **DENIED**.

**IT IS FURTHER ORDERED** that, within thirty days, Plaintiffs may file a Second Amended Complaint consistent with the conclusions set forth above.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: June 25, 2021

37

# EXHIBIT 6-3 – SECOND AMENDED COMPLAINT

38907400.4/022765.00213

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DEBRA METRIS-SHAMOON,
MUKHLIS SHAMOON, CARL VERES,
PAUL METRIS, JULIA METRIS,

      Plaintiffs,                    Case No.: 18-cv-13683

vs.                             Hon.  Arthur J. Tarnow

CITY OF DETROIT, and
STEPHEN GEELHOOD,
in his Individual Capacity; jointly and severally,

      Defendants.

---

### SECOND AMENDED COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs, DEBRA METRIS-SHAMOON, MUKHLIS SHAMOON, CARL VERES, PAUL METRIS, JULIA METRIS, by and through their counsel, DETTMER & DEZSI, PLLC, and for their SECOND Amended Complaint and Jury Demand state as follows:

### PARTIES

1.      Plaintiffs are citizens of the State of Michigan.

2.      Upon information and belief, Defendant GEELHOOD is a citizen of the State of Michigan.[1]

---

[1] Plaintiffs recognize that Defendant Geelhood was previously dismissed by the Court, however, he is listed herein for purposes of Plaintiffs' preserving their claims against him.

1

3.      Defendant City of Detroit ("City") is a governmental entity in the State of

       Michigan.

4.      At all times relevant to this lawsuit, Defendant GEELHOOD was acting

       under color of law with respect to the events set forth in the Complaint.

5.      At all material times, Defendant City of Detroit employed the Individual

       Defendant and is liable for his acts.  City of Detroit is also liable for the

       unconstitutional policies, practices, and customs of its Police Department.

6.      Defendants are jointly and severally liable to Plaintiff for the claims asserted

       herein.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, §

       1343(a)(1)-(4) and 1343(b).

8.      Venue is proper under 28 U.S.C. § 1391(b).

## COMMON ALLEGATIONS

9.      In September 2012, Plaintiffs Deborah Metris-Shamoon and Mukhlis

       Shamoon were the lawful and licensed operator of a marijuana grow facility

       located at their residence in Shelby Township, Michigan.

10.     On or about September 13, 2012, Defendants, acting under color of law and

       as officers of Defendant City of Detroit's Narcotics Unit, conducted an

       unlawful raid of Plaintiffs' home in Shelby Township, Michigan.  The raid

2

was supervised by, among others, Sgt. Joe Tucker of the Detroit Police

Department.

11.   Officers gained entry into Plaintiffs' residence via forced entry with at least

one of the officers' weapons drawn.

12.   The Officers purposefully concealed their identities during the raid and

neither knocked or announced their presence before making a forced entry

into Plaintiffs' home.

13.   At no time during the raid did any of the officers show or present to

Plaintiffs a lawfully issued search warrant.

14.   During the raid, the officers destroyed Plaintiffs' home. Plaintiffs were

unlawfully searched and seized within the meaning of the fourth amendment

during the raid.

15.   For an unknown duration of time, the officers extensively tore apart

Plaintiffs' property and removed, without lawful authority, marijuana plants

and other related legitimate and lawful by-products of Plaintiffs' business.

16.   The officers had no probable cause to seize and/or arrest Plaintiffs nor were

Plaintiffs ever shown a search or arrest warrant.

17.   The officers also confiscated, without lawful authority, an Armsport 12-

gauge shotgun, a BSA 9mm handgun, a Winchester Wildcat .22 Rifle, a

BSR .45 Caliber Colt handgun, and money totaling $315.00 from Plaintiffs'

3

residence.

18.  At no time were Plaintiffs ever given a copy of any search warrant or a list

of items that were unlawfully seized from their property.

19.  Plaintiffs were eventually released by Defendants and never charged with

any violations of law.

20.  During the raid, Plaintiff Mukhlis Shamoon was placed in handcuffs which

the officers left on him after leaving the property such that Mukhlis was

forced to wear the handcuffs for approximately ten hours.

21.  Following the raid, Defendants produced a search warrant and affidavit

sworn out by Defendant Geelhood in which Defendant falsely swore to facts

in an attempt to manufacture probable cause.

22.  In particular, Defendant Geelhood falsely swore to having conducted

surveillance of the Plaintiffs' home and having witnessed illegal drug

transactions at Plaintiffs' residence.

23.  Defendant Geelhood also falsely swore to having relied on a confidential

informant to establish probable cause.

24.  Upon information and belief, members of the Detroit Police Department's

Narcotics Unit, including officers who participated in raid upon Plaintiffs'

residence, have engaged in similar unlawful searches and seizures of other

legitimate marijuana grow facilities in and around the City of Detroit.

4

25. Defendant City of Detroit has allowed an unconstitutional policy, custom and practice to flourish within its police department under which its police officers, including Defendant Geelhood, have unlawfully seized, confiscated, destroyed, or otherwise disposed of legitimate products of marijuana grow facilities.

26. Prior to the unlawful raid of Plaintiffs' home, Defendant City of Detroit had knowledge and notice that members of its Narcotics Unit were falsifying reports of narcotics surveillance, and despite such knowledge and notice Defendant City of Detroit ignored such misconduct.

27. Prior to the unlawful search and seizure of Plaintiffs' home, Defendant City of Detroit had knowledge and notice that officers of its Narcotics Unit were unlawfully seizing money and controlled substances for the officers' own pecuniary gain, and despite such knowledge and notice Defendant City of Detroit ignored such misconduct.

28. During these unconstitutional searches and seizures, Plaintiffs and dozens of other similar business owners would be threatened, intimidated, detained, and falsely arrested without probable cause.

29. Upon information and belief, Defendant City of Detroit's officers, including its supervisory personnel like Sgt. Tucker and Sgt. Geelhood routinely conducted, participated, and/or allowed the types of illegal searches and

5

seizures described herein.

30.   As a result of Defendants' actions, Plaintiffs were degraded, humiliated, and

subjected to an unlawful search, seizure, and false arrest in violation of their

constitutional rights.

31.   Plaintiffs suffered extreme emotional distress, humiliation, embarrassment,

and damage as a result of Defendants' unlawful actions.

32.   Plaintiffs were putative class members in the case of *Timothy and Hatema*

*Davis v. City of Detroit, et. al.*, Case No.: 15-cv-10547 (E.D. Mich)(J.

Borman) that sought to challenge as unconstitutional the acts, policies,

and/or customs of Defendants as alleged herein.

33.   Recently, the Court denied class certification in the *Davis* matter such that

the instant Plaintiffs now seek to pursue their identical claims herein.

## COUNT I; UNLAWFUL SEARCH AND SEISURE IN VIOLATION OF THE FOURTH AMENDMENT

34.   Plaintiffs hereby incorporate by reference herein the allegations contained in

the above Paragraphs of the Complaint.

35.   The acts of Defendants as ratified, endorsed, and cultivated by the City of

Detroit and its Police Department as described herein violated Plaintiffs'

rights against unlawful and unreasonable search and seizure as guaranteed

by the Fourth Amendment to the United States Constitution.

6

36.   Plaintiffs' arrest and detention as described herein were undertaken by
      Defendants without probable cause and without regard to any legitimate law
      enforcement interest.

37.   The raid of Plaintiffs' home was based on a false affidavit sworn out by
      Defendant Geelhood who manufactured the bases of probable cause as
      described herein.

38.   Defendants failed to knock and announce their presence before making
      forced entry into Plaintiffs' residence.

39.   Plaintiffs' were unlawfully seized when the officers displayed and pointed
      their weapons at Plaintiffs without provocation or justification.

40.   Defendant's actions were not taken spontaneously in response to an
      emergency, but rather in conformity with the City's deliberate policies,
      customs, and practices as carried out through the Detroit Police Department.

41.   The constitutional rights that Defendant violated were clearly established at
      all times when Defendant violated such rights and a reasonable person in
      Defendant's position would have understood that his conduct was in
      violation of those rights.

42.   Defendant Geelhood is thus not entitled to qualified immunity.

43.   By virtue of Defendants' actions, Plaintiff is entitled to compensatory and
      punitive damages.

7

## COUNT II; *MONELL* CLAIM AGAINST CITY OF DETROIT FOR UNCONSTITUTIONAL POLICIES, PRACTICES, AND/OR CUSTOMS

44.  Plaintiffs hereby incorporate by reference herein the allegations contained in the above paragraphs of this Complaint.

45.  Defendant City of Detroit maintained an unconstitutional policy, custom, and/or practice of tolerating the misconduct and unlawful activity of officers within its Narcotics Unit.

46.  Defendant City of Detroit's unconstitutional policy, custom, and/or practice of tolerating misconduct and the unlawful activity of its Narcotics Unit continued from, at least, 2010 through 2015 during which time Plaintiffs and several other individuals were subjected to unlawful searches and seizures by members of Defendant City of Detroit's Narcotics Unit.

47.  Defendant City of Detroit knew about, or should have known about, the misconduct and unlawful activities of its officers within the Narcotics Unit before the raid of Plaintiffs' residence, and despite having such knowledge Defendant City of Detroit failed to remedy the misconduct and unlawful activity.

48.  By failing to stop the misconduct and unlawful activity of its Narcotics Unit despite having knowledge of same, Defendant City of Detroit tacitly approved and condoned such unlawful activity which continued for several

years.

49.     For these reasons, Defendant City of Detroit is liable for the violation of

Plaintiffs' constitutional rights which occurred as a direct result of

Defendant City of Detroit's unconstitutional policy, custom, and/or practice

as set forth herein.

### COUNT III; *MONELL* CLAIM AGAINST CITY OF DETROIT FOR INADEQUATE TRAINING AND/OR SUPERVISION OF ITS AGENTS AND EMPLOYEES REGARDING THE CONSTITUTIONAL RIGHTS OF CITIZENS

50.     Plaintiffs hereby incorporate by reference herein the allegations contained in

the above paragraphs of this Complaint.

51.     Defendants City of Detroit had an obligation to train its employees, police

officers, and/or agents regarding the constitutional rights of citizens under

the Fourth Amendment.

52.     Defendant City of Detroit had an obligation to supervise its agents and

employees, including the individual Defendant named herein, to insure that

the constitutional rights of Plaintiffs and similarly situated business owners

were not violated.

53.     Defendant City of Detroit failed to comply with its duty to train and/or

supervise its employees, officers, and/or agents and had a custom or policy

of acting with deliberate indifference to the types of egregious violations of

9

the constitutional rights of Plaintiffs and other similarly situated business

owners.

54.     In this instance, the specific acts complained of herein were directed and

encouraged by Sgt. Joe Tucker who were exercising supervisory authority

over the individual officers and members of the narcotics unit.

55.     Prior to the unlawful search and seizure of Plaintiffs' home, Defendant City

of Detroit had knowledge that its narcotic officers, including Sgt. Joe

Tucker, were falsifying time cards that purported to show narcotics

surveillance that never occurred.

56.     Despite having such knowledge, Defendant City of Detroit and its highest-

ranking supervisory offices ignored such misconduct which Defendant

"swept under the rug."

57.     By failing to supervise its employees and officers, Defendant City of Detroit

allowed a culture of corruption to flourish within certain ranks of its Police

Department including the Narcotics Unit.

58.     By inadequately training and/or supervising its employees, officers, and

agents and having a custom or policy of deliberate indifference to the

constitutional rights of Plaintiffs, Defendant City of Detroit encouraged and

cultivated the conduct that resulted in the violation of Plaintiffs'

constitutional rights.

10

59.   Defendant City of Detroit had notice that its employees and officers were

engaging in the types of actions described herein and failed to implement

any preventative or corrective measures to ensure the safety of citizens

including Plaintiffs.

60.   Defendant City of Detroit's policies, practices, and customs were the

moving force in causing Plaintiffs their injuries as described herein.

61.   By virtue of the actions of Defendant City of Detroit, Plaintiffs are entitled

to compensatory and punitive damages.

## <u>DAMAGES AND RELIEF REQUESTED</u>

62.   Plaintiffs hereby incorporate by reference herein the allegations contained in

the above paragraphs of this Complaint.

63.   As a direct and proximate result of Defendants' conduct, each and every one

of them, as set forth herein, Plaintiffs' constitutional rights under the Fourth

Amendment were violated.

64.   As a direct and proximate result of Defendants' conduct, each and every one

of them, as set forth herein, Plaintiffs suffered extreme injury including

emotional distress, humiliation, anguish, embarrassment, and loss of their

valuable property.

65.   Plaintiffs are entitled to any and all damages or losses compensable under

federal and state law including, but not limited to, those damages authorized

11

under 42 U.S.C. §§ 1983, 1988, and/or Michigan law.

66.     Plaintiffs are also entitled to declaratory and injunctive relief to prevent the further degradation, humiliation, embarrassment, injury, and emotional distress caused by Defendants' actions and unconstitutional policies, practices, and customs.

    **WHEREFORE**, Plaintiffs respectfully request that this Honorable Court, by and through its trier of fact enter Judgment in favor of Plaintiffs and against Defendants, together with interest, costs and attorney fees or as otherwise determined by the court or trier of fact.

                                        Respectfully submitted,

                                        DETTMER & DEZSI, PLLC,

Dated: July 8, 2021                     */s/ Michael R. Dezsi*
                                        MICHAEL R. DEZSI
                                        Counsel for Plaintiffs
                                        1523 N. Main St.
                                        Royal Oak, MI 48067
                                        (313) 757-8112
                                        mdezsi@dezsilaw.com
                                        P64530

12

## **DEMAND FOR JURY TRIAL**

By and through their counsel, DETTMER & DEZSI, PLLC, Plaintiffs hereby

demand a trial by jury in the above captioned matter.

Respectfully submitted,

DETTMER & DEZSI, PLLC,

Dated: July 8, 2021            */s/ Michael R. Dezsi*
                                MICHAEL R. DEZSI (P64530)
                                Counsel for Plaintiffs
                                1523 N. Main St.
                                Royal Oak, MI 48067
                                (313) 757-8112
                                mdezsi@dezsilaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on 07/08/2021, I electronically filed the Second Amended

Complaint and Demand for Jury Trial with the Clerk of the Court using the ECF

system which will send notification of such filing to the attorneys of record.

*/s/Michael R. Dezsi*
MICHAEL R. DEZSI (P64530)
DETTMER & DEZSI, PLLC
1523 N. Main St.
Royal Oak, MI 48067
(313) 757-8112
mdezsi@dezsilaw.com
P64530

13