# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re:*                                              Case No. 13-53846

CITY OF DETROIT, MICHIGAN                             Hon. Thomas J. Tucker
       *Debtor.*                                 Chapter 9

## RICHARD WERSHE, JR'S REPLY TO CITY OF DETROIT'S OBJECTION

Richard Wershe, Jr. (hereinafter "Wershe" or "Creditor") hereby states the following as his reply to City of Detroit's objection.

**I. The Doctrine of Equitable Tolling should be applied to Creditor's case as all the cases cited by Debtor are either distinguishable or support Creditor's claims.**

The City of Detroit is incorrect in their statement that "not one of Wershe's cited cases holds that a bankruptcy court may apply equitable tolling in the context of a claims bar date." [DOC 13572 pp. 15]. In contrast to Debtor's response, and as highlighted in Creditor's motion, the majority of circuits allow equitable tolling of claims bar dates. Creditor will now address the cases that the City of Detroit has addressed in response to the creditor's arguments.

*In re Salem Mort. Co.,* contrary to Debtor's argument the Court found that "the equitable tolling of the statute of limitations to prevent unjust results in cases apply to cases arising under law as well as equity." Second, in *In re Bajas,* Sixth Circuit held that bankruptcy courts may utilize their inherent 11 U.S.C. section

105(a) power to equitable toll the deadline when appropriate, the deadline being the claims bar date in this case. Third, the Court in *In re Spenlinhauer* stated that "The United States maintains that equitable tolling of the bar date applies in granting the IRS's motion to toll the same deadline at issue in this case, that of Bankruptcy Code Rule 3003(c). Next, the court in *In re Smith,* also stated that **"The equitable tolling doctrine applies to every federal statute of limitation."** In re Smith, 190 BR 753, 756 (1996) (internal quotations omitted), discussing Chapter 7 bankruptcy case, which utilizes the same deadline, Bankruptcy Code Rule 3003(c), as Chapter 9 cases. The Court in *In re Rychalsky* stated that "Within the Third Circuit, it is settled law that equitable tolling of a statute of limitations is appropriate where one of three conditions is met…" when they applied equitable tolling at the government's request in a <u>Chapter 7 case, which uses the same deadline as Chapter 9 cases.</u> In addition, the Court in *In re Eden* stated that "[E]quitable defenses such as equitable tolling "must be applied in a manner consistent with the Bankruptcy Code and the manifest goals of Congress…" And the Court in *In re Gilmore* said that "Equitable tolling of bankruptcy limitations period is not right but potential remedy that can be granted after consideration of facts and relative positions of parties. Bankr. Code, 11 U.S.C.A. § 105(a)." Debtor then incorrectly dismisses *In re Bougie,* but the Court applied equitable tolling in *Bougie,* and stated that "Equitable tolling applies to [Bankruptcy Code] § 549

**because the doctrine is read into every federal statute of limitation**." this would include claims bar dates.

The City of Detroit then lists several cases that are either distinguishable or actually support Creditor's claims. The City of Detroit argues that courts have uniformly rejected applying equitable tolling to extend the deadline to file a proof of claim. *In re Gardenshire* however is distinguishable because the Court denied applying equitable tolling based on the requirement that a party must establish that it acted with reasonable diligence in pursuing its claim. the case was decided based on the circumstances of the parties, not because equitable tolling of claims bar dates should never be applied.

*In re Mackinder-Manous* is distinguishable because it deals with Chapter 13 deadlines. *In re Sykes,* however, supports Creditor's claims because *In re Sykes* also states that equitable tolling is proper if the circumstances fall into one of the six exceptions listed in Rule 3002(c):

> In order to determine whether a claim has been timely filed, one must look to Federal Rule of Bankruptcy Procedure 3002, which prescribes the time limits and procedure for filing proofs of claim. As a general rule, creditors are required to file a proof of claim within 90 days after the first date set for the § 341 meeting of creditors. Fed. R. Bankr.P. 3002(c). However, Rule 3002(c) provides six exceptions to this 90–day rule. These exceptions are:
>
> (2) in the interest of justice and if it will not unduly delay the administration of the case, the court may

> extend the time for filing a proof of claim by an infant **or incompetent person or the representative of either.** *In re Sykes*, 451 B.R. 852, 856 (Bankr. S.D. Ill. 2011).

Wershe, being incarcerated at the time of the claims bar date, his well-documented and legitimate fear of retaliation when he had 3 assassination attempts and contracts on his life, and the advice of his previous attorney's telling him that he would have 1 year after his release from prison to file his claim, all contribute to him being an "incompetent" person pursuant to the rule above and all fall into the number two (2) exception.

Debtor then quotes *United States v. Beggerly*, however *Beggerly* does not address claims filed after the bar date, and the City of Detroit fails to acknowledge that Wershe's motion falls within the Federal Rule of Bankruptcy 3002(c)(2) as an infant or incompetent person due to his incarceration and advice from his previous attorney and therefore is not inconsistent with the relevant statute.

**II.     Excusable neglect can be found from attorney negligence which Creditor relied on in good faith and the apparent lack of prejudice to the opposing party.**

The City of Detroit points to the fact that Wershe had discussed his claims with the media. **It is one thing to talk about claims with family, friends, or media, but another to actually bring a lawsuit and going after the City with the full powers of the Court**. In addition to that, not only is it a different ball

4

game in discussing claims from bringing a federal lawsuit, the media discussion was not so long ago taking place in recent years.

Contrary to Debtor's belief, Creditor acted in good faith when he followed the advice of his previous attorney. Creditor's attorney understood his clients fears and advised him that he would have up to one year after his release from prison to file his claims.

Further, in *Pioneer,* the Supreme Court stated that in determining whether creditors' failure to file proofs of claim prior to bar date was excusable, "proper focus is upon "**whether neglect of creditors and their counsel was excusable**" Fed.Rules Bankr.Proc.Rule 9006(b)(1), 11 U.S.C.A.1298. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The Supreme Court in *Pioneer* stated that creditors' failure to timely file proof of claim was result of excusable neglect, warranting allowance of late claim; though upheaval in counsel's law practice at time of bar date was irrelevant, creditors acted in good faith, debtor was not prejudiced by delay, and notice of bar date was deficient. Fed.Rules Bankr.Proc.Rule 9006(b)(1), 11 U.S.C.A.1298, *Id.*

Attorney negligence can be a basis of excusable neglect. The Court in *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) found that an attorney missing the filing deadline constituted excusable neglect because the "attorney was

5

neither "inattentive" to the litigation, nor did he miss the filing deadline because of "slumber."" *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 360 (7th Cir. 1997). This is also the case here, Wershe's previous counsel's advice and missing the claim bar date deadline was not due to laziness or inattention, it was simply the course of action he thought was best based on Wershe's credible fear of what Wershe iin good faith believed would happen to him and what already happened to him.

    **a. There is no risk of prejudice to the other side because the case is still pending.**

Granting Creditor's motion in this case will not cause any additional delay because the case is still pending and there are many filings, motions, and appeals that have yet to be decided.

In their objection to Wershe's motion, the City of Detroit claims that allowing Wershe to file his claim will prejudice the Debtor and its other Creditors because it would delay judicial proceedings. This statement is inaccurate because the City's bankruptcy case has been pending for years because of the size of the case and <u>still pending</u>. There are numerous motions, appeals, and motions to reconsider still being filed that have not been ruled on.

    **III. This Court should grant Wershe's request for a stay pending the findings of the district court.**

Creditor would like to restate that another consideration is that Creditor technically does not have a claim against the City of Detroit until he receives a

judgment from the district court as can be seen by the Bankruptcy Code rules 3003(c)(3), which states:

> An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed. Fed. R. Bankr. P. 3003(c).

Wershe's claim against the City of Detroit may not have yet even accrued according to the Bankruptcy rules. Additionally, if the district court rules in favor of Wershe's claims, this issue before this court becomes moot.

Accordingly, Wershe is requesting this court stay the proceedings so that the District Court can rule on Wershe's case and to proceed with its adjudication and fact-finding/development prior to any final decision on this matter by this Court, including any appeals of the district court case.

WHEREFORE, Wershe humbly requests that this honorable Court grant his motion for entry of notice of claim after bar date.

Respectfully submitted:

AYAD LAW, PLLC
/s/Nabih H. Ayad
Nabih H. Ayad (P59518)

Dated: October 14, 2022

CERTIFICATE OF SERVICE:

I hereby certify that on this date I filed the foregoing paper and any attachments with the Clerk of Courts using the ECF electronic filing system, which will constitute service on all parties of record.

                                        Respectfully submitted:

                                        AYAD LAW, PLLC
                                        /s/Nabih H. Ayad
                                        Nabih H. Ayad (P59518)

Dated: October 14, 2022