# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## STIPULATION BY AND BETWEEN THE CITY OF DETROIT, MICHIGAN AND LAWANDA WHITEHEAD

The City of Detroit, Michigan ("City") and Lawanda Whitehead ("Ms. Whitehead," and, with the City, the "Parties") stipulate and agree ("Stipulation") as follows:

1. Ms. Whitehead's claim was included in Claim Number 1877 filed by the Detroit Police Officers' Association ("DPOA").

2. The City and the DPOA agreed to two stipulations, resulting in two consensual orders entered by this Court. (Doc. Nos. 12730, 12731, 13077, 13078.)

3. Because the City and the DPOA believed that all claims included in Claim Number 1877 had been resolved, the last stipulation and order resulted in Claim Number 1877 being withdrawn.

4. Ms. Whitehead's claim was arbitrated separately and resulted in the City and Ms. Whitehead agreeing to a resolution of her claim. The resolution gave Ms. Whitehead an unsecured claim for back pay without benefits. The City computes this to be a general unsecured claim in the amount of $71,456.61.

5. It has come to the City's attention that this separate arbitration was mistakenly not included in the resolutions discussed in paragraphs 2 and 3 above and, therefore, unaccounted for and not Allowed.

6. Section 502(j) of the Bankruptcy Code authorizes the Court to reconsider a claim that has been disallowed for "cause." A disallowed claim may be allowed according to the equities of the case. The Parties agree that the City's and DPOA's mistaken omission of Ms. Whitehead's unsecured claim is sufficient "cause" to reconsider and Allow such claim.

7. If Allowed, Ms. Whitehead wishes to have her claim reduced to $25,000.00 and treated as a Class 15 Convenience Class Claim, and the City is amenable to such treatment.

8. The Parties have conferred and have reached an agreement as set forth in the attached proposed order.

NOW, THEREFORE, the Parties ask the Court to enter the Order attached as Exhibit 1 which embodies the Parties' agreement.

STIPULATED AND AGREED TO ON DECEMBER 19, 2022.

| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br><br>By: /s/ Marc N. Swanson<br>    Marc N. Swanson (P71149)<br>    Ronald A. Spinner (P73198)<br>    150 West Jefferson, Suite 2500<br>    Detroit, Michigan 48226<br>    Phone: (313) 496-6420<br>    Facsimile: (313) 496-8451<br>    swansonm@millercanfield.com<br><br>Counsel for the City of Detroit, Michigan | LAWANDA WHITEHEAD<br><br>By: [signature]<br>    Lawanda Whitehead<br>    8080 Brace Street<br>    Detroit, Michigan 48228-3141<br>    Phone: (313) 402-0277<br>    LWhitehead621@yahoo.com |

# EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

### ORDER (A) APPROVING STIPULATION BY AND BETWEEN
### THE CITY OF DETROIT, MICHIGAN AND LAWANDA WHITEHEAD

This matter having come before the Court on the Stipulation entitled "Stipulation by and Between the City of Detroit, Michigan and Lawanda Whitehead" (Docket Number [__], the "Stipulation,").[1] The Court having reviewed the Stipulation and being otherwise apprised of the matter; no notice needing to be given, and there being good cause set forth in the Stipulation for entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. A new Class 15 Convenience Class Claim is Allowed under the Plan, owned by Ms. Whitehead and in the amount of $25,000.00 ("New Claim"). Ms. Whitehead has no other claims against the City.

2. The New Claim will be treated in accordance with Class 15 of the Plan.

---

[1] Capitalized but undefined terms have the meanings ascribed to them in the Stipulation or in the City's Plan, as appropriate.

3. The City's claims agent will assign a claim number for the New Claim and is authorized to update the claims register in accordance with the provisions of the Stipulation and this Order.

4. This Court retains jurisdiction over the interpretation and enforcement of this Order.