FILED '23 JUN 12 PM12:01
US BANKRUPTCY MIE-DET

N. Cherup
P.O. Box 80132
Rochester MI
48307-0021

June 9, 2023

Office of the Clerk of Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226-3211

RE: Request, "Please return this letter with your original request. Thank you." Copy 1, 2nd copy under seperate cover

Dear Deputy Clerk Ken (last name signature illegible: N or D/o and/or i/j/a/1/l)

see enclosure dated 6/7/23

I am enclosing a copy of my original request, ie:

    letter to Judge Rhodes dated July 5, 2014
    letter to Kevin D. Orr dated October 1, 2013

Also: letter "Designation of Bankruptcy Judge" dated 2/17/15 or February 17, 2015 from Chief Judge R. Guy Cole, Jr.

as you requested.

I noticed my original request indicated Chapter 9, Case No. 13-53849. The return correspondence indicated Case No. 13-53846-tjt, Chapter 9.

Thank you for this correction.

I noticed a request for more specific information. To whom do I send the more specific information to?

Sincerely,

Nadya Cherup (AKA Nadja Cherup, Nadia Nadine Booth 1952)

13-53846-tjt Doc 13702 Filed 06/12/23 Entered 06/13/23 12:23:12 Page 1 of 6

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

**OFFICE OF THE CLERK OF COURT**

| 226 WEST SECOND ST.<br>FLINT, MI 48502<br>(810) 235-4126 | 211 WEST FORT STREET, SUITE 2100<br>DETROIT, MICHIGAN 48226-3211<br>(313) 234-0065 / WWW.MIEB.USCOURTS.GOV | 111 FIRST STREET<br>BAY CITY, MI 48707<br>(989) 894-8840 |

Date: 6/7/23
Debtor: City of Detroit
Case#: 13-53846-TJT

To Whom It May Concern:

☐ On _____ the Clerk's Office received the enclosed document. We were unable to process this document/request, because it was not accompanied by the appropriate filing/copy fee.

☐ Please resubmit the document/request with the proper fee if you still wish to have it processed with the court. Attached for your reference is a list of required fees. If you are not certain of the correct amount after reviewing this list, you may obtain further information by calling (313) 234-0065.

☐ No personal checks are accepted by the court. Please send a money order or cashier's check with your document/request. **(Make checks payable to U.S. Bankruptcy Court)**

☐ The cost for copies is fifty cents ($.50) per page. Please be advised that there was a total number of _____ page(s), please resubmit your request with payment of $_____ with a copy of this letter.

☐ The enclosed request requires a search of the court records. The fee is $32.00. Please resubmit your request with the appropriate fee.

☒ Your correspondence was not specific enough for the court to process your request, therefore, it is being returned. Please resubmit with a detailed statement of the information or documents needed.

☒ Other
The City of Detroit case has since been reassigned to Judge Thomas J. Tucker as Judge Steven Rhodes is retired. A designation order was filed on 2/17/15. A copy of order is attached.

**Please return this letter along with your original request. Thank you.**

Sincerely,

_____
Deputy Clerk

Ms. Nadya Cherup
2187 London Bridge Drive, Rochester Hills, MI 48307-4234

The Honorable Steven W. Rhodes
U.S. Bankruptcy Court, Eastern District of Michigan, Southern Division
Chapter 9, Case No. 13-53849, Detroit, MI

July 5, 2014

Dear Judge Rhodes:

This is a plea to the court to take into account special circumstances when computing my pension. Bear with me as this is the only forum left to me.

I am a responsible person who sees no alternative to voting yes in spite of the fact I'm still working and no longer making a living wage. I'm already being forced to supplement my income with my retirement savings.

First, I've enclosed a brief letter I submitted to Mr. Orr, who forwarded it to the court.

Continuing, if my income is to be computed on my past years of my employment as well as my last three years please note that I have a reduced Average Yearly Compensation (AYC) because:

- I lost my longevity pay and the use of that money at the rate of:

    21 through 25 years.........................$ 650.00 per year, and after
    26 and successive years..................$ 800.00  plus .05% of my annual base pay per year.

- My wages may not have been equivalent to other workers in my job classification for reasons unknown to me and unrelated to the current crises.

- I was the last to accrue step raises.

- I may not have collected appropriately-figured bonuses (wage adjustments).

We are all suffering. Those of us left with the greatest seniority however have the greatest loss of benefits and the fewest options for recovery. (It seems those who were most responsible for and benefitted the most from the old regime knew best when to walk away.)

Yet, the court can still fill a void. They can base my pension on what my AYC should be. The court can right some figures unique to my case.

My pension could be computed at the maximum salary level for a Librarian II (*especially with my greater seniority and equal to that which my coworkers received*) along with my longevity pay.

Thank you for your consideration.

Sincerely,

*Nadya Cherup*
Nadya Cherup
Librarian II, Detroit Public Library

FYI:

2187 London Bridge Drive
Rochester Hills, MI 48307
October 1, 2013

Kevin D. Orr
*City of Detroit*
2 Woodward Avenue, Ste. 1146
Detroit, Michigan 48226

Dear Mr. Orr:

I have worked over 25 years at Detroit Public Library (DPL) as a librarian. I am 61 years old.

I am concerned about the plan to treat current vested employees differently from retirees, because that would result in an inherent unfairness arising out of my particular circumstances as a vested employee, as well as other employees in similar circumstances.

First of all, please bear in mind that senior employees in my age bracket like me have less time than many other current employees to make up the losses we would suffer if the plan was implemented.

Also, under the plan, my benefit rates will be calculated at less than those who retired as recently as December of last year.

In addition, please consider the temporary loss of our longevity pay. If my benefits are calculated on wages of the last years of employment, I will be missing $800.00 a year in wages. (This is the maximum amount that can be awarded, and is only for those who have been employed longer than 25 years.) At my pay grade, that is a significant cut. Moreover, our contract states that our longevity pay will be reinstated in 2015, which is too late to do me any good. Thus, employees in my position will sustain a greater proportionate loss than those who are unaffected by the temporary suspension of longevity pay. That's not fair.

In conclusion, current vested employees should not be treated differently than the retirees, since we are all relying on the same promises. Accordingly, any plan should grant all of us, equally, the benefit of any recalculation of the final figures.

I would also strongly suggest that you recognize a distinction between current employees with limited service and those close to retirement age, with over 25 years of

service, like me, and that you consider recalculating the pension payouts based strictly on the number of years served. The policy and rationale behind cutting back retirees by only a certain percentage because they are already relying on a promised rate of benefits applies equally to employees in my situation. After 25 long years, and at my age, I am relying on a promised rate of benefits, just like the retirees. And like the retirees, employees like me have no practical way of making up any loss of benefits.

Thank you for your consideration of these concerns.


Sincerely,

Nadya Cherup
Librarian II

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

City of Detroit, Michigan

    Debtor

Case No. 13-53846
Chapter 9

## DESIGNATION OF BANKRUPTCY JUDGE

    Pursuant to 11 U.S.C. §921 (b), I, R. Guy Cole, Jr., Chief Judge for the United States Court of Appeals for the Sixth Circuit, do hereby designate the Honorable Thomas J. Tucker to preside over the above referenced Chapter 9 case in the Eastern District of Michigan, vice the Honorable Stephen Rhodes upon his retirement.

    I make this designation having reviewed the levels of experience and the respective caseloads of the judges of the Bankruptcy Court, and the availability of Judge Tucker, and having received the input of the judges of the Bankruptcy and District Courts for the Eastern District of Michigan.

Dated: 2/17/15

R. Guy Cole, Jr.
Chief Judge
United States Court of Appeals
Sixth Judicial Circuit