# EXHIBIT 6E

## Reply in Support of Summary Judgment

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICHARD CADOURA,

Plaintiff,

v.

THE CITY OF DETROIT,

Defendant.

Case No. 20-cv-12986
Hon. Gershwin A. Drain
Magistrate Judge Anthony P. Patti

---

**CONNER GALLAGHER (P82104)**
CARLA D. AIKENS, P.C
Attorneys for Plaintiff
615 Griswold St. Suite 709
Detroit, Michigan 48226
(844) 835-2993
conner@aikenslawfirm.com

**JASON MCFARLANE (P73105)**
**ANDRAE D. SMITH (P69153)**
CITY OF DETROIT LAW DEPT
Attorney for Defendant
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-0548 / (313) 237-3088
mcfaj@detroitmi.gov
smithand@detroitmi.gov

---

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY**

## TABLE OF CONTENTS

TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... ii

ARGUMENT .......... 1

I. Plaintiff Has Failed to State a Claim Under TITLE VII or ELCRA. .......... 1

*a. Plaintiff cannot establish that his protected activity was known to decision makers. .......... 1*

*b. Plaintiff cannot establish a causal connection between his protected activity and Defendant's decision not to rehire him. .......... 3*

*c. Defendants have proffered a Legitimate non-retaliatory reason for its actions. .......... 5*

*d. Plaintiff is unable to demonstrate pretext. .......... 5*

CONCLUSION .......... 7

# TABLE OF AUTHORITIES

**Cases**

*Jones v. City of Franklin*,
677 F. App'x 279 (6th Cir. 2017) .......... 3

*Lujan v. Nat'l Wildlife Fed'n*,
497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) .......... 3

*Michael v. Caterpillar Financial Services Corp.*,
496 F.3d 584 (6th Cir.2007) .......... 5

*Mulhall v. Ashcroft*,
287 F.3d 543 (6th Circ. 2002) .......... 2

*Upshaw v. Ford Motor Co.*,
576 F.3d 576 (6th Cir. 2009) .......... 3

## ARGUMENT

### I. Plaintiff Has Failed to State a Claim Under TITLE VII or ELCRA.

#### a. Plaintiff cannot establish that his protected activity was known to decision makers.

In response to Defendant's argument that Plaintiff has not established that the decisionmakers knew about his alleged protected activity, Plaintiff cites to testimony by Jerald James that he knew about Plaintiff's prior lawsuit.

Jerald James has not worked for the City of Detroit since September 2016 when he worked as a Paramedic Shift Supervisor. **Exhibit F to Plaintiff's Response Dkt. #37, Page 7.** He has not been a Chief for the City of Detroit since 2014. **Exhibit F to Plaintiff's Response Dkt. #37, Page 9**. Jerald James was not involved in the decision to not rehire Plaintiff, he was not even employed by the City of Detroit at the time.

Further, Mr. Barney's testimony regarding disciplinary issues that occurred prior to 2013 is not evidence that Plaintiff was discriminated against when he attempted to be rehired in 2017. First, these alleged disciplinary issues are time barred and also likely barred by the bankruptcy court. Second, if they show anything, it is that the alleged disciplinary issues were widespread, not targeted at Plaintiff.

Next, Plaintiff relies on what he calls a deviation from the normal hiring process. Specifically, Plaintiff alleges that Chief Larkins deviated from the normal hiring process by pulling the Plaintiff's file. Chief Larkins did not pull Plaintiff's file. Chief Larkins asked for his

file to be pulled. Further, as indicated in Defendant's Motion for Summary, Chief Larkins asked if Plaintiff and another employee Nicholas Collingsworth were do not rehires. A review of their files indicated that they were. **Defendant's Motion for Summary Exhibit 14**. Neither Plaintiff nor Mr. Collingsworth were rehired.

Finally, the alleged deviation from the "normal process" does not imply knowledge of Plaintiff's prior lawsuit/complaints. Plaintiff has not presented any evidence that Chief Larkins, Kemia Crosson, or Belinda Brown knew about Plaintiff's prior lawsuit. As indicated in Defendant's Motion for Summary, the reason for not hiring Plaintiff was the recommendation in the personnel file.

As indicated in Defendant's Motion for Summary, neither Belinda Brown nor Kemia Crosson worked for the City of Detroit during the pendency of the prior lawsuit. Nor is there any evidence that Ms. Crosson or Ms. Brown knew about the prior lawsuit. Ms. Brown's testimony that she did not have knowledge of Plaintiff's prior lawsuit is uncontested. While Mr. Larkins was not deposed, he has testified via the attached affidavit that he had no knowledge of Plaintiff's prior lawsuits. **Exhibit 1.**

Plaintiff's assertion that Chief Larkins had knowledge of the lawsuit simply because he requested the files be pulled and that he worked for the City during the prior lawsuit is unsupported by the record.

Further, the Courts have held that the relevant decision maker must have known of Plaintiff's protected activity. *Mulhall v. Ashcroft*, 287 F.3d 543, 548 (6th Circ. 2002). Plaintiff's

argument regarding Larkins, Crosson, or Brown's possible knowledge of the prior lawsuit or protected activity is simply based on "conspiratorial theories, flights of fancy, speculations, hunches, intuitions rather than evidence. Therefore, Plaintiff's argument is insufficient to raise a genuine issue of material fact as to their knowledge of the alleged protected activity. *See Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment." (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990))).

**b. Plaintiff cannot establish a causal connection between his protected activity and Defendant's decision not to rehire him.**

Plaintiff cannot establish a causal connection between the protected activity and the decision not to rehire Plaintiff. A causal connections established when a plaintiff proffers "evidence sufficient to raise the inference that her protected activity was the likely reason for the adverse action." Upshaw v. Ford Motor Co., 576 F.3d 576, 588 (6th Cir. 2009).

Plaintiff's argument regarding causal connection is again nothing more than speculation. Further, they ignore the record that was presented by Defendant's Motion for Summary.

First, Brown telling Plaintiff he would be hired and could resign from his employment is not evidence of retaliation. Assuming this to be an accurate statement, nothing about that statement lends any credence to a causal connection argument.

Second, Chief Larkins requesting a file to be pulled is not indicative of a causal connection between any alleged protected activity from 2009.

Third, Plaintiff raised a question about Brian Moore allegedly being rehired after being placed on a do not rehire list. There are no records of whether Brian Moore was a do not rehire, the circumstances of his alleged rehire, or those involved in the alleged rehire. Even assuming there were, this is not evidence of causation. Further, this ignores the record that not only was Plaintiff not rehired, neither was Nicholas Collingsworth. In addition, the following employees deemed do not rehires were denied rehire: Kelinna Brown, Ron Meyers, and Tijerina Maryott. **Exhibit 1.**

Finally, the awareness of supervisors of the policy requiring a do not rehire designation for someone resigning with pending discipline is not evidence of causation. Plaintiff specifically cites to testimony by Donella James and John Sablowski. Additionally, Plaintiff mischaracterizes the testimony.

John Sablowski testified that there were things that could result in a person being placed as a do not rehire including discipline **Exhibit D to Plaintiff's Response Dkt. #37,**, **Page 19, Line 1-10, Page 20 Line 3-7**. He further testified that he was not aware exactly how it worked as he wasn't at the level to make that determination of do not rehire. **Exhibit D to Plaintiff's Response Dkt. #37, Page 20, Line 10-12**. He testified that he had heard of it, but he didn't recall seeing a policy. **Exhibit D to Plaintiff's Response Dkt. #37, Page 20-21**. He again testified that he was not aware of a policy that states that pending discipline was

automatic placement on the do not rehire list as it was "above his paygrade". **Exhibit D to Plaintiff's Response Dkt. #37, Page 36, Line 10-14.**

Donella James testified that the types of issues relating to an individual being a do not rehire was solely on the basis of the administrative office. The field supervision office had no control over that or no input in that. **Exhibit C to Plaintiff's Response Dkt. #37, Page 36, Line 2-6**. She further testified that she did not have any input into those issues in any of her positions. **Exhibit C to Plaintiff's Response Dkt. #37, Page 36, Line 13-16.**

These individual's awareness of a policy that they had no involvement with does not establish a causal connection.

**c. Defendants have proffered a Legitimate non-retaliatory reason for its actions.**

Defendant has proffered a legitimate non-retaliatory reason for the decision not to rehire Plaintiff as it is clear from Plaintiff's file that he was not recommended for rehire due to pending discipline and poor work performance. Therefore, the burden shifts back to Plaintiff to show pretext.

**d. Plaintiff is unable to demonstrate pretext.**

There are three ways Plaintiff can demonstrate pretext. She can show that Defendant's stated reasons: (1) have no basis in fact; (2) were not the actual reason for the termination; or (3) are insufficient to warrant the challenged conduct. *Michael v. Caterpillar Financial Services Corp.,* 496 F.3d 584, 597 (6th Cir.2007).

In an attempt to show pretext, Plaintiff asserts that Brian Moore is evidence of pretext. As stated above, there is nothing in the record that explains the details behind the assertion that Brian Moore was a do not rehire, his return to work, or the individuals involved. Additionally, Plaintiff ignores the fact that Nicholas Collingsworth was not rehired either. Finally, there are additional employees that have not been rehired after being identified as do not rehires, including but not limited to: Kelinna Brown, Ron Meyers, Tijerina Maryott, Charlene Woodson, Brian Schimanski, Gregory Smith, William Queen, and Tyler Harwood. **Exhibit 1 and Exhibit 2.**

Next, Plaintiff attempts to rely on the involvement of Sean Larkins in requesting information about a possible do not rehire. As indicated above this is nothing more than pure speculation. Additionally, any reliance on what occurred during Plaintiff's resignation is barred by any applicable statute of limitations or failure to exhaust administrative remedies as it occurred in 2013.

Finally, testimony that Plaintiff had less severe discipline than Brian Moore is not evidence of pretext. First, there is no evidence in the record about Brian Moore's discipline or his return to work. Again, this is nothing more than mere speculation.

Plaintiff is unable to establish that the Defendant's proffered reason for the decision to not rehire Plaintiff is pretext. There is nothing in the record that contests that Plaintiff resigned in 2013 and based on the recommendation of Jerald James and the concurrence by Human Resources, Plaintiff was not recommended for reinstatement.

Plaintiff is unable to establish that Defendant's proffered reason is not based in fact, that it was not the actual reason for the decision to not rehire, nor can he show that the reason is insufficient not to rehire Plaintiff. Plaintiff has not shown that he was not rehired because of the prior recommendation against reinstatement.

Plaintiff has not provided evidence from which a reasonable jury could find that Defendant's proffered legitimate reason for the decision not to rehire Plaintiff is actually a pretext for retaliation.

Therefore, Plaintiff has failed to establish that Defendant's legitimate non-retaliatory reason for the decision not to rehire Plaintiff was pretext and his claims should be dismissed.

## CONCLUSION

Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

By: */s/Jason T. McFarlane*
JASON T. MCFARLANE (P73105)
Attorney for Defendant
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-0548
mcfaj@detroitmi.gov

Dated: March 3, 2023

## CERTIFICATION PURSUANT TO L.R. 7.1

LOCAL RULE CERTIFICATION: I, Jason McFarlane, certify that this document complies with Local Rule 5.1 (a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1 (d)(3).

*/s/ Jason McFarlane*
Jason McFarlane

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 3023, I caused to have electronically filed **Defendant's Reply to Plaintiff's Response To Defendant's Motion For Summary, Exhibits 1-2** and **Certificate of Service** with the Clerk of the Court using the E-file & Serve system, which will serve a copy of such filing via email to all attorneys of record.

*/s/Myria Ross*

**List of Exhibits**

Exhibit 1 – Larkins Affidavit

Exhibit 2 – Olkowski Affidavit

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICHARD CADOURA,

Plaintiff,

v.

THE CITY OF DETROIT,

Defendant.

Case No. 20-cv-12986
Hon. Gershwin A. Drain
Magistrate Judge Anthony P. Patti

---

**CONNER GALLAGHER (P82104)**
CARLA D. AIKENS, P.C
Attorneys for Plaintiff
615 Griswold St. Suite 709
Detroit, Michigan 48226
(844) 835-2993
conner@aikenslawfirm.com

**JASON MCFARLANE (P73105)**
**ANDRAE D. SMITH (P69153)**
CITY OF DETROIT LAW DEPT
Attorney for Defendant
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-0548 / (313) 237-3088
mcfaj@detroitmi.gov
smithand@detroitmi.gov

---

## AFFIDAVIT – SEAN LARKINS

I, Sean Larkins, being first duly sworn deposes and says:

1. I was hired by the City of Detroit as a Basic EMT in 1995 and was appointed to current rank in 2014.

2. In 2014, I was appointed to Superintendent of EMS, where my duties continue to consist of supervising the Assistant Superintendent of EMS and through him, subordinate Captains in the EMS Division.

3. In 2018, I received an inquiry from the then Assistant Superintendent of EMS, who is now deceased, as to if Richard Cadoura and Nick Collingsworth were rehires. I told the Assistant Superintendent of EMS that I would inquire of Kemia Crosson and Belinda Brown on his behalf.

4. I made contact with Kemia Crosson and Belinda Brown (Human Resources) via email at the request of the Assistant Superintendent of EMS.

5. I had no knowledge of why Richard Cadoura or Nicholas Collingsworth were placed on the do not re-hire list.

6. I had no knowledge of any lawsuit filed by Richard Cadoura.

7. Based off my knowledge, neither Richard Cadoura nor Nicholas Collingsworth were rehired.

8. I am aware of other former employees that were do not hires that have attempted to return and were not allowed to.

   a. Kellina Brown

   b. Ron Meyers

   c. Tijerina Maryott

9. I have personal knowledge of the facts set forth in this affidavit and if sworn as a witness can testify competently to those facts.

10. I have submitted this affidavit freely and voluntarily; without coercion or duress from my employer, City of Detroit.

Sean Larkins
Superintendent, EMS

Date: March 1, 2023

Subscribed and sworn before me
On this 1st day of March 2023

Notary Public, County of Wayne
My Commission expires: 9-3-2024

MYRIA ROSS
Notary Public, State of Michigan
County of Wayne
My Commission Expires Sep. 03, 2024
Acting in the County of Wayne

# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CADOURA,

Plaintiff,

v.

THE CITY OF DETROIT,

Defendant.

Case No. 20-cv-12986
Hon. Gershwin A. Drain
Magistrate Judge Anthony P. Patti

---

**CONNER GALLAGHER (P82104)**
CARLA D. AIKENS, P.C
Attorneys for Plaintiff
615 Griswold St. Suite 709
Detroit, Michigan 48226
(844) 835-2993
conner@aikenslawfirm.com

**JASON MCFARLANE (P73105)**
**ANDRAE D. SMITH (P69153)**
CITY OF DETROIT LAW DEPT
Attorney for Defendant
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-0548 / (313) 237-3088
mcfaj@detroitmi.gov
smithand@detroitmi.gov

---

**AFFIDAVIT – Robert Olkowski**

I, Robert Olkowski, being first duly sworn deposes and says:

1. I was hired by the City of Detroit as a Basic EMT in 1999 and was appointed to current rank in 2022.
2. In 2022, I was appointed to Assistant Superintendent of EMS, where my duties continue to consist of supervising Captains in the EMS Division and through them. Subordinate lieutenants.

3. I am aware of other former employees that were do not hires that have attempted to return and were not allowed to.

    a. Kellina Brown

    b. Charlene Woodson

    c. Brian Schimanski

    d. Gregory Smith

    e. William Queen

    f. Tyler Harwood

4. I have personal knowledge of the facts set forth in this affidavit and if sworn as a witness can testify competently to those facts.

5. I have submitted this affidavit freely and voluntarily; without coercion or duress from my employer, City of Detroit.

Robert Olkowski
Assistant Superintendent of EMS-DFD

Date: March 2, 2023

Subscribed and sworn before me
On this 2nd day of March 2023

Notary Public, County of Wayne
My Commission expires: 3/2/2023

L. C. JONES
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Mar 3, 2023
ACTING IN COUNTY OF