UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**REPLY IN SUPPORT OF CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE BAR DATE ORDER AND CONFIRMATION ORDER AGAINST DARELL CHANCELLOR**

In support of the *City of Detroit's Motion for the Entry of an Order Enforcing the Bar Date Order and Confirmation Order Against Darell Chancellor* ("Motion," Doc. No. 13691) and in response to *Darell Chancellor's Response in Opposition to the City of Detroit's Motion for the Entry of an Order Enforcing the Bar Date Order and Confirmation Order Against Darell Chancellor* ("Response," Doc. No. 13699), the City of Detroit ("City") files this Reply. Because the Response raises only two substantive arguments, both of which this Court previously has rejected, the City's Motion should be granted.

**I.  Chancellor's Claim Arose Prepetition, Long Before His Conviction Was Vacated**

Chancellor first argues that his claim against the City did not accrue until his conviction was vacated in March of 2020. Chancellor is wrong. Under the "fair contemplation" test, Chancellor's claim arose before the City's bankruptcy filing because, prior to the City's filing, Chancellor "could have ascertained through the

exercise of reasonable due diligence that he had a claim" against the City. *In re City of Detroit, Michigan*, 548 B.R. 748, 763 (Bankr. E.D. Mich. 2016) (internal quotation marks and citation omitted).

Courts agree that, for bankruptcy purposes, a claim for a wrongful conviction does not accrue when the conviction is vacated. Instead, it arises when the claim first enters into the plaintiff's fair contemplation. In one example, a court noted,

> It must be said here that all Sanford's claims against the City were within his "fair contemplation" before the City declared bankruptcy. He certainly contemplated the factual bases underlying the claims raised in the complaint, since he attempted repeatedly to argue actual innocence before the state courts since at least 2008, insisting that his confession was falsely obtained, concocted, and coerced. Sanford correctly points out that he could not have sued the City until his convictions were set aside, which did not happen until after the bankruptcy. But the courts that have considered the question uniformly have concluded that claims based on prepetition malicious prosecutions were barred, notwithstanding that the plaintiff could not file suit on his claims until his criminal conviction was overturned.

*Sanford v. City of Detroit*, No. 17-13062, 2018 WL 6331342, at *5 (E.D. Mich. Dec. 4, 2018); *see also Monson v. City of Detroit*, No. 18-10638, 2019 WL 1057306 at *8-9 (E.D. Mich. Mar. 6, 2019); *Burton v. Sanders*, No. 20-11948, 2021 WL 168543, at *4-6 (E.D. Mich. Jan. 1, 2021). This is usually when the underlying events occur, such as the improper arrest, but certainly is no later than the date of the trial at which the allegedly improper conviction occurs.

2

This issue has arisen repeatedly in the City's bankruptcy case. Doc. Nos. 11159, 13000 (prior motions to enforce). In each instance, the Court recognized that, because the events that gave rise to the asserted claim occurred prepetition, the claimant was able to (or should have been able to) contemplate that he had potential claims against the City and, accordingly, file a proof of claim in the City's bankruptcy case if he wished to participate in the case and recover on the claim. *See* Doc. Nos. 11296, 13025 (granting motions referenced above).

The instant situation is no different. Chancellor's lawsuit is based on claims stemming from actions that culminated in a trial in 2012. Motion, ¶¶ 12-39; Response, ¶¶12-39. Chancellor proclaimed his innocence at this trial, wrote a letter to the Judge asserting his innocence and appealed his conviction prior to the City's bankruptcy filing. Motion, ¶¶ 34, 35, & 40; Response, ¶¶ 34, 35, & 40. Thus, as in each of the prior two cases before this Court, Chancellor should have filed a proof of claim in the City's bankruptcy case if he wanted to aset a claim against the City. He did not. Motion, ¶ 7; Response, ¶ 7. He is now barred from asserting any claim against the City or property of the City.[1]

---

[1] Chancellor asserts that any order entered on the Motion should not include the phrase "property of the City." Response, ¶ 48. However, the Bar Date Order prohibits parties that did not file a proof of claim from asserting claims against "property of the City." Bar Date Order, ¶ 22. Thus, the phrase "property of the City" should be included in an order entered on the Motion.

3

40912668.4/022765.00213
13-53846-tjt    Doc 13714    Filed 08/09/23    Entered 08/09/23 11:57:14    Page 3 of 8

## II. The City Had No Obligation to Raise Discharge as an Affirmative Defense

Chancellor also asserts that the City of Detroit had an affirmative obligation to cite "bankruptcy discharge" as an affirmative defense. Chancellor cites to *Mickowski v. Visi-Trak Worldwide, LLC* for this proposition. Response, ¶ 2 (citing 415 F.3d 501, 506 (6th Cir. 2005)). Notwithstanding this citation, Chancellor's argument has been raised before in this Court and rejected.

The *Mickowski* decision was issued in 2005. Since then, the Federal Rules of Civil Procedure have been amended; they no longer require that discharge must be raised as an affirmative defense. As the advisory committee notes explain,

> "[D]ischarge in bankruptcy" is deleted from the list of affirmative defenses. Under 11 U.S.C. § 524(a)(1) and (2) a discharge voids a judgment to the extent that it determines a personal liability of the debtor with respect to a discharged debt. The discharge also operates as an injunction against commencement or continuation of an action to collect, recover, or offset a discharged debt. For these reasons it is confusing to describe discharge as an affirmative defense. But § 524(a) applies only to a claim that was actually discharged. Several categories of debt set out in 11 U.S.C. § 523(a) are excepted from discharge. The issue whether a claim was excepted from discharge may be determined either in the court that entered the discharge or--in most instances--in another court with jurisdiction over the creditor's claim.

Thus, Chancellor's reliance on Federal Rule of Bankruptcy Procedure 8(c) is misplaced.

40912668.4/022765.00213

13-53846-tjt    Doc 13714    Filed 08/09/23    Entered 08/09/23 11:57:14    Page 4 of 8

As noted in the comment above, discharge voids a judgment that determines a debtor's liability. Debtors have no duty to raise their discharge as a defense in any civil action thanks to Bankruptcy Code § 524. Paragraphs (1) and (2) of section 524 apply in chapter 9 bankruptcy cases. 11 U.S.C. § 901(a). Section 524(a)(2) states that a discharge "operates as an injunction against the commencement . . . of an action . . . to collect . . . any [debt discharged under section 944] . . . ." The Sixth Circuit has explained what this means.

> The concern of the drafters of § 524 was that a creditor whose debt was discharged would bring suit "in a local court after the granting of the discharge, and if the debtor failed to plead the discharge affirmatively, the defense was deemed waived and an enforceable judgment could then be taken against him or her." To avoid such abuses:
>
> [S]ection 524(a) declares that any judgment on a discharged debt in any forum other than the bankruptcy court is null and void as it affects the personal liability of the debtor....
>
> Accordingly, if a creditor brings a collection suit after discharge, and obtains a judgment against the debtor, the judgment is rendered null and void by section 524(a). The purpose of the provision is to make it absolutely unnecessary for the debtor to do anything at all in the collection action.

*Hamilton v. Herr (In re Hamilton)*, 540 F.3d 367, 372-73 (6th Cir. 2008) (quoting 4 COLLIER ON BANKRUPTCY ¶ 524.LH [1], at 524–61 (Sept.2005) (Lawrence P. King ed., 15th ed. rev.). For this reason, "a debtor need not raise his discharge in bankruptcy as an affirmative defense, because thanks to § 524(a) 'such an

5

40912668.4/022765.00213

13-53846-tjt    Doc 13714    Filed 08/09/23    Entered 08/09/23 11:57:14    Page 5 of 8

affirmative defense is unnecessary and has been since 1970.'" *Id.* at 373 (citation omitted).

In addition to section 524, the Plan includes a similar injunction, as discussed on pages 4 and 5 of the Motion. Plan, Art. III.D.5, pp. 50-51. Even if a creditor feels that a discharge injunction is erroneously entered as applied to it, it still must comply with the injunction until it seeks and obtains relief from the injunction. *See, e.g.*, *Kravis, Gass & Weber, S.C. v. Michel (In re Crivello)*, 134 F.3d 831, 838-39 (7th Cir. 1998) (citing *United States v. United Mine Workers*, 330 U.S. 258, 293 (1947)). The creditor cannot violate the injunction, then complain that the debtor failed to object to its violation of a court order. *See Hamilton*, 540 F.3d at 372-73.

For these reasons, when this Court was confronted by this argument last year, it properly rejected it. *In re City of Detroit, Mich.*, 642 B.R. 807, 812–13 (Bankr. E.D. Mich. 2022) (*also avail. at* Doc. No. 13617). Thus, Chancellor is simply incorrect when he argues in his response that that City was required to affirmatively assert "discharge" as an affirmative defense. Response, ¶ 2.

### III. Conclusion

The only two substantive arguments made in the Response have been previously rejected by this Court. For this reason, the Court should GRANT the City's Motion.

40912668.4/022765.00213

Dated: August 9, 2023

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
Ronald A. Spinner (P73198)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com
Attorneys for the City of Detroit

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>        Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 9, 2023, he served a copy of the foregoing *Reply in Support of City of Detroit's Motion for the Entry of an Order Enforcing the Bar Date Order and Confirmation Order Against Darell Chancellor* upon counsel for Darell Chancellor, in the manner described below:

Via first class mail and email:

Aristidi D. Papaioannou
Johnson Law, PLC
The Buhl Building
535 Griswold, Ste. 2600
Detroit, MI 48226
apapaioannou@venjohnsonlaw.com

Dated: August 9, 2023

                                            By: /s/ Marc N. Swanson
                                            Marc N. Swanson (P71149)
                                            150 West Jefferson, Suite 2500
                                            Detroit, Michigan 48226
                                            Telephone: (313) 496-7591
                                            Facsimile: (313) 496-8451
                                            swansonm@millercanfield.com