UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re: | Bankruptcy Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

# CITY OF DETROIT'S BRIEF IN OPPOSITION TO PFRS' MOTION FOR RECONSIDERATION (FILED AT THE COURT'S DIRECTION)

Marc N. Swanson (P71149)
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Ctr
Detroit, Michigan 48226
Telephone: (313)-237-5037
raimic@detroitmi.gov

Attorneys for the City of Detroit

August 10, 2023

# TABLE OF CONTENTS

                                                                                           Page

Index of authorities .................................................................................. ii

Standard of review ..................................................................................... 1

Argument ...................................................................................................... 2

    A. PFRS' argument A: "An internal inconsistency exists in the Confirmation Opinion *itself* on the amortization interest rate issues so it cannot serve as the 'Plan.'" ................... 2

        1. PFRS' "conflict" claim is a new argument that has been waived. ............................................................................ 2

        2. PFRS' waived "conflict" argument is premised on a clear misrepresentation of this Court's Amortization Opinion. And the argument makes no sense ...................... 3

        3. The remainder of PFRS' argument "A" rehashes arguments that were previously argued and which the Court properly rejected in the Amortization Opinion ............................................................................... 5

    B. PFRS' argument B: "There was no finding of fact or conclusion of law in the confirmation opinion approving an amortization or extending the interest rate to 30 years." ............................................................................ 7

    C. PFRS' argument C: "The City's experts agreed at trial that 6.75% interest ends 2023." ........................................... 9

    D. PFRS' argument D: "The parties adopted the same language governing amortization pre-bankruptcy, which had been construed under Michigan law as granting the PFRS sole discretion to decide amortization ............................................................................ 9

Conclusion and relief ................................................................................ 11

# INDEX OF AUTHORITIES

Page(s)

Cases

*Bank of Ann Arbor v. Everest Nat'l Ins. Co.*,
  563 F. App'x 473 (6th Cir. 2014) .................................................................................... 1

*Century Indem. Co. v. Special Metals Corp. (In re Special Metals Corp.)*,
  360 B.R. 244 (Bankr.E.D.Ky.2006) ................................................................................. 8

*Frank v. U.S. Food & Drug Admin.*,
  998 F.Supp.2d 596 (E.D. Mich. 2014) ............................................................................. 5

*In re I.E. Liquidation, Inc.*,
  2015 WL 1568248 (U.S. Bankruptcy Court, N.D.Ohio) ................................................. 8

*In re: Shefa, LLC*,
  649 B.R. 881(Bankr. E.D. Mich. 2023) ....................................................................... 1, 2

*Nathan v. Great Lakes Water Authority*,
  2020 WL 3868492 (E.D.Mi.) ....................................................................................... 2, 3

*PFRS v. City of Detroit*,
  270 Mich. App. 74 (2006) ........................................................................................... 9, 10

*Schwab v. Oscar (In re SII Liquidation Co.)*,
  517 B.R. 72 (B.A.P. 6th Cir.2014) ................................................................................... 8

*Scottsdale Ins. Co. v. Flowers*,
  513 F.3d 546 (6th Cir. 2008) ........................................................................................ 5, 6

*Stuart v. Mendenhall (In re Mendenhall)*,
  572 Fed.Appx. 858 (11th Cir.2014) .............................................................................. 8, 9

*Whitney Bank v. SCC Kyle Partners, Ltd. (In re SCC Kyle Partners, Ltd.)*,
  518 B.R. 393 (Bankr.W.D.Tx.2014) ................................................................................. 8

Rules

F.R.C.P. 59(e) ........................................................................................................................ 1

## STANDARD OF REVIEW

This Court's recent decision of *In re: Shefa, LLC*, 649 B.R. 881 (Bankr. E.D. Mich. 2023), (Hon Thomas J. Tucker), addressed the standard of review when a litigant seeks to alter or amend a judgment under F.R.C.P. 59(e), or seeks reconsideration under Local Rule 9024-1(a)(3). Under Rule 59(e), "[A] motion to alter or amend judgment may be granted only: '(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice.'" Id., p. 883. Motions for reconsideration are governed by Local Rule 9024-1(a)(3):

> "Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof."

The Court in *Shefa* found that the debtor had failed to meet either standard for multiple reasons. Debtor's motion attempted to reargue issues previously raised in violation of the quoted Local Rule. The Court also cited *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014), "reconsideration motions cannot be used as an opportunity to re-argue a case." Id. at 883.

The Court also denied the motion in *Shefa* because it attempted to raise new legal arguments that had been waived by debtor's failure to present them prior to the

1

Court's decision. Id. at 883-884, (citing Sixth Circuit authority for the proposition that "In a motion for reconsideration a party may not 'raise new legal arguments that could have been raised before a judgment was issued' * * *.")

These bedrock principles were recently reiterated by District Judge Paul D. Borman in *Tr. Est. Massey v. Great Lakes Water Authority*, 2020 WL 3868492 (E.D. Mich.):

> "A motion for reconsideration [or rehearing] should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." * * * It should not be "used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." Id. at *2.

Before issuing its Amortization Opinion (D.E. 13704), this Court allowed exhaustive briefing and oral argument. PFRS' motion consists entirely of prior arguments that were carefully considered and properly rejected by the Court, or new arguments that not only have been waived but also are patently unsound. PFRS does not identify any "defects" in the Amortization Opinion and there are none.

## ARGUMENT

### A. PFRS' argument A: "An internal inconsistency exists in the Confirmation Opinion *itself* on the amortization interest rate issues so it cannot serve as the 'Plan.'"

#### 1. PFRS' "conflict" claim is a new argument that has been waived.

The Court's Amortization Opinion carefully addressed and rejected PFRS' multiple arguments that 30-year amortization somehow conflicted with the "Plan"

2

or Michigan law. Opinion, pp. 24 – 34. The Court held that there was no conflict but, even if there had been, the Court's express adoption of 30-year amortization in its Confirmation Opinion and Plan would control over any alleged inconsistent provision. Id.

PFRS now raises a new "conflict" issue – namely, whether the 6.75% discount rate used for computing legacy plan contributions expired at the end of ten years (i.e., June 30, 2023). This is a straw man argument because the City has always understood that the 6.75% discount rate could be changed after June 30, 2023; provided, of course, there were sound reasons for doing so.

In any event, this is a new argument that has been waived by PFRS' failure to raise it in any of PFRS' lengthy filings. It should be rejected for that reason alone.

### 2. PFRS' waived "conflict" argument is premised on a clear misrepresentation of this Court's Amortization Opinion. And the argument makes no sense.

The first sentence of PFRS' argument "A" states: "The Court's Amortization Opinion ultimately rests on the following excerpt from the Confirmation Opinion: [quoting a portion of the Confirmation Opinion including the following sentence "The City will then amortize the remaining UAAL for both plans over the next thirty years at an interest rate of 6.75%."]." PFRS brief pp. 3-4. Even if PFRS' statement were true, and it is not, that one sentence would have been more than sufficient to

3

support the Court's 30-year amortization holding. But PFRS' claim that the Court's Opinion "ultimately rests" on that one sentence is a clear misrepresentation.

In fact, the very first provision of the Confirmation Opinion that is quoted in the Court's Amortization Opinion makes no mention of the discount rate. It simply states: "The balance of the underfunding in 2023 will be amortized over a thirty year period of time." Am. Op. at pp. 14-15. That sentence is dispositive.

The Confirmation Opinion also cites to, and adopts in its entirety, Martha Kopacz' feasibility report. The key provision of Kopacz' report likewise makes no reference to the discount rate and, instead, states: "The POA proposes that the City will amortize the remaining UAAL for each Retirement System – as of June 30, 2023 – over the following thirty-year timeframe." City ex. 22, p. 133 (Doc. No. 136663-3, page 14 of 74).

Moreover, the Court supported its 30-year amortization holding with a mountain of other evidence having nothing whatever to do with the discount rate. Those materials included the one and only disclosure statement, and the critical 40-year financial projections which formed the basis for the POA and made crystal clear that the UAAL as of June 30, 2023 would be amortized over 30 years. Indeed, the Confirmation Opinion's finding that the Plan was feasible was explicitly premised on 30-year amortization. Amortization Opinion, pp. 19, 34 (40-year projections incorporating 30-year amortization "were used as a fundamental basis on which the

feasibility of the City's Plan was demonstrated at trial, and on which the Court found that the Plan was feasible.")

The Confirmation Opinion's reference to the 6.75% discount rate in the one sentence quoted by PFRS was unnecessary and may have been an error. But that is entirely irrelevant to this Court's eminently correct 30-year amortization holding. Nor does PFRS even suggest how that sentence creates any "conflict" that could in any way cast doubt on the Court's holding.

One need not be an actuary to understand that the 6.75% discount rate, and 30-year amortization, are entirely separate and distinct elements in computing the City's annual contributions to the legacy plans. As this Court explained, 30-year amortization was fundamental to establishing the feasibility of the POA by spreading out the City's contributions to the legacy plans. Separately, it may be prudent in the future to change the discount rate over the 30-year amortization period to reflect then existing economic conditions. One has nothing to do with the other.

### 3. The remainder of PFRS' argument "A" rehashes arguments that were previously argued and which the Court properly rejected in the Amortization Opinion.

Pages 6-9 of PFRS' reconsideration brief restate PFRS' prior arguments relating to Articles G-5, G-9 and G-17 of the PFRS Plan. PFRS first raised those

5

arguments in its sur-reply, Doc. No. 13681, pages 3-7.[1] Pages 9-11 of PFRS' reconsideration brief restate PFRS' prior argument that the PFRS IC has "unfettered discretion" over the amortization term; i.e., that PFRS could demand immediate payment of the entire UAAL with no amortization period. PFRS raised that argument in its response brief, Doc. No. 13634, pp. 9-11, 31-33. A reconsideration motion cannot be used to rehash prior arguments and these arguments should be rejected for that reason alone.

Moreover, the Court's Amortization Opinion, at pages 25-34, carefully analyzed and rejected those same arguments. PFRS does not identify any "defect" in the Court's analysis. PFRS simply quotes the same provisions as in its prior briefs and repeats the same unsound arguments.

This Court's Amortization Opinion rejected PFRS's arguments on multiple grounds. The plain language of the provisions do not support PFRS' position. Op. pp 25-34. More fundamentally, all of the provisions upon which PFRS relies are subject to the POA which expressly incorporated 30-year amortization. Id. And the Confirmation Opinion expressly requires 30-year amortization which would control if there were any conflict, which there is not.

---

[1] Those were new arguments and did not respond to anything the City had filed. The Court could have deemed them waived for that reason. "Arguments made for the first time in a reply (or sur-reply) brief are generally considered waived." *Frank v. U.S. Food & Drug Admin.*, 998 F.Supp.2d 596, 602 (E.D. Mich. 2014) (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)).

6

PFRS' arguments have not improved with repetition. And the City cannot improve on the Court's Amortization Opinion. Neither this Court nor the City should be required to devote further time or resources on these unsound arguments.

### B. PFRS' argument B: "There was no finding of fact or conclusion of law in the confirmation opinion approving an amortization or extending the interest rate to 30 years."

PFRS' argument B focuses on the 6.75% discount rate and essentially rehashes PFRS' waived Argument A. Argument B opens with the demonstrably false claim that the Court's Amortization Opinion rested entirely on one sentence in the Confirmation Opinion – which PFRS quotes once again at the outset of Argument B: "The City will then amortize the remaining UAAL for both plans over the next thirty years at an interest rate of 6.75%." PFRS brief, pp. 11-12. As discussed earlier, that one sentence would have been fully sufficient to support 30-year amortization, but PFRS' claim that the sentence was the sole support for the Court's Amortization Opinion is clearly incorrect.

Based on that erroneous premise, PFRS goes on to argue that this Court erred in holding that the Confirmation Opinions' requirement of 30-year amortization did not constitute a "finding of fact or conclusion of law." PFRS' only support for that claim is that the one sentence it quotes above – requiring 30-year amortization – "is nothing more than a rote recitation of an exhibit used at trial * * *." PFRS brief, p. 12. Again, PFRS is wrong.

While PFRS refers vaguely to "an exhibit used at trial," the Confirmation Opinion supports that sentence by citing City trial exhibit 793 (ex. 17 to the City's reply brief, Doc. No. 13663-2, pages 24-39 of 102). Exhibit 793 is the final 40-year financial projection cited repeatedly in the Confirmation Opinion which was integral to the Confirmation Opinion's feasibility finding.

Page 2 of exhibit 793 has entirely separate entries for amortization and the discount rate. The PFRS "contributions" entry states: "Contributions (years 11-40) - UAAL as of June 30, 2023 estimated to be ~681m amortized over 30yr, including contributions in second decade from DIA and foundation." As this Court discussed in its Amortization Opinion, later pages of the exhibit show how the City's post – June 30, 2023 contributions to PFRS will be spread out over thirty years. Amortization Opinion, pp. 17-19.

Exhibit 793 fully supports this Court's conclusion that the Confirmation Opinion and POA require 30-year amortization. PFRS' argument to the contrary is frivolous – even more so because this Court, in its Amortization Opinion, was construing this Court's own Confirmation Opinion. See *In re I.E. Liquidation, Inc.*, 2015 WL 1568248 (Bankr., N.D. Ohio) at *4:

> "Trial courts are given wide discretion when interpreting and enforcing their own prior opinions and orders. *Century Indem. Co. v. Special Metals Corp. (In re Special Metals Corp.)*, 360 B.R. 244, 247 (Bankr.E.D.Ky.2006); *see also Whitney Bank v. SCC Kyle Partners, Ltd. (In re SCC Kyle Partners, Ltd.)*, 518 B.R. 393, 404 (Bankr.W.D.Tx.2014). If a court's interpretation of its own order or

opinion is appealed, the reviewing court applies an abuse of discretion standard. *Stuart v. Mendenhall (In re Mendenhall)*, 572 Fed.Appx. 858, 861 (11th Cir.2014); *Schwab v. Oscar (In re SII Liquidation Co.)*, 517 B.R. 72, 75–76 (B.A.P. 6th Cir.2014); *In re Special Metals Corp.*, 360 B.R. at 247. "The abuse of discretion standard allows for a range of choice for the court, so long as that choice does not constitute a clear error of judgment." *In re Mendenhall*, 572 Fed.Appx. at 861. A deferential standard is appropriate because the trial judge "is in the best position to clarify any apparent inconsistencies" with his previous rulings. *Id.* (internal quotations marks omitted)."

### C. PFRS' argument C: "The City's experts agreed at trial that 6.75% interest ends 2023."

PFRS' argument C is a continuation/restatement of its waived argument A. PFRS again argues that the 6.75% discount rate can be changed after June 30, 2023. As stated above the City does not disagree, but that has no relevance to this Court's correct determination of 30-year amortization. Nor do PFRS' newly raised, waived arguments about the discount rate suggest otherwise.

### D. PFRS' argument D: "The parties adopted the same language governing amortization pre-bankruptcy, which had been construed under Michigan law as granting the PFRS sole discretion to decide amortization."

This is another new argument which has been waived. And, once again, it is premised on another misrepresentation.

PFRS' argument D relies on *PFRS v. City of Detroit*, 270 Mich. App. 74 (2006). There, the Michigan court of appeals held that the PFRS Board determined the amortization period.

9

PFRS argues that the Michigan court, in that opinion, was "interpreting the **same exact language that the City agreed to in the Bankruptcy and re-incorporated into the Plan via the PFRS Pension Plan * * *.**" PFRS brief, p. 21, emphasis by PFRS in the original. In case the Court missed the point, on page 22 PFRS argues that the language construed by the Michigan court "is the same language **that was reincorporated into the Plan by the City as Articles G-17 and G-5 to the PFRS Pension Plan.**" Emphasis by PFRS in original.

PFRS does not identify, attach or quote the purported "exact same language" that allegedly existed in 2006 when the case was decided. That is because it is **impossible** that the language was "exactly the same."

As this Court carefully explained, both the State Contribution Agreement and the new component II PFRS plan were part of, and expressly subject to, the POA which requires 30-year amortization. And in the event of any conflict between any provision in those documents and the POA, the Confirmation Opinion's requirement of 30-year amortization controls. Amortization Op., pp. 24-34.

The Court points out that "Section G-5(b) explicitly says that it is "subject to the Plan of Adjustment." Amortization Op., p.32. The Court continues: "Thus, in calculating the City's required annual contributions after June 30, 2023, the PFRS is subject to and bound by the POA's 30-year amortization." Id.

Obviously, it would have been impossible for the 2006 plan document cited in the court opinion to contain language that made the calculation of the City's contributions "subject to the [2014] Plan of Adjustment." It is equally obvious that the City's bankruptcy and POA dramatically changed the operations of the legacy plans – and one of the important changes was 30-year amortization. PFRS' reliance on pre-bankruptcy law is specious.

## CONCLUSION AND RELIEF

PFRS' motion is procedurally and substantively unsound. The City asks that the motion be denied.

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
swansonm@millercanfield.com

Attorneys for the City of Detroit

August 10, 2023

By: /s/ Charles N. Raimi
Charles N. Raimi (P29746)
City of Detroit Law Department
2 Woodward Ave., Suite 500
Detroit, MI 48226
Telephone: (313) 237-5037
raimic@detroitmi.gov

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 10, 2023, he filed the foregoing *City of Detroit's Brief in Opposition to PFRS' Motion for Reconsideration (Filed at the Court's Direction)* with the Clerk of the Court via the Court's ECF electronic filing system which will provide notice of the filing to all registered participants in this matter.

The undersigned further certifies that on August 10, 2023, he also served a copy of *City of Detroit's Brief in Opposition to PFRS' Motion for Reconsideration (Filed at the Court's Direction)* upon the following, via First Class Mail and email:

Jennifer K. Green
Clark Hill PLC
151 S. Old Woodward, Ste 200
Birmingham, MI 48009
jgreen@clarkhill.com

Dated: August 10, 2023

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com