| In re: | | Bankruptcy Case No. 13-53846 |
|---|---|---|
| City of Detroit, Michigan, | | Judge Thomas J. Tucker |
| Richard Cadoura. | | Chapter 9 |

???

**RICHARD CADOURA'S RESPONSE TO THE CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE BAR DATE ORDER AND CONFIRMATION ORDER AGAINST RICHARD CADOURA**

Richard Cadoura (hereinafter referred to as "Mr. Cadoura") files this Response to The City of Detroit, Michigan's (hereinafter referred to as "City") Motion for the Entry of an Order Enforcing the Bar Date Order and Confirmation Order Against Richard Cadoura (hereinafter referred to as "Motion"). In support of his response, Mr. Cadoura states as follows:

**I.  Introduction**

1. Admitted in part and denied in part. Mr. Cadoura admits that on November 5, 2020, he filed a lawsuit against the City of Detroit; however, Mr. Cadoura denies the assertion that said lawsuit is based upon events that would violate the discharge and injunction provisions in the City's Plan and the Bar Date Order.

1

2. Admitted in part and denied in part. Mr. Cadoura was asked to concur in the relief requested, but denies the implication that he was given proper opportunity to do so. Counsel for City informed Counsel for Mr. Cadoura on Thursday, August 3, 2023, that the following morning the motion would be filed on August 4, 2023. Further, Mr. Cadoura denies that his claims should be barred or enjoined.

## II. Factual Background

### A. The City's Bankruptcy Case

3. Admitted. Mr. Cadoura admits that the City filed a chapter 9 bankruptcy on July 18, 2013.

4. Admitted. Mr. Cadoura admits that the docket speaks for itself as to when filings and orders were submitted in the current proceeding.

5. Admitted. Mr. Cadoura admits that the Bar Date Order established a February 21, 2014, deadline for claims against the city. Mr. Cadoura denies however the implication that his claims are covered by such a deadline as the adverse action alleged in his November 5, 2020, lawsuit is not rooted in actions covered by the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* ("Plan"), which this Court confirmed on November 12, 2014. [Doc. Nos. 8045 & 8272].

6. Admitted. Mr. Cadoura admits that Paragraph 22 of the Bar Date Order speaks for itself as to the provisions contained.

7. Admitted. Mr. Cadoura admits that the City filed its *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* ("Plan"), which was confirmed by this Court on November 12, 2014. [Doc. Nos. 8045 & 8272].

8. Admitted. Mr. Cadoura admits that Art. III.D.4, at p. 50 of the Plan speaks for itself as to the provisions contained. Mr. Cadoura denies any implication that said section covers or applies to the actual material issues of his 2020 lawsuit.

9. Admitted. Mr. Cadoura admits that Art. III D.5 of the Plan speaks for itself as to the provisions contained. Mr. Cadoura denies any implication that said section covers or applies to the actual material issues of his 2020 lawsuit.

10. Admitted. Mr. Cadoura admits that this Honorable Court retains jurisdiction to enforce the Plan as set forth in Art. VII. F, G, I, at p. 72.

**B. Cadoura's Lawsuit Against the City**

11. Admitted. Mr. Cadoura admits that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") due to being retaliated against by the City when he was asked to reapply for the Fire Department, encouraged to quit his then employment, and submitted through a battery of tests only to be denied because of an alleged City policy colloquially referred to as the "do not rehire" list. Mr. Cadoura further admits he stated a potential basis as to why the City would be retaliating against him, but this retaliation occurred in 2017.

12. Admitted. Mr. Cadoura admits that he filed a complaint ("Complaint") against the City in the United States District Court for the Eastern District of Michigan ("District Court"), with the assigned case number being 20-12986 ("Federal Court Lawsuit"). City attached copies of both the Complaint as City's Exhibit 6A and the docket for the Federal Court Lawsuit as Exhibit 6B. However, Mr. Cadoura denies City's summation of ¶¶ 18-19 of his Complaint. Those paragraphs read:

> 18. Days before Mr. Cadoura was supposed to begin the academy Mr. Cadoura **spoke to Ms. Brown wherein she informed** Mr. Cadoura that despite the previous assurances of employment, and confirmation of hiring, Mr. Cadoura was not eligible to work for City because of his participation in his previous anti-discrimination lawsuit against City and its fire department. (Emphasis added).
>
> 19. As a result, City terminated the employment relationship with Mr. Cadoura.

Mr. Cadoura alleges that he was informed by *current* employees for the City that he was not eligible for rehire due to prior legal activity against the City and its fire department. Nothing in that paragraph supports the position that Mr. Cadoura states the direct retaliation was a result of his prior lawsuit, however it does state he was told by a representative of the City that his prior lawsuit prevented his rehiring.

13. Admitted. Mr. Cadoura admits that the proofs of claim and this Honorable Court entered a Disallowance Order on June 27, 2027, but denies any

4

13-53846-tjt    Doc 13718    Filed 08/21/23    Entered 08/21/23 10:00:11    Page 4 of 16

implication that proof of claim 682 and/or the Disallowance Order covers or applies to the actual material issues of his 2020 lawsuit.

14. Admitted. Mr. Cadoura admits that the District Court in the Federal Court Lawsuit entered an *Opinion and Order Denying City's Motion for Summary Judgment (ECF No. 33) and Setting New Dates* ("Summary Judgment Opinion"). The City has attached a copy of the Opinion to its Motion as Exhibit 6C.

15. Admitted. Mr. Cadoura admits that the resignation form ("Resignation Form") attached to the City's Motion for Summary Judgment had a space for recommendation or reinstatement. However, Mr. Cadoura denies the implication that his lawsuit is based upon City allegedly placing him on the list in 2013, but rather the unequal enforcement of those having alleged to also been on the list/were rehired despite severe patient care issues.[1]

16. Admitted. Mr. Cadoura admits that his deposition testimony speaks for itself and further admits that it was the City's Counsel in the Federal Court Lawsuit that brought up the Resignation Form first in its Summary Judgment Motion. *See Summary Judgment Opinion* at ECF No. 39, PageID. 546, p. 19 of 22. Mr. Cadoura further admits that the District Court in his Federal Court Lawsuit stated, "Mr. Cadoura is not bringing a claim based on any conduct that occurred outside the

---

[1] This action occurred in 2017 and is not covered by the Plan documents.

statute of limitations or that was alleged in the claim that was discharged in the bankruptcy proceedings." *Id*.

17. Admitted. Mr. Cadoura admits that his deposition testimony speaks for itself and further admits that it was the City's Counsel in the Federal Court Lawsuit that asked questions about when Mr. Cadoura left and why he left during his January 5, 2023, deposition. (ECF No. 37-2, PageID. 410-11, p. 4-5 of 27).

18. Admitted. Mr. Cadoura admits that the Summary Judgment Opinion highlights the numerous "oddities" surrounding Mr. Cadoura's attempt at seeking reemployment with the City.

19. Admitted. Mr. Cadoura admits that his Complaint speaks for itself as to the counts contained.

20. Admitted. Mr. Cadoura admits that the District Court set forth the elements of Mr. Cadoura's claims in its Summary Judgment Opinion.

21. Admitted in part and denied in part. Mr. Cadoura admits that he asserts the decision makers who acted in denying him reinstatement in 2017 knew of the prior lawsuit and improperly used that information to reject Mr. Cadoura's application. Mr. Cadoura denies the implication made by the City in its summation of Mr. Cadoura's Summary Judgment response that his Federal Court Lawsuit in any way involves adverse actions occurring during the bankruptcy. The prior lawsuit is Mr. Cadoura's protected activity which the City retaliated against him for and the

alleged adverse action is not the actual placement on the "do not rehire" list. "Mr. Cadoura is not bringing a claim based on any conduct that occurred outside the statute of limitations or that was alleged in the claim that was discharged in the bankruptcy proceedings." *See Summary Judgment Opinion* at ECF No. 39, PageID. 546, p. 19 of 22.

22. Admitted in part and denied in part. Mr. Cadoura directs the City to the Summary Judgment Opinion which states:

> In its Reply, [City] contends that Barney's testimony regarding Mr. Cadoura's disciplinary issues are time barred and possibly barred by the bankruptcy discharge. ECF No. 38, PageID. 512. However, City also assets that it solely based its decision not to rehire Mr. Cadoura on the recommendation not to reinstate, which was itself based on his pending discipline and poor work behavior. *See* ECF No. 33, PageID. 258. City cannot have it both ways. Mr. Cadoura is not bringing a claim based on any conduct that occurred outside of the statute of limitations or that was alleged in the claim that was discharged in the bankruptcy proceedings. ECF No. 39, PageID. 546, p. 19 of 22

The City, not Mr. Cadoura, brought up the relevance of information relating to recommendation not to reinstate and the prior situation. The District Court clearly stated that Mr. Cadoura's claims were not based on any conduct outside of the statute of limitation, which is two years for his Federal Claim under Title VII and is three years for his Michigan ELCRA Claim. If the City's position were accurate, the claim would have been dismissed based upon the statute of limitations; however, that is not the case.

23. Denied. The City again mischaracterizes Mr. Cadoura's claims to suit the needs of their motion that it gave Mr. Cadoura and his Counsel one day to review for concurrence, that it waited until trial was six-weeks away to file despite claims that improper information was used in the Complaint, and that it only informed Mr. Cadoura and his counsel about at a mediation ordered by the District Court.[2]

24. Denied. Mr. Cadoura directs the City to the Summary Judgment Opinion which states:

> In its Reply, [City] contends that Barney's testimony regarding Mr. Cadoura's disciplinary issues are time barred and possibly barred by the bankruptcy discharge. ECF No. 38, PageID. 512. However, City also assets that it solely based its decision not to rehire Mr. Cadoura on the recommendation not to reinstate, which was itself based on his pending discipline and poor work behavior. See ECF No. 33, PageID. 258. City cannot have it both ways. Mr. Cadoura is not bringing a claim based on any conduct that occurred outside of the statute of limitations or that was alleged in the claim that was discharged in the bankruptcy proceedings. ECF No. 39, PageID. 546, p. 19 of 22

The City, not Mr. Cadoura, brought up the relevance of information relating to recommendation not to reinstate and the prior situation. The District Court clearly

---

[2] The City and Mr. Cadoura were ordered to Facilitation/Mediation in the Summary Judgment Opinion by the end of July 2023. That mediation occurred on July 28, 2023, with Counsel for the City informing both the mediator and the Mr. Cadoura that they were not there to settle, but to state intent to file this instant Motion as well as a Motion for Stay in the Federal Court Lawsuit. Mr. Cadoura was not provided a copy or explanation of either motion on that day. What makes this conduct even more egregious is the fact that the mediator and both parties Counsel all were on the phone on July 26, 2023, to discuss the mediation due to power outages that were occurring in Michigan. No mention of either motion was made during that call.

stated that Mr. Cadoura's claims were not based on any conduct outside of the statute of limitation, which is two years for his Federal Claim under Title VII and is three years for his Michigan ELCRA Claim. If the City's position were accurate, the claim would have been dismissed based upon the statute of limitations; however, that is not the case.

25. Denied. Mr. Cadoura directs the City to the Summary Judgment Opinion which states:

> In its Reply, [City] contends that Barney's testimony regarding Mr. Cadoura's disciplinary issues are time barred and possibly barred by the bankruptcy discharge. ECF No. 38, PageID. 512. However, City also assets that it solely based its decision not to rehire Mr. Cadoura on the recommendation not to reinstate, which was itself based on his pending discipline and poor work behavior. See ECF No. 33, PageID. 258. City cannot have it both ways. Mr. Cadoura is not bringing a claim based on any conduct that occurred outside of the statute of limitations or that was alleged in the claim that was discharged in the bankruptcy proceedings. ECF No. 39, PageID. 546, p. 19 of 22

The City, not Mr. Cadoura, brought up the relevance of information relating to recommendation not to reinstate and the prior situation. The District Court clearly stated that Mr. Cadoura's claims were not based on any conduct outside of the statute of limitation, which is two years for his Federal Claim under Title VII and is three years for his Michigan ELCRA Claim. If the City's position were accurate, the claim would have been dismissed based upon the statute of limitations; however, that is not the case.

### III. Argument.

26. Denied. Mr. Cadoura's Federal Court Lawsuit claims arise out of an adverse action, and an operative decision, not to rehire Mr. Cadoura in 2017. This situation is wholly separate from the claims barred by the Plan and the Bar Order Date. Mr. Cadoura never received an exit interview and never received a show cause hearing despite a representative from the City stating that at least the exit interview should have been mandatory. *See Summary Judgment Opinion* at 7-8. Further, numerous employees of Cadoura's similar position did not know anything about the alleged policy so there is no way the City can factually state "it was within Cadoura's fair contemplation that he would not be reinstated." *See, Motion* at ¶35. *See also, Summary Judgment Opinion* at 4 citing Testimony of Donella James at ECF No. 37-4, PageID. 453, 460; also citing Testimony of John Sablowski at ECF No.37-5, PageID. 467, 473.[3]

27. Admitted in part and denied in part. Mr. Cadoura admits that he resigned. But denies the implication that his current lawsuit in any way deals with discipline issues prior to the Bar Date Order. The operative decision at the core of

---

[3] This paragraph is another instance of the City trying to have it both ways. In the City's Motion for Summary Judgment, it points out that the administrative office as the sole power to place individuals on the "do not rehire" list. However, here before this Court its claims Mr. Cadoura, who was not in an administrative office position, should have known about this policy when he was not given a show cause hearing or an exit interview.

10

the Federal Court Lawsuit is that Mr. Cadoura was not rehired in 2017. This is the adverse action that is the basis for his recovery in that claim, which the District Court already stated, "Mr. Cadoura **is not bringing a claim based on any conduct that occurred outside of the statute of limitations or that was alleged in the claim that was discharged in the bankruptcy proceedings**." ECF No. 39, PageID. 546, p. 19 of 22 (Emphasis added). Mr. Cadoura never received an exit interview and never received a show cause hearing despite a representative from the City stating at least the exit interview should have been mandatory. *See Summary Judgment Opinion* at 7-8. Further, numerous employees of Cadoura's similar position did not know anything about the alleged policy so there is no way the City can factually state "it was within Cadoura's fair contemplation that he would not be reinstated." *See, Motion* at ¶35. *See also, Summary Judgment Opinion* at 4 citing Testimony of Donella James at ECF No. 37-4, PageID. 453, 460; also citing Testimony of John Sablowski at ECF No.37-5, PageID. 467, 473

28. Admitted in part and denied in part. Mr. Cadoura admits *Young v. Twp. of Green Oak* involved a young police officer who was injured and received workman's comp. 471 F.3d 674 (6th Cir. 2006). Mr. Cadoura denies the assertion that the case is factually analogous to the instant matter.

29. Neither admitted nor denied. Mr. Cadoura states that *Young v. Twp. of Green Oak* speaks for itself as to the factual background of that matter. Mr. Cadoura is not in a position to confirm or deny any specific facts from that opinion.

30. Neither admitted nor denied. Mr. Cadoura states that *Young v. Twp. of Green Oak* speaks for itself as to the factual background of that matter. Mr. Cadoura is not in a position to confirm or deny any specific facts from that opinion.

31. Neither admitted nor denied. Mr. Cadoura states that *Young v. Twp. of Green Oak* speaks for itself as to the factual background of that matter. Mr. Cadoura is not in a position to confirm or deny any specific facts from that opinion.

32. Admitted. Mr. Cadoura admits that the primary issue was when Young's claims arose. Mr. Cadoura denies any implication that his claims are barred by the Plan, the statute of limitations, or for any other reason.

33. Denied. The City improperly states "[b]oth the **District Court** and the Sixth Circuit" discussed the unpublished *Yinger* decision. See, the City's Motion at ¶33. In that same motion, the City stated "Cadoura filed a complaint ("Complaint") against the City in the United States District Court for the Eastern District of Michigan ("**District Court**")…" *Id.* at ¶12. The City did not give any direct reference to where the District Court relied on the *Yinger* decision and as such the

paragraph must be denied for this factual inconsistency.[4] By way of further response, Mr. Cadoura admits that the district court in *Young* and the Sixth Circuit in *Young* both reference the unpublished *Yinger* decision.

34. Denied. The City makes a completely unfounded logical jump in this paragraph to state that the situation in *Young* is analogous to Mr. Cadoura's situation, especially with the *Yinger* opinion. Mr. Cadoura's claims did not accrue during the bankruptcy and in determining when an act occurs for statute of limitations purposes, courts look at when the "operative decision" occurred, *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981), and separate from the operative decisions those inevitable consequences that are not separately actionable. *See Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980). The operative decision at the core of the Federal Court Lawsuit is that Mr. Cadoura was not rehired in 2017. This is the adverse action that is the basis for his recovery in that claim, which the District Court already stated, "Mr. Cadoura **is not bringing a claim based on any conduct that occurred outside of the statute of limitations or that was alleged in the claim that was discharged in the bankruptcy proceedings**." ECF No. 39, PageID. 546, p. 19 of 22 (Emphasis added).

---

[4] It is likely the City meant the district court in Young for this paragraph, but Mr. Cadoura cannot make such an assumption without further information.

35. Denied. The City's position in this paragraph is wholly unsupported by the mountain of evidence uncovered in the Federal Court Lawsuit. Mr. Cadoura never received an exit interview and never received a show cause hearing despite a representative from the City stating at least the exit interview should have been mandatory. *See Summary Judgment Opinion* at 7-8. Further, numerous employees of Cadoura's similar position did not know anything about the alleged policy so there is no way the City can factually state "it was within Cadoura's fair contemplation that he would not be reinstated." *See, Motion* at ¶35. *See also, Summary Judgment Opinion* at 4 citing Testimony of Donella James at ECF No. 37-4, PageID. 453, 460; also citing Testimony of John Sablowski at ECF No.37-5, PageID. 467, 473.[5] (Fair contemplation is not so because no one tole him no one knew about the alleged policy)

36. Admitted. Mr. Cadoura admits that he did not file a proof of claim for the claims asserted in his Federal Court Lawsuit as the operative action occurred nearly three years after the Effective Date of the Plan's discharge provision. Mr.

---

[5] This paragraph is another instance of the City trying to have it both ways. In the City's Motion for Summary Judgment, it points out that the administrative office as the sole power to place individuals on the "do not rehire" list. However, here before this Court its claims Mr. Cadoura, who was not in an administrative office position, should have known about this policy when he was not given a show cause hearing or an exit interview.

Cadoura further admits that Art. III.D.4, at p.50 of the Plan speaks for itself as to the provisions contained therein.

37. Denied. The City offers no actual connection as to how the operative decision related to Mr. Cadoura's attempt to be reinstated in 2017 is somehow covered by the Bankruptcy, its Plan, and Bar Date Order. "Mr. Cadoura **is not bringing a claim based on any conduct that occurred outside of the statute of limitations or that was alleged in the claim that was discharged in the bankruptcy proceedings**." ECF No. 39, PageID. 546, p. 19 of 22 (Emphasis added).

38. Denied. The City offers no basis for this statement and Mr. Cadoura denies it in its totality. Mr. Cadoura properly brings claims against the City that are based around the operative decision to not rehire Mr. Cadoura in 2017. His claims are properly laid as shown by the District Court's opinion and he should be allowed to proceed especially where counsel for the City gave Mr. Cadoura and his Counsel one day to review for concurrence, waited until trial was six-weeks away to file despite claims that improper information was used in the Complaint, and only informed the Mr. Cadoura and his Counsel about at a mediation ordered by the District Court.

39. Denied. Mr. Cadoura respectfully requests this Honorable Court to deny the relief requested by the City for the reasons shown in this Response as well

as those evident in the numerous records involved and allow Mr. Cadoura to proceed with his Federal Court Lawsuit.

40.     Denied. Mr. Cadoura was asked to concur in the relief requested, but denies the implication that he was even given proper opportunity to do so. Counsel for City informed Counsel for Mr. Cadoura on Thursday, August 3, 2023, that the following morning the motion would be filed on August 4, 2023.

Dated:  August 18, 2023

                                        Respectfully Submitted,

                                        /s/ Richard Cadoura