# EXHIBIT 6E

# Objections to the Report and Recommendation

40945379.5/022765.00213

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

KENNETH FITZGERALD NIXON,

    Petitioner,

-v-                                      Case No. 10-cv-14652
                                          Hon. AVERN COHN

GREG MCQUIGGIN, Warden,        Mag. Judge PAUL J. KOMIVES

    Respondent.
_____/

**PETITIONER'S OBJECTIONS TO**
**MAGISTRATE'S REPORT AND RECOMMENDATION**

Petitioner Kenneth Fitzgerald Nixon, by and through his attorney, Sheldon Halpern, filed a Petition for Habeas Corpus. On September 28, 2012, Magistrate Paul J. Komives issued a Report and Recommendation recommending that Habeas Corpus be denied, and that no Certificate of Appealability should be granted. Petitioner presents the following Objections to Magistrate's Report and Recommendation:

1.     **Objection 1. Factual background.** The Magistrate uses for his factual background the statement of facts filed by the prosecutor in a brief to the Michigan Court of Appeals. (R&R, 5-9). We submit that the duty of the federal court to independently determine the facts is not met by reading the prosecutor's brief instead of reading the actual transcripts. In this case, the prosecutor's rendition of "facts" is a highly edited, one-sided version of the testimony. We find it objectionable that this argumentative presentation, which has never been adopted as fair and correct by a state court, should be elevated to the same status as if it were state court findings.

1

Even if it had been a state court finding, the District Court has the duty to examine both sides of the case, not just one side.

3. One example is the treatment of evidence presented as to who had motives for burning the house. The magistrate judge by adopting the Respondent's statement of facts ignored evidence presented at trial that:

a) the dispute between Ronrico Simmons and Defendant had been exaggerated and was no longer an issue between the two men and even Simmons had to admit that the beef with Nixon was over and Nixon no longer posed a threat to him or his house on the day of the fire. (T III, 130); and,

b) on the day of the fire attack, Naomi Vaughn's daughter had gotten into a confrontation with an Bajah, an Arab child who lived in the neighborhood and which became intense with Bajah's dad coming over to Naomi and threatening her saying "this is how people's houses get shot up" and repeating the threat over and over again. (T II, 78-81, 119-122; T III, 106). When statements were first made to the police about who may have been responsible, both Naomi Vaughn and Ronrico Simmons could only think of Bajah's father as being motivated to harm her and her family. (T II, 81, 122-123). Not surprisingly, the prosecutor's version of facts somehow leaves out those facts.

4. **Objection 2. Actual Innocence-Due Process**. Petitioner advanced this issue to excuse any procedural default, the magistrate judge spent considerable time analyzing and rejecting a free standing claim of innocence but did not address the claim that Due Process is violated where a conviction is allowed to stand based upon

2

perjured testimony. See *Ortega v. Duncan,* 333 F.3d 102, 108 (2d Cir. 2003): ("[W]hen false testimony is provided by a government witness without the prosecution's knowledge, due process is violated only if the testimony was material and the court is left with a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted." (internal quotation marks omitted)).

5. **Objection 3. Actual Innocence state court findings.** The magistrate opined that the statement of Mr. Crump did not have evidentiary value, being unsigned, but ignores that the state court had ruled it was newly discovered evidence, but concluded it would not make a different result probable. (Hrng, 07/17/2009, 32-33). Respondent did not appeal that state court finding, and is precluded from raising it now. *Kosmyna v Botsford Community Hosp*, 238 Mich App 694, 696 (1999); *Turcheck v Amerifund FIN.,* 272 Mich. App. 341, 351 (2006). Established law provides that the state courts' findings are presumed correct and may be rebutted only by clear and convincing evidence. 28 U.S.C. §(s) 2254(d). The United States Supreme Court has noted that a disagreement with a state court factual finding is not grounds for a district court to overturn a state court finding unless it "was based on an unreasonable determination of the facts" in light of the state court record. *Harrington v. Richter*, 562 U. S. ___, 131 S.Ct. 770, (2011). Even then that is when it is a finding that was challenged on appeal. Here the state court finding was never challenged on appeal by either Petitioner or Respondent.

5. **Objection 4. Actual Innocence – evidentiary standards.** The magistrate made findings concerning and restricting the type of evidence the court may

3

consider when evaluating an actual innocence claim that is contrary to established United States Supreme Court case law. In evaluating the claim the magistrate failed to take heed of *House v. Bell*, 547 U.S. 518 (2006). This Court must consider "all the evidence, old and new, incriminating and exculpatory," without regard to whether it would necessarily be admitted under rules of evidence. *Id.* at 538 (quoting *Schlup*, 513 U.S. at 331-32) (internal quotation marks omitted). Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* (quoting *Schlup*, 513 U.S. at 329). "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.*

6. In this case, the prosecutor need the testimony of January as there was huge evidentiary gap in the prosecutor's case when trying to use Brandon Vaughn's testimony as it is impossible to reconcile "[o]n the night of the fire, Naomi Vaughn's thirteen year old son Brandon was in his bedroom when he heard a 'boom'" with "Brandon told him that he was standing on the front porch when he saw a car pull up in front of the house. He saw Bean get out of the passenger side of the car. He was holding a glass bottle with a cloth sticking out of the top. He threw the bottle at the house through the top window." (RRR, 5, quoting from Respondent's statement of facts in brief on appeal). The magistrate failed to consider all the evidence with respect to likely effect on a juror and the holding is objectively unreasonable.

7. **Objection 5. Actual Innocence – evidentiary hearing.** The magistrate made findings of credibility and reliability of evidence, as did the state

4

courts, without holding an evidentiary hearing. At every stage of the state court proceedings Petitioner requested an evidentiary hearing, and did not get it. He should get one now. *Michael Williams v. Taylor*, 529 U.S. 420; 120 S.Ct. 1479; 146 L.Ed.2d 435 (2000). It is unreasonable for the trial court to determine the credibility of witnesses on the basis of prejudice, and unreasonable state court rulings cannot be sustained. *Terry Williams v. Taylor*, 529 U.S. 362; 120 S.Ct. 1495; 146 L.Ed.2d 389 (2000). "If, for example, a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an 'unreasonable determination' of the facts." *Taylor v. Mattox*, 366 F.3d 992 (9th Cir. 2004).

8. **Objection 6. Prosecutorial Misconduct – perjured testimony** (Issue III). The Magistrate Judge's finding that the prosecutor was not aware of the perjury ignores the second half of the claim as noted in the Reply, that the prosecutor was aware that January had received a deal for testifying against Petitioner as January still had two legal proceedings pending at which he was providing his testimony to obtain favorable treatment, yet the jury was told he did not receive any consideration for his testimony. Petitioner submits that the prosecutor is charged with knowledge of what offers for testimony are provided to a witness. *Rosencrantz v Lafler*, 568 F.3d 577 (6th Cir. 2009). Here the prosecutor already knew that January was also gathering notes on two other inmates with the hope of offering testimony in those cases to improve his current conditions. (T IV, 65-66).

5

9. The Magistrate Judge also glossed over the citations provided in the brief and reply demonstrating that prosecutor's in general are fully aware of the inherent unreliability of jail house confessions and in specific that January makes notes to study cases and then try to come up with testimony to help himself. Combined, the prosecutor is shown to have known, or should have known, January's testimony was perjured and failed to correct the same: Here where the prosecutor tells the jury they may convict Petitioner on January's testimony alone, (T IV, 170-171), due process is implicated and the unfairness of the trial requires remedy. *Smith v Phillips*, 455 U.S. 209, 219 (1982).

10. Further objection is made as to the offer of evidence provided in the form of the Crump statement which was excluded as not being part of the record yet, as objected to above, the state court did included that statement as part of the record, did find it was newly discovered, just not reliable without holding an evidentiary hearing. Petitioner incorporates his objections stated above with respect to value of the Crump statement and the failure to conduct an evidentiary hearing.

11. **Objection 7. Prosecutorial Misconduct – comments and conduct** (Issue IV). A) Petitioner objects to formalistic approach in ruling that the prosecutor did not use the words "confessed" or "confession" and therefore no misconduct was present and the prosecutor is only making fair inference when telling the jury:

> "The point is no matter how you shake it, no matter how you look at Mr. January, he's telling you what was told to him, and that is evidence that you can use by itself to convict beyond a reasonable doubt." (T IV, 170-171),

6

12. The statement that the jury may use what January "what was told to him [by Petitioner], and that is evidence that you can use by itself to convict" is mischaracterization as January has no personal knowledge of the crime and testified that Petitioner did not confess, (T IV, 21) only that:

> "But any way, you know, he just was – he looked real nervous, you know. I told him that 'You know, you have that right to be nervous,' you know, dealing with the nature of the crime that he's supposed to be in here for, you know." (T IV, 22)

13. Looking nervous is not evidence of a crime upon which a jury may convict, a confession. Petitioner submits it is objectively unreasonable to permit prosecutors to commit misconduct by merely avoiding specific terms. More importantly, it is not the use of a specific term that is at issue, but whether the conduct had the effect of denying a fair trial. *Smith v Phillips,* supra.

14. Petitioner submits it was objectively unreasonable to implicate Petitioner to his prejudice in causing witness Mahdi's recantation. Neither the tape nor testimony from Mahdi made any logical or reasonably inferable connection to witness Hill. Asking witness Mahdi about being intimidated might be supported by the record, but that is not the issue, it is the prejudicial inference as to who was involved in witness intimidation. No one suggested, let alone connected Hill with a threat to Mahdi or others. The evidence submitted did not implicate nor involve witness Hill and there was no good faith basis to even support these questions to Hill; not even "[a] well reasoned suspicion that a circumstance is true." *United States v. Sampol*, 636 F.2d 621, 658 (D.C.

7

Cir. 1980). Objection is made to the conclusion there was a basis for the questions in the first place.

15. Objection is also made to the finding of no prejudice. It is hard to consider any matter more prejudicial then the invention of incidents of witness intimidation by the Petitioner. Federal courts have allowed jurors to reasonably rely upon such as substantive evidence of guilt. See *United States v. Hayden,* 85 F.3d 153 (4th Cir.1996); *United States v. Bein,* 728 F.2d 107, 114-15 (2d Cir.1984), (An overt act of witness intimidation by a defendant can be regarded as a tacit admission of guilt). It is more than probable that such substantive "evidence" critical to the determination of guilt or innocence reasonably affected the outcome of the proceedings entitling Petitioner to a new trial.

16. **Objection 8. Ineffective assistance of counsel. failure to investigate and prepare for trial. a) Polygraph results.**

Objection is made to the exclusion of Michigan case law that discusses the prejudicial effect from not pursuing a polygraph or using polygraph results. The magistrate claims since this discussion came out of analysis of a statute the holding is inapposite. This holding is objectionable as the reasoning and holdings of *People v Phillips,* 469 Mich 390 (2003), connecting prejudice to polygraph examinations are not assailable. Rather then contest the holdings as being unreasonable or unpersuasive, the magistrate instead proclaims the holdings inapposite. *Phillips* discusses and demonstrates the connectivity between polygraph results and prejudice by interfering with the right to present a defense in the form of access and support from witnesses.

8

17. **b) *Interviewing witnesses prior to trial.*** The unfamiliarity of evidence and testimony prevented trial counsel from establishing that there was only one method of ingress and egress from Petitioner's alibi location and that entrance was watched the entire time and Petitioner never left. This permitted the prosecutor to say Petitioner exited out the back door. Such unfamiliarity also prevented trial counsel from establishing a timeline for the alibi that went through the time when the fire trucks had already arrived. This failure permitted the prosecutor to undermine the alibi witness by suggesting the witness had left before the fire had started and therefore left a gap of time unaccounted. Petitioner was denied effective assistance of counsel. *Sims v Livesay,* 970 F2d 1575 (CA 6, 1992). Petitioner requested hearings to establish these violations and was unreasonably denied and the magistrate judge, while acknowledging if the allegations if proven would justify relief, refused to conduct an evidentiary hearing on the issue of ineffective assistance of counsel. Where the state courts refused to hold a hearing even though properly requested, and there were cognizable claims of ineffective assistance of counsel raised, the federal court should hold a hearing. *Michael Williams v. Taylor*, 529 U.S. 420; 120 S.Ct. 1479; 146 L.Ed.2d 435 (2000); see also *In Re Troy Anthony Davis*, 557 U.S. ____ (2009) (No. 08-1443, August 17, 2009).

18. **Objection 9. Ineffective assistance of counsel, *providing erroneous advice.*** The magistrate judge denied this claim finding that there was no impediment to counsel calling LaToya Caulfield at trial. (RRR, 29). This finding

supports ineffective assistance of counsel as there can be little dispute her testimony supported the alibi, and would have also rebutted the evidentiary weakness exposed in the other alibi witness, and trial counsel did not present this evidence at trial based upon erroneous understanding of law in Michigan. This important evidence was available but not presented because of ineffective assistance of counsel.

19. Further objection is made concerning advice concerning the right to testify, especially in a case where an alibi defense is raised where the magistrate somehow infers that Petitioner would not testify in support of his defense, in effect requiring a transcript of proposed testimony. Such a position would be reasonable if a hearing had been held and the petitioner refused to testify, but that is not the present case. *Gonzales v Elo,* 233 F.3d 348, 350 (CA 6, 2000).

20. Petitioner further objects to credibility determinations being made by the magistrate judge without conducting an evidentiary hearing and then for substituting the magistrate's ruling on the evidence in the place of what a reasonable juror would have likely done with the evidence not heard at trial. *Kyles v. Whitley,* 514 U.S. 419, (1995).

21. **Objection 10. Ineffective assistance of counsel.** *failure to present evidence;* Petitioner objects to findings of credibility without holding a hearing with respect to the testimony of Tracy Nixon. The offer of proof was made to support an evidentiary hearing and provided context of the relationship between Petitioner and Ronrico Simmons that the jury did not hear, including that these were long lifetime friends who have had disagreements before and reconcile and as time

passed, their last dispute has also been reconciled. At a minimum this evidence would have rebutted the prosecutor's interpretation of Simmons' testimony and would have made a different result probable.

22. **Objection 11. Ineffective assistance of counsel.** *failure to object*

Objection is made to the conclusion by the Magistrate that the objections not made were meritless and therefore there can be no ineffective assistance of counsel. The opposite must also be true, where the comments and evidence submitted by the prosecutor denied a fair trial, the failure of counsel to object and have those comments and evidence removed from trial is ineffective assistance of counsel. *United States v. Rusmisel*, 716 F.2d 301 (5th Cir. 1983); *Seehan v. State of Iowa*, 37 F.3d 389 (8th Cir. 1994); *Weygandt v. Ducharme*, 774 F.2d 1491 (9th Cir. 1985).

23. Petitioner also objects to the ruling that objections to Brandon Vaughn's testimony would not succeeded because the state court made proper evidence rulings. Petitioner submits that the evidence was excludable as the state courts were objectively unreasonable in finding that "15 to 30 minutes" is not enough time for a person to contrive, be improperly influenced and fabricate a statement. In Michigan, it is not the time that is the determining factor, rather it is the capacity to fabricate; where there is an opportunity for wrongful influencing by Simmons and others as the record provides before the statement is given, then that statement does not qualify as an excited utterance. *People v Smith*, 456 Mich 543, 550 (1998).

24. We cannot have confidence in the verdict where unreasonable actions taken by counsel deprived the jury of relevant and critical evidence that supported the

11

defense denying Petitioner of his constitutional rights. *McQueen v Scroggy*, 99 F3d 1302, 1311 (CA 6, 1996); *Kyles v Whitley*, 514 US 419, (1995).

25. **Objection 12. Ineffective assistance of appellate counsel** (Issue V). Objection is made to the finding that ineffective assistance of appellate counsel can not be demonstrated in this case because the underlying issues lack merit. The objections provided to the prior issues demonstrate the merit of each issue and prejudice suffered as a result thereof, the failure of appellate counsel to raise meritorious issues that would have been a different result probable constitutes ineffective assistance of appellate counsel.

26. **Objection 13. Evidentiary hearing.** Where the state courts refused to hold a hearing even though properly requested, and there were cognizable claims of ineffective assistance of counsel raised, a reasonable jurist could find that the federal court should hold a hearing. *Michael Williams v Taylor*, 529 U.S. 420; 120 S.Ct. 1479; 146 L.Ed.2d 435 (2000); see also *In Re Troy Anthony Davis*, 557 U.S. ____ (2009) (No. 08-1443, August 17, 2009).

27. **Objection 14. Certificate of appealability.** Not one of these issues is frivolous. A strong case can be made that Petitioner deserves relief on every single one of these issues. In *Miller-El v Cockrell*, 537 U.S. 322; 23 S.Ct. 102; 154 L.Ed.2d 931 (2003), the Court held that the 5th Circuit wrongly denied Petitioner Miller–El of a Certificate of Appealability. The United States Supreme Court held that a Certificate of Appealability should not be denied by the Court "merely because it believes the applicant will not demonstrate an entitlement to relief." While the Magistrate did reach

12

a conclusion that Petitioner should lose, that alone does not provide cause to deny the Certificate; if it did, no Habeas Corpus petitioner could ever appeal. The Magistrate's decision was not based on the simple application of clear precedent. The Magistrate had to engage in considerable analysis to reach its conclusion, in a 37 page ruling. To find there is nothing in those 37 pages that a reasonable jurist could disagree with, as the Magistrate did, is itself manifestly unreasonable.

## RELIEF REQUESTED

WHEREFORE, Petitioner Kenneth Fitzgerald Nixon seeks this Court rule upon the Objections made and upon full consideration of the matters presented, this Honorable Court should hold such evidentiary hearings as this Court may deem necessary or appropriate; issue an Order that this Court will grant a Writ of Habeas Corpus unless the State vacates the conviction and holds a new trial within a specified time; and, Issue a Writ of Habeas Corpus freeing Petitioner from his unconstitutional confinement.

Respectfully submitted,

Sheldon Halpern
/s/ Sheldon Halpern
shalpern@sbcglobal.net

---

SHELDON HALPERN P14560
Attorney for Petitioner Nixon
26339 Woodward Avenue
Huntington Woods, MI  48067
(248) 554-0400

Dated: October 11, 2011

## CERTIFICATE OF ELECTRONIC FILING

Sheldon Halpern certifies that on 10-11-2012 he filed the Petitioner's Objections to Magistrate's Report and Recommendation with the ECF filing system of the United States District Court, with copies to be electronically sent to opposing counsel, Judge Cohn, and Magistrate Komives.

        Respectfully submitted,

        Sheldon Halpern
        /s/ Sheldon Halpern
        shalpern@sbcglobal.net

        _____

        SHELDON HALPERN P14560
        Attorney for Petitioner Nixon
        26339 Woodward Avenue
        Huntington Woods, MI  48067
        (248) 554-0400

        Dated: October 11, 2011