# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                                    Case No. 13-53846

CITY OF DETROIT, MICHIGAN,                                Chapter 9

       Debtor.                                   Judge Thomas J. Tucker

_____ /

## ORDER REGARDING THE CONTEMPT MOTION FILED BY
## FORMER GOVERNOR RICHARD SNYDER

This case is before the Court on the motion filed by former Governor Richard Snyder

entitled "Interested Party Richard Snyder's Motion for (A) An Evidentiary Hearing and (B) An

Order Holding the Michigan Department of Attorney General in Contempt and Granting Related

Relief" (Docket # 13361, the "Motion"). Today the Court has filed a written opinion regarding

the Motion (Docket # 13758). For the reasons stated in that written opinion, the Court enters this

Order.

IT IS ORDERED that:

1. The Motion is granted to the extent of the relief provided by this Order, and otherwise is

denied.

2. The Court holds the Michigan Department of Attorney General in civil contempt, for violating

the confidentiality and non-disclosure provisions of this Court's mediation orders.[1]

3. Unless and until this Court orders otherwise in a future order, the Michigan Department of

Attorney General is prohibited from disclosing to any person or entity any information or

documents that are covered by the confidentiality provisions of this Court's previous mediation

orders, cited in footnote 1 of this Order. Such confidentiality provisions state the following,

_____

[1] Docket ## 322, 542, 8468, 9176, 9964, 10227.

applicable to all mediation proceedings in this bankruptcy case:

> All proceedings, discussions, negotiations, and writings incident to mediation shall be privileged and confidential, and shall not be disclosed, filed or placed in evidence.

This prohibition applies to the entire Michigan Department of Attorney General, and all of its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of the foregoing described persons, including, without limitation, all members of the Flint Criminal Team and all members of the Flint Civil Team.[2]

4. The Court will require the Department to pay former Governor Richard Snyder the reasonable attorney fees he incurred in preparing, filing, and prosecuting the Motion, through the date of filing of the former Governor's motion for leave to file a reply brief, with the reply brief attached, at Docket # 13419.

5. The amount of such reasonable attorney fees will be determined in a future order, and will be determined by the following procedure:

a. No later than October 23, 2023, former Governor Richard Snyder must file an itemization of such attorney fees that complies with the requirements of L.B.R. 7054-1(a)(1) and 7054-1(a)(3) through 7054-1(a)(5) (E.D. Mich.).

b. No later than November 6, 2023, the Michigan Department of Attorney General must file any objections or response to former Governor Snyder's itemization.

c. After the November 6, 2023 deadline has passed, the Court may schedule a further hearing, and either with or without holding a further hearing, the Court will then

---

[2] As used in this Order, the phrases "Flint Criminal Team" and "Flint Civil Team" have the meaning ascribed to them in the Michigan Department of Attorney General response to the Motion (Docket # 13375) at page 2, paragraph 1.

2

enter an order determining the amount of such reasonable attorney fees that the

Michigan Department of Attorney General must pay.[3]

**Signed on October 6, 2023**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[3] As an alternative to the procedures specified in this Order, if at any point the parties agree on the amount of such reasonable attorney fees, then the parties may file a stipulation and submit a proposed order.

3