UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                        Case No. 13-53846

CITY OF DETROIT, MICHIGAN,                  Chapter 9

                Debtor.                                   Judge Thomas J. Tucker

_____/

**OPINION REGARDING THE MOTION FOR RECONSIDERATION,
AND TO ALTER OR AMEND JUDGMENT,
FILED BY THE POLICE AND FIRE RETIREMENT SYSTEM (DOCKET # 13707)**

        This case is before the Court on the motion filed on July 10, 2023 by The Police and Fire Retirement System of the City of Detroit (the "PFRS") (Docket # 13707, the "PFRS Motion"), entitled "The Police and Fire Retirement System's Motion to Alter or Amend Pursuant to Federal Rule of Bankruptcy Procedure 9023, and Pursuant to Local Rule 9024-1 for Reconsideration of, the Court's Order Granting The City of Detroit's Motion to Enforce Plan of Adjustment Against the Police and Fire Retirement System Pension Plan (Docket # 13602)." The PFRS Motion seeks reconsideration of, and relief from, the Court's June 26, 2023 Order entitled "Order Granting the City of Detroit's Motion to Enforce Plan of Adjustment Against the Police and Fire Retirement System Pension Plan (Docket # 13602)" (Docket # 13706, the "June 26, 2023 Order").

        The Court ordered the City of Detroit to file a response to the PFRS Motion, and the City did so, on August 10, 2023 (Docket # 13715, the "City Response"). On August 24, 2023, the PFRS filed a motion seeking leave to file a reply to the City Response (Docket # 13723, the "PFRS Motion for Leave").

        The Court will grant the PFRS Motion for Leave. The Court has considered the PFRS

Motion, the City Response, and the reply brief attached to the PFRS Motion for Leave.

The Court finds that a hearing on the PFRS Motion is not necessary.[1] The reasons for the Court's entry of the June 26, 2023 Order were explained in detail in the Court's separate written opinion, filed the same day (Docket # 13704, the "June 26, 2023 Opinion").[2] The Court now reiterates what it stated in the June 26, 2023 Opinion. For the following reasons, the Court will deny the PFRS Motion, and will leave the June 26, 2023 Order undisturbed.

**First**, as a motion seeking reconsideration of the Court's June 26, 2023 Order, the PFRS Motion must be denied because it fails to "demonstrate a palpable defect by which the [C]ourt and the parties have been misled," and "that a different disposition of the case must result from a correction thereof." *See* L.B.R. 9024-1(a)(3) (E.D. Mich.).[3] In the Court's view, there is no error, let alone any "palpable defect,"[4] in the Court's June 26, 2023 Order. Rather, that Order is correct, for the reasons stated in the June 26, 2023 Opinion.

**Second**, as a motion for reconsideration, the PFRS Motion must be denied because, in large part, the motion "merely presents the same issues ruled upon by the [C]ourt, either

---

[1] This Court's Local Rules 9024-1(a) and 9024-1(b) apply to the PFRS Motion. Under these rules, a hearing normally is not allowed on a motion for reconsideration or on a motion to alter or amend judgment. The rules provide that "[n]o response to the motion and no oral argument thereon will be allowed unless the court otherwise orders." *See* L.B.R. 9024-1(a)(2) and 9024-1(b) (E.D. Mich.). The Court ordered the City of Detroit to file a response to the PFRS Motion, and now has allowed the PFRS to file a reply to the City Response. But the Court finds that a hearing on the PFRS Motion is not necessary.

[2] The June 26, 2023 Opinion is published. *In re City of Detroit, Michigan*, 652 B.R. 81 (Bankr. E.D. Mich. 2023).

[3] That local rule states that in a motion for reconsideration "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof."

[4] "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *Fieger & Fieger P.C. v. Nathan,* 2017 WL 1130091, at *2 (citations omitted).

expressly or by reasonable implication," in the Court's June 26, 2023 Opinion and the June 26, 2023 Order. *See* L.B.R. 9024-1(a)(3) (E.D. Mich.).[5] As the United States Court of Appeals for the Sixth Circuit has held, "reconsideration motions cannot be used as an opportunity to re-argue a case." *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

The parties briefed the City's motion very extensively, and argued the motion at length in a hearing, before the Court ruled on the motion. After the Court made its ruling, by filing the June 26, 2023 Opinion and the June 26, 2023 Order, the PFRS Motion now has presented another round of repackaged, extensive briefing on the same issues. The Court is not persuaded by this.

**Third**, to the extent the PFRS Motion can be viewed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), the motion fails to meet the requirements for relief under Rule 59(e).[6] "[A] motion to alter or amend judgment may be granted only: '(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice.'" *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F.App'x 473, 476 (6th Cir. 2014) (citing *CGH Transp. Inc. v. Quebecor World, Inc.*, 261 Fed.Appx. 817, 823 (6th Cir. 2008) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999))); *see also In re Shefa, LLC*, 649 B.R. 881, 883 (Bankr. E.D. Mich. 2023).

None of these requirements is met here. The PFRS Motion cites no "intervening change

---

[5] That local rule states that "[g]enerally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted." *See also Fieger & Fieger P.C. v. Nathan* (*In re Romanzi*), No. 16-cv-13986, 2017 WL 1130091, at *1 (E.D. Mich. Mar. 27, 2017).

[6] With certain exceptions and modifications not relevant here, Fed. R. Civ. P. 59(e) applies in bankruptcy cases. *See* Fed. R. Bankr. P. 9023.

in the controlling law," and cites no "newly discovered evidence" that justifies a different outcome from the Court's June 26, 2023 Order. Nor is there a "need to correct a clear error" in the June 26, 2023 Order, or to "prevent manifest injustice."

**Fourth**, the PFRS Motion must be denied to the extent the motion makes arguments that the PFRS did not make before the Court entered the June 26, 2023 Order. Such arguments cannot be made for the first time in a motion for reconsideration, only after the Court has made its ruling. The PFRS waived any such new arguments, by failing to present them before the Court made its decision to grant the City's motion in the June 26, 2023 Order. *See In re Shefa, LLC*, 649 B.R. at 883-84 and cases cited therein: *In re Madison Heights Group, LLC*, 506 B.R. 734, 736 (Bankr. E.D. Mich. 2014); *see also Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd.*), 486 F.3d 940, 947 (6th Cir.2007) (citing with approval, and applying, *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir.1994) for the proposition that "objections raised for the first time in a reconsideration motion are deemed to have been waived"); *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir.2012) (citations omitted) ("Arguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal.").[7] As this Court noted in *In re Shefa, LLC*, 649 B.R. at 883-84:

---

[7] This Court pointed out in *In re Shefa, LLC*, 649 B.R. at 883-84 n. 3:

> The Sixth Circuit noted in the *Evanston Ins. Co.* case that this waiver rule can be overlooked "'in exceptional cases ... or when the rule would produce a plain miscarriage of justice.'" *See id.* (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir.2008)); *see also Wiley*, 20 F.3d at 226 (citations omitted) ("[W]e will review such objections [i.e., objections, to a party's materials submitted in support of a summary judgment motion, that were made for the first time in a motion for reconsideration] only to avoid a gross miscarriage of justice.").

As in the *Shefa* case, however, the Court concludes that in this case the normal waiver rule should be applied, because doing so does not produce a "plain" or "gross" miscarriage of justice; nor is this an "exceptional case" for overlooking the normal waiver rule.

> In a motion for reconsideration, a party may not "raise new legal arguments that could have been raised before a judgment was issued[,]" or "introduce evidence for the first time ... where the evidence could have been presented earlier." *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x at 476; *see also Fieger & Fieger, P.C. v. Nathan,* 2017 WL 1130091, at *2 ("'[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not.'") (citations omitted).

**Fifth**, the Court will further respond to one of the arguments made in the PFRS Motion. Capitalized terms used below have the meanings given to them in the June 26, 2023 Opinion, unless otherwise stated.

This Court ruled, in the June 26, 2023 Opinion and in the June 26, 2023 Order, that under the POA, the City's obligation to pay the UAAL existing as of June 30, 2023 must be amortized over 30 years, and that the PFRS cannot shorten that amortization period. But the PFRS Motion suggests that at the same time, this Court *also* ruled, either expressly or by implication, that under the POA the 30 year amortization must be with a discount rate of 6.75%. This latter ruling, the PFRS argues, is an incorrect reading of Confirmation Opinion and the POA. And, the PFRS says, such an interpretation of the Confirmation Opinion would create an internal inconsistency in the Confirmation Opinion.

But this Court made no ruling about the 6.75% discount rate, either expressly or impliedly. The Court made no ruling at all on the discount rate issue, either in the June 26, 2023 Opinion or, more importantly, in the June 26, 2023 Order. Rather, the Court ruled only on the 30 year amortization issue.

The City's motion did not seek any relief regarding the discount rate. The City's motion

concerned only the issue of the 30 year amortization.[8] And the Court's June 26, 2023 Order said nothing at all about the 6.75% discount rate, or any discount rate. That Order, and the injunction it contained, clearly was limited to the 30 year amortization. The Order provided, in relevant part, as follows:

> IT IS ORDERED that:
> . . .
>
> 2. The resolutions passed and the votes taken by the PFRS and the Investment Committee which shortened the amortization period to 20 years, as discussed in the Court's Opinion, are void and of no force or effect, and the PFRS and the Investment Committee are enjoined and barred from shortening the 30-year amortization period.
>
> 3. The PFRS must amortize the PFRS plan's unfunded actuarial accrued liability that will exist as of June 30, 2023, over an additional 30 years commencing on June 30, 2023. [9]

In the Court's view, any question about the discount rate, including what is the meaning of the Confirmation Opinion's several references to the 6.75% discount rate, is a separate, different question from whether the POA included the 30 year amortization period. In the June 26, 2023 Opinion and the June 26, 2023 Order, this Court discussed and ruled in the City's favor on the latter question (the 30 year amortization); the Court did *not* discuss or rule on the former question (*e.g.*, whether the 6.75% discount rate was fixed for any or all of the 30 year amortization period).

The Court is aware that in its response to the PFRS Motion, the City stated that "the City has always understood that the 6.75% discount rate could be changed after June 30, 2023;

---

[8] The PFRS Motion itself points out that "[t]he City acknowledged during the hearing [on the City's motion] that the issue of whether the 6.75% interest rate could be amended by the PFRS after 2023 was not currently before the Court[.]" (Br. in Supp. of PFRS Motion at 3 (Docket # 13707 at pdf p. 14)).

[9] June 26, 2023 Order (Docket # 13706) at 1-2.

provided, of course, there were sound reasons for doing so."[10]  It is unnecessary for the Court now to express any view on the City's position on this subject; and the Court does not do so.

The Court reiterates its conclusion, supported in detail in the June 26, 2023 Opinion, that the 30 year amortization clearly was part of the POA, as unambiguously shown by the Confirmation Opinion.  There is no internal inconsistency in the Confirmation Opinion about this.

For the reasons stated above, the Court will enter an Order denying the PFRS Motion.

**Signed on November 22, 2023**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[10]  City Response at 3 (Docket # 13715 at pdf p. 6).  The City also stated:

> [T]he 6.75% discount rate, and 30-year amortization, are entirely separate and distinct elements in computing the City's annual contributions to the legacy plans.  As this Court explained, 30-year amortization was fundamental to establishing the feasibility of the POA by spreading out the City's contributions to the legacy plans.  Separately, it may be prudent in the future to change the discount rate over the 30-year amortization period to reflect then existing economic conditions.  One has nothing to do with the other.

City Response at 5 (Docket # 13715 at pdf p. 8).