UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                           Case No. 13-53846

CITY OF DETROIT, MICHIGAN,              Chapter 9

            Debtor.                                Judge Thomas J. Tucker
_____/

**OPINION REGARDING RICHARD WERSHE, JR.'S "MOTION FOR ENTRY OF NOTICE OF CLAIM AFTER BAR DATE"**

**I. Introduction**

This case is before the Court on a motion by Richard Wershe, Jr. ("Wershe"), entitled "Richard Wershe, Jr's Motion for Entry of Notice of Claim After Bar Date" (Docket # 13560, the "Motion"). The Motion seeks an order granting Wershe the right to file a proof of claim in this bankruptcy case more than 8 years after the deadline to do so, or alternatively, granting "a stay in this case pending the resolution of the district court case and any appeals."[1] The "district court case" referred to in the Motion is *Wersche v. City of Detroit, et al.*, Case No. 21-11686, filed on July 20, 2021 in the United States District Court for the Eastern District of Michigan (the "District Court Case").

The City of Detroit (the "City") filed an objection to the Motion,[2] and Wershe filed a reply and a supplemental brief in support of the Motion.[3] The Court concludes that a hearing on

---

[1] Mot. (Docket # 13560) at 3 (Wherefore clause) at ¶¶ a)-b); *see also id*. at 2 ¶ 7 ("Wershe has not yet filed his Notice/Proof of Claim (hereinafter "Notice of Claim"), and asks the Court to either accept its filing now, or stay this case pending the district court's decision on equitable tolling [in] Wershe's case before it, prior to ruling on whether or not to accept Creditor's Notice of Claim.").

[2] Docket # 13572.

[3] Docket ## 13655, 13768.

the Motion is not necessary, and that the Motion must be denied, based on collateral estoppel.

## II. Facts

### A. The District Court Case

On July 20, 2021, Wershe filed a complaint against the City and others in the United States District Court for the Eastern District of Michigan, commencing the District Court Case.[4] On September 14, 2021, Wershe filed an amended complaint against the City and others, and a demand for a jury trial.[5] In the amended complaint, Wershe asserted various claims against the City for violations of his constitutional rights under 42 U.S.C. § 1983.

On September 30, 2021, the City filed a motion to dismiss the District Court Case (the "Dismissal Motion") for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[6] The City's Dismissal Motion was later joined and concurred in by Defendants William Jasper and Kevin Green.[7] The City argued in its brief in support of the Dismissal Motion that all of Wershe's claims against the City were barred by Michigan's three-year statute of limitations.[8]

On November 22, 2021, Wershe filed an untimely response to the Dismissal Motion.[9] In his response, Wershe argued, in relevant part, that even though Michigan has a "no-tolling rule as applied to prisoners seeking to bring § 1983 claims," under the extraordinary circumstances of

---

[4] Docket # 1 in Case No. 21-11686.

[5] Docket # 4 in Case No. 21-11686.

[6] Docket # 8 in Case No. 21-11686.

[7] Docket # 14 in Case No. 21-11686.

[8] Docket # 8 in Case No. 21-11686 at 7.

[9] Docket # 19 in Case No. 21-11686

2

his case, namely his fear of physical and legal retaliation by the City and other Defendants, the district court should apply federal equitable tolling and/or judicial tolling law to toll the statute of limitations on his § 1983 claims against the City.[10]

On December 1, 2021, the City filed a reply in support of the Dismissal Motion.[11] In its reply, the City argued that the district court should not consider Wershe's response to the Dismissal Motion, and treat the Dismissal motion as unopposed, because it was untimely filed.[12] The City argued further that even if the district court considered Wershe's untimely response to the Dismissal Motion, and even if "[W]ershe could benefit from equitable and/or judicial tolling, his [§ 1983] claims [against the City] are nonetheless time-barred[,]" because the basis for Wershe's tolling argument — his alleged fear of retaliation — "was obviated" when "[Wershe] was paroled on all charges underlying this action by the Michigan Parole Board in April of 2017[.]"[13]

On July 19, 2023, the district court held a hearing on the City's Dismissal Motion, two motions filed by Wershe,[14] and a motion to dismiss by Defendants Edward James King, Carol

---

[10] *Id*. at 1 (issues presented) (citation omitted), 7, 10-20.

[11] Docket # 20 in Case No. 21-11686.

[12] *Id.* at 2.

[13] *Id.* at 2-3 (capitalization omitted).

[14] *See* minute entry on the district court's docket for July 19, 2023. The two motions by Wershe on which the district court held a hearing on July 19, 2023, were "[Wershe's] Motion to Strike *Bivens* Defendant's Supplemental Reply Brief ECF NO 54)" (Docket # 48 in Case No. 21-11686); and a motion for leave to file a second amended verified complaint (Docket # 48 in Case No. 21-11686).

Dixon, Lynn A. Helland, Herman Groman.[15] Oral argument at the July 19, 2023 hearing "was 'limited in scope to the statutes of limitations applicable to [Wershe's] claims.' (*See Wershe I*, ECF No. 58; *Wershe II*, ECF No. 12)."[16] At the conclusion of the July 19, 2023 hearing, the district court took all of the motions under advisement.

On September 18, 2023, the district court entered an order, which in relevant part, granted the City's Dismissal Motion, and dismissed all of Wershe's claims against the City in the District Court Case, with prejudice, for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (the "September 18, 2023 Order").[17] In its September 18, 2023 Order, the district court held, in relevant part, that all of Wershe's claims under 42 U.S.C. § 1983 against the City accrued in the 1980s, more than 40 years ago, and therefore all such claims were barred by Michigan's 3-year statute of limitations applicable to those claims, and "must be dismissed unless equitable tolling applies."[18] The district court further held that Wershe had failed to satisfy his heavy burden of showing that he is entitled to equitable tolling of the statute of limitations applicable to his

---

[15] The motion to dismiss by Defendants Edward James King, Carol Dixon, Lynn A. Helland, Herman Groman was filed at Docket # 34 in Case No. 21-11686.

[16] Docket # 73 in Case No. 21-11686 at 3.

[17] *See* Docket # 73 in Case No. 21-11686 ("Consolidated Order Granting Defendants' Motion to Dismiss (*Wershe I*, ECT Nos. 8, 34; *Wershe II* ECF No. 6) and Denying as Moot All Other Pending Motions (*Wershe I*, ECF NOS. 48, 55; *Wershe II*, ECF No. 10)"). By way of background, Wershe filed two cases in the United States District Court for the Eastern District of Michigan. The District Court Case was the first case he filed, and the district court referred to that case as "*Wershe I*." Wershe filed a second case – *Wershe v. United States*, Case No. 22-12596 on October 28, 2022. The district court referred to the second case as "*Wershe II*." *Wershe I* and *Wershe II* were "consolidated [without objection] for the limited purpose of issuing [the September 18, 2023 O]pinion." *Id.* 1-2. The only portion of District Court's September 18, 2023 Orde relevant to this Court's Opinion on the Motion is the portion regarding the City's Dismissal Motion (Docket # 8 in Case No. 21-11686) in *Wershe I*.

[18] *Id.* at 13-15,

claims.[19]  Because all of Wershe's claims against the City were well beyond the applicable statute of limitations for those claims, and equitable tolling of the statute of limitations for those claims did not apply, the district court held that "[Wershe's] allegations [in his amended complaint] affirmatively show that his claims are time-barred and must be dismissed."[20]  For these reasons, the district court granted the City's Dismissal Motion "as to the statute of limitations issue."[21]

On September 20, 2023, the district court entered a judgment (the "District Court Judgment"), which stated: "IT IS ORDERED AND ADJUDGED that pursuant to this Court's . . . September 18, 2023 [Order], this cause of action is DISMISSED WITH PREJUDICE."[22]

On October 4, 2023, Wershe filed a notice of appeal from the District Court's Judgment.[23]  That appeal is pending, under Case No. 23-1902, in the Sixth Circuit Court of Appeals.

### B.  Wershe's Motion in this bankruptcy case

Wershe filed the Motion in this Court before the district court entered the District Court Judgment against Wershe and in favor of the City on all of Wershe's § 1983 claims against the City, dismissing all such claims against the City with prejudice.  Wershe argued in the Motion that this Court should allow to him file a proof of claim *more than 8 years beyond the claims bar*

---

[19]  *See id.* at 15-29.

[20]  *Id.* at 30.

[21]  *Id.*

[22]  Docket # 74 in Case No. 21-11686 (capitalization in original).

[23]  Docket # 75 in Case No. 21-11686.

5

*date* of February 21, 2014,[24] based on both or either of two legal theories" — the equitable tolling of the statute of limitations for Wershe's § 1983 claims, and excusable neglect. The claim(s) Wershe wishes to file in this bankruptcy case are the same as the claims he asserted in the District Court Case.

In its objection to the Motion, the City argued, among other things, that "[t]he Motion should be denied because equitable tolling does not apply to proof of claim deadlines, and the reasons Wershe proffers for his failure to timely file a proof of claim do not constitute excusable neglect."[25] In a supplemental brief filed in this Court after the District Court Judgment was entered, the City argued that Wershe's claims against the City are now barred, under the doctrines of collateral estoppel and res judicata.[26]

## III. Discussion

The Court must determine the preclusive effect of the District Court Judgment under the federal common law of collateral estoppel. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–508, 121 S.Ct. 1021, 149 L.Ed.2d

---

[24] That deadline was set by an Order this Court's entered on November 21, 2013. *See* "Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof" (Docket # 1782, the "Bar Date Order") at pdf p. 5 ¶ 4 ("Except as otherwise provided in this Order, all entities (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts) that assert claims against the City that arose (or are deemed to have arisen) prior to July 18, 2013 (any such claim, a "Prepetition Claim") must file a proof of claim in writing in accordance with the procedures described herein by 4:00 p.m., Eastern Time, on February 21, 2014 (the "General Bar Date").").

[25] City's Obj. to Mot. (Docket # 13572) at 1.

[26] *See* City of Detroit's Suppl. Br. . . . (Docket # 13756) at 13-17.

32 (2001).").

### A. Federal common law of collateral estoppel

"Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits . . . involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (citations omitted) . . . .

Under the federal common law, there are five requirements for a federal judgment to have a collateral estoppel effect: (1) the issue in the subsequent litigation must be identical to that resolved in the earlier litigation; (2) the issue must have been actually litigated and decided in the prior action; (3) the resolution of the issue must have been necessary and essential to a judgment on the merits in the prior litigation; (4) the party to be estopped must have been a party to the prior litigation (or in privity with such a party); and (5) the party to be estopped must have had a full and fair opportunity to litigate the issue. *Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir.2005).

*Allstate Ins. Co. v. Harris* (*In re Harris*), 480 B.R. 281, 287-88 (Bankr. E.D. Mich. 2012).

### B. Collateral estoppel requires this Court to conclude that Wershe has no valid claim against the City.

The Court finds and concludes that all of the elements of collateral estoppel have been met regarding whether Wershe has any valid claims against the City. The District Court Judgment has conclusively established that Wershe has no valid claims against the City, because all of the claims Wershe asserted against the City in the District Court case are barred by the applicable statute of limitations. In reaching that determination, the district court held that there is no tolling that saves any of Wershe's claims.

Therefore, under the doctrine of collateral estoppel, the District Court Judgment conclusively establishes that Wershe has no valid claim against the City for which he could file a

7

late proof of claim. That means that Wershe could not have any allowed claim in the City's bankruptcy case, even if the Court were to allow Wershe to file a proof of claim well after the claims bar date, as Wershe's Motion asks. *See* 11 U.S.C. § 502(b)(1) (providing that the Court cannot allow a claim where "such claim in unenforceable against the debtor and property of the debtor, under . . . applicable law for a reason other than because such claim is contingent or unmatured"). So no purpose could be served for the Court to allow Wershe to file a late proof of claim.

As noted above, Wershe has appealed the District Court Judgment, and that appeal is pending. But the collateral estoppel effect of the District Court Judgment still applies even though an appeal of that judgment is pending. In *Erebia v. Chrysler Plastics Prods. Corp.*, 891 F.2d 1212, 1215 n.1 (6th Cir. 1989), the Court held:

> It should be noted that the established rule in the federal courts is that a final judgment retains all of its preclusive effect pending appeal. *See SSIH Equipment S.A. v. United States Int'l Trade Comm'n*, 718 F.2d 365, 370 (Fed Cir. 1983) (final judgment retains all of its res judicata consequences pending decision of the appeal); *McLendon v. Continental Group, Inc.*, 660 F. Supp. 1553 (D.N.J. 1987); 18 Wright, Miller & Cooper, Federal Practice and Procedure, § 4433, at 308 (1981).

*See also Bellmont Partners, LLC v. Mina Mar Group, Inc.,* 741 F. Supp. 2d 743, 750 n.5 (W.D. Va. 2010) ("Even if an appeal has been filed, the pending judgment is final for res judicata purposes unless a party obtains a stay from either the rendering or enforcing court. *Guinness PLC v. Ward*, 955 F.2d 875, 898 (4th Cir.1992).);[27] *Hazel v. Curtiss-Wright Corp.*, No. IP 86–909–C, 1992 WL 436236, at *3 (S.D. Ind. Mar. 9, 1992) (citations omitted) ("The overwhelming

---

[27] Wershe has not sought or obtained, from either the district court or the court of appeals, any stay pending appeal of the District Court Judgment.

majority rule in the federal courts is that a judgment may be given res judicata effect during the pendency of an appeal. Moreover, the Seventh Circuit has previously subscribed to majority rule that res judicata can operate despite a pending appeal.").

For these reasons, Wershe's Motion must be denied. This matter is subject to possible change *if* Wershe succeeds on his appeal in the Sixth Circuit. *See Erebia*, 891 F.2d at 1215 (citations omitted) ("It is well established that "[w]hen a judgment has been subjected to appellate review, the appellate court's disposition of the judgment generally provides the key to its continued force as res judicata and collateral estoppel. A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel."); *see also FCA US, LLC v. Spitzer Autoworld Akron, LLC*, 887 F.3d 278, 289 (6th Cir. 2018) (same).

**C. The alternative relief Wershe seeks in his Motion will be denied, as unnecessary.**

As mentioned above, Wershe's Motion seeks, alternatively, "a stay in this case pending the resolution of the district court case and any appeals."[28] The Court concludes that such relief is not necessary, because the pendency of Wershe's dispute with the City has caused the City to delay making final distributions to Class 14 creditors under its confirmed plan of adjustment.[29] There is no reason to think that the City will not continue to delay such final distributions, at least until after Wershe's pending appeal has been decided and the disputes between Wershe and the City have been finally resolved.

---

[28] *See supra* note 1 and accompanying text.

[29] *See* City of Detroit's Suppl. Br. (Docket # 13756) at 12; City of Detroit's Status Report on Bankruptcy Case (Docket # 13837) at 2, 6 ¶ 12, 17 ¶ 68.

9

## IV. Conclusion

For these reasons, the Court will enter an order denying the Motion. But the denial of Wershe's Motion will be without prejudice to his right to refile a motion seeking the same relief, if and after the Sixth Circuit Court of Appeals decides the pending appeal in Wershe's favor.

Signed on April 19, 2024



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**