UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                             Case No. 13-53846

CITY OF DETROIT, MICHIGAN,                         Chapter 9

        Debtor.                              Judge Thomas J. Tucker
_____/

**OPINION REGARDING THE CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE BAR DATE ORDER AND CONFIRMATION ORDER AGAINST RICHARD WERSHE JR. (DOCKET # 13491)**

This case is before the Court on the motion by the City of Detroit (the "City"), entitled "City of Detroit's Motion for The Entry of an Order Enforcing the Bar Date Order and Confirmation Order Against Richard Wershe Jr." (Docket # 13491, the "Motion"). Richard Wershe, Jr. ("Wershe") objected to the Motion,[1] the City filed a reply,[2] and the Court held a hearing, after which the parties filed several additional papers relating the Motion.[3] For the reasons stated below, the Court will deny the City's Motion, without prejudice to the extent stated below.

In the Motion, the City alleges that Wershe filed and was prosecuting claims against the City and others in an action in the United States District Court for the Eastern District of Michigan, captioned *Richard Wershe, Jr. v. The City of Detroit, et al.*, Case No. 4:21-cv-11686-FKB-KGA (E.D. Mich.) (the "District Court Case"). The City argued in the Motion that all of Wershe's claims against the City in the District Court Case are claims that arose before the City

---

[1] Docket # 13511.

[2] Docket # 13516.

[3] Docket ## 13546, 13541, 13756, 13791.

filed this bankruptcy case on July 18, 2013, and as such were discharged and barred by the City's confirmed plan of adjustment in this case. The City's Motion seeks from this Court an order requiring Wershe to dismiss his claims against the City in the District Court Case with prejudice, and enjoining Wershe from further prosecuting such claims. The City's Motion also sought a determination that Wershe does not have an allowed claim in this bankruptcy case, and cannot receive any distribution in this bankruptcy case. This is so, the City argued, among other reasons, because Wershe did not file a proof of claim in this bankruptcy case by the February 21, 2014 deadline for doing so.

Earlier today, the Court filed an opinion regarding a related motion filed by Wershe, entitled "Opinion Regarding Richard Wershe, Jr.'s 'Motion for Entry of Notice of Claim after Bar Date'" (Docket # 13900, the "Wershe Motion Opinion"). The Court incorporates what it said in that Opinion into this Opinion, by reference, and capitalized terms used in this Opinion have the same meaning given to them in the Wershe Motion Opinion.

The September 20, 2023 District Court Judgment (described in detail in the Wershe Motion Opinion) renders the City's Motion moot, in part. That judgment dismissed Wershe's District Court Case against the City with prejudice, on the grounds that all of Wershe's claims against the City are barred by the applicable statute of limitations. Wershe appealed the District Court Judgment to the Sixth Circuit Court of Appeals, where the appeal is now pending, under Sixth Circuit Case No. 23-1902. It appears from the Sixth Circuit's docket in that case that the appeal has been fully briefed, and is awaiting oral argument and decision.

In light of these developments, the City now asks this Court to order Wershe to dismiss his pending appeal. The City also seeks an order barring Wershe from continuing to raise the

claims he asserted in the District Court Case (which claims have been dismissed with prejudice by the District Court Judgment), and an order barring Wershe from sharing in any distributions in this bankruptcy case.[4]

The Court concludes that although the City's Motion is not yet entirely mooted by the District Court Judgment, this Court should not yet grant any of the relief the City seeks. If the Sixth Circuit Court of Appeals affirms the District Court Judgment, that will render the City's present Motion entirely moot, because it will conclusively and finally determine that Wershe has no valid claims against the City. Because that is very much a possible outcome of Wershe's pending appeal, this Court should and will await the outcome of the appeal.

In addition, even if Wershe is partially or fully successful in his pending Sixth Circuit appeal, the decision by the Court of Appeals likely will have a significant impact on what this Court should and must do regarding the relief the City seeks against Wershe.

If this Court now were to order any of the relief the City seeks, Wershe very likely would appeal that decision to the district court, and then whichever party was not successful in the district court would appeal to the Sixth Circuit Court of Appeals. Under that scenario, the City likely would continue to delay making distributions to Class 14 creditors under the City's confirmed plan of adjustment,[5] until that appeals process concluded. Such an appeals process no doubt would take a considerable amount of time, and it would take much longer than the time it

---

[4] *See* City of Detroit's Suppl. Br. (Docket # 13756).

[5] It appears that the City has been waiting for a final outcome of its dispute over Wershe's claims against it, before making final distributions to Class 14 creditors. *See* City of Detroit's Suppl. Br. (Docket # 13756) at 12; City of Detroit's Status Report on Bankruptcy Case (Docket # 13837) at 2, 6 ¶ 12, 17 ¶ 68.

3

13-53846-tjt    Doc 13902    Filed 04/19/24    Entered 04/19/24 12:36:50    Page 3 of 4

will take for the Sixth Circuit to make its decision in Wershe's pending appeal of the District Court Judgment. That persuades this Court that the best course of action is not to order Wershe to dismiss his pending Sixth Circuit appeal (if the Court otherwise would have authority to do that), but rather to let that appeal play out to its conclusion.

For these reasons, in the exercise of its discretion, the Court will enter an order denying the City's Motion at this time, but without prejudice to the City refiling a motion seeking the same or similar relief after Wershe's pending appeal has concluded, if necessary.

**Signed on April 19, 2024**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**